IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, <br> JANE DOE 3, JANE DOE 4, <br> JANE DOE 5, JANE DOE 6, <br> JANE DOE 7, JANE DOE 8, <br> JANE DOE 9, and <br> JANE DOE 10, <br><br> Plaintiffs, <br><br> v. <br><br> BAYLOR UNIVERSITY, <br><br> Defendant. | § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br> 6:16-CV-173-RP |

**ORDER**

Before the Court in the above-entitled matter is Defendant Baylor University's ("Defendant") Motion to Certify Order for Interlocutory Appeal. Having considered the filing and responsive pleadings thereto, relevant law, and the case file, the Court enters the following Order.

**I. OVERVIEW**

This suit involves ten plaintiffs who allege they were sexually assaulted by fellow students while attending Baylor University. Plaintiffs seek to hold Baylor liable under Title IX of the Education Amendments of 1972 ("Title IX"). Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). On March 7, 2017, the Court entered an Order resolving several motions to dismiss. (Order, Dkt. 78). Following the entry of that Order ("Order"), the live claims in the above-entitled matter include (1) the post-reporting claims of Does 1, 3, 4, 8, 9, and 10; and (2) all Plaintiffs' heightened-risk claims.

Baylor filed the instant motion on March 24, 2017. (Mot. Certify Appeal, Dkt. 84). The motion asks the Court, pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)"), to certify its Order for interlocutory appeal. (*Id.* at 1–2). Baylor asserts that the Order "dramatically expands both the scope of liability under Title IX and the applicable limitations period" and "has far-reaching implications for Baylor generally and for schools across the circuit and the country." (*Id.* at 1). Plaintiffs oppose Defendant's motion. (*See* Resp., Dkt. 85).

## II. STANDARD OF REVIEW

Courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Section 1292(b) provides a narrow exception to this rule:

> Where a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). In sum, after issuing an otherwise nonappealable order, a district judge may certify the order for interlocutory appeal when (1) a controlling question of law is involved, (2) there is a substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). All three of these criteria must be met for an order to properly be certified for interlocutory appeal. *Clark–Dietz & Assocs.–Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

Interlocutory review is reserved for "exceptional" cases, as the basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Clark–Dietz*, 702 F.2d at 69. The decision to certify an interlocutory appeal pursuant to Section 1292(b) is within the discretion of the trial court and unappealable. *In re Air Crash Disaster*, 821 F.2d 1147, 1167 (5th

Cir. 1987) (citing *In re McClelland Eng'rs, Inc.*, 742 F.2d 837, 839 (5th Cir. 1984), *cert denied*, 469 U.S. 1229 (1985)).

### III. DISCUSSION

Having examined the instant motion under the standard identified above, the Court concludes Defendant has failed to meet its burden with respect to the third criterion: whether immediate appeal will materially advance the ultimate termination of the litigation.

The Court acknowledges that the availability of review under Section 1292(b) is not limited to those situations in which decision on an issue would result in a complete dismissal. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970). However, "[t]he Fifth Circuit has held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact." *In re L.L.P. & D. Marine, Inc.*, No. Civ. A. 97-1668, 1998 WL 66100, at *2 (E.D. La. Feb. 13, 1998) (citing *United States v. Bear Marine Servs., Inc.*, 696 F.2d 1117, 1120 (5th Cir. 1983); *Spurlin v. Gen. Motors Corp.*, 426 F.2d 294, 294–95 (5th Cir. 1970)). Here, an interlocutory appeal of the issues identified by Defendant—even if successful—would not resolve the claims of four plaintiffs. In contrast, allowing the litigation to proceed could obviate Defendant's need for an appeal. For instance, if (1) Plaintiffs' heightened-risk claims were unable to survive a motion for summary judgment or (2) a jury were to find Plaintiffs failed to meet their burden as to those claims, the analysis of heightened-risk claims in the Order would be moot.

Because interlocutory appeal would not eliminate the need for a determination on the post-reporting claims of four plaintiffs, the Court considers whether Baylor has shown that interlocutory appeal of the heightened-risk issue would (1) significantly narrow the scope of evidence; or (2) simplify or shorten future analysis or trial. *See, e.g.*, *Releford v. City of Houston*, 2016 WL 7051662, at *4 (S.D. Tex. Dec. 5, 2016) ("Although a favorable appellate decision for the City on its proposed question may narrow the scope of evidence or issues, it will not result in automatic summary

3

judgment for the City. The case could continue to proceed to trial. Therefore the question . . . would not promise to hasten the termination of litigation."); *Coates v. Brazoria Cty.*, 919 F. Supp. 2d. 863, 868 (S.D. Tex. 2013) ("Because the interlocutory appeal will not eliminate the need for trial on the other claims, the [defendant] would have to show that an appeal of [one] issue would simplify or shorten the inevitable trial."). Here, the remaining post-reporting claims will likely require much of the same evidence, examination, and argument as Plaintiffs' heightened-risk claims. Granting the instant motion will thus neither significantly narrow the scope of evidence nor substantially shorten future analysis or trial.

Defendant's argument on this point is especially unconvincing given the fact that the Court, because it found Plaintiffs met their burden under the official-policy rubric, did not evaluate Plaintiffs' heightened-risk claims under the actual notice and deliberate indifference framework. (Order, Dkt. 78, at 17 n.7). Even if Defendant's appeal were successful, those Plaintiffs whose pre-assault claims survived the motion to dismiss stage might remain in the litigation (thereby mitigating any alleged narrowing of the scope of evidence).

The Court therefore concludes that Defendant has not met its burden with respect to whether immediate appeal will materially advance the ultimate termination of the litigation. Because that burden must be met in order for Defendant to prevail, *see Clark–Dietz*, 702 F.2d at 69, the Court finds that Defendant's motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Baylor's Motion to Certify Order for Interlocutory Appeal, (Dkt. 84), is **DENIED**.

**SIGNED** on May 1, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE