# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, and JANE DOE 6 | § § § § | |
| *Plaintiffs,* | § § | |
| | § | **Cause No. 6:16-cv-173-RP-JCM** |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| BAYLOR UNIVERSITY | § § | |
| *Defendant.* | § | |

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT

TO:   Defendant Baylor University, by and through its attorney of record, Thompson & Horton, LLP, 3200 Southwest Freeway Houston, Texas 77027-7554

Now come Plaintiffs pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and serve the following Request for Production of Documents and Things to Defendants.

Defendants are requested to retrieve any data or information that exists in electronic or magnetic form and produce complete and clearly readable printouts of said information. Plaintiffs request that all responsive electronic and magnetic data that is reasonably available to Defendants in the ordinary course of business, including duplicate prints of photographs, duplicate copies of (audio or video) tapes of recorded statements, e-mail data files and native spreadsheet, word processor or other files for each produced document, be

1

produced <u>along with all other responsive documents,</u> on USB flash drive, CD or DVD, along with identification of any software needed to access the information, or in color for color printouts of said data, at the offices of BRAZIL & DUNN, 4201 Cypress Creek Parkway, Suite 530, Houston, Texas 77068.

Dated this 26th day of September, 2016.

Respectfully submitted,

/s/ Jim Dunnam

**DUNNAM & DUNNAM, L.L.P.**
Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

**BRAZIL & DUNN, L.L.P.**

Chad W. Dunn - attorney in charge
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
Abbie J. Kamin
(Mtn. Pro Hac Vice Forthcoming)
State Bar No. 24092608
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com

ATTORNEYS FOR PLAINTIFFS

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2016, a true and correct copy of

the foregoing was served via email on the following counsel of record:

**Via Electronic Mail**
Lisa A. Brown
Texas Bar No. 03151470
**THOMPSON&HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
**THOMPSON&HORTON LLP**
400 West 15th Street, Suite 1430
Austin, Texas 78701-1648
(512) 615-2351 (telephone)
(512) 682-8860 (facsimile)
hmcintush@thompsonhorton.com

           /s/  Jim Dunnam                 
           JIM DUNNAM

I hereby certify that on this 6th day of October, 2016, a true and correct copy of

the foregoing was served on the following counsel of record as properly addressed below:

**Via Certified Mail (RRR) No. 7014 3490 0000 5678 9739**
Lisa A. Brown
**THOMPSON&HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554

**Via Certified Mail (RRR) No 7014 3490 0000 5678 9722**
Holly G. McIntush
**THOMPSON&HORTON LLP**
400 West 15th Street, Suite 1430
Austin, Texas 78701-1648

/s/  Jim Dunnam
JIM DUNNAM

## INSTRUCTIONS

If any responsive document was, but no longer is, in your possession, custody or control, state whether it:

    a.  is missing or lost;
    b.  has been destroyed;
    c.  has been transferred, voluntarily or involuntarily, to others; or
    d.  has been otherwise disposed of.

In each instance, explain the circumstances surrounding any authorization for such disposition(s) and the date of such disposition(s).

If you claim a privilege or exemption from discovery for any of the requests, please produce all requested documents which are not privileged. For any document withheld because of a claim of privilege, please state:

    a.  the author of the document;
    b.  to whom the document was sent, including copies;
    c.  the date of the document;
    d.  the subject matter of the document; and
    e.  the basis for the claim of privilege with respect to such document or portion thereof.

In the event that your answer to any discovery request is "not applicable" or any similar phrase or answer, please explain in detail why that discovery request is not applicable.

In the event that your answer to any discovery request is "don't know" or "unknown" or any similar phrase or answer, please explain in detail all efforts made by the named party or their attorneys or representatives to obtain the response to that discovery request.

When a discovery request asks that you or your attorney provide information

concerning what a witness may testify about, that request is intended to elicit a summary of any and all information that any witness may have provided to you regardless of whether they may so testify at trial.

These discovery requests should be deemed continuing in nature and you are requested to update the responses to discovery requests periodically to reflect any information obtained after the discovery requests are initially responded to, to include all information up to, and including the date of trial in this action, in accordance with the Federal Rules of Civil Procedure.

Unless otherwise stated, answers to this Discovery shall be given for the time period ending with the date the answers or responses hereto are served. To the extent that such answers or responses may be enlarged, diminished or otherwise modified, by information acquired or discovered by the party to whom this Discovery was directed, subsequent to service of initial answers or responses, the party to whom this Discovery is directed is requested to promptly thereafter serve supplemental answers or responses reflecting such information.

