# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 6:16-CV-00173-RP |
| | § | |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| Defendant. | § | |

**DEFENDANT BAYLOR UNIVERSITY'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Baylor University, Defendant in the above-entitled and numbered cause, makes the following objections and responses to Plaintiffs' Request for Production of Documents:

**GENERAL RESPONSE**

Based on the contours of Defendant's production as defined by this Response, and given that a protective order pertaining to non-party student records is not yet in place, Defendant believes in good faith that its production of documents will be delivered in stages, beginning on April 6, 2017. Defendant believes that a substantial amount of discovery will be produced in April and May 2017 on a rolling basis. However, due to the burdens associated with the review and sorting of electronically stored information, Defendant believes that supplemental disclosures will continue until on or about June 23, 2017. This is an estimate and not a guarantee, and the completion of the production may be delayed by a number of factors, including, but not limited to, entry of a protective order, receipt of authorizations from the Plaintiffs for release of their medical and counseling records, compliance with student privacy laws, technical difficulties, school holidays, the need for counsel to meet and confer as issues

1

arise, and process changes.  Defendant continues to search for responsive information and will supplement this response on an on-going basis.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant objects to the definitions and instructions provided in Plaintiff's requests to the extent they conflict with Local Rule 26(b) or impose burdens and obligations beyond those required by applicable law.

Defendant objects to Plaintiffs' definition of "Issue of Concern" because it encompasses student conduct that is unrelated to Plaintiffs' Title IX claims.  Defendant further notes, because Plaintiffs' state law claims were dismissed by the Court, general discovery regarding student misconduct and safety is not relevant to any pending claim and is not proportional to the needs of the case.

## GENERAL OBJECTIONS

1.   Defendant cannot release information regarding third-party students except in compliance with the Family Educational Rights & Privacy Act, 20 U.S.C. § 1232g.  Although redaction of some records may be possible, in many instances, redaction will not protect the privacy of all of the affected individuals.  Defendant will release responsive information upon entry of an appropriate court order and in compliance with FERPA's administrative requirements.

2.   Defendant's objection to any particular request shall not be construed to mean that responsive documents exist.  Likewise, the failure of Defendant to make a specific objection to a particular request shall not be construed as an admission that responsive information or documents exist.

3.   The production of any document or information shall not operate as an admission that the document is relevant or material to the subject matter of this action or as a waiver of any objection to its admission into evidence.

4.   Any statement within this response that Defendant will produce documents or information does not mean that Defendant in fact possesses any such documents or information or that such documents or information exists, but merely reflects Defendant's intention to conduct a reasonable, good faith search for responsive documents or information.

## DEFINITIONS APPLICABLE TO THIS RESPONSE

"FERPA" refers to the Family Educational Rights & Privacy Act, 20 U.S.C.§ 1232g.

"Lawsuit" refers to the live complaint in Civil Action No. 6:16-CV-00173-RP.

"Defendant" refers to Baylor University.

"Plaintiffs" refers to Plaintiffs Jane Doe 1-10.

## RESPONSES AND OBJECTIONS

1.      All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco.

**RESPONSE:**

Defendant objects that this request lacks reasonable particularity.  Defendant objects that this request seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case.  Plaintiff's complaint contains no claim or allegation regarding the services of Cenikor Foundation, an organization that serves individuals with substance abuse issues.  Further, to the extent responsive information might exist, the scope of the request is overly broad and the time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case.  The request would require Defendant to search all of its e-mail accounts and records for any and all communications between any employee at Baylor University and individuals at Cenikor Foundation regardless of subject matter.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  The request also is broad enough to seek confidential and sensitive records regarding third-party students and/or records involving private and personal matters such as treatment for substance abuse.  Any records identifying specific students would be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.  Defendant also incorporates by reference its objections to request for production no. 40.  Subject to these objections, and without waiving them, Defendant responds that it does not have a contract with Cenikor for counseling services.

2.      All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco related to counseling services provided or contemplated to be provided to Baylor students in connection with Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Plaintiff's complaint contains no claim or allegation regarding the services of Cenikor Foundation.  Defendant objects that Plaintiffs' phrase "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims.  For example, Plaintiffs seek information on non-sexual student code of conduct

3

violations.  Further, to the extent responsive information might exist, the scope of the request is overly broad and the time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case.  The request is broad enough to seek information regarding non-sexual misconduct and is broad enough to encompass practicum agreements pertaining to academic programs with no relevance to the case.  The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and records for any and all communications between any employee at Baylor University and individuals at Cenikor Foundation regarding any student misconduct of any kind.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  The request also is broad enough to seek confidential and sensitive records regarding third-party students and/or records involving private and personal matters such as treatment for substance abuse.  Any records identifying specific students would be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.  Defendant also incorporates by reference its objections to request for production no. 40.  Subject to these objections, and without waiving them, Defendant responds that it does not have a contract with Cenikor for student counseling services.

3.      All documents, contracts and communications between Baylor University and Cenikor Foundation of Waco related to students that were involved in Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Plaintiff's complaint contains no claim or allegation regarding the services of Cenikor Foundation.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims.  For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations.  Further, to the extent responsive information might exist, the scope of the request is overly broad and the time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case.  The request is broad enough to seek information regarding non-sexual misconduct and it is broad enough to encompass practicum agreements pertaining to academic programs.  The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and records for any and all communications between any employee at Baylor University and individuals at Cenikor Foundation regarding any student misconduct of any kind.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  The request also is broad enough to seek confidential and sensitive records regarding third-party students and/or records involving private and personal matters such as treatment for substance abuse.  Any records identifying specific students would be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.  Defendant also incorporates by reference its objections to request for production no. 40.  Subject to these objections, and without waiving them, Defendant responds that it does not have a contract with Cenikor for student counseling services.

4.      All employment advertisements, solicitations and job descriptions, whether it be direct or as independent contractors, sought personnel to perform counseling services in connection with those to be provided directly by Baylor or indirectly through Cenikor or any other third party.

RESPONSE:

Defendant objects that this request is overly broad, ambiguous, and burdensome. The requested information is not relevant to any claim or defense in the case and is not proportional to the needs of the case.   Further, the request is not limited in scope to a reasonable time period. The burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve issues in the case.

5.      All contracts, documents and communications between Baylor University and the Advocacy Center of Waco regarding Issue of Concern (*sic*).

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims. For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations.  Further, to the extent responsive information might exist, the scope of the request is overly broad and the time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case.  The request is broad enough to encompass practicum agreements pertaining to academic programs with no relevance to the case. The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and records for any and all communications between any employee at Baylor University and individuals at the Advocacy Center regarding any student misconduct of any kind.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  The request also is broad enough to seek confidential and sensitive records regarding third-party students and/or records involving private and personal matters such as treatment for substance abuse, childhood abuse, or abuse by a family member.  Any records identifying specific students would be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.   Finally, Defendant incorporates by reference its objections to request for production no. 40.

