IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:16-CV-00173-RP |
| BAYLOR UNIVERSITY, | § § § | |
| Defendant. | § § § § | |

**DEFENDANT BAYLOR UNIVERSITY'S RESPONSE TO PLAINTIFFS' BRIEF CONCERNING ELECTRONICALLY STORED INFORMATION**

TO THE JUDGE OF THE HONORABLE COURT:

Defendant Baylor University responds as follows to Plaintiffs' brief regarding electronically stored information ("ESI") search terms:

**I.      Plaintiffs misstate the standard under Rule 26(b)(1).**

Plaintiffs' argument that the disputed ESI search terms satisfy Rule 26(b)(1) ignores several essential parts of the rule's requirements.  First, they skip over the essential prerequisite that the requested discovery be "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This failure is especially important because the party seeking discovery "bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence."  Order on Motion to Compel, ECF 146 at 3 (quotation omitted). Relevance and proportionality "are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL 2832621, at *25 (N.D. Tex. June 26, 2017); *see also Rocha v. S.P. Richards Co.*, No. 5:16-CV-411-XR, 2016 WL

6876576, at *1 (W.D. Tex. Nov. 17, 2016) (under the amended Federal Rules of Civil Procedure, "requested discovery must be both relevant and proportional."). Second, while Plaintiffs identify "five" factors to be considered in determining whether requested discovery is proportional to the needs of the case, they do not analyze their proposed search terms under the *fifth* factor—"the importance of the discovery in resolving the issues"—and they do not even acknowledge the existence of a *sixth* factor—"whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, the sweep of the agreed-to terms will pull in any document that references "sex," "sexual," or "assault," any document that references "harassment," any document that references "Title IX," and any document that references a Plaintiff or any of their alleged assailants. The only additional documents to be retrieved by the disputed search terms are, by definition, documents that do *not* include *any* of the other 85 agreed-to search terms. As stand-alone search terms, the proposed additional terms are guaranteed to retrieve voluminous and completely irrelevant data, much of it implicating the FERPA rights of students who have zero connection to the issues in this lawsuit. The vast majority of the data will not be relevant to any claim or defense, and any potential slight benefit that might be gleaned does not outweigh the undue burden and expense associated with the proposed discovery.

## II.    The disputed search terms call for irrelevant documents that are not important or necessary to resolve the issues in this case.

Plaintiffs' chart regarding additional proposed search terms does not take into account the breadth of the 85 already agreed-to search terms. The agreed-to terms will capture the evidence that Plaintiffs claim that they are seeking through the disputed terms.

For example, Plaintiffs attempt to justify several terms, including terms related to alcohol use, on the ground that some of the terms may surface in connection with Title IX investigations

and/or sexual assault reports. However, other agreed-to terms such as "Title IX," "assault," and "sex" also will retrieve these documents—indeed, they have a much greater likelihood of pulling in such records—thus rendering the additional terms superfluous and burdensome, as they are likely to retrieve only documents that *do not* involve sex, sexual assaults, harassment, or Title IX issues. For these same reasons, Plaintiffs' request to conduct broad searches using terms such as "code /s conduct" and "infraction" also fails. Additionally, although Plaintiffs argue that the information relates to their claims "that they were deterred from reporting and/or experienced retaliation with threats of code of conduct violations" (ECF 179 at 8-9), their lawsuit does not include any factual allegations or claims of retaliation; moreover, the agreed-to search terms (such as their own names) are sufficient to retrieve potentially relevant documents.[1]

### III.     The burden of reviewing the additional terms outweighs any potential benefit.

In analyzing whether the burden of discovery outweighs its potential benefit, courts should consider not just the cost of accessing the ESI and processing searches but also the cost and burden of reviewing irrelevant documents. *See*, *e.g. Slate v. Am. Broad. Companies, Inc.*, 802 F. Supp. 2d 22, 26 (D.D.C. 2011), *aff'd,* 584 F. App'x 2 (D.C. Cir. 2014) (noting that "the burden and expense of wading through these files outweighed any benefit"). As a result, courts may consider the likelihood that the search terms will capture irrelevant documents along with potentially relevant documents. *See L–3 Commc'ns Corp. v. Sparton Corp.*, 313 F.R.D. 661, 669 (M.D. Fla. 2015). Thus, in *L-3*, while the court agreed that a plaintiff who had alleged a manufacturing defect could conduct discovery into "complaints by Defendants customers about

---

[1]     Although Baylor has agreed to ESI search terms, it continues to object to the production of non-party sexual assault records, including counseling and medical records, and it does not waive its right to object to the production of such records as may be permitted by law. Baylor awaits clarification of the Court's order following the parties' recent submission of supplemental briefs on these issues. *See* ECF 163 and 164.

products 'subject to the same or similar processes,'" it rejected as overbroad a request to use terms that would capture "every single customer complaint in Defendants' database." *Id.* at 670.

