IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 6:16-CV-00173-RP |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT BAYLOR UNIVERSITY'S RESPONSE TO
PLAINTIFFS' BRIEF CONCERNING PRIVILEGE**

TO THE JUDGE OF THE HONORABLE COURT:

Baylor University responds as follows to Plaintiffs' brief on privilege (ECF 180):

**I.      Baylor does not assert privilege based solely on the fact that in-house counsel is copied on an email.**

Contrary to Plaintiffs' suggestion, Baylor does not claim that all communications involving attorneys from the Office of General Counsel ("OGC") are *per se* privileged.  Baylor's brief (ECF 182) and its privilege log show that it has claimed the attorney-client privilege only for communications involving the OGC's confidential advice and opinions regarding issues requiring the attorney to exercise his legal judgment and expertise. Baylor has produced in discovery numerous unredacted copies of documents that include OGC attorneys.  *See, e.g.*, Ex. A.  It has not sought to protect purely administrative communications.

**II.      Baylor's assertion of work-product protection is proper and supported by case law.**

Baylor's brief addresses work-product protection for five redacted emails.  *See* ECF 182 at B-7 through B-11.  Plaintiffs argue that the communications at issue were not "made for the

purpose for preparing for litigation" and that the "discussions largely focus[ed] on strategies to deal with the university's response to the public outcry."   ECF 180 at 4.  Plaintiffs' distinction does not fit the facts or the law.  At the time these emails were sent (January 2016 through May 2016), Baylor faced a substantial threat of litigation and indeed, by March 2016, a lawsuit had been filed.  This Court previously concluded that Baylor anticipated litigation by August 2015.  ECF 168, pp. 15-16.  The fact that the allegations and issues over which Baylor anticipated litigation also were the subject of public and media scrutiny merely underscores the fact that there was a heightened threat of litigation that increased the complexity and burden on the OGC in advising the university and managing the anticipated litigation. Recognizing that, "in [these] circumstances, the advocacy of [its] client's case in the public forum [was] important to the client's ability to achieve a fair and just result in pending or threatened litigation," the OGC collaborated with its agent, Ketchum, to formulate appropriate legal advice.  *See In re Grand Jury*, 265 F. Supp. 2d 321, 330 (S.D.N.Y. 2003); *see also Cline v. Advanced Med. Optics, Inc.*, 2009 WL 585507, at *4 (E.D. Tex. Mar. 6, 2009) ("[I]t is not necessary that the *only* purpose of [a] document be one related to litigation or that the preparation not be driven by procedures already in place."). The redacted materials in question fall within the work-product doctrine because OGC and Ketchum "worked closely together in discussing the information to be provided to the public, all with a view to the impact on future litigation . . . [and] in an effort to foster a public environment that was less likely to lead to further litigation." *Pemberton v. Republic Servs., Inc.*, 308 F.R.D. 195, 201 (E.D. Mo. 2015).

**III.    Baylor's counsel has conducted a due diligence review of all redacted or withheld materials that Plaintiffs seek.**

The assertions of privilege and redactions at issue were made prior to the Court's August 11th ruling on the attorney-client privilege and work-product doctrine. To ensure consistency in

application of the Court's ruling and later to address Plaintiffs' objections, Baylor's counsel reviewed *all* documents that it had redacted or withheld for privilege to date, not just the documents that Plaintiffs' counsel identified in a list that they provided to Baylor on August 23, 2017.  Baylor's review was completed prior to Baylor's transmission of its updated production to Plaintiffs on September 1.  Plaintiffs also complain about what they view as a delay in receiving the updated production.  At a meeting on August 16, Plaintiffs expressed a concern about Baylor's assertion of privilege.  Baylor requested, and Plaintiffs agreed, to identify items that concerned them so that Baylor could respond and provide responsive briefing.  Plaintiffs provided their list containing the Bates numbers of contested documents on August 23.  The completion of Baylor's review was interrupted by inclement weather due to Hurricane Harvey and the closure of the main office of Baylor's counsel.  The materials were produced as promptly as possible under the circumstances. Moreover, when Baylor produced the documents, it specifically identified for Plaintiffs' counsel any documents in which substantive changes had been made.

