IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, | § | |
| JANE DOE 3, JANE DOE 4, | § | |
| JANE DOE 5, JANE DOE 6, | § | |
| JANE DOE 7, JANE DOE 8, | § | |
| JANE DOE 9, AND JANE DOE 10 | § | Cause No. 6:16-cv-173-RP-JCM |
| | § | JURY TRIAL DEMANDED |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO EXTEND AND SET DEADLINES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS and file this Motion for Leave to Extend and Set Deadlines. In support thereof, Plaintiffs would show the honorable Court as follows:

The Court will recall that previously Plaintiffs moved to extend the deadline to file amended pleadings and settled on October 2, a date Defendants would agree to but suggested an additional extension might be needed. In the interim, it was expected that further progress would be made in document production. At the very least, Plaintiffs expected to receive a large volume of the Pepper Hamilton materials. Despite this hope, document production has remained at a snail's pace. Only one production, of two Pepper Hamilton custodians have been made, on September 27. The vast majority of PH materials have still not been handed over. Of course, none of the ESI search materials have been produced because the parties await the Court's decision on ESI search terms.

1

In prior conferences between counsel concerning extension of the pleading deadline, defense counsel has indicated opposition to moving the deadline further given the approaching expert designation and other deadlines.  However, Plaintiffs are unable to file a complete and final pleading until they have a more thorough knowledge of the details of Defendant's behavior giving rise to these claims.  Since much of this evidence is in the custody of Defendant in documents, ESI and employee testimony, Plaintiffs require a more complete discovery process in order to fashion their final complaint.  The original schedule provided for Plaintiffs to receive much of their needed discovery before requiring amended pleadings, yet the pace of discovery has foreclosed that opportunity.

As the Court is aware from the recent Motion for Discovery (ECF 196) filed by Plaintiff, there is much dispute concerning the pace and scope of discovery.  The Court will no doubt deal with those issues within its available resources.  Nevertheless, Plaintiffs seek extension of the pleading deadline until at two weeks after the completion of document production is certified by Baylor.  The Court should set a deadline by which Baylor is expected to certify it believes it has completed document production, subject to minor supplementation for newly located materials.  Then, the deadline to amend pleadings should be no less than two weeks after that date.  This would allow Plaintiffs the benefit of the document production and some time to take some depositions, before being required to file their final complaint.

Under the present scheduling order, Plaintiffs are facing deadlines such as the pleading deadline and the deadline to designate experts.  Yet, Plaintiffs are unable to meet these deadlines until Baylor has met its discovery obligations.  Baylor faces no deadline to meet its obligations and a year of litigation has revealed that Baylor is in no hurry to do so.  Plaintiffs desperately seek to

keep the current trial setting. In order to meet this trial setting, or, at the very least to get this case moving more swiftly, Plaintiffs ask the Court to set a deadline for Baylor to substantially complete document production and, at least two weeks thereafter, set the deadline for Plaintiffs to amend their complaint. Deadlines for designation of experts and others thereafter may also require adjustment based upon these changes.

     For the foregoing reasons, Plaintiffs asked to be excused from the current pleading deadline and the new deadlines be set in accordance with the arguments asserted above.

Dated this 2nd day of October, 2017

Respectfully submitted,

**BRAZIL & DUNN, L.L.P.**

_/s/  Chad W. Dunn_
Chad W. Dunn - attorney in charge
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com

**DUNNAM & DUNNAM, L.L.P.**
Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that prior to filing this motion, he conferred with counsel for Defendant. Defendant opposes further extension of the pleading deadline, at least in so far as the other deadlines in the Court's schedule remain. The parties have conferred on several occasions and have been unable to agree on schedule revisions, as of yet. Defense counsel has, helpfully, proposed the following schedule, which could be agreeable to Plaintiffs but Plaintiffs are concerned that it may not permit the Court sufficient time to consider dispositive motions or would otherwise jeopardize the trial setting. Also, defense counsel asserts that Pepper Hamilton production could be complete by "mid November" but no estimate of a deadline for ESI production is given in light of the pending ESI motion. Without further direction from the Court on the trial date issues and without further direction on when the document production will be substantially complete, Plaintiffs are hesitant to agree to the new deadlines proposed by defense counsel.

Defendants proposed schedule revisions:

| | |
|---|---|
| Amendments | January 4, 2018 |
| Plaintiffs' experts | Feb. 16, 2018 |
| Defendant's experts | April 18, 2018 |
| Discovery | May 25, 2018 |
| Dispositive motions | June 29, 2018 |

      /s/ Chad W. Dunn
      Chad W. Dunn

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion has been sent via the Court's electronic filing system to counsel for Defendant on October 2, 2017.

      /s/ Chad W. Dunn
      Chad W. Dunn