| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, | § | |
| JANE DOE 3, JANE DOE 4, | § | |
| JANE DOE 5, JANE DOE 6, | § | |
| JANE DOE 7, JANE DOE 8, | § | |
| JANE DOE 9, and | § | |
| JANE DOE 10, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 6:16-CV-173-RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court in the above-entitled matter is Defendant Baylor University's Opposed

Motion for Protective Order, (Dkt. 224), and Plaintiffs' response thereto, (Dkt. 225). Having

reviewed the parties' filings, relevant law, and the case file, the Court enters the following order.

**I. BACKGROUND**

On July 31, 2017, the Court entered a Confidentiality and Protective Order governing,

among other things, Baylor's production of student information in response to discovery requests.

(Dkt. 156, at 3–4). That order provided that Baylor, before producing such information, provide

affected students with written notice of the discovery request. That provision was made in

accordance with the Family Educational Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g; 34

C.F.R. § 99.31(a)(9)(i) & (ii) (providing that an educational agency or institution may disclose student

information in order to comply with a judicial order or lawfully issued subpoena, so long as the

institution "makes a reasonable effort to notify the parent or eligible student of the order or

subpoena in advance of compliance, so that the parent or eligible student may seek protective

action").

1

FERPA does not require that a parent or eligible student who seeks protective action be granted such relief. *See id.* In an effort to protect student privacy to the fullest extent possible, however, the Court ordered that the records of students who objected to the production of their information be submitted by Baylor for *in camera* and ex parte review. (Dkt. 156, at 4).[1] The Court, again out of an abundance of caution, further directed that the failure by an affected student to consent or object to the disclosure of his or her student information would only be deemed consent if Baylor received a receipt or other evidence that a certified mail letter was successfully delivered to that student. (*Id.*). This procedure has, as expected, prompted the filing of thousands of pages of student records for *in camera* review by the Court. (*See, e.g.*, Dkts. 194, 195, 197, 203, 204, 206, 207, 211, 212, 214).

At 7:30 p.m. on October 31, 2017, Defendant filed an Opposed Motion for Protection regarding a deposition of former Baylor employee Gabrielle Lyons scheduled for 9:00 a.m. on November 2, 2017. (Dkts. 224; 224-2, at 4). In that motion, Defendant represents that the subpoena *duces tecum* associated with the deposition of Ms. Lyons suggests that the examination "may include questions about information contained in confidential student records that have been presented to the Court for *in camera* inspection pursuant to the Court's protective order." (Dkt. 224, at 2). Defendant therefore seeks an order prohibiting Ms. Lyons from "testifying about nonparty sexual assault claims, and records pertaining to those claims, pending further orders of the Court." (Dkt. 224-1). Plaintiffs object.

## II. DISCUSSION

The Court first addresses the representations made in Defendant's motion regarding when it became aware of the alleged need for court-ordered protection. Baylor represents that it was served

---

[1] The Federal Rules provide for permissive limitations on discovery requests. To that end, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). That order may—among other things—forbid the discovery, forbid inquiry into certain matters, or limit the scope of discovery to certain matters. *Id.*

with a copy of a notice of deposition for Ms. Lyons on September 29, 2017; that it did not receive a copy of the proof of service until October 18, 2017; and that it did not receive a copy of the actual subpoena until October 25, 2017. (Dkt. 224, at 1). It implies that it thus did not become aware of the scope of the subpoena *duces tecum* until October 25, 2017. (Dkt. 224, at 2). It appears, however, that Baylor was made aware of the scope of the deposition on September 29, 2017.[2]

The Court now turns to the substance of Defendant's motion. As demonstrated above, the undersigned is committed to ensuring that documents pertaining to any student who has not consented to the production of his or her records are reviewed *in camera*. However, that process was put in place to ensure that an appropriate balance is struck between providing Plaintiffs discovery to which they are entitled and ensuring that any personally identifying information of non-party students is protected when possible. The same concern is not implicated by questions that (1) relate to FERPA records on which the Court has not yet ruled, but (2) do not call for testimony regarding identifying information.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Ms. Lyons is prohibited from testifying only as to any personally identifying information regarding non-party students contained in FERPA records the Court has not yet reviewed.

**IT IS FURTHER ORDERED** that Ms. Lyons be available for a second deposition within six weeks of the Court's entry of an order regarding the non-party student information submitted in docket entries 194, 195, 197, 203, 204, 206, 207, 211, 212, and 214. This order does not impact the

---

[2] Defendant argues that "Plaintiff's notice did not reference a subpoena under Rule 45, and no subpoena was attached." (Dkt. 224, at 1). However, the notice included a full list of the documents Plaintiffs considered discoverable information at the deposition. (Dkt. 224-2, at 7–15). All that was missing was the served subpoena; that is, the one-page federal form. (Dkt. 224-3, at 2–7).

Court's previous order extending the length of the deposition scheduled for tomorrow, November

2, 2017. (*See* Dkt. 220).

       **SIGNED** on November 1, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE