# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, JANE DOE 8, JANE DOE 9, AND JANE DOE 10 | § § § § § § | |
| Plaintiffs | § § | Cause No. 6:16-cv-173-RP<br>JURY TRIAL DEMAND |
| vs. | § § | |
| BAYLOR UNIVERSITY | § § | |
| Defendant. | § | |

## JIM DOAK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Plaintiffs, by and through their attorneys of record, Chad W. Dunn, BRAZIL & DUNN, L.L.P., 4201 Cypress Creek Pkwy., Suite 530, Houston, Texas 77068 and Jim Dunnam, Dunnam & Dunnam, 4125 West Waco Drive, Waco, Texas 76710.

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and Local Rule 26.1,

JIM DOAK ("Doak") responds to Plaintiffs' Subpoena to Produce Documents, Information, or Objects

or to Permit Inspection of Premises in a Civil Action as follows:

1.      All communications and documents pertaining to a claim of Sexual Assault alleged by a student, faculty or staff of Baylor University.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information. Doak has also learned that Baylor University, the Defendant, has filed a motion for protection alleging that the emails or other documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes

is clearly covered by FERPA. If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

2.      All ESI described in the Court's orders.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information. Doak has also learned that Baylor University, the Defendant, has filed a motion for protection alleging that the emails or other documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is clearly covered by FERPA. If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

3.      All communications and documents provided to Pepper Hamilton by you, from you, or from your files.

**RESPONSE:**

NONE

4.      All communications and documents provided to you from Pepper Hamilton.

**RESPONSE:**

NONE.

5.      All communications and documents between you and Pepper Hamilton, or between you and anyone else concerning Pepper Hamilton.

**RESPONSE:**

NONE.

6.      All tapes, recordings and/or notes of interviews, both before (including preparation) and after, relating to interviews and/or questions by Pepper Hamilton, and all documents used in the "document-based interviews" referenced in the Findings of Fact.

**RESPONSE:**

NONE.

7.      All communications and documents provided to Baylor by you, from you, of from your files relating to Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive.  Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Pepper Hamilton by Doak.  If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

8.      All communications and documents provided to you from Baylor by you, from you, or from your files relating to Judicial Affairs, Sexual Assault, Conduct Code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the documents are or may be

protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive.  Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Pepper Hamilton by Doak.  If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

9.      All communication and documents between you and Baylor, or between you and anyone else (other than your attorney) relating to Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive.  Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Pepper Hamilton by Doak.  If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

10.     All tapes, recordings and/or notes of interviews concerning Judicial Affairs, Sexual Assault, Conduct Code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:**

Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot

unilaterally waive.  Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Pepper Hamilton by Doak.  Doak possess no tapes, tape recordings or other digitally recorded interviews.  If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

11.     All communications and documents provided to Jeremy Counseller or the Jeremy Counseller Investigation by you, from you, or from your files.

**RESPONSE:**

Doak did not meet with Jeremy Counseller.  Doak is not aware of what documents may or may not have been provided to Jeremy Counseller from his files.  To the extent any of the documents in Doak's possession are responsive to that portion of the request, Doak objects and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99 Doak further objects because the emails contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the emails are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive.  Doak advises the parties that he does possess copies of emails or other documents sent and/or received while he was an employee of Defendant and that these emails contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Jeremy Counseller by Doak.  If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court. Subject to the foregoing, Doak has no documents he knows to be responsive to this request.

12.     All communications and documents provided to you from the Jeremy Counseller or the Jeremy Counseller Investigation.

**RESPONSE:**

NONE.

13.     All communication and documents between you and Jeremy Counseller or the Jeremy Counseller Investigation, or between you and anyone else concerning Jeremy Counseller of the Jeremy Counseller Investigation.

**RESPONSE:**

    NONE.

14.    All tapes, recordings and/or notes of interviews, both before (including preparation) and after, relating to interviews and/or questions by Jeremy Counseller or the Jeremy Counseller Investigation.

**RESPONSE:**

    NONE.

15.    All fee agreements, bills, statements, and cleared checks of financial payments concerning the attorneys representing you in connection with this case.

