UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, ET AL | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | Civil Action No. 6:16 CV-173-RP |
| | § | |
| BAYLOR UNIVERSITY | § | |
| *Defendant* | § | |

## NON-PARTY, JIM DOAK'S, OBJETIONS, MOTION FOR PROTECTION AND MOTION TO QUASH SECOND SUBPOENA

TO THE JUDGE OF THE HONORABLE COURT:

Non-Party, Jim Doak, objects to, moves for protection from and to quash the second Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action issued by Plaintiffs as follows:

## BACKGROUND

1.      *First Subpoena.*      On February 2, 2018, Plaintiffs served non-party witness, Jim Doak ("Doak"), with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("First Subpoena") (Dkt. 269). On February 16, 2018, Doak served all parties with his Objections and Responses to Plaintiffs' Subpoena to Produce Documents ("First Response") (Dkt. 284). In his First Response Doak addressed thirty-six (36) categories of documents requested by Plaintiffs. Doak asserted certain objections to many of the requests and identified the extent of the specific types of potentially responsive documents he has in his possession. He also responded to many of the requests that he possesses no responsive documents or that certain documents may contain protected information, much of which was governed by FERPA and other privacy rights of students. Doak provided a detail of the specific types of documents he had and offered to produce them *in camera* to the Court, since Doak is not a party and not involved in all the discovery

{DOAKJI/00002/00366092}

matters or subsequent controlling orders. In his First Response Doak made clear that he possessed very little responsive information, but what he did possess was likely governed by FERPA. Doak also objected to producing his retirement agreement and other clearly irrelevant and privileged personal information. The specific objections and responses to the individual categories detailed in Doak's First Response are incorporated herein as if set forth at length. Doak's First Response remains pending before this Court.

2.      ***Second Subpoena.***      Plaintiffs have now served Doak (through his counsel) with a second Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Second Subpoena") (Dkt. 317) requesting fifty-seven (57) categories of documents, the clear majority of which were contained within or covered by the First Subpoena. (Dkt. 269) It is apparent from a review of the numerous other non-party subpoenas issued contemporaneously to Doak's (e.g. - Dkt. 313, 314, 318, 319, 321, 322, 323, 324) that Plaintiffs have wholly failed to consider their First Subpoena and Doak's First Response thereto, instead serving multiple subpoenas with the same fifty-seven (57) blanket requests. Had Plaintiffs considered Doak's First Response, Plaintiffs would know the extent and categories of Baylor related documents Doak possesses. Surely Plaintiffs would not then have utilized the blanket approach and requested the same documents and receipt of the same objections by Doak.

3.      However, Plaintiffs simply issued a subsequent subpoena to Doak that is the identical subpoena to numerous individuals, whether they are employees of Defendant Baylor or not. Plaintiffs have also requested that Doak (and all others) produce documents that this court has already ruled (See Order, Dkt. 146, at 13) do not have to be disclosed by Defendant Baylor, including:

> a. documents regarding the "Baylor Big XII Investigation" (See Nos. 7, 10, 11,12, 13, 15, and 17); and

b.   the "Baylor NCAA Investigation" (See Nos. 8, 10, 11,12, 13, 15, and 17).

4.       Plaintiffs also appear to expand their request relating to ESI and seek to require Doak to perform a comprehensive and exhaustive search of his non-Baylor personal ESI. Plaintiffs are aware that Doak has not been employed by Baylor since 2014. The breadth of Plaintiffs' requests and their attempt to require a non-party to perform searches pursuant to an Order to which the non-party was not involved and is not subject to is harassing, unreasonable and would require Doak to spend an unreasonable amount of time performing searches that would be futile, useless and unduly burdensome. It is clear from the duplicative and onerous nature of the Second Subpoena that Plaintiffs purpose is to unduly harass Doak and force him to incur unnecessary time and expense.

Some examples of the harassing nature of this Second Subpoena include:

a.   Plaintiffs' Request No. 5 seeking "all communication and documents pertaining to the Jeremy Counseller Investigation." Plaintiffs made this request in their First Subpoena (See Nos.11 – 14) and were advised by Doak that he did not meet with Jeremy Counseller and had no knowledge of the investigation;

b.   Plaintiffs' Request No. 4 seeking "communications and documents pertaining to the Pepper Hamilton Investigation." Plaintiffs are already aware from Doak's response to Plaintiffs' First Subpoena that Doak has no documents related to the Pepper Hamilton Investigation.

c.   Plaintiffs' Request Nos. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35,42, 43, 44, 45, 46, 47, 48, 53, and 54 are virtually identical to requests (1, 10, 14, 15, 17, 18, 19, 20, 21, 22, 23, 25 – 33) made in the First Subpoena;

d.   Plaintiffs other requests are essentially seeking the same materials as requested in the first subpoena duces tecum only using slightly different and more expansive wording;

e.   Plaintiffs are attempting to require Doak, a non-party who has been separated from Baylor since 2014, to perform detailed and lengthy ESI searches on his personal computer(s);

f.   Plaintiffs are attempting to require Doak to produce privileged documents regarding his "communications" with Baylor since his separation from Baylor in 2014 (See No.44), regardless of the nature, subject matter or lack of relevancy to any issue between Plaintiffs and Defendant Baylor and notwithstanding attorney-client and work product privileges.

g.   Plaintiffs are again seeking privileged information that Doak objected to in his First Response, which objections remain pending.

