IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 6:16-CV-00173-RP |
| BAYLOR UNIVERSITY, | | |
| Defendant. | | |

## DEFENDANT BAYLOR UNIVERSITY'S OPPOSED MOTION FOR PROTECTION AND/OR MOTION TO QUASH OR MODIFY SUBPOENAS TO CURRENT AND FORMER BAYLOR EMPLOYEES

TO THE JUDGE OF THE HONORABLE COURT:

Defendant Baylor University ("Baylor") moves for protection from and to quash or modify the subpoenas *duces tecum* issued by Plaintiffs to 19 current and former Baylor employees as follows:

### OVERVIEW AND PROCEDURAL BACKGROUND

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start … but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness.

*Theofel v. Farey-Jones*, 459 F.3d 1066, 1074 (9th Cir. 2004) (emphasis added).

The purpose of this motion is to obtain protection from an avalanche of unreasonable subpoenas by Plaintiffs that disregard certain Court orders regarding the scope of discovery, that provide misleading instructions to recipients regarding this Court's order regarding redactions pursuant to the Family Educational Rights & Privacy Act, and that are broad enough to seek confidential and privileged information in which Baylor has an established interest. Although the subpoenas are directed to individuals who are not parties to this lawsuit, the subpoenas directly impact Baylor's interests and unreasonably increase the burden associated with discovery in this case.

Each subpoenaed person has and/or has had access to confidential student records or information protected by the attorney-client privilege or work-product doctrine solely by virtue of their employment.  Exh. H at ¶¶ 4, 6.  Indeed, Plaintiffs have sent the subpoenas precisely because the individuals work at, or previously worked at, Baylor University.

Baylor moves to quash and/or for protection to ensure that confidential and/or privilege information is protected from improper disclosure.  The subpoenas as currently constituted encompass non-discoverable material and privileged material. Before privileged information is released, Baylor should be provided an opportunity to conduct a privilege review and log any documents that are privileged in whole or in part.  Relatedly, to the extent that these individuals possess FERPA documents in locations of outside of Baylor's environs, Baylor must be able to ensure that FERPA protections for non-party students are respected.  Baylor prays that the Court will issue an order forbidding the subpoenas, as written, without prejudice to Plaintiffs' redrafting them to encompass only discoverable information.

**Procedural Overview.**  Plaintiffs previously issued Rule 34 requests for production to Baylor, which Baylor has been responding to on a rolling basis consistent with the Court's ESI order.  Those responses involve the review and collection of a vast amount of data from Baylor's computer networks, Baylor-owned electronic devices, and Baylor paper files.  Plaintiffs have now issued sweeping, identical Rule 45 subpoenas *duces tecum* to 19 current and former Baylor employees, apparently aimed at individual employees' personal home computers and other privately owned devices and files.[1]  The subpoenas are not tailored to the knowledge or circumstances of the

---

[1]  Since issuance of the 19 subpoenas on June 1 and June 4, 2018, Plaintiffs issued 16 additional subpoenas to current and former employees and regents.  Therefore, the current number now stands at 35.  This motion addresses the subpoenas issued on June 1 and June 4.

2

individuals. The subpoenas contain the same 57 broad requests and 41 purported definitions spanning five and half pages.[2]

The subpoenas seek information that the Court previously held is outside the scope of discovery, including:

- The subpoenas seek information regarding general student code of conduct violations even though the Court has limited the scope of discoverable student code of conduct violations to those involving sex.

- The Court previously held that the sexual conduct at issue is sexual assault of female Baylor students and any subsequent harassment of those same students, but the subpoenas' definitions and items encompass sexual conduct and harassment of all types and of any person.

- The Court previously held that student counseling and medical records are not discoverable, yet Plaintiffs' requests are broad enough to seek this type of information.

- The Court previously held that Baylor communications with certain outside entities such as the NCAA concerning their respective ongoing investigations are not discoverable, but the subpoenas seek precisely that information.

**ARGUMENT & AUTHORITIES**

**I.   Legal Standard**

Rule 26 authorizes the Court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense . . . ." Fed. R. Civ. P.

---

[2] Plaintiffs filed 11 subpoenas with a 6/18/2018 response date: Dr. Cheryl Wooten and Dr. Yoshiko Hall, current Baylor psychologists (Dkts. 321, 322, 326, 327); Dr. Matt Burchett, current Baylor Director of Student Activities (Dkt. 323); Melvin Frost, current Baylor police officer (Dkt. 320); Brian Nicholson, former vice president of facilities and operations (Dkt. 319, 325); Lori Genous, former director of wellness (Dkt. 318); Jim Doak, former BUPD chief (Dkt. 317); Tommye Lou Davis, current Baylor faculty and former vice president of constituent engagement (Dkt. 316); Trenia Cooper, current student life case manager (Dkt. 315); Kevin Helpert, former BUPD officer (Dkt. 314); and Cynthia Wall, a former Baylor counselor (Dkt. 313). Plaintiffs filed a subpoena with a 6/20/18 response date to Dr. Juan Alejandro, a recently retired administrator. (Dkt. 324). Plaintiffs also have served notice of subpoenas with a 6/20/18 response date to Tom Hill, Paul Bradshaw, Dr. Monique Marsh-Bell, Dr. Kevin Jackson, Brent Howell, Dr. Sharon Stern, and Dr. Lauri Rogers. *See* Exhibits A-G. The titles of these individuals are identified in the Declaration of Christopher Holmes, General Counsel of Baylor University. Exh. H.

26(c)(1).  Such an order may, *inter alia*, forbid the challenged discovery or limit its scope.  *Id.*  A party has standing under Rule 26(c) to move for a protective order seeking to limit the scope of discovery from a non-party subpoena.  *See Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016).   Likewise, "[a] party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *See Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008); *see also* Fed. R. Civ. P. 45(c)(3)(A)(iii) (subpoena must be quashed or modified if it "requires the disclosure of privileged or other protected matter . . .").  A party's motion for protection or to quash is timely if filed by the date for compliance with the subpoena.  *See HCAPS Conroe Affiliation Inc. v. Angelica Textile Servs. Inc.*, 2015 WL 3867923, at *1 (N.D. Tex. June 22, 2015).

II. **Plaintiffs may not circumvent this Court's orders delineating the scope of discovery by issuing subpoenas to non-party witnesses for non-discoverable information.**

The subpoenas seek information that the Court previously ruled to be non-discoverable.  First, the Court limited the scope of third-party student violations of the student code of conduct to those relating to sex and held non-discoverable those "violations related to alcohol use and other prohibited personal conduct by third-party students."  Dkt. 146 at 7-8.  Yet the subpoenas define "conduct code violation" as "any act that violates Baylor's Student Code of Conduct or would constitute 'misconduct' under Baylor's Student Code of Conduct. *See*, *e.g.*, Dkt. 313 at Definition 37, Item 53.  The Plaintiffs once again are seeking any and all documents related to any type of student misconduct.

Second, the Court recently ruled that "Plaintiffs' claims pertain only to the risk of sexual assault faced by female students at Baylor, the sexual assault of those students, and Baylor's indifference to subsequent harassment of the same students."  Dkt. 302 at 3.  "Information

4

regarding all student reports of sexual or gender-based harassment, whether or not such harassment followed and was relevant to an assault of the student in question, is not relevant to Plaintiffs' claims." *Id.* at 4 (holding such information "outside the scope of Rule 26(b)"). Yet the subpoenas seek information pertaining to all sexual conduct and all manner of harassment, whether or not the harassment followed an alleged sexual assault, and whether or not either involved a female Baylor student. *See, e.g.*, Dkt. 313 at Definitions 11, 34-36; Items 1-2, 10-13, 15, 17, 19, 53-57. For example, item 54 seeks all communications between the subpoena recipient and any alleged victim of sexual assault, whether connected to Baylor or not. The subpoenas also seek information regarding all Title IX allegations and investigations, whether or not they pertain to sexual assault and any subsequent harassment of a female Baylor student, and whether or not they pertain to sexual conduct at all. *See, e.g.*, Dkt. 313 at Definitions 8, 22-23, 38, 41; Items 3, 10-13, 15, 17, 23-25, 51, 55-56. For example, Item 3 seeks all documents pertaining to *all* allegations of Title IX violations and prohibited conduct under Title IX, a vast category that encompasses sex discrimination in general.

Third, the Court previously held that student counseling and medical records are not discoverable, yet Plaintiffs' requests to Baylor counseling and medical professionals for communications with sexual assault victims are broad enough to seek this type of information. Dkt. 230; Dkt. 302.

Fourth, when the Plaintiffs sought communications between Baylor and outside investigators such as the NCAA and Big XII, the Court granted protection from those requests. Dkt. 146 at 8-9. Plaintiffs again seek these documents. *See, e.g.*, Dkt 313 at Definitions 9-10, Items 7-8, 10-13, 15, 17. To the extent that these current and former employees possess information regarding these investigations by virtue of their employment, the request for information regarding these investigations should be rejected.

Fifth, the Court previously denied Plaintiffs' request to obtain a copy of a settlement agreement between Baylor and former athletics employee Tom Hill. Dkt. 146 at 10. The Court held that disclosure of the Hill settlement agreement was disproportionate to the needs of the case, but allowed the Plaintiffs "to re-urge the issue" if future developments suggested they needed it. *Id.* Plaintiffs' subpoena is now seeking the settlement agreement directly from Tom Hill. Exh. A at Item 21. The information is not relevant and disclosure remains disproportionate to the needs of the case. Dkt. 146 at 10; *see also* Dkt. 100 at 8-9.

As it stands, the subpoenas as written are aimed at *expanding* the scope of discovery in this case – discovery that is already voluminous. Plaintiffs' subpoenas disregard Federal Rule 26(b)(1) by seeking information that is not relevant to any party's claim or defense, not "proportional to the needs of the case," and not needed in resolving the issues at stake in this litigation. The only way to cure these defects would be to rewrite the subpoenas' multiple definitions and items to capture only discoverable information. Baylor prays that the Court issue a protective order forbidding the subpoenas, without prejudice to Plaintiffs' attempt to redraft them to encompass only discoverable information.

## III. Plaintiffs may not avoid the Court's FERPA orders by issuing a subpoena to a non-party witness for student records.

This Court has recognized the privacy interests of non-party students and previously entered an order that requires that nonparty students receive advance notice of discovery requests pertaining to their education records. Dkt. 156. These requirements are mandated by the Federal Educational Rights and Privacy Act ["FERPA"] (20 U.S.C. § 1232g; 34 C.F.R. § 99.31(a)(9)(i)-(ii)). Dkt. 156. Students must receive written notice of the discovery request and must be given an opportunity to object to the disclosure of their information. *Id.*; *see also* Dkt. 146 at pp. 7-8. In fact, a number of former Baylor students filed objections and their objections remain pending with the Court.

More recently, the Court held that, in some instances, Baylor may redact documents to de-identify them, thus averting the need to notify the affected student. Dkt. 300. The Court, however, also recognized that, "**[i]n some instances, redaction will be insufficient to protect the identity of non-party students. In those instances, Baylor shall continue to provide a FERPA notice in accordance with the procedures outlined in the previously entered confidentiality and protective order.**" *Id.*, ¶¶ 4 and 6 (emphasis added).

Plaintiffs' subpoena instructs the recipients that they may redact student records to protect the identity of the student, but it makes no allowance for the reality that such redactions will in some cases be insufficient. *See, e.g.*, Dkt. 313 at p.7. Plaintiffs' instruction abridges the Court's ruling, and thus imperils Baylor's attempt to fulfill its FERPA obligations.

Here, Plaintiffs' subpoenas seek numerous items that will or could capture FERPA-protected non-party student records. *See*, e.g., Dkt. 313 at Items 1-13, 15, 17, 19, 23-43, 49-51, 53-57. Each subpoenaed current and former employee has and/or had access to confidential student information during their employment with Baylor. *See* Exh. H at ¶ 5. If an employee left Baylor in the possession of FERPA-protected material, or if a current employee for some reason possesses FERPA-protected material in an environment outside of Baylor, the student's right to privacy remains intact. The subpoena must be modified to clarify the recipient's obligations under FERPA. In particular, when redaction is insufficient to de-identify a document, then Baylor will need to be notified in advance of compliance so that an appropriate FERPA notice can be sent.

Baylor conferred with Plaintiffs regarding the FERPA language in their subpoenas. Plaintiffs informed Baylor that they are willing to attach a copy of the Court's order (Dkt. 300) to future subpoenas but that they are unwilling to re-issue subpoenas that have already been served. Plaintiffs further stated that, when they are contacted by the recipients of the earlier subpoenas, they will ask the recipients to comply with Dkt. 300 without the need for a new subpoena. While this

approach will update those recipients who contact the Plaintiffs about the subpoenas, it will not update or affect the obligations of the recipients who do not contact the Plaintiffs before complying with their subpoenas. Therefore, to ensure compliance with Dkt. 300, and to ensure proper protection of confidential student information, the prior subpoenas must be modified and/or Plaintiffs must proactively notify all recipients of the corrected instructions before the recipients produce student information.

### IV. Plaintiffs may not circumvent Baylor's privileges by issuing a subpoena to a non-party witness.

Under Rules 26 and 45, a party to a lawsuit has the right to object to or quash a subpoena to a non-party witness that seeks privileged materials. "Under federal common law, the elements of the attorney-client privilege are: (1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing [ ] a legal opinion, legal services, or assistance in a legal proceeding." *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009).

Plaintiffs' subpoenas to the 19 witnesses seek privileged information. Each current or former employee has and/or had authority to receive and request legal advice from the university's lawyers regarding university business, including pending litigation and compliance with discrimination laws and privacy laws. *See* Exh. H at ¶ 3. Any legal advice and guidance sought from the employee or provided to the employee regarding his duties or purpose at Baylor would be privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L. Ed. 2d 584 (1981). This privilege is "equally applicable to former employees." *Miramar Const. Co. v. Home Depot, Inc.*, 167 F. Supp. 2d 182, 183 (D.P.R. 2001).

Each of Plaintiffs' requests are broad enough to encompass documents that are protected by attorney-client privilege and/or work product doctrine, including information made in anticipation of litigation or about pending litigation. Dkt. 313 at Items 1-57; *see, e.g.*, Items 1, 2, 10, 11, 12 (all interview notes and documents regarding "Baylor sexual assault"); Items 3, 4 and 51 (all notes and

8

documents regarding Title IX or the "Pepper Hamilton Investigation"); Item 22 (seeking attorney fee agreements, bills, etc.); Items 26-42, and 47 (relating to Pepper Hamilton's presentation and findings); Item 44 (seeking all communications "between you and Baylor's attorneys"); and Items 48-50 (documents mentioning the plaintiffs, the alleged assailants, or other litigation). Although some of the subpoenaed individuals no longer work for Baylor, any documents in their possession containing attorney-client privileged or work product protected information remain privileged, and Baylor may assert the privilege. *See generally Gershman Properties, LLC v. Liberty Mut. Fire Ins. Co.*, No. 3:15-CV-0053-M-BK, 2015 WL 12748325, at *1 (N.D. Tex. Oct. 9, 2015).

Plaintiffs have previously argued to this Court that the opportunity to "claw-back" privileged information is sufficient to protect Baylor's interests. Dkt. 283. However, an after-the-fact "claw back" approach is a *back-up* method for inadvertent disclosures. Baylor need not rely on a back-up method when there is an upfront method that provides protection in the first instance. Issuance of a "claw back" notice cannot "un-do" the fact that one's opponent has reviewed privileged information.

Therefore, Plaintiffs should be precluded from collecting documents that would otherwise be confidential and protected by FERPA and/or that would be protected by the attorney-client privilege or work product doctrine. Any materials that may be protected should be Bates-labeled by the subpoena recipients and produced to Baylor so it can conduct a privilege review and identify withheld or redacted items on a privilege log.

## CONCLUSION & PRAYER

Baylor prays that the Court will issue a protective order forbidding the subpoenas, without prejudice to Plaintiffs' attempt to redraft them to encompass only discoverable information. Baylor prays that the Court will issue an order that prohibits disclosure of FERPA-protected information of nonparties except in compliance with the Court's orders (Dkt. 156 and 300), which require FERPA

notifications by Baylor when redaction is insufficient to de-identify a record. Baylor also prays that the Court will disallow the production of information protected by attorney-client privilege and work product privilege until Baylor has had an opportunity to conduct a privilege review and log withheld or redacted items.

Respectfully submitted,

**THOMPSON & HORTON LLP**

_/s/ Lisa Brown_
Lisa A. Brown
State Bar of Texas No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
State Bar of Texas No. 24065721
1001 Congress Avenue, Suite 350
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
State Bar of Texas No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar of Texas No. 24056551
sjanes@wshllp.com

212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

**ATTORNEYS FOR DEFENDANT
BAYLOR UNIVERSITY**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Baylor contacted Plaintiffs' counsel about this motion. Plaintiffs' counsel disagrees with Baylor's position and the need for this motion. However, as stated above, Plaintiffs stated that they are amenable to revising their future subpoenas to include a copy of the Court's FERPA redaction order (Dkt. 300). The parties disagree regarding the handling of subpoenas that have already been served.

/s/ *Lisa A. Brown*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion, including exhibits, was served upon counsel of record for Plaintiffs via ECF on June 15, 2018:

| | |
|---|---|
| Mr. Chad W. Dunn | **Via ECF:** chad@brazilanddunn.com |
| Mr. K. Scott Brazil | **Via ECF:** scott@brazilanddunn.com |
| BRAZIL & DUNN, L.L.P. | |
| 4201 Cypress Creek Parkway, Suite 530 | |
| Houston, Texas  77068 | |
| | |
| Mr. Jim Dunnam | **Via ECF:** jimdunnam@dunnamlaw.com |
| DUNNAM & DUNNAM, L.L.P. | |
| P. O. Box 8418 | |
| Waco, Texas  76714-8418 | |

/s/ *Holly McIntush*
Holly G. McIntush

4844-0854-8967, v. 7