# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE | § | |
| DOE 3, JANE DOE 4, JANE DOE 5, | § | |
| JANE DOE 6, JANE DOE 7, JANE | § | |
| DOE 8, JANE DOE 9, AND JANE | § | |
| DOE 10 | § | |
| | § | Cause No. 6:16-cv-173-RP |
| *Plaintiffs,* | § | JURY TRIAL DEMANDED |
| | § | |
| vs. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

## IAN MCCAW'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA DUCES TECUM AND MOTION TO QUASH

TO:   Plaintiffs by and through their attorneys of record, Chad W. Dunn, K. Scott Brazil, Brazil & Dunn, L.L.P., 4201 Cypress Creek Parkway, Suite 530, Houston, Texas 77068 and Jim Dunnam, Dunnam & Dunnam, L.L.P., 4125 West Waco Drive, Waco, Texas 76710.

NOW COMES **Ian McCaw** and pursuant to Federal Rules of Civil Procedure 26, 34, and 45, serves his Objections and Responses to Plaintiffs' Subpoena Duces Tecum, and further moves to quash the subpoena duces tecum to the extent it seeks to compel the production of privileged and/or confidential materials, as set forth below.

# I.

## GENERAL OBJECTIONS

1) McCaw objects to Plaintiffs' "Instructions" in the subpoena duces tecum. The Instructions are overbroad, unduly burdensome, and harassing, and impose duties and obligations on McCaw that exceed the scope of discovery and responses imposed by the Federal Rules of Civil Procedure.  McCaw will raise objections, assert privileges, and produce responsive materials in accordance with McCaw's duties and obligations under the Federal Rules of Civil Procedure.

2) McCaw further objects to the subpoena duces tecum to the extent it requires McCaw to produce documents and materials containing personal identifying information of students and other information protected by the Family Educational Rights and Privacy Act. McCaw has redacted such information from the documents and materials he is producing.

# II.

## RESPONSE TO SUBPOENA DUCES TECUM

1.      All communications and documents pertaining to a claim of Sexual Assault alleged by a student, faculty or staff of Baylor University.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  Specifically, McCaw asserts that claims concerning alleged sexual assaults by Baylor University faculty or staff are not relevant to this litigation asserting claims of alleged student-on-student sexual misconduct and Baylor University's response thereto. *See* Dkt. 56, P. 1.

Subject to these objections, and without waiving them, see attached documents bates-labeled IAN 00001-00133.

2.      All ESI described in the Court's orders.

**RESPONSE:** McCaw objects to this request because it is vague as to what electronically stored information is being requested.  Out of an abundance of caution, McCaw also objects to this request because this request appears to seek information protected by the attorney-client and/or work product privileges, as well as because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Subject to these objections, and without waiving them, McCaw has no documents responsive to this request.

3.       All communications and documents provided to Pepper Hamilton by you, from you, or from your files.

**RESPONSE:** McCaw objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).   McCaw further asserts that some responsive information may be protected by the attorney-client and work product privileges.   Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

4.      All communications and documents provided to you from Pepper Hamilton.

**RESPONSE:** McCaw objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).   McCaw further asserts that some responsive information may be protected by the  attorney-client and work product privileges. Subject to these objections, and without waiving them, McCaw has no documents responsive to this request.

5.      All communication and documents between you and Pepper Hamilton, or between you and anyone else concerning Pepper Hamilton.

**RESPONSE:** McCaw objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). McCaw further asserts that some responsive information may be protected by the  attorney-client and work product privileges. Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

6.      All tapes, recordings and/or notes of interviews, both before (including preparation) and after, relating to interviews and/or questions by Pepper Hamilton, and all documents used in the "document-based interviews" referenced in the Findings of Fact.

**RESPONSE:** McCaw objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw also objects to the request insofar as it requests materials and information outside his possession and control (i.e., "all documents used in the 'document-based interviews' referenced in the Findings of Fact").  McCaw was not provided any documents from Pepper Hamilton and is not aware what documents, if any, were used in Pepper Hamilton's interviews with other persons. Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

7.      All communications and documents provided to Baylor by you, from you, or from your files relating to Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX Policies or Pepper Hamilton.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. McCaw further objects because it is vague what is being meant by "Misconduct."  McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  Specifically, McCaw asserts that materials relating to conduct code violation and "Misconduct" are beyond the scope of relevant discovery, pursuant to the Court's Order, insofar as it seeks materials concerning claims other than the type of sexual misconduct at issue in this litigation.  Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

8.      All communications and documents provided to you from Baylor by you, from you, or from your files relating to Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. McCaw further objects because it is vague what is being meant by "Misconduct."  McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  Specifically, McCaw asserts that materials relating to conduct code violation and "Misconduct" are beyond the scope of relevant discovery, pursuant to the Court's Order, insofar as it seeks materials concerning claims other than the type of sexual

misconduct at issue in this litigation.  Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

9.      All communication and documents between you and Baylor, or between you and anyone else (other than your attorney) relating to Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act.  McCaw further objects because it is vague what is being meant by "Misconduct."  McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  Specifically, McCaw asserts that materials relating to conduct code violation and "Misconduct" are beyond the scope of relevant discovery, pursuant to the Court's Order, insofar as it seeks materials concerning claims other than the type of sexual misconduct at issue in this litigation.  Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

10.     All tapes, recordings and/or notes of interviews concerning Judicial Affairs, Sexual Assault, Conduct code violation, Misconduct, Prohibited Conduct under Title IX Policy, implementation or adoption of Title IX policies or Pepper Hamilton.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act.  McCaw further objects because it is vague what is being meant by "Misconduct."  McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  Specifically, McCaw asserts that materials relating to conduct code violation and "Misconduct" are beyond the scope of relevant discovery, pursuant to the Court's Order, insofar as it seeks materials concerning claims other than the type of sexual misconduct at issue in this litigation.  Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

11.     All communications and documents provided to Jeremy Counseller or the Jeremy Counseller Investigation by you, from you, or from your files.

**RESPONSE:** McCaw objects because this request seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Subject to these objections, and without waiving them, McCaw is not in possession, to his knowledge, of any material responsive to this request. Responsive information, if any, is contained within the materials provided in response to Request No. 1.

12.     All communications and documents provided to you from the Jeremy Counseller or the Jeremy Counseller Investigation.

**RESPONSE:** McCaw objects because this request seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Subject to these objections, and without waiving them, McCaw is not in possession, to his knowledge, of any material responsive to this request. Responsive information, if any, is contained within the materials provided in response to Request No. 1.

13.     All communication and documents  between you and Jeremy Counseller or the Jeremy Counseller Investigation, or between you and anyone else concerning Jeremy Counseller or the Jeremy Counseller Investigation.

**RESPONSE:** McCaw objects because this request seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Subject to these objections, and without waiving them, McCaw is not in possession, to his knowledge, of any material responsive to this request. Responsive information, if any, is contained within the materials provided in response to Request No. 1.

14.     All tapes, recordings and/or notes of interviews, both before (including preparation) and after, relating  to interviews  and/or questions by Jeremy Counseller or the Jeremy Counseller Investigation.

**RESPONSE:** McCaw objects because this request seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Subject to these objections, and without waiving them, McCaw is not in possession, to his knowledge, of any material responsive to this request. Responsive information, if any, is contained within the materials provided in response to Request No. 1.

15.     All fee agreements, bills, statements, and cleared checks of financial payments concerning the attorneys representing you in connection with this case.

**RESPONSE:** McCaw objects to this request as seeking materials protected by the attorney-client and/or work product privileges. It further seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).

16.    All communications and documents concerning your separation from Baylor including settlement agreements, communications, communications between your attorney and Baylor's attorneys, draft and final press releases and any other document or ESI that relates to or concerns your separation from Baylor.

**RESPONSE:** McCaw objects to this request because it is overbroad and seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). The request further seeks materials protected by the attorney-client and work-product privileges, and McCaw asserts those privileges. McCaw further objects to this request because it seeks confidential materials that the Court has already refused Plaintiff access to. *See* Dkt. 146, pp. 10-11, and 13. McCaw asserts that all communications and documents regarding his separation from Baylor, and all communications and documents between him, Baylor, and their respective counsels regarding his separation from Baylor are also confidential and fall under the protection of the Court's Order. *See id.*

Subject to these objections, and without waiving them, see attached documents bates-labeled IAN 00134-00137.

17.    All communications and documents between you and Baylor, between you and Baylor's attorneys, between your attorneys and Baylor's attorneys since your separation from Baylor.

**RESPONSE:** McCaw objects to this request because it is overbroad and seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Mc Caw further objects that is seeks materials protected by the attorney-client, work-product, and/or joint defense privileges, and/or that fall under the protection of the Court's Order protecting from production the settlement agreement between McCaw and Baylor. *See* Dkt. 146, pp. 10-11, and 13. McCaw also asserts that certain communications and documents between him, Baylor, and their respective counsels are confidential and fall under the protection of the Court's Order. *See id.*

18.    All communications and documents pertaining to Baylor's or your documents retention policy.

**RESPONSE:** McCaw has no documents responsive to this request.

19.    All communications and documents that refer to the retention or destruction or erasing or removal of communications, documents and/or tangible items that pertain to Baylor, regardless of whether they were actually destroyed or erased removed.

**RESPONSE:** McCaw has no documents responsive to this request.

20.     All communications and documents to which David Garland was a party during the time he was Interim President of Baylor in 2016 and 2017 relating to Sexual Assault or Misconduct or to the retention or destruction or erasing or removal of communications, documents and/or tangible items.

**RESPONSE:** The only communications with David Garland that McCaw can recall having during this time period are   mass emails Garland sent to Baylor alumni and friends of the University.  McCaw did not retain those mass emails and does not possess them.

21.     All communications and documents which form the basis, in whole or in part, of each specific finding set forth  in the Findings of Fact released by the Baylor University Board of Regents on or about May 26, 2016.

**RESPONSE:** McCaw objects to this request because it seeks materials and information outside of his possession and control.  Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents.

22.     All tapes, recordings and/ or notes concerning same of communications between you and an alleged victim of Sexual Assault.

**RESPONSE:** McCaw objects to this request because it is overbroad in scope as to time, generally, and in particular in light of the Court's Order [Dkt. 146, p. 13] requiring production of student documents back to January 1, 2003.  McCaw further objects because this request seeks materials protected by the attorney-client and/or work product privileges and some material has been withheld.  McCaw further objects to this request because it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act.  Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

23.     All documents in your possession concerning or mentioning Plaintiffs.

**RESPONSE:** McCaw objects to this request as being overbroad and seeking information that is not relevant to any claim or defense in this case, and/or is not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1).  McCaw further objects to this request insofar it  seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act.  Further, as Plaintiffs are designated as Jane Does, McCaw does not know their identity and, thus, cannot substantively respond whether he has responsive documents. Subject to these objections, and without waiving them, responsive material, if any, has been provided in response to Request No. 1.

24.     All documents related to the "detailed and comprehensive presentation" made by Pepper Hamilton to the Baylor University Board of Regents as referenced in the Findings of Fact.

**RESPONSE:** McCaw has no documents responsive to this request, to his knowledge.

25.    All documents provided  to the Baylor Special Committee of the Board of Regents referenced in the Findings of Fact, including but not limited to the "detailed and specific information and regular updates" provided by Pepper Hamilton.

**RESPONSE:** McCaw provided no documents to the Special Committee and does not know what documents it received from others. McCaw has no documents responsive to this request, to his knowledge.

26.    All documents that formed  the basis of the Baylor Board of Regents' conclusion that "Baylor's efforts to implement Title IX were slow, ad hoc, and hindered by lack of institutional support and engagement by senior leadership."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

27.    All documents that formed  the basis of the Baylor Board of Regents' conclusion  that Baylor acted in a manner that "constituted retaliation against a complainant for reporting sexual assault. "

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

28.    All documents that formed the basis of the Baylor Board of Regents' conclusion that University officials took actions "that directly discouraged complainants from reporting or participating in student conduct processes, or that contributed to or accommodated a hostile environment."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

29.     All documents that formed  the basis of the Baylor Board of Regents' conclusion that "In some instances, administrative responses  and  campus  processes  caused significant harm to complainants."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

30.     All documents that formed  the basis of the Baylor Board of Regents' conclusion that "Actions by a University administrator within BUPD  and an administrator within an academic program contributed to, and in some instances, accommodated or created a hostile environment, rather than taking action to eliminate a hostile environment."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

31.     All documents that formed the basis of the Baylor Board of Regents' conclusion that "Once aware of a potential pattern of sexual violence, the University failed to take prompt and effective action to protect campus safety and protect future victims from harm."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

32.    All documents that formed the basis of the Baylor Board of Regents' conclusion that· "Baylor failed to consider patterns, trends  or climate-related concerns  that would enable the University to take prompt and responsive action to individual and community concerns. "

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

33.    All documents that formed  the basis of the Baylor Board of Regents' conclusion that "Baylor failed to identify, eliminate, prevent or address a potential hostile environment in individual cases, and took insufficient steps with respect to both individual complainants and broader community remedies."

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control.  McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges.  McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. Moreover, the Court has already ruled that the requested information is privileged and Plaintiffs are not entitled to it. *See* Dkt. 168, p. 19.   Subject to these objections, and without waiving them, McCaw does not know what communications and documents formed the basis of any findings/conclusions of the Baylor Board of Regents. For this reason, McCaw states that he is unaware of having any responsive documents.

34.    All documents  containing  criminal reports  or reports of interpersonal violence, or statistics regarding the same, provided to Pepper Hamilton by Baylor University.

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control. McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. McCaw further objects to the request insofar as it seeks materials that are not relevant to any claim or defense in this case, and/or are not proportional to the needs of the case based on the factors set forth in Fed.R.Civ.P. 26(b)(1). Specifically, McCaw asserts that the request for documents "containing criminal reports or reports of interpersonal violence, or statistics regarding the same," are beyond the scope of relevant discovery, pursuant to the Court's Order [Dkt. 56, p. 1], insofar as it seeks materials concerning claims other than the type of sexual misconduct at issue in this litigation. Further, McCaw does not know what documents may have been provided to Pepper Hamilton by Baylor University. Subject to these objections, and without waiving them, McCaw is unaware of having any responsive documents.

35.    All documents provided to Pepper Hamilton by the Baylor University Judicial Affairs office related to reports of Sexual Assault.

**RESPONSE:** McCaw objects to this request because it requests materials and information outside of his possession and control. McCaw further objects to this request insofar as it seeks materials protected by the attorney-client and/or work product privileges. McCaw further objects to this request insofar as it seeks materials containing student identifying information protected by the Family Educational Rights and Privacy Act. McCaw does not know what documents were provided to Pepper Hamilton by the Baylor University Judicial Affairs office related to reports of Sexual Assault. Subject to these objections, and without waiving them, McCaw is unaware of having any responsive documents.

36.    All documents that reflect an agreement by you to hold confidential any information or materials relating to Baylor University.

**RESPONSE:** McCaw objects to this request because it seeks confidential and private materials that the Court has already denied Plaintiffs access to in its Orders. *See* Dkt. 146, pp. 10-11, and 13.

## III.

## DOCUMENTS WITHHELD PURSUANT TO ASSERTIONS OF PRIVILEGE

McCaw has withheld the following documents and materials pursuant to the attorney-client and/or work product privileges:

1) Handwritten notes of Ian McCaw prepared while he was employed as Athletic Director at Baylor University in the Spring of 2016, regarding his recollection of assault and arrest events involving a student athlete, bates labeled IAN 00138-00140.

McCaw made these notes to document his recollection of the events due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims.

2) Handwritten notes of Ian McCaw regarding his recollection of sexual assault allegations involving a student athlete, bates labeled IAN 00141-00145, prepared while he was employed as Athletic Director at Baylor University and in preparation for a meeting and interview with Pepper Hamilton. McCaw made these notes to document his recollection of the events due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims.

3) Letter of June 6, 2016, from Baylor Associate General Counsel Doug Welch to Ian McCaw and Art Briles regarding the lawsuit *Jasmin Hernandez v. Baylor University, Art Briles, and Ian McCaw*, cause no. 6:16-CV-00069, bates-labeled IAN 00146-00147. The letter discusses retention of counsel to defend the suit and initial plans and strategy for responding to the lawsuit. The letter contains a heading stating: **"ATTORNEY CLIENT PRIVILEGED/CONFIDENTIAL COMMUNICATION/JOINT DEFENSE PRIVILEGED"**.

4) Presentation given by Ian McCaw to Baylor Board of Regents and attorneys after lawsuit by alleged sexual assault victim had been filed against Baylor, bates-labeled IAN 00148-00150, concerning allegations of sexual misconduct against student athletes at Baylor and the responses thereto.

5) Typewritten summary of meeting between various Baylor University personnel and Baylor's general counsel regarding work of the Sexual Violence Response Task Force Committee, bates-labeled IAN 00151-152. The notes specifically memorialize statements/comments by Baylor lawyers.

6) E-mail of August 26, 2016, bates-labeled IAN 00153, from Ian McCaw to Patty Crawford regarding an alleged sexual assault event involving student athletes. McCaw sent the e-mail to document his recollection of events due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims.

7) Handwritten notes of Ian McCaw regarding his recollection of sexual assault allegations involving  student athletes, bates-labeled IAN 00154-00157, prepared while he was employed as Athletic Director at Baylor University and in preparation for a meeting and interview with Pepper Hamilton. McCaw made these notes to document his recollection of the events due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims.

8)  E-mail of March 31, 2016, from Ian McCaw to Baylor Senior Vice President and Chief Operating Officer Reagan Ramsower and Baylor General Counsel Chris

Holmes, bates-labeled IAN 00158, regarding an alleged sexual assault event involving a student athlete. McCaw sent the e-mail to document the events regarding the student athlete due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims. The e-mail is expressly labeled "Attorney/Client Privileged Communication".

9) Journal written and maintained by Ian McCaw starting in the Spring of 2016, after issues with alleged sexual assaults by Baylor football players began arising.  McCaw continued to maintain the journal after he was named in the lawsuit styled *Jasmin Hernandez v. Baylor University, Art Briles, and Ian McCaw*, cause no. 6:16-CV-00069. McCaw wrote and maintained the journal to document his recollection of the events and his opinions on various issues relating to them due to concerns over potential litigation arising from sexual assault issues at Baylor and to assist him and any counsel in defending such claims. The journal is expressly labeled "Attorney/Client Privilege Work Product".

10) Legal bills and statements, communications regarding same, and payment records regarding same generated as a result of legal services and representation rendered to Ian McCaw.

11) Communications and documents exchanged between Ian McCaw and his lawyers made in the course of legal services and representation provided to him in relation to his separation of employment with Baylor University. McCaw is also withholding any documents and communications between him, Baylor, and their respective counsels regarding his separation from Baylor, as those materials fall under the protection of the Court's Order. *See* Dkt. 146, pp. 10-11, and 13.

12) Communications between his lawyers and lawyers for Baylor University regarding retention as counsel to represent him in responding to this subpoena duces tecum.

McCaw has withheld the following documents and materials pursuant to the joint defense privilege:

1) Communications between his lawyers and lawyers for Baylor University regarding preservation of appropriate privileges, objections, and confidentiality claims in responding to this subpoena duces tecum.

2) Communications between his lawyers and lawyers for Baylor University in the course of litigating and defending the lawsuit styled *Jasmin Hernandez v. Baylor University, Art Briles, and Ian McCaw*, cause no. 6:16-CV-00069.

## IV.

### DOCUMENTS WITHHELD PURSUANT TO FERPA

McCaw has completely withheld the following materials in compliance with the prohibitions on release of confidential student information imposed by the Family Educational Rights and Privacy Act:

1) Timeline of admissions process for a Baylor student-athlete, bates-labeled IAN 00159.

2) E-mail string from former Baylor student athlete regarding an allegation of sexual assault, bates-labeled IAN 00160-00162.

## V.

### MOTION TO QUASH SUBPOENA DUCES TECUM

Pursuant to Fed.R.Civ.P. 45(d)(3), McCaw moves the court to enter an order quashing the subpoena duces tecum to the extent it seeks to compel the production of any objectionable, privileged, and/or FERPA protected materials identified above, and providing that McCaw is under no obligation to respond to the requests or produce those materials to Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Ian McCaw requests that the Court sustain his objections and grant his motion to quash, as set forth above; McCaw further prays for such other and further relief, both general or special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted:

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
shenninger@fhmbk.com
**FANNING, HARPER,  MARTINSON**
**BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR IAN McCAW**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this document upon each attorney of record in compliance with the Federal Rules of Civil Procedure March 2, 2018.

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**