You are notified that your answers and responses to these discovery requests may be offered in evidence at the trial of the above cause.  You are further advised that your answers or responses to these discovery requests must be supplemented (not less than 30 days prior to the beginning of trial or such time as the Court directs) when you obtain information upon the basis of which:

1.      You know an answer or response was incorrect when made or incomplete when made; or

2.      You know that the answer or response, though correct when made, is no longer true and complete, and the circumstances are such that to fail to amend your answers or responses would be, in substance, misleading.

If the party expects to call an expert witness whose identity and subject matter of such witness' testimony has not been previously disclosed in response to an appropriate disclosure request, such answer must be supplemented and/or amended to include the name, address and telephone number of the expert witness and the substance of the testimony concerning what the witness is expected to testify to. This should be done as soon as practical, but in no event less than thirty (30) days prior to the beginning of trial except for good cause granted by leave of Court.

To protect the confidential and private data and information associated with students not a party to this litigation, please redact the name and identifying information of each such student and substitute a unique separate pseudonym for that student, such as "Student 1".  This pseudonym should be used for such specific student throughout discovery and thus the student's identity in additional documents will be likewise redacted and the same pseudonym substituted for that specific student.  Plaintiffs reserve the right to seek disclosure of the actual names for any persons indentified by pseudonym.

## DEFINITIONS

1.      The terms "plaintiff" and "defendant", including the term "Baylor", and any full or abbreviated name or pronoun referring to any of them mean the party and, where applicable, its agents, officers, directors, Regents, prior Regents, employees, partners, corporate parent, subsidiaries or affiliates, and all others acting in concert therewith.

2.      Communicate or communication - means all contact, oral or written, formal or informal, at any time or place, electronic or otherwise, under any circumstances whatsoever, whereby any information of any nature was transmitted or received.

3.      Date – means the exact day, month and year, if known, or if not known the best approximation thereof which shall be explicitly indicated as an approximate date.

4.      The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a request all responses or documents that might otherwise be construed as outside its scope.

5.      Document and documents - shall be used in their broadest sense and shall include all written, printed, typed, recorded and graphic matter, as well as all electronically stored information, of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, electronic mail, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, x-rays, operative reports, history and physical reports, input and output charts, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, images, punch cards, programs, data compilations from

8

which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer stored, or electronically stored matter or information, however and by whomever produced, prepared, reproduced, disseminated, or made. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of a non-identical copy is a separate document within the meaning of this term. When a document may be in the form of electronic communication, this request is not limited to only official Baylor email accounts, but extends to personal email accounts wherein the subject matter falls within the area of inquiry.

6.    The terms "document" and "documents" include all matter within the foregoing description that is within your possession, custody or control, or within the possession, custody or control of any agent or attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

7.    The term "identify" or "identification," unless otherwise specified, means: when used in reference to a natural person: the person's full name, present or last known business address, present or last known home address, telephone number, and any other information which may be helpful in locating or determining the whereabouts of such person; when used in reference to any form of entity: the full legal name and form of entity, the law under' which it exists, its present or last mown address and telephone number, and the name and address of its registered agent; when used in reference to a document: its date, its author, the type of document, the nature and substance of the document, the person to whom the document was sent, its present location, and the name, address, and telephone number of its present custodian; when used in reference to a communication: its date, identification of the persons transmitting and receiving information, the nature and substance of the communication, and any documents relating to or evidencing the communication.

8.    The terms "relating to", "concerning" and "regarding" are used in their broadest sense, and include anything that, directly or indirectly, generally or specifically, concerns, constitutes, refers to, relates to, regards, pertains to, describes, deals with, reflects, analyzes, mentions, depicts, characterizes, reports, recites, discusses, evidences, constitutes, or is in any way relevant to the subject.

9.    Sex discrimination - an adverse treatment of an individual based on sex, rather than individual merit.  Sex discrimination includes, but is not limited to, sexual violence,

sexual harassment, sexual assault, stalking, dating/domestic violence, retaliation, and other related forms of sex discrimination.

10. "Conduct code violation" means any act that violates Baylor's Student Conduct Code or would constitute "misconduct" under Baylor's Student Conduct Code.
   a. "Misconduct" refers to personal behavior on or off campus that:
      i. Interferes with Baylor's pursuit of its educational and Christian objectives,
      ii. Fails to exhibit a regard for the rights of others,
      iii. Shows disrespect for the safety of persons and property, and/or
      iv. Violates, or attempts to violate, university rules, regulations, and policies or violates, or attempts to violate, local, state, federal or international law.

11. Prohibited Conduct under Title IX Policy—Sex discrimination, sexual violence, sexual harassment, dating relationship violence, domestic violence, stalking, sexual exploitation, sexual harassment, sexually inappropriate conduct, retaliation.

12. Sexual Violence - Non-consensual Sexual Penetration or Non-Consensual Sexual Contact.
   a. Non-Consensual Sexual Penetration—any act of vaginal or anal penetration by a person's penis, finger, or other body part, or an object, or oral penetration by a penis without consent.
   b. Non-Consensual Sexual Contact—Any sexual touching other than non-consensual sexual penetration without consent.

13. Sexual Harassment - any unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:
   a. Submission to, or rejection of, such conduct is made implicitly or explicitly a term or condition of instruction, employment, or participation by any University activity or benefit;
   b. Submission to, or rejection of, these behaviors by an individual is used as a basis for evaluation in making academic or personnel decisions; or
   c. These behavior are sufficiently severe and/or pervasive to have the effect of unreasonably interfering with an individual's educational experience, working conditions, or living conditions by creating an intimidating, hostile, or offensive gestures and comments.

14. Complainant - refers to the individual(s) who has been the subject of prohibited conduct, regardless of whether that individual makes a complaint or seeks

disciplinary action.

15.    Time Period: Unless otherwise noted, request are for materials from January 1, 1996 to present.

16.    Record of Administrative, Student Conduct Board, and Presidential Hearing:
       a. Tangible evidence presented at the administrative or Student Conduct Board Hearing or at a presidential hearing and the summary of the hearing constitutes the record.
       b. Records shall be destroyed if a decision is rendered that an act of misconduct has not been committed unless it is believed that the circumstances of the case warrant retention for a reasonable length of time.

17.    "Issues of Concern" include all matters that fall within the definitions of "Conduct code violation", "Prohibited Conduct under Title IX Policy", "Sexual Violence" and "Sexual Harassment" above, as well as the Pepper Hamilton investigation, the Counseller investigation, and the findings of fact issued by the Board of Regents in May 2016.

## PLAINTIFFS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

1. All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco.

2. All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco related to counseling services provided or contemplated to be provided to Baylor students in connection with Issues of Concern.

3. All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco related to students that were involved in Issues of Concern.

4. All employment advertisements, solicitations and job descriptions, whether it be direct or as independent contractors, sought personnel to perform counseling services in connection with those to be provided directly by Baylor or indirectly through Cenikor or any other third party.

5. All contracts, documents and communications between Baylor University and the Advocacy Center of Waco regarding Issue of Concern.

6. All contracts, documents and communications between Baylor University and the McLennan County District Attorney's Office regarding Issues of Concern.

7. All contracts, documents and communications between Baylor University and the Waco Police Department regarding Issues of Concern.

12

8.  All contracts, documents and communications between Baylor University and the McLennan County Sheriff's Department regarding Issues of Concern.

9.  All documents, engagement agreement, bills, statements, notes, records, recordings or any other tangible thing exchanged between Baylor University and Pepper Hamilton.

10. Baylor's file materials pertaining to work performed by Pepper Hamilton for Baylor University.

11. All documents and information provided to Baylor University by Pepper Hamilton regarding or related to its Baylor Investigation.

12. All documents that relate to the Baylor University Board of Regents Findings of Fact released May 26, 2016.

13. All documents related to Baylor's engagement of Pepper Hamilton to conduct an independent and external review of Baylor's institutional response to Title IX and related compliance issues.

14. All documents related to the "detailed and comprehensive presentation of its findings and recommendations" provided by Pepper Hamilton to Baylor.

15. All documents which form the basis, in whole or in part, of each specific finding set forth in the Findings of Fact released by the Baylor University Board of Regents on or about May 26, 2016

16. All tapes, recordings and/or notes of interviews conducted by Pepper Hamilton, and all documents used in the "document-based interviews".

17. All "emails, mobile device data, including text messages, and documents from current and former Baylor employees" provided to and reviewed by Pepper Hamilton.

18. All documents related to the "detailed and comprehensive presentation" made by Pepper Hamilton to the Board of Regents.

19. All documents generated and reviewed by the Special Committee of the Board of Regents referenced in the May 26, 2016 Findings of Fact document, including but not limited to the "detailed and specific information and regular updates" provided by Pepper Hamilton.

20. All contracts, documents and communications between Baylor University and local counselors for student referrals for outside counseling regarding Issues of Concern.

21. The University's Annual Fire, Safety & Security Report from 2000 to the present.

22. All documents and communications related to the official separation of former Head Football Coach Art Briles from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

23. All documents and communications related to the official separation of Ken Starr from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

24. All documents and communications related to the official separation of Tom Hill from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

25.   All documents and communications related to the official separation of Ian McCaw from Baylor including but not limited to, settlement documents, from September of 2015 to present.

26.   All documents and communications related to any adverse employment action taken against any Baylor employee arising out of the Pepper Hamilton report, including but not limited to, settlement documents, from September of 2015 to the present.

27.   All documents and communications related to any investigation by Professor Jeremy Counseller in 2015 related to Issues of Concern.

28.   All documents and communications related to any investigation, internal or independent, into Issues of Concern at Baylor.

29.   All documents and communications related to Issues of Concern reported to Baylor University Police Department during the past 20 years, including but not limited to reports of any conduct falling within an Issues of Concern.

30.   All documents and communications related to Baylor Health Center's operating guidelines, policies and procedures related to Issues of Concern.  This request includes versions of any documentation for the past 20 years.

31.   All documents related to Baylor Police Department's operating guidelines, policies and procedures related to Issues of Concern.  This request includes versions of any documentation for the past 20 years.

32.   All documents and communications related to Baylor's reporting and communication with the United States Department of Education relating to the safety and security of students both on and off campus, any Issues of Concern and the Pepper Hamilton report.

33.   All documents and communications related to Baylor's reporting and communication with the Southern Association of Colleges and Schools (SACs) including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

34.   All documents and communications related to Baylor's reporting and communication with the BIG XII Athletic Conference including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

35.   All documents and communications related to Baylor's reporting and communication with the NCAA including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

36.   All documents setting forth the code of conduct for faculty members including but not limited to documents setting forth what constitutes violations of the faculty code of conduct.

37.   All documents and communications relating to how Baylor is to handle, oversee and manage reports of Issues of Concern.

38. All documents and communications regarding the development, amendment, issuance and enforcement of the code of conduct for students, including but not limited to documents setting forth what constitutes violations of the student code of conduct.

39. All settlement agreements signed by any former student who alleged any incident which would involve any Issues of Concern.

40. All documents related to any alleged incident which would involve any Issues of Concern.

41. All documents and communications evidencing Baylor's policies regarding parental notification regarding any Issues of Concern.

42. All documents and communications mentioning Jane Does 1-6 or any Assailant mentioned in Plaintiffs' most recent filed Complaint.

43. All documents related to and communications between present and former Regents of Baylor University, and all documents related to and communications between Baylor and any present and former Regents regarding any Issues of Concern and Pepper Hamilton.

44. Any and all documents and communications related to Title IX, including but not limited to internal Baylor communication regarding the need for a Title IX office, reports of sexual assault or sexual violence occurring on campus, and investigation of reports regarding Sex Discrimination, Conduct Code Violations, Prohibited Conduct Under the Title IX Policy, Sexual Violence or Sexual Harassment

occurring on campus preceding the implementation of a Title IX office on Baylor's campus.

45. All documents and communications identifying anyone involved in the decision to implement a Title IX office.

46. All inter-department documents and communications from the Baylor Police Department regarding Issues of Concern.

47. All inter-department documents and communications from Baylor's Health Clinic regarding Issues of Concern.

48. All inter-department documents and communications from Baylor's Title IX office regarding Issues of Concern.

49. All inter-department documents and communications from Baylor's Judicial Affairs office regarding Issues of Concern.

50. All inter-department documents and communications from Baylor's Human Resources Department regarding Issues of Concern.

51. All documents and communications related to, leading up to, and following Baylor's report of the existence or non-existence of sexual assaults to the United States Department of Education and any supporting documentation, including but not limited to the reports themselves.

52. Any recordings whether audio, video or both of any of Plaintiffs.

53. Any documents and communications within, from or to the Athletics Department concerning any Issues of Concern.

54.   Copies of financial records, budgets, prospectus, and other financial records showing the receipt of federal funds by Baylor University.

55.   Documents or communications reflecting the policy and procedure of administration related to rape kits at Baylor University, including records reflecting the number of such kits taken in stock at any given time period, the number used and the number which were submitted for testing.

56.   Any documents, communications or records pertaining to the assailants alleged in this case.

57.   Press releases, media advisories and communications with the media pertaining to Issues of Concern, including but not limited to action taken by Baylor in response thereto.

58.   Copies of fee contracts and appropriately redacted fee and/or attorney fee statements for any counsel, experts or service providers paid in full or part by Baylor University for the benefit of any coach, administrator, faculty, Regent, or staff named as a party or witness to a civil or criminal proceeding pertaining to any Issues of Concern.

59.   The complete email accounts for each of the Plaintiffs in this case.  (Plaintiffs do not authorize Defendant, or anyone else, access to their e-mail accounts or email communications.  Defendant should simply copy the e-mail data file and not access any content therein.)

60.   The complete email accounts for each of the assailants alleged in this case.

61.   All documents, communications and academic records, including conduct and honor code records, which relate to or mention each of the Plaintiffs.

62.   Any record or documents that reflect who and/or when any records pertaining to Plaintiffs were accessed by Defendant or their counsel.

63.   A complete copy of any policy of insurance under which any of Plaintiffs' claims may be covered.