6.      All contracts, documents and communications between Baylor University and the McLennan County District Attorney's Office regarding Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not

5

proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims. For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations.  Further, to the extent responsive information might exist, the scope of the request is overly broad.  The request is so broad that it would require Defendant to search all of its e-mail accounts and records for all communications between any employee at Baylor University and any individuals at the District Attorneys' Office regarding any type of student misconduct or crime from 1996 to the present day, a span of more than 21 years.  The time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.   Defendant further objects that the request seeks information that is confidential by law, including laws governing the confidentiality of grand jury subpoenas. Finally, Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters including sexual assault.  Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.  Finally, Defendant  incorporates by reference its response and objections to request for production no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce information regarding the individual Plaintiffs, if such information exists and the disclosure is not otherwise barred by law.  Information regarding Plaintiffs' alleged perpetrators will be produced in conformance with FERPA.

7.    All contracts, documents and communications between Baylor University and the Waco Police Department regarding Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims. For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations.  Further, to the extent responsive information might exist, the scope of the request is overly broad.  The request is so broad that it would require Defendant to search all of its e-mail accounts, police records, dispatch reports, and other records for all communications between any employee at Baylor University and any individuals at the Waco Police Department regarding any type of student misconduct or crime from 1996 to the present day, a span of more than 21 years.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  The time period identified by the Plaintiff also is excessive and burdensome and is not proportional to the needs of the case.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  The focus of Plaintiffs' lawsuit is Defendant's administrative handling of sexual assault claims, not the investigation or

6

prosecution of offenders by outside agencies. Defendant further objects that the request seeks information that is confidential by law, including laws governing the confidentiality of grand jury subpoenas. Finally, Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters including sexual assault, substance abuse, and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information. Finally, Defendant incorporates by reference its response and objections to request for production no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce information regarding the individual Plaintiffs, if such information exists and the disclosure is not otherwise barred by law. Information regarding Plaintiffs' alleged perpetrators will be produced in conformance with FERPA. Defendant also will search for written agreements between Defendant and the Waco Police Department regarding protocols for communication of information about student sexual assaults for the period between September 2003 and February 2016.

8.      All contracts, documents and communications between Baylor University and the McLennan County Sheriff's Department regarding Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' phrase "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and includes subjects that are not relevant to Plaintiffs' Title IX claims. For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations. Further, to the extent responsive information might exist, the scope of the request is overly broad. The request is so broad that it would require Defendant to search all of its e-mail accounts, police records, dispatch reports, and other records for all communications between any employee at Baylor University and any individuals at the Sheriff's Department regarding any type of student misconduct or crime from 1996 to the present day, a span of more than 21 years. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The time period identified by the Plaintiff is excessive and burdensome and is not proportional to the needs of the case. Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. Defendant further objects that the request seeks information that is confidential by law, including laws governing the confidentiality of grand jury subpoenas. Finally, Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters including sexual assault, substance abuse, and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information. Finally, Defendant incorporates by reference its objections to request for production no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce information regarding the individual Plaintiffs, if such information exists and the disclosure is not otherwise barred by law. Information regarding Plaintiffs' alleged perpetrators will be produced in conformance with FERPA. Defendant also will search for written agreements between Defendant and the Sheriff's Department regarding protocols for communication of information about student sexual assaults for the period between September 2003 and February 2016.

9.     All documents, engagement agreement, bills, statements, notes, records, recordings or any other tangible thing exchanged between Baylor University and Pepper Hamilton.

RESPONSE:

Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. The request constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. The request also is overly broad and unreasonably burdensome and seeks information that is not relevant and is not proportional to the needs of the case. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Information regarding non-sexual student misconduct, general regulatory compliance, and university operations also is not relevant under the substantive law. The request seeks information regardless of time period and apparently seeks information up to the present day regarding any legal work performed by Pepper Hamilton of any kind at any time. Defendant objects that the request seeks discovery of opinion work product and information prepared for litigation or settlement purposes after litigation was filed or that pertains to other pending litigation or anticipated litigation. Defendant objects that the request seeks confidential financial information that is not relevant to any claim and that is not necessary to resolve any issue in the lawsuit. Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA. The burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that it will produce a redacted copy of its engagement letters with Pepper Hamilton pertaining to the law firm's review of sexual assault issues during the 2015-2016 school year.

10.    Baylor's file materials pertaining to work performed by Pepper Hamilton for Baylor University.

RESPONSE:

Defendant objects that this request lacks reasonable particularity as envisioned by Rule 34 of the Federal Rules of Civil Procedure.  Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant objects that the phrase "file materials" is vague and overbroad.  The request is broad enough to seek information maintained or created by, or communications with, Defendant's Office of General Counsel or Defendant's outside counsel. The request as worded constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. The request seeks information regardless of time period and apparently seeks information up to the present day regarding any legal work performed by the law firm or other attorneys representing Defendant.  Defendant further objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed in this case or that relates to other pending litigation or anticipated litigation.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Defendant objects that the request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant or proportional to the needs of the case.  Defendant further objects that the request is broad enough to seek confidential and sensitive FERPA records regarding third-party students and/or records involving intimate and personal matters, the most invasive of which is sexual assault.  Even with redaction of certain student information and entry of a protective order, identification of victims is likely due to the context of the incidents and thus the intrusion on student privacy remains substantial. Disclosure of this type of information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case.  The burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' allegations and Baylor's Title IX policies and procedure before allowing the disclosure of such sensitive and confidential information, some of which will certainly re-traumatize victims.  In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case.  Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases."  Defendant is agreeable to an *in camera* inspection of these specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.  The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

11.   All documents and information provided to Baylor University by Pepper Hamilton regarding or related to its Baylor Investigation.

RESPONSE:

Defendant objects that the phrase "Baylor Investigation" is vague and undefined and lacks reasonable particularity under Rule 34. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request as worded constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed or that relates to other pending litigation or anticipated litigation.   Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Defendant objects that the request is overly broad and encompasses information that is not relevant and is not proportional to the needs of the case.    In particular, information regarding non-sexual student misconduct, general regulatory compliance, and university operations is not relevant under the substantive law.  The request also is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.   The burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA.  Finally, Defendant incorporates the objections in response to requests no. 12.

12.   All documents that relate to the Baylor University Board of Regents Findings of Fact released May 26, 2016.

RESPONSE:

Defendant objects that this request lacks reasonable particularity as envisioned by Rule 34 of the Federal Rules of Civil Procedure.  Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice.  The request also apparently seeks information prepared by Baylor and its lawyers up to the present day and thus seeks discovery of opinion work product and information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

The request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case.  Information regarding non-sexual student misconduct, general regulatory compliance, and university operations as reflected

10

in the Findings of Fact is not relevant under the substantive law. Moreover, the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant or proportional to the needs of the case. Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters, the most invasive of which is sexual assault. Even with redaction of certain student information and entry of a protective order, identification of victims is likely due to the context of the incidents and thus the intrusion on student privacy remains substantial. Disclosure of this type of information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case. As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' allegations and Baylor's Title IX policies and procedure before allowing the disclosure of such sensitive and confidential information, some of which will certainly re-traumatize victims. In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases." Defendant is agreeable to an *in camera* inspection of these student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case. The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

Defendant further responds that the following documents are available on Defendant's website: "Baylor University Board of Regents Findings of Fact" (available at https://www.baylor.edu/rtsv/doc.php/266596.pdf), "Update: Addressing Sexual Violence at Baylor" (available at https://www.baylor.edu/president/news.php?action=story&story=170380), and "Baylor University Report of External and Independent Review Recommendations" (available at https://www.baylor.edu/rtsv/doc.php/266597.pdf).

13.   All documents related to Baylor's engagement of Pepper Hamilton to conduct an independent and external review of Baylor's institutional response to Title IX and related compliance issues.

RESPONSE:

Defendant objects that this request lacks reasonable particularity as envisioned by Rule 34 of the Federal Rules of Civil Procedure. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. The request as worded constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. The request also is

overly broad and unreasonably burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  In particular, information regarding non-sexual student misconduct, general regulatory compliance, and university operations is not relevant.  The request also is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.   The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.   Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA. The request also seeks information prepared by Baylor and its lawyers up to the present day.  Defendant objects that the request seeks discovery of opinion work product and other information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.   Finally, Defendant incorporates the response and objections to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that it will produce a redacted copy of its engagement letters with Pepper Hamilton pertaining to the law firm's review of sexual assault issues during the 2015-2016 school year.

14.     All documents related to the "detailed and comprehensive presentation of its findings and recommendations" provided by Pepper Hamilton to Baylor.

RESPONSE:

Defendant objects that this request lacks reasonable particularity as envisioned by Rule 34 of the Federal Rules of Civil Procedure.  Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request, which seeks any information that relates to the Baylor University Board of Regents Findings of Fact issued on May 26, 2016, constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice.  The request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case. Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. The request seeks irrelevant information including information regarding non-sexual student misconduct, regulatory compliance, and university operations. The request also is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.   The request seeks information regardless of time period and apparently seeks any information prepared by Baylor or its lawyers up to the present day.  Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation.   Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected

by FERPA.   Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.  Finally, Defendant incorporates the objections in response to requests no. 12.

Subject to these objections, and without waiving them, Defendant responds that following documents are available on Defendant's website: "Baylor University Board of Regents Findings of Fact" (available at https://www.baylor.edu/rtsv/doc.php/266596.pdf), "Update: Addressing Sexual Violence at Baylor" (available at https://www.baylor.edu/president/news.php?action=story&story=170380), and "Baylor University Report of External and Independent Review Recommendations" (available at https://www.baylor.edu/rtsv/doc.php/266597.pdf).

15.   All documents which form the basis, in whole or in part, of each specific finding set forth in the Findings of Fact released by the Baylor University Board of Regents on or about May 26, 2016.

RESPONSE:

Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request, which seeks information that relates to the Baylor University Board of Regents Findings of Fact issued on May 26, 2016, constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice.  The request seeks information prepared by Baylor and its lawyers up to the present day.  Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

The request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case. The request seeks irrelevant information including information regarding non-sexual student misconduct, regulatory compliance, and university operations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case.  Defendant objects that the request is broad enough to seek confidential and sensitive FERPA records regarding third-party students and/or records involving intimate and personal matters, the most invasive of which is sexual assault.  Even with redaction of certain student information and entry of a protective order, identification of victims is likely due to the context of the incidents and thus the intrusion on student privacy remains substantial.   Disclosure of this type of information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case.  As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' allegations and Baylor's Title IX policies and procedure before allowing the disclosure of such sensitive and confidential information, some of

13

which will certainly re-traumatize victims.  In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases."  Defendant is agreeable to an *in camera* inspection of the these specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case. The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

16.   All tapes, recordings and/or notes of interviews conducted by Pepper Hamilton, and all documents used in the "document-based interviews."

RESPONSE:

Defendant objects that the request lacks reasonable particularity and is vague.  Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine including the attorneys' mental impressions, conclusions, and opinions. The request clearly seeks information that contains core attorney work product.  The request constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice.  The request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case.  The burden and expense of the proposed discovery outweighs its likely benefit.   The request apparently seeks any information prepared up to the present day regarding any legal work performed by attorneys from Pepper Hamilton at any time. The request seeks irrelevant information including information regarding non-sexual student misconduct, regulatory compliance, and university operations. Moreover, the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant or proportional to the needs of the case.   Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA.   Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that there are no tapes or recordings.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine, including all notes of interviews and any summaries of notes.

17.   All "emails, mobile device data, including text messages, and documents from current and former Baylor employees" provided to and reviewed by Pepper Hamilton.

RESPONSE:

Defendant objects that the request is enormously burdensome and seeks irrelevant information not proportional to the needs of the case. The request lacks reasonable particularity and is overbroad. Plaintiffs' request is the functional equivalent of a request to have unlimited access to all of the content on employee cellphones and computers. During its investigation that resulted in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Pepper Hamilton received 52 laptops and 62 mobile devices; the volume exceeded more than one million pieces, or 26.5 terabytes, of information. Most of this information did not relate to the matters under investigation by the law firm. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by Plaintiff's Title IX claims. Defendant further objects that the request necessarily seeks information protected by FERPA and intrudes upon the personal privacy rights of employees. Defendant further objects that this request, as worded, seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant objects that the request seeks any information prepared or reviewed by the law firm up to the present day regarding any matter. Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation. Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases." Defendant is agreeable to an *in camera* inspection of these specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case. The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

18.    All documents related to the "detailed and comprehensive presentation" made by Pepper Hamilton to the Board of Regents.

RESPONSE:

Defendant objects that the request lacks reasonable particularity. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. The request, which seeks any information that relates to the Baylor University Board of Regents Findings of Fact issued on May 26, 2016, constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. The request is overly broad and unreasonably burdensome due to the volume of information and due to the fact the request encompasses information that is not relevant and is not proportional to the needs of the case. Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. The request seeks irrelevant information including information regarding non-

15

sexual student misconduct, regulatory compliance, and university operations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  The request seeks any information prepared by any Baylor lawyer or Baylor employee or official up to the present day.  Defendant objects that the request seeks discovery of opinion work product and information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation. Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA.  Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.   Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases."  Defendant is agreeable to an *in camera* inspection of these specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.

19.    All documents generated and reviewed by the Special Committee of the Board of Regents referenced in the May 26, 2016 Findings of Fact document, including but not limited to the "detailed and specific information and regular updates" provided by Pepper Hamilton.

RESPONSE:

Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request as worded constitutes a significant intrusion into the attorney-client relationship regarding matters about which Defendant Baylor University sought or received legal advice. Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed or that relates to other litigation or anticipated litigation.  Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. The request is overly broad and unreasonably burdensome and encompasses information that is not relevant and is not proportional to the needs of the case. Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. The request seeks irrelevant information including information regarding non-sexual student misconduct, regulatory compliance, and university operations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.    Defendant objects that the request is broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, including information protected by FERPA. Finally, Defendant incorporates by reference its objections and response to request no. 12.

Subject to these objections, and without waiving them, Defendant has stated that it is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.  The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

20.     All contracts, documents and communications between Baylor University and local counselors for student referrals for outside counseling regarding Issues of Concern.

RESPONSE:

Defendant objects that this request, including Plaintiffs' definition of "Issues of Concern," is overly broad and unduly burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  Plaintiffs' definition of "Issues of Concern" is overly broad and ambiguous and encompasses subjects that are not relevant to Plaintiffs' Title IX claims.  For example, Plaintiffs seek information on non-sexual misconduct and general student code of conduct violations.  The request is so broad that it would require Defendant to search all of its e-mail accounts and other records and student files for all communications between any employee at Baylor University and any outside counselor on any issue relating to violations of the student code of conduct.  Additionally, the time period covered by Plaintiffs' request is overly broad and burdensome, going back 21 years.  Finally, due to the ambiguous wording of the request, the request is broad enough to seek confidential and sensitive counseling records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters.  Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical or mental health information.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Finally, Defendant incorporates the objections in response to requests no. 40.

21.     The University's Annual Fire, Safety & Security Report from 2000 to the present.

RESPONSE:

Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case.   Subject to these objections, and without waiving them, Defendant responds that it will provide copies of its Annual Fire, Safety, & Security Reports from 2003 through 2015.   The 2016 report is available at www.baylor.edu/dps/doc.php/275125.pdf.

22.     All documents and communications related to the official separation of former Head Football Coach Art Briles from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

17

RESPONSE:

Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case. The terms of any settlement are not relevant to any claim or defense in this case. Further, the request intrudes on the privacy and confidentiality rights of non-parties. The information is not needed to resolve any issue in the case. Defendant further objects that this request seeks discovery of information that is protected by the attorney-client privilege and/or attorney work-product doctrine, including but not limited to information prepared solely for litigation or settlement purposes. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Subject to these objections, and without waiving them, Defendant will produce a document regarding the departure of this employee.

23. All documents and communications related to the official separation of Ken Starr from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

RESPONSE:

Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case. The terms of any settlement are not relevant to any claim or defense in this case. Further, the request intrudes on the privacy and confidentiality rights of non-parties. The information is not needed to resolve any issue in the case. Defendant further objects that this request seeks discovery of information that is protected by the attorney-client privilege and/or attorney work-product doctrine, including but not limited to information prepared solely for litigation or settlement purposes. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Subject to these objections, and without waiving them, Defendant will produce a document regarding the departure of this employee.

24. All documents and communications related to the official separation of Tom Hill from Baylor, including but not limited to, settlement documents, from September of 2015 to the present.

RESPONSE:

Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case. The terms of any settlement are not relevant to any claim or defense in this case. Further, the request intrudes on the privacy and confidentiality rights of non-parties. The information is not needed to resolve any issue in the case. Defendant further objects that this request seeks discovery of information that is protected by the attorney-client privilege and/or attorney work-product doctrine, including but not limited to information prepared solely for litigation or settlement purposes. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

25.     All documents and communications related to the official separation of Ian McCaw from Baylor including but not limited to, settlement documents, from September of 2015 to present.

RESPONSE:

       Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case.  The terms of any settlement are not relevant to any claim or defense in this case.  Further, the request intrudes on the privacy and confidentiality rights of non-parties. The information is not needed to resolve any issue in the case.  Defendant further objects that this request seeks discovery of information that is protected by the attorney-client privilege and/or attorney work-product doctrine, including but not limited to information prepared solely for litigation or settlement purposes.  Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.  Subject to these objections, and without waiving them, Defendant will produce a statement regarding the departure of this employee.

26.     All documents and communications related to any adverse employment action taken against any Baylor employee arising out of the Pepper Hamilton report, including but not limited to, settlement documents, from September of 2015 to the present.

RESPONSE:

        Defendant objects that the request is vague, particularly the phrases "adverse employment action" and "arising out of the Pepper Hamilton report."  Defendant objects that the request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case.  Further, the terms of any settlement are not relevant to the claims or defenses in this case.  The request also intrudes on the privacy and confidentiality rights of non-parties. Defendant further objects that this request seeks discovery of information that is protected by the attorney-client privilege and/or attorney work-product doctrine, including but not limited to information prepared solely for litigation or settlement purposes.  Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.   Subject to these objections, and without waiving them, please see Defendant's responses to requests nos. 22, 23, and 25.

27.     All documents and communications related to any investigation by Professor Jeremy Counseller in 2015 related to Issues of Concern.

RESPONSE:

       Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations and athletics regulatory issues.   Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client

privilege and/or work-product doctrine. Defendant further objects that this request is broad enough to seek confidential and sensitive education and mental health and medical records regarding third-party students. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged information.

28.   All documents and communications related to any investigation, internal or independent, into Issues of Concern at Baylor.

RESPONSE:

Defendant objects that the request lacks reasonable particularity, is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations since 1996. The request also is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Disclosure of the requested information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case. As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' own allegations and Baylor's Title IX policies and procedures before allowing the disclosure of such sensitive and confidential information, some of which will certainly re-traumatize victims. In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case. Defendant further objects that the request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, student records, and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor. Defendant's annual student population, multiplied by 21 years, would result in an oppressively burdensome search for information. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. This request is also broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. The request is broad enough to encompass documents prepared by legal counsel in connection with pending litigation or anticipated litigation. Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Finally, Defendant incorporates by reference its response and objections to request no. 40. Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged documents pertaining to Plaintiffs'

sexual assault allegations.  Unredacted copies that identify the alleged perpetrators also will be produced subject to a protective order and in accordance with FERPA.

29.   All documents and communications related to Issues of Concern reported to Baylor University Police Department during the past 20 years, including but not limited to reports of any conduct falling within an Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.   The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, student records, police files, and other files going back 20 years, long before any of the Plaintiffs were enrolled at Baylor.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  This request is also broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters.  Such records may be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information.  Defendant further objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.   The request is broad encompass to seek documents prepared by legal counsel in connection with pending litigation or anticipated litigation. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Finally, Defendant incorporates the objections in response to requests no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce responsive, non-privileged police incident reports and investigation reports, if any, regarding the Plaintiffs.  Unredacted copies that identify the alleged perpetrators also will be produced subject to a protective order and in accordance with FERPA.

30.   All documents and communications related to Baylor Health Center's operating guidelines, policies and procedures related to Issues of Concern. This request includes versions of any documentation for the past 20 years.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on

non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor. Defendant further objects that the phrase "versions of any documentation" is ambiguous and vague.  Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that it will search for and produce, if available, non-privileged information pertaining to the Baylor Health Center's policies and procedures for handling of student sexual assault claims for the period September 2003 through February 2016.

31.   All documents related to Baylor Police Department's operating guidelines, policies and procedures related to Issues of Concern. This request includes versions of any documentation for the past 20 years.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor. Defendant further objects that the phrase "versions of any documentation" is ambiguous and vague.  Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that it will search for and produce, if available, non-privileged information pertaining to the Baylor Police Department's policies and procedures for handling of student sexual assault claims for the period September 2003 through February 2016.

32.   All documents and communications related to Baylor's reporting and communication with the United States Department of Education relating to the safety and security of students both on and off campus, any Issues of Concern and the Pepper Hamilton report.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. Defendant objects that the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant objects that the phrase "Pepper Hamilton report" is ambiguous; Pepper Hamilton did not prepare a written report. The request also seeks confidential and sensitive education records regarding third-party students. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant also objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine. Finally, Defendant incorporates by reference its objections and response to request no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce responsive, non-privileged, non-FERPA-protected information reflecting Baylor's correspondence with the United States Department of Education in 2016-2017 relating to allegations of sexual assault of students.

33.     All documents and communications related to Baylor's reporting and communication with the Southern Association of Colleges and Schools (SACs) including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

RESPONSE:

Defendant objects that the request is ambiguous. Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. Defendant objects that the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that information regarding general governance, university operations, and related matters is not relevant and is out of proportion to the needs of the case. Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant objects that the phrase "Pepper Hamilton report" is ambiguous; Pepper Hamilton did not prepare a written report. Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine. Defendant is withholding the requested information.

23

34.    All documents and communications related to Baylor's reporting and communication with the BIG XII Athletic Conference including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

<u>RESPONSE:</u>

Defendant objects that the request is ambiguous.  Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  Defendant objects that the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that information regarding general governance, university operations, athletics management and regulatory compliance, and related matters is not relevant and is out of proportion to the needs of the case.  Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Defendant objects that the phrase "Pepper Hamilton report" is ambiguous; Pepper Hamilton did not prepare a written report. Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant is withholding the requested information.

35.    All documents and communications related to Baylor's reporting and communication with the NCAA including mandatory and optional reporting requirements, any Issues of Concern and the Pepper Hamilton report.

<u>RESPONSE:</u>

Defendant objects that the request is ambiguous.  Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  Defendant objects that the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that information regarding general governance, university operations, athletics management and regulatory compliance, and related matters is not relevant and is out of proportion to the needs of the case.  Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Defendant objects that the phrase "Pepper Hamilton report" is ambiguous; Pepper Hamilton did not prepare a written report. Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant is withholding the requested information.

36.     All documents setting forth the code of conduct for faculty members including but not limited to documents setting forth what constitutes violations of the faculty code of conduct.

RESPONSE:

Defendant objects that the request seeks irrelevant information and is out of proportion to the needs of the case. Defendant objects that this request is overly broad and unreasonably burdensome and seeks information that has nothing to do with Plaintiffs' Title IX claims. The request seeks copies of any code of conduct dating back to 1996, and it seeks any documents that may reference such a code. As written, this request requires Defendant to search its computer systems for any document reflecting even portions of the faculty code of conduct. Defendant objects that the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant objects to the request to the extent it seeks communications and other information protected by the attorney-client privilege and attorney work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that the most recent copy of its handbook is available at http://www.baylor.edu/facultyhandbook/index.php?id=70164.

37.     All documents and communications relating to how Baylor is to handle, oversee and manage reports of Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and other student code of conduct violations since 1996. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, student records, and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor. Defendant's annual student population, multiplied by 21 years, would result in an oppressively burdensome search for information. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. This request is also broad enough to seek confidential education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Subject to these objections, and without waiving them, Defendant will produce university policies and procedures for the handling of student sexual assault allegations for the period September 2003 through February 2016.

38.   All documents and communications regarding the development, amendment, issuance and enforcement of the code of conduct for students, including but not limited to documents setting forth what constitutes violations of the student code of conduct.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that the request seeks information regarding subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and other student code of conduct violations since 1996. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. This request is also broad enough to seek confidential education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Subject to these objections, and without waiving them, Defendant will produce the relevant portions of the student code of conduct and student discipline procedures for the period September 2003 through February 2016.

39.   All settlement agreements signed by any former student who alleged any incident which would involve any Issues of Concern.

RESPONSE:

Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and other student code of conduct violations since 1996. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that this request is overly broad and seeks information that is not relevant and is not proportional to the needs of the case. The terms of any settlement are not relevant to any claim or defense in this

26

case. Further, the request intrudes on the privacy and confidentiality rights of non-parties. Defendant also objects that the request seeks information protected by FERPA. The request is not proportional to the needs of the case and would require Defendant to search its files going back 21 years regarding any claims involving a student conduct issue, long before any of the Plaintiffs were enrolled at Baylor. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Finally, Defendant incorporates by reference its response and objections to request no. 40.

40.   All documents related to any alleged incident which would involve any Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case, considering the importance of the issues at stake in this litigation. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and seeks confidential and sensitive records of current and former students involving intimate and personal matters, the most invasive of which is sexual assault. Some of the current and former students have instructed Baylor not to disclose their information. Disclosure of this type of information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case. As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' own allegations and Baylor's Title IX policies and procedures before allowing the disclosure of such sensitive and confidential information, some of which will certainly re-traumatize victims. In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case. Further, the request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and computer files, student records, and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor. Defendant's annual student population, multiplied by 21 years, would result in an oppressively burdensome search for information. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. This request is also broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault and other sensitive matters. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged documents pertaining to Plaintiffs' sexual assault allegations. Unredacted copies that identify the alleged perpetrators  also will be produced subject to a

protective order and in accordance with FERPA. Additionally, as stated in response to request no. 12, Defendant is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of this type of discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case. The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

41.     All documents and communications evidencing Baylor's policies regarding parental notification regarding any Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and other student code of conduct violations since 1996. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that the request for "all documents and communications" of any kind is broad enough to encompass any communication to any student, parent, or employee. The period of time requested (since 1996) also is overbroad and burdensome. Further, the burden and expense of the discovery outweighs its likely benefit, and the information is not necessary to resolve the issues in this case. Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

42.     All documents and communications mentioning Jane Does 1-6 or any Assailant mentioned in Plaintiffs' most recent filed Complaint.

RESPONSE:

Defendant objects to this request because it is overly broad and unreasonably burdensome and seeks irrelevant information not proportional to the needs of the case. The request is broad enough to seek routine records regarding matters that have no bearing on any issue in this case, such as class rosters, attendance records, yearbooks, and club records. Defendant also objects to the production of records identifying the alleged perpetrators at this time because such records are protected by FERPA and cannot be disclosed except in accordance with federal regulations. Defendant also is unable to produce copies of medical or counseling records pertaining to Jane Does 1-6 at this time because the Plaintiffs have not yet signed an authorization allowing retrieval of this information. The request is so broad that it would require Defendant to search all of its e-mail accounts and student files for all communications mentioning Jane Does 1-6 or the alleged perpetrators. Additionally, because the request is broad enough to seek "all documents and communications" mentioning Jane Does 1-6 or the alleged perpetrators, the request is broad enough to seek communications between Defendant and its attorneys and information prepared

solely for litigation purposes. Accordingly, Defendant objects that such communications and documents are protected by the attorney-client privilege and the work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that it will produce non-privileged university records relating to the academic, discipline, and assault records of Jane Does 1-6. Defendants also will produce non-privileged university records relating to the academic and discipline records of the alleged perpetrators, subject to a protective order and in accordance with FERPA.

43.    All documents related to and communications between present and former Regents of Baylor University, and all documents related to and communications between Baylor and any present and former Regents regarding any Issues of Concern and Pepper Hamilton.

RESPONSE:

Defendant objects that this request is vague and ambiguous and lacks reasonable particularity. Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. The request for "[a]ll documents related to and communications between present and former Regents of Baylor University" contains no limitations whatsoever and is unduly burdensome. The request for any and all communications between Baylor itself and any present or former regents also is overly broad. Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and other student code of conduct violations. The request also is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The request for information about "Pepper Hamilton" is vague. The period of time requested (all communications since 1996) also is overbroad and burdensome. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Finally, Defendant objects that the request for (i) communications between Baylor and current regents or (ii) communications between Baylor and individuals who were regents at the time of the communications is broad enough to encompass communications and information protected by the attorney-client privilege, including communications with university counsel. Subject to these objections, and without waiving them, Defendant responds that it is determining whether responsive, non-privileged communications exist regarding the Pepper Hamilton investigation.

44.    Any and all documents and communications related to Title IX, including but not limited to internal Baylor communication regarding the need for a Title IX office, reports of sexual assault or sexual violence occurring on campus, and investigation of reports regarding Sex Discrimination, Conduct Code Violations, Prohibited Conduct Under the Title IX Policy, Sexual Violence or Sexual Harassment occurring on campus preceding the implementation of a Title IX office on Baylor's campus.

RESPONSE:

Defendant objects that this request is overly broad and unreasonably burdensome and seeks information that is not relevant and is not proportional to the needs of the case in that it seeks "any and all documents and communications" that could conceivably relate to Title IX. The request is broad enough to encompass routine records and records involving matters such as equity in athletics, general sex discrimination, or other Title IX subjects not involving sexual assault.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. The request is vague and seeks information that is not relevant to Plaintiffs' Title IX claims, including information regarding non-sexual misconduct and general "Conduct Code Violations." The period of time requested (documents and communications since 1996) also is overbroad and burdensome.  Defendant objects that the request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts and computer files, student records, and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor.  Defendant's annual student population, multiplied by 21 years, would result in an oppressively burden search for information. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant further objects that the request seeks communications between Defendant and its attorneys regarding Title IX; such communications are protected by the attorney-client privilege and/or work-product doctrine. Defendant objects that the request seeks discovery of information prepared for litigation or settlement purposes after litigation was filed in this case or that relates to other litigation or anticipated litigation. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Defendant further objects that the request seeks information regarding third-party students involving intimate and personal matters such as sexual assault.  Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information.  Disclosure of this information invades the privacy right of non-parties and the need for such information is not proportional to the needs of the case in that, even under Plaintiffs' heightened risk theory, it is not clear that opening up all sexual assault and harassment records is necessary to prove Plaintiffs' case.  As an initial matter, the Court should consider the documents and discovery surrounding Plaintiffs' own allegations and Baylor's Title IX policies and procedures before allowing the disclosure of such sensitive and confidential information, some of which will certainly re-traumatize victims.  In addition, Defendant has filed a Motion to Certify the Court's March 7 order for Interlocutory Appeal to the Fifth Circuit which may result in the scope of discovery being significantly limited in this case.

Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged documents pertaining to Plaintiffs' sexual assault allegations. Unredacted copies that identify the alleged perpetrators  also will be produced subject to a protective order and in accordance with FERPA.  Defendant also will produce Title IX policies, procedures, and sexual assault prevention initiatives.

Finally, as stated in response to request no. 12 and no. 40, Defendant is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of this type of discovery outweighs

its likely benefit and whether the information actually is necessary to resolve the issues in this case.

45.     All documents and communications identifying anyone involved in the decision to implement a Title IX office.

RESPONSE:

Defendant objects to the request as ambiguous and vague.  Defendant objects to this request because it is broad enough to seek information protected by the attorney-client privilege and attorney work product doctrine.  Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine. Subject to these objections, and without waiving them, Defendant responds that it will produce responsive, non-privileged documents.

46.     All inter-department documents and communications from the Baylor Police Department regarding Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that the request is ambiguously worded ("inter-department" documents and communications "from" the police department without specifying to whom the communications were made).  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student records, police files, and other files going back 20 years, long before any of the Plaintiffs were enrolled at Baylor.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  This request is also broad enough to seek confidential and sensitive education records regarding third-party students and/or records involving intimate and personal matters such as sexual assault, substance abuse, and other sensitive matters.  Such records may be protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information.  Defendant further objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  The request is broad encompass to seek documents prepared by legal counsel in connection with pending litigation or anticipated litigation. Defendant will withhold any documents or other discoverable material identified during its review that are protected by

the attorney-client privilege and/or work-product doctrine.  Finally, Defendant incorporates by reference its objections and response to request no. 40.

Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged complaints and investigation reports pertaining to the Plaintiffs. Unredacted copies that identify the alleged perpetrators also will be produced subject to a protective order and in accordance with FERPA.

Finally, as stated in response to requests nos. 12 and 40, Defendant is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of this type of discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.  The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

47.   All inter-department documents and communications from Baylor's Health Clinic regarding Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that the request is ambiguously worded ("inter-department" documents and communications "from" the university's health center without specifying to whom the communications were made).   Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student records, and other files going back 20 years, long before any of the Plaintiffs were enrolled at Baylor.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  This request is also broad enough to seek confidential and sensitive education and medical records regarding third-party students and thus invades the personal privacy rights of non-parties. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information.  Defendant further objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.  Finally, Defendant incorporates by reference its objections and response to request no. 40.

Subject to these objections, and without waiving them, Defendant will produce copies of Plaintiff's own health records, upon receipt of an appropriate authorization.

48.     All inter-department documents and communications from Baylor's Title IX office regarding Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that the request is ambiguously worded ("inter-department" documents and communications "from" the Title IX office without specifying to whom the communications were made). Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant incorporates by reference its objections and response to request no. 44.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student records, and other files regarding non-parties. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. This request is also broad enough to seek confidential and sensitive education and medical records regarding third-party students. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant further objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents or other discoverable material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Subject to these objections, and without waiving them, Defendant will produce responsive, non-privileged complaints, investigation reports, and discipline reports pertaining to Plaintiffs' sexual assault allegations. Unredacted copies that identify the alleged perpetrators also will be produced subject to a protective order and in accordance with FERPA. Defendant also will produce Title IX policies, procedures, and sexual assault prevention initiatives.

Finally, as stated in response to request no. 12 and no. 40, Defendant is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of this type of discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case. The Court very well may determine that disclosure is wholly unnecessary or that, as a lesser intrusion, only limited disclosures or high-level summaries are necessary.

49.    All inter-department documents and communications from Baylor's Judicial Affairs office regarding Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that the request is ambiguously worded ("inter-department" documents and communications "from" Judicial Affairs without specifying to whom the communications were made).  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student records, and other files going back 21 years, long before any of the Plaintiffs were enrolled at Baylor.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  This request is also broad enough to seek confidential and sensitive education records regarding third-party students involving intimate and sensitive matters.  Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information.  Defendant further objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant will withhold any documents or other material identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.  Finally, Defendant incorporates by reference its objections and response to request no. 40.

Subject to these objections, and without waiving them,  Defendant responds that it will produce responsive, non-privileged documents pertaining to the Plaintiffs. Unredacted copies that identify the alleged perpetrators  also will be produced subject to a protective order and in accordance with FERPA.  Finally, as stated in response to request no. 40, Defendant is agreeable to an *in camera* inspection of specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of this type of discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.

50.    All inter-department documents and communications from Baylor's Human Resources Department regarding Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that the request is ambiguously worded ("inter-department" documents and communications "from" Human Resources without specifying to whom the communications were made). Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant further objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student and employee files, and other files going back 20 years, long before any of the Plaintiffs were enrolled at Baylor. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant objects that this request is overly broad and unreasonably burdensome and seeks information that is not relevant and is not proportional to the needs of the case. Defendant also objects to this request because it is broad enough to encompass information protected by the attorney-client privilege or attorney work product doctrine. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product. Finally, Defendant incorporates by reference its objections and response to request no. 40. Subject to these objections and without waiving them, Defendant responds that it will produce responsive, non-privileged information, if any, related to Plaintiffs' specific incidents.

51. All documents and communications related to, leading up to, and following Baylor's report of the existence or non-existence of sexual assaults to the United States Department of Education and any supporting documentation, including but not limited to the reports themselves.

RESPONSE:

Defendant objects that this request is vague and ambiguous, particularly the phrase "leading up to." The request lacks reasonable particularity and is overly broad and unreasonably burdensome. Defendant objects that the request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant. Defendant objects that the request seeks confidential and sensitive education records regarding third-party students. Such records are protected by FERPA, common law privacy, and statutes pertaining to the confidentiality of medical and mental health information. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product. Finally, Defendant incorporates by reference its objections and response to request no. 40.

Subject to these objections, and without waiving them, Defendant responds that it will produce non-privileged, non-FERPA-protected information reflecting Baylor's correspondence with the United States Department of Education in 2016-2017 relating to allegations of sexual assault of students.

52.     Any recordings whether audio, video or both of any of Plaintiffs.

RESPONSE:

Defendant objects that this request is overly broad and unreasonably burdensome and seeks information that is not relevant and is not proportional to the needs of the case.  This request requires Defendant to review electronically stored information dating back to 2004 which may not be readily accessible to Defendant.  Furthermore, Defendant does not keep a central index of any audio or video recording made during the ordinary course of business.  The request would require Defendant to listen to or view years and years of recordings, including recordings of athletic events and graduation ceremonies.  Defendant further objects that any recordings, such as news recordings, are already in the public arena and are equally available to all parties.

53.     Any documents and communications within, from or to the Athletics Department concerning any Issues of Concern.

RESPONSE:

Defendant objects that this request is vague and ambiguous. Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant further objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.

The request is not proportional to the needs of the case and would require Defendant to search all of its e-mail accounts, computer files, student records, and other files going back 21 years.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant further objects that the request seeks discovery of information that, if it exists, would invade the privacy rights of third-party students in violation of FERPA and common law privacy. Defendant also objects to this request because it is broad enough to seek information protected by the attorney-client privilege and attorney work-product doctrine. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product.  Defendant also incorporates its objections and responses to requests no. 40.

Subject to these objections, and without waiving them, Defendant responds that, in the Baylor University Board of Regents Findings of Fact dated May 26, 2016, Defendant stated that it engaged Pepper Hamilton to conduct an independent review of Defendant's institutional response to Title IX "through the lens of specific cases." Defendant is agreeable to an *in camera* inspection of these specific student files so that the Court may determine first-hand whether the intrusion on third party rights and the burden and expense of such discovery outweighs its likely benefit and whether the information actually is necessary to resolve the issues in this case.

54.     Copies of financial records, budgets, prospectus, and other financial records showing the receipt of federal funds by Baylor University.

RESPONSE:

Defendant objects that this request is overly broad and unreasonably burdensome and is not proportional to the needs of the case. Defendant acknowledges that it is subject to Title IX; therefore, there is no need for Defendant to provide documents showing receipt of federal funds. Additionally, the scope of the request is excessive and includes a time period dating back to 1996. Defendant objects that its financial records, budgets and related records are not relevant to any claim or defense in the suit. Finally, the burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented in the case.

55.     Documents or communications reflecting the policy and procedure of administration related to rape kits at Baylor University, including records reflecting the number of such kits taken in stock at any given time period, the number used and the number which were submitted for testing.

RESPONSE:

Defendant objects that this request is overly broad and unreasonably burdensome, and seeks information that is not relevant and is not proportional to the needs of the case, such as the number of rape kits in stock at any point in time over the last 21 years. Subject to these objections, and without waiving them, Defendant responds that it has produced some information relating to sexual assault nurse exams and rape kits. It is searching to determine whether it possesses any additional responsive information for the period from September 2003 through February 2016.

56.     Any documents, communications or records pertaining to the assailants alleged in this case.

RESPONSE:

Defendant further objects that this request lacks reasonable particularity. Defendant objects to this request because it is overly broad and unreasonably burdensome and seeks irrelevant information not proportional to the needs of the case. The request is broad enough to seek routine records regarding matters that have no bearing on any issue in this case, such as class rosters, attendance records, yearbooks, sport activities, and club records. Defendant also

objects to the production of any records identifying the alleged perpetrators at this time because such records are protected by FERPA and cannot be disclosed except in accordance with federal regulations.  The request requires Defendant to conduct searches of computer systems containing any and all documents as far back as 2004. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  Additionally, because the request is broad enough to seek "any" documents about the alleged perpetrators, the request is broad enough to seek communications and information protected by the attorney-client privilege and attorney work product doctrine including  information prepared solely for litigation.  Accordingly, Defendant objects that such communications are protected by the attorney-client privilege and the work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that, subject to a protective order and in compliance with FERPA, it will produce records, if any, pertaining to sexual assault allegations against the alleged perpetrators.

57.     Press releases, media advisories and communications with the media pertaining to Issues of Concern, including but not limited to action taken by Baylor in response thereto.

RESPONSE:

Defendant objects that this request is vague and ambiguous. Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case.  Defendant objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations.  The request is not limited to claims that are similar to the Plaintiffs' claims; information regarding persons who are not similarly situated is not relevant.  Defendant further objects that the request is broad enough to encompass information from as far back as 1996, eight years prior to the earliest alleged incident of sexual assault involving the Plaintiffs and long before the Plaintiffs ever enrolled at Baylor.  The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.  The request would require Defendant to search its employees' computer systems for any communication with media regarding student conduct over the last 21 years.

Subject to these objections, and without waiving them, Defendant responds that it has posted communications regarding student sexual assault on its web site at www.baylor.edu.

58.     Copies of fee contracts and appropriately redacted fee and/or attorney fee statements for any counsel, experts or service providers paid in full or part by Baylor University for the benefit of any coach, administrator, faculty, Regent, or staff named as a party or witness to a civil or criminal proceeding pertaining to any Issues of Concern.

RESPONSE:

Defendant objects that the request is overly broad and unreasonably burdensome, seeks information that is not relevant, and is not proportional to the needs of the case. Defendant objects that the request is vague, particularly the phrase "service providers." Defendant also objects that Plaintiffs' definition of "Issues of Concern" is ambiguous and overly broad and includes subjects that are not relevant to Plaintiffs' Title IX claims, including information on non-sexual misconduct and general student code of conduct violations. Defendant objects that the request is unduly burdensome and would require Defendant to search for and produce information dating back 21 years. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant objects that the request because is broad enough to seek information protected by the attorney-client privilege and attorney work product doctrine. The request improperly seeks communications and information that is protected by the attorney-client privilege and attorney work product doctrine. . Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

59. The complete email accounts for each of the Plaintiffs in this case. (Plaintiffs do not authorize Defendant, or anyone else, access to their e-mail accounts or email communications. Defendant should simply copy the e-mail data file and not access any content therein.)

RESPONSE:

Defendant objects that this request is overly broad and unduly burdensome. The request seeks production of electronically-stored information which is not maintained by Defendant in its local systems as to all Plaintiffs. Due to the operation of routine record-keeping and business practices and technology changes over the last 20 years, some information may no longer be retrievable by any means. Defendant further objects that this request is not proportional to the needs of the case. The request seeks production of electronically-stored information without regard to the subject or whether it bears any relation to the issues at dispute as part of the lawsuit. The request requires Defendant to conduct searches of computer systems containing documents as far back as 2004. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit. Defendant further objects to Plaintiff's request that Defendant not access the content of the information before producing it. Defendant and its counsel must examine any retrieved material to ensure that it is responsive and to ensure that it is not information from a different account. Subject to these objections, and without waiving them, Defendant responds that it will review and produce information from Plaintiffs' e-mail accounts, to the extent Defendant has maintained access to those accounts.

60. The complete email accounts for each of the assailants alleged in this case.

RESPONSE:

Defendant objects to this request because it is overly broad and unreasonably burdensome and seeks irrelevant information not proportional to the needs of the case. Defendant also

objects to the production of any records identifying the alleged perpetrators at this time because such records are protected by FERPA and cannot be disclosed except in accordance with federal regulations. Defendant objects that the request seeks production of electronically-stored information which is not maintained by Defendant in its local systems. Due to the operation of routine record-keeping and business practices and technology changes, some information may no longer be retrievable by any means. To the extent such information exists and is accessible by any party, it would require Defendant to employ a third party for its possible production. Defendant further objects that this request is not proportional to the needs of the case. The request seeks production of electronically-stored information without regard to the subject or whether it bears any relation to the issues at dispute as part of the lawsuit. The request requires Defendant to conduct searches of computer systems containing documents as far back as 2004. The burden and expense of the proposed discovery outweighs its likely benefit and is not necessary to resolve the issues presented by the claims remaining in Plaintiffs' lawsuit.

Subject to these objections, and without waiving them, Defendant responds that, consistent with FERPA, it will determine whether information pertaining to Plaintiffs' claims is retrievable.

61.    All documents, communications and academic records, including conduct and honor code records, which relate to or mention each of the Plaintiffs.

RESPONSE:

Defendant objects to this request because it is overly broad and unreasonably burdensome and seeks irrelevant information not proportional to the needs of the case. The request is broad enough to seek routine records regarding matters that have no bearing on any issue in this case, such as class rosters, attendance records, yearbooks, and club records. Defendant also is unable to produce copies of medical or counseling records pertaining to any Plaintiff because the Plaintiffs have not yet signed an authorization allowing retrieval of this information. Defendant further objects that this request is broad enough to seek confidential and sensitive education records regarding third-party students. Such records are protected by FERPA. Additionally, because the request is broad enough to seek "all" documents and communications mentioning or relating to the Plaintiffs, the request is broad enough to seek communications protected by the attorney-client privilege and the work-product doctrine. Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

Subject to these objections, and without waiving them, Defendant responds that it will produce the academic records it maintains relating to Plaintiffs. Defendant further responds that it will produce any sexual harassment investigation files pertaining to the Plaintiffs, subject to a protective order and in compliance with FERPA.

62.    Any record or documents that reflect who and/or when any records pertaining to Plaintiffs were accessed by Defendant or their counsel.

RESPONSE:

Defendant objects that the request is overly broad and burdensome and seeks information that is not relevant to the case.  Defendant objects that this request seeks information protected by the attorney-client privilege and attorney work-product doctrine.  Defendant will withhold any documents identified during its review that are protected by the attorney-client privilege and/or work-product doctrine.

63.   A complete copy of any policy of insurance under which any of Plaintiffs' claims may be covered.

RESPONSE:

Defendant will produce any required insurance information as stated in Rule 26.

Respectfully submitted,

THOMPSON & HORTON LLP

By:      /s/ *Lisa A. Brown*
          Lisa A. Brown
          Texas Bar No. 03151470
          3200 Southwest Freeway, Suite 2000
          Houston, Texas  77027-7554
          (713) 554-6741 (telephone)
          (713) 583-7934 (fax)
          lbrown@thompsonhorton.com (email)

          Holly G. McIntush
          Texas Bar No. 24065721
          400 West 15th Street, Suite 1430
          Austin, Texas  78701
          (512) 615-2351 (telephone)
          (512) 682-8860 (fax)
          hmcintush@thompsonhorton.com (email)

WEISBART SPRINGER HAYES LLP

          Julie A. Springer
          State Bar No. 18966770
          jspringer@wshllp.com
          Sara E. Janes
          State Bar No. 24056551
          sjanes@wshllp.com

41

212 Lavaca Street, Suite 200
Austin, Texas  78701
512.652.5780
512.682.2074 fax

COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all

counsel of record on April 6, 2017, via electronic mail and Drop Box as follows:

Mr. Chad W. Dunn (Attorney in Charge)          *Via ECF:  chad@brazilanddunn.com*
Mr. K. Scott Brazil                                            *Via ECF:  scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068


Mr. Jim Dunnam                                            *Via ECF:  jimdunnam@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**                  *Via ECF:  jimdunnam@swbell.net*
4125 West Waco Drive
Waco, Texas  76710
P. O. Box 8418
Waco, Texas  76714-8418


                                                            /s/ Lisa A. Brown
                                                            Lisa A. Brown

889067

42