Finally, the burden analysis may "limit disclosure 'where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged, material.'" *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  Thus, this Court previously and properly considered the burden and intrusion on non-party students that would flow from allowing discovery into non-sex-related student misconduct allegations.  ECF 146 at 7.

### IV. Baylor properly objected to producing documents related to Briles's separation, and it was not ordered to produce such documents.

To justify their request for overly expansive ESI search terms, Plaintiffs claim that Baylor improperly withheld a letter from Baylor to Art Briles dated May 23, 2017.  Plaintiffs' argument is misguided and fails. In their Request for Production, Plaintiffs sought documents "related to the official separation of former Head Football Coach Art Briles from Baylor, including but not limited to, settlement documents, from September of 2015 to the present."  ECF 100-1, Exh. A, at RFP No. 22. On April 6, 2017, Baylor objected to the request on numerous grounds, including relevance and proportionality. *Id*. Here, the May 2017 letter does not even reference Briles's separation, which occurred nearly one year ago.  Exh. A.  Even if the letter were somehow relevant and responsive to the request,[2] the parties' and Court's focus at the June 16th discovery hearing was Briles's settlement agreement. *See, e.g.,* Court Order, ECF 146 at 10 ("Plaintiffs seek settlement agreements between Baylor and four officials who departed the university . . . ."). Subsequently, the Court ordered Baylor to submit Briles's settlement agreement for *in camera* review.  It did not order the submission of other Briles documents.

---

[2]  Plaintiffs' own motion to compel admitted that it would be "staggering to believe" that Art Briles was connected to the Jane Does' claims. ECF 94 at 3.

Moreover, Baylor never indicated that it was submitting any documents other than the settlement agreements, and at no time did it waive its other objections to Plaintiffs' request. *See* ECF 116; ECF 121 at 4 (identifying which settlement agreements were filed) ECF 121-2 (email transmitting ECF 116 to Plaintiffs). The Court subsequently denied discovery of Briles's settlement agreement. *See* ECF 146 at 10; *see also* ECF 122 at 4. At no point did the Court order Baylor to submit other Briles communications for *in camera* review or order that other documents be produced. Nor did the Plaintiffs seek clarification of the Court's orders or confer with Baylor on this issue.

Plaintiffs' brief argues that the May 2017 letter is evidence of a public relations strategy to portray the sexual assault issue as solely a football issue. In support of their argument, Plaintiffs attach an email which they claim reflects advice from Baylor's public relations firm to adopt such a strategy. ECF 179-1. Plaintiffs' description of the email is inaccurate; moreover, their argument ignores the fact that *this* lawsuit fundamentally is not about football—a fact that Plaintiffs have admitted and that this Court has acknowledged. *See* Motion to Compel, ECF 94 at 3; Court Order, ECF 146 at 10 ("only one of the plaintiffs' allegations relate to athletics"). Finally, the email in question does not purport to promote such a strategy; it merely references other Title IX positions in athletics departments at other schools. The Court should reject Plaintiffs' improperly asserted and unjustified allegation of discovery abuse.

**V.     Conclusion and Prayer**

For the foregoing reasons, Baylor respectfully requests that the Court limit the ESI search terms to those listed in Exhibit B to ECF 173.

Respectfully submitted,

*/s/ Lisa A. Brown*_____
Lisa A. Brown
State Bar of Texas No. 03151470
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
State Bar of Texas No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas  78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
State Bar of Texas No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar of Texas No. 24056551
sjanes@wshllp.com

212 Lavaca Street, Suite 200
Austin, Texas  78701
512.652.5780
512.682.2074 fax

**ATTORNEYS FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on September 7, 2017, via the court's electronic filing system as follows:

Mr. Chad W. Dunn (Attorney in Charge)   *Via ECF:  chad@brazilanddunn.com*
Mr. K. Scott Brazil                     *Via ECF:  scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068

Mr. Jim Dunnam                          *Via ECF:  jimdunnam@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas  76710
P. O. Box 8418
Waco, Texas  76714-8418

                                  */s/ Holly McIntush*
                                  Holly G. McIntush

922429