## IV.    Baylor's privilege log is appropriately descriptive.

Plaintiffs' assertion that Baylor has made "no effort" to justify each redaction is simply untrue.  For each item, Baylor's privilege log describes the nature of the communication and identifies the privilege(s) asserted, the participants, the type of information that has been redacted, and the basis for the redactions.  *Compare* ECF 182-2 at Ex. D *with* ECF 180 at 2-3. Plaintiffs have sufficient information to evaluate the claim of privilege.

## V.    Plaintiffs' brief discusses additional documents that were not identified in their list of contested documents.

As noted above, the Plaintiffs provided an itemized list of contested documents so that Baylor would be able to provide responsive briefing.  *See* Ex. B.  Plaintiffs' brief discusses two

withheld documents that were not identified on Plaintiffs' list.  ECF 180 at 6.  As such, Baylor did not submit these particular documents for *in camera* review.  Subsequently, the parties conferred and agreed that that these and other withheld documents should be submitted to the Court for *in camera* review.  Accordingly, Baylor has filed an unopposed motion for leave to submit additional documents for *in camera* review.  These additional documents are identified on Baylor's previously filed privilege log.  Baylor urges the Court to uphold the privilege claims asserted in these documents and as described in the privilege log.

Both email conversations in Exhibit C begin with (1) an email and attachment that was sent between corporate employees (a professor and associate dean Bethany McCraw) that contained factual information that was compiled for the express purpose of sending to in-house counsel Chris Holmes for his review and advice,  and (2) an email that was sent from McCraw to Holmes transmitting the factual information and containing additional factual information necessary for Holmes to provide legal advice.  The first iteration of this email also includes an email from McCraw to Dr. Martha Lou Scott, associate vice president of student life, forwarding the original privileged emails (*see* Ex. C at Bates 0011826) and the second iteration includes an email from Dr. Scott to Dr. Kevin Jackson, vice president of student life, forwarding the original privileged emails (*see* Ex. C at Bates 0011832).   Communications between non-attorney corporate employees are privileged when made for the purpose of sharing information with an attorney in order to secure legal advice.  *See Nalco Co. v. Baker Hughes Inc.*, 2017 WL 3033997, at *3 (S.D. Tex. July 18, 2017); *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 2013 WL 6002166, at *3 (S.D. Tex. Nov. 12, 2013).  Sharing this communication with other corporate employees did not destroy the privilege.

Plaintiffs' chart of challenged documents suggests that Baylor listed Chris Holmes as merely being copied on the email (ECF 180 at 6).  Plaintiffs appear to have misapprehended the columns in Baylor's privilege log. In addition to the columns for "To," "From," "CC," and "BCC," the log includes a column labeled "Email Conversation (Sender(s), Recipients, Copyees)."  This latter column was created specifically for situations like this one, in which the individuals on the "top" email in the chain differ from those earlier in the chain that are the initial source of the privilege claim.

## VI.        Conclusion and Prayer

For the foregoing reasons, Baylor respectfully requests that the Court uphold Baylor's assertions of the attorney-client privilege and/or work product privilege as reflected in Baylor's privilege log and as indicated on the marked documents submitted to the Court.

Respectfully submitted,

*/s/ Lisa A. Brown*_____
Lisa A. Brown
State Bar of Texas No. 03151470
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
State Bar of Texas No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas  78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
State Bar of Texas No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar of Texas No. 24056551
sjanes@wshllp.com

212 Lavaca Street, Suite 200
Austin, Texas  78701
512.652.5780
512.682.2074 fax

**ATTORNEYS FOR DEFENDANT
BAYLOR UNIVERSITY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on September 7, 2017, via the court's electronic filing system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn | *Via ECF:  chad@brazilanddunn.com* |
| Mr. K. Scott Brazil | *Via ECF:  scott@brazilanddunn.com* |

**BRAZIL & DUNN, L.L.P.**
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068

Mr. Jim Dunnam                                         *Via ECF:  jimdunnam@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas  76710
P. O. Box 8418
Waco, Texas  76714-8418

*/s/ Holly McIntush*
Holly G. McIntush

922424