**RESPONSE:**

    Doak objects to this request because the requested documents are not relevant to any parties' claims or defenses.  Subject to and without waiving the foregoing objection, no responsive documents exist at this time.

16.    All communications and documents concerning your separation from Baylor including settlement agreements, communications, communications between your attorney and Baylor's attorneys, draft and final press releases and any other document or ESI that relates to or concerns your separation from Baylor.

**RESPONSE:**

    Doak objects to this request because the requested documents are not relevant to any parties' claims or defenses.  Doak's voluntary separation agreement is being withheld pursuant to the foregoing objection and the terms thereof.  Other than Doak's voluntary separation agreement, Doak has no responsive documents to this request.

17.    All communications and documents between you and Baylor, between you and Baylor's attorneys, between your attorneys and Baylor's attorneys since your separation from Baylor.

**RESPONSE:**

    Doak asserts the attorney-client privilege in response to this request.  Without waiving the foregoing objection, NONE.

18.     All communications and documents pertaining to Baylor's or your documents retention policy.

**RESPONSE:**

        NONE.


19.     All communications and documents that refer to the retention or destruction or erasing or removal of communications, documents and/or tangible items that pertain to Baylor, regardless of whether they were actually destroyed or erased or removed.

**RESPONSE:**

        NONE.


20.     All communications and documents to which David Garland was a party during the time he was Interim President of Baylor in 2016 and 2017 relating to Sexual Assault or Misconduct or to the retention or destruction or erasing or removal of communications, documents and/or tangible items.

**RESPONSE:**

        NONE.


21.     All communications and documents which form the basis, in whole or in part, of each specific finding set forth in the Findings of Fact released by the Baylor University Board of Regents on or about May 26, 2016.

**RESPONSE:**

        Doak had no involvement with or knowledge of the Pepper Hamilton investigation details. He was not a part of any interview process and had no communications with the Board. Since Doak has no knowledge of what may or may not have been communicated or discussed his response is NONE.


22.     All tapes, recordings and or notes concerning same of communications between you and an alleged victim of Sexual Assault.

**RESPONSE:**

        Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak further objects because the emails contain private information of individuals over

which Doak has no control and he has not been given authority or permission from the individuals to release such private information. Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the emails are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014" that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA. Doak possess no tapes, tape recordings or other digitally recorded interviews. If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

23.     All documents in your possession concerning or mentioning Plaintiffs.

**RESPONSE:**

Doak has no knowledge of the identities of the Plaintiffs. Thus, Doak objects to this request and is withholding documents on the grounds that any potentially responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak further objects because the documents in his possession contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information. Since Doak does not have the identities of the Plaintiffs he cannot speculate as to what documents, if any, may concern or mention any Plaintiff. Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the emails are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. Doak advises the parties that he does possess copies of emails or other documents sent and/or received while he was an employee of Defendant and that these documents contain information that Doak believes is covered by FERPA. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

24.     All documents related to the "detailed and comprehensive presentation" made by Pepper Hamilton to the Baylor University Board of Regents as referenced in the Findings of Fact.

**RESPONSE:**

Doak is unaware of what documents related to the "detailed and comprehensive presentation" made to the Baylor Board of Regents" referenced in the request as he was not present. To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the

attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

25.     All documents provided to the Baylor Special Committee of the Board of Regents referenced in the Findings of Fact, including but not limited to the "detailed and specific information and regular updates" provided by Pepper Hamilton.

**RESPONSE:**

        NONE.

26.     All documents that formed the basis of the Baylor Board of Regents' conclusion that "Baylor's efforts to implement Title IX were slow, ad hoc, and hindered by lack of institutional support and engagement by senior leadership."

**RESPONSE:**

        Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request.  To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide responsive documents to the Court for an in camera inspection by the Court.

27.     All documents that formed the basis of the Baylor Board of Regents' conclusion that Baylor acted in a manner that "constituted retaliation against a complainant for reporting sexual assault."

**RESPONSE:**

        Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request.  To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this

individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

28.    All documents that formed the basis of the Baylor Board of Regents' conclusion that University officials took actions "that directly discouraged complainants from reporting or participating in student conduct processes, or that contributed to or accommodated a hostile environment."

**RESPONSE:**

Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request. To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

29.    All documents that form the basis of the Baylor Board of Regents' conclusion that "In some instances, administrative responses and campus processes caused significant harm to complainants."

**RESPONSE:**

Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request. To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

30.    All documents that formed the basis of the Baylor Board of Regents' conclusion that "Actions by a University administrator within BUPD and an administrator within an academic program contributed to, and in some instances, accommodated or created a hostile environment, rather than taking action to eliminate a hostile environment."

**RESPONSE:**

      Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request. To the extent any of the documents in Doak's possession are responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

31.    All documents that form the basis of the Baylor Board of Regents' conclusion that "Once aware of a potential patter of sexual violence, the University failed to take prompt and effective action to protect campus safety and protect future victims from harm."

**RESPONSE:**

      Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request. To the extent any of the documents in Doak's possession are responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

32.    All documents that formed the basis of the Baylor Board of Regents' conclusion that "Baylor failed to consider patterns, trends or climate-related concerns that would enable the University to take prompt and responsive action to individual and community concern."

**RESPONSE:**

      Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request. To the extent any of the documents in Doak's possession are responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this

individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

33.     All documents that formed the basis of the Baylor Board of Regents' conclusion that "Baylor failed to identify, eliminate, prevent or address a potential hostile environment in individual cases, and took insufficient steps with respect to both individual complainants and broader community remedies."

**RESPONSE:**

Doak is unaware of what documents formed the basis of the Baylor Board of Regents' conclusion referenced in the request.  To the extent any of the documents in Doak's possession are responsive to this request, Doak  objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

34.     All documents containing criminal reports or reports of interpersonal violence, or statistics regarding the same, provided to Pepper Hamilton by Baylor University.

**RESPONSE:**

Doak never met with or provided documents to Pepper Hamilton.  Doak objects to this request and is withholding documents on the grounds that any potentially responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99).  Doak further objects because the documents contain private information of individuals over which Doak has no control and he has not been given authority or permission from the individuals to release such private information.  Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that the emails and related documents are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive Doak advises the parties that he does possess copies of emails sent and/or received between April 2013 and April 2014 while he was an employee of Defendant and a "Sexual Harassment or Assault Chart 2013-2014 that was sent to him during the course and scope of his employment and that these documents contain information that Doak believes is covered by FERPA.  None of these documents were sent to or received from Pepper Hamilton by Doak.  Doak possess no tapes, tape recordings or other digitally recorded interviews.  If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

35.     All documents provided to Pepper Hamilton by the Baylor University Judicial Affairs office related to reports of Sexual Assault.

**RESPONSE:**

Doak provided no documents to Pepper Hamilton. Doak is unaware of what was provided to Pepper Hamilton by anyone. To the extent any of the documents in Doak's possession may be responsive to this request, Doak objects to this request and is withholding documents on the grounds that the responsive documents in his possession belong to Baylor University and are protected and private under The Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g, 34 CFR Part 99). Doak has also learned that Baylor University, the Defendant has filed a motion for protection alleging that any documents in Doak's possession are or may be protected by the attorney-client and/or work product doctrines, which this individual cannot unilaterally waive. If the Court orders Doak to do so, he will provide documents in his possession to the Court for an in camera inspection by the Court.

36.   All documents that reflect an agreement by you to hold confidential any information or materials relating to Baylor University.

**RESPONSE:**

Doak objects to this request because the requested documents are not relevant to any parties' claims or defenses. Doak's voluntary separation agreement is being withheld pursuant to the foregoing objection and the terms thereof. Doak has no other documents that may be responsive to this request.

Respectfully submitted,

By: *David N Deaconson*
**DAVID N. DEACONSON**
State Bar No. 05673400
**MARCUS MATAGA**
State Bar No. 24083455

**PAKIS, GIOTES, PAGE & BURLESON, P.C.**
400 Austin Avenue, Suite 400
Post Office Box 58
Waco, Texas  76703-0058
(254) 297-7300   Telephone
(254) 297-7301   Facsimile
deaconson@pakislaw.com
mataga@pakislaw.com

Attorneys for Jim Doak

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16TH day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*David N Deaconson*
**DAVID N. DEACONSON**