"Federal Rule of Civil Procedure 26(b)(2)(C) mandates that a court limit the frequency or extent of discovery otherwise allowed if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)." (Order, Dkt.146, at 3) Many of Plaintiffs' requests are so broad and all-encompassing that they would likely not be otherwise allowed under Rule 26(b) if Doak was a party. Plaintiffs' second non-party discovery requests served on Doak are unreasonably cumulative or duplicative, have already been responded to, can be obtained from multiple other sources that are more convenient and less burdensome, and some of the requested discovery is outside the scope permitted by Rule 26 (b)(1) and the Orders of this Court.

## REQUEST TO QUASH SUBPOENS

5.      Accordingly, Doak must object to the Second Subpoena in its entirety and seek protection from this Court by requesting that the Second Subpoena be quashed. Doak responded to the First Subpoena with detail and identified the extent of any responsive documents he possesses, all of which likely were already produced by Defendant Baylor in accordance with the Court's various discovery orders, or were not subject to production at all

6.      . To ignore the First Subpoena in its entirety and serve the same blanket subpoena duces tecum on Doak and approximately eighteen (18) other people shows the cumulative and duplicative nature of the requests, the disregard for the rights of non-parties, and either an intent to harass or a conscious disregard for Doak's rights, as well as other non-party individuals. The fact that at least eighteen (18) of the individual requests duplicate those in the First Subpoena reveals this conscious

disregard for Doak's (and others') rights. Additionally, Plaintiffs would know from Doak's First Response that most of the "new" requests would not apply to Doak. Doak already advised all parties in his First Response that he has no knowledge of the identities of any of the Jane Doe Plaintiffs and he had no communications with Pepper Hamilton, Jeremy Counseller or the Board of Regents. Plaintiffs have knowledge that Doak has not been employed by Baylor in any capacity since July 2014, but still seek documents from Doak, that if they exist, would have been created after Doak was no longer employed by Baylor.

7.      Included in the fifty-seven (57) separate categories of documents is the request that Doak perform a comprehensive ESI search on his personal computer, using more than three (3) dozen search terms, many of which are generic enough to likely produce a hit that is not even remotely related, let alone relevant, to any issue made the subject of the Jane Doe allegations against Baylor. To require Doak to perform a comprehensive ESI search on his personal computer would be unduly burdensome, require an unreasonable amount of time and likely produce nothing more than has already been identified by Doak in his First Response. This request is further example that the Second Subpoena violates the purposes and intent of Fed. R. Civ. P. 26(b). To require Doak to conduct the ESI search and respond to the fifty-seven (57) requests by June 18, 2018, borders on incredulous and clearly creates an undue burden, because it does not allow reasonable time for compliance, if the Court ultimately determines compliance is required.

8.      Doak again specifically reurges his objections set forth in his First Response, which includes his objection to Plaintiffs' attempt to obtain his voluntary separation agreement from Baylor executed in 2104 when he retired. The document is immaterial and irrelevant to any issue Plaintiffs' have with Baylor. Doak reurges his objections contained in his First Response as they relate to Plaintiffs second attempt to obtain privileged and confidential information and information protected by attorney-client communications and attorney work product doctrines, all responses and objections being

incorporated herein as applicable. Since Plaintiffs are making a second attempt to obtain privileged and protected information, and no exception or waiver applies, for the reasons stated in Doak's First Response (Dkt. 284) and herein, Plaintiffs' Second Subpoena should be quashed.

9.     Doak remains ready and willing to tender to the Court *in camera* the documents he has and which he has identified in his First Response so that the Court can determine what is privileged and or protected by FERPA or previous Orders of this Court. To require Doak to again respond to Plaintiffs blanket and shotgun Second Subpoena would be unjust, cause an undue burden on Doak and require Doak to produce documents that Defendant Baylor does not have to produce. For the reasons stated in this motion, non-party movant, Jim Doak respectfully seeks protection from this Court and asks this Court to quash the Second Subpoena (Dkt. 317), for protection against continued subpoenas served on Doak, and for such other and further relief to which Doak may be entitled.

10.     To the extent that this Court is inclined to require Doak to respond to any of the fifty-seven (57) requests, Doak respectfully requests the opportunity to provide detailed objections and responses within a reasonable time of this Court's order.

<div style="margin-left: 40%;">

Respectfully submitted,


_/s/  David N. Deaconson_
**DAVID N. DEACONSON**

**PAKIS, GIOTES, PAGE & BURLESON, P.C.**
State Bar of Texas No. 0567300
400 Austin Avenue, Suite 400
P.O. Bos 58
Waco, Texas  76703-0058
(254) 297-7300
(254) 297-7301
deaconson@pakislaw.com

Attorneys for Jim Doak

</div>

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Jim Doak contacted Plaintiffs' counsel about this motion via telephone and counsel for Plaintiffs indicated that they are opposed to this motion.

*/s/ David N. Deaconson*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion, including any exhibits, was served upon counsel of record for Plaintiffs and Defendant via ECF on June15, 2018:

*/s/ David N. Deaconson*
**DAVID N. DEACONSON**