IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § | |
| Plaintiffs, | § § | 6:16-CV-173-RP |
| v. | § § § | *Consolidated with* 6:17-CV-228-RP 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Compel non-party Pepper Hamilton LLP ("Pepper Hamilton") to produce all materials requested by Plaintiffs in the subpoena duces tecum issued to Pepper Hamilton on March 24, 2017. (Mot., Dkt. 328). Defendant Baylor University ("Baylor") filed a response, although Pepper Hamilton did not. (Resp., Dkt. 332). Plaintiffs filed a Reply. (Reply, Dkt. 333). Having considered the parties' submissions, the record, and the governing law, the Court enters the following order.

**I. DISCUSSION**

Rule 45(c)(2)(A) provides that "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or *regularly transacts business in person*." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added).

Baylor argues that this Court does not have jurisdiction over the motion to compel because Pepper Hamilton is headquartered in Pennsylvania. (Resp., Dkt. 332, at 1). Plaintiffs argue that Pepper Hamilton regularly transacts business in person in the Western District of Texas because at least two firm partners "worked regularly for months in Waco, Texas," and the firm "was purportedly still doing work in Waco through its partners" at the time Plaintiffs issued the subpoena.

1

(Mot., Dkt. 328, at 10). Baylor asserts that Pepper Hamilton "resides" in Pennsylvania but does not dispute that the firm was also regularly transacting business in the Western District of Texas at the time of the subpoena. (*See* Resp., Dkt. 332, at 1). Pepper Hamilton itself has not filed any submission with the Court disputing the Court's jurisdiction.

If Pepper Hamilton objects to production of any specific documents, or any objections on jurisdictional grounds, Pepper Hamilton must file a motion with this Court detailing those objections no later than March 15, 2019. Absent such a motion, Pepper Hamilton shall file a notice with this Court certifying that production to Plaintiffs is complete no later than **March 15, 2019**.

To be clear, the Court advises the parties that other than the redactions and omissions approved by the Court for FERPA-protected materials, Pepper Hamilton may not withhold any other materials based on FERPA objections. (*See* Dkts. 296, 298, 355, 356, 357, 358, 361, 362, 376, 377, 584, 585). Pepper Hamilton may confer with counsel for Baylor as needed for a complete list of approved redactions and omissions. Additionally, the Court's prior orders addressing attorney–client privilege and work product privilege for Pepper Hamilton materials, and the scope of discovery in this litigation, also apply to production by Pepper Hamilton itself. (*See* Dkts. 168, 565, 569, 582).

## II. CONCLUSION

Accordingly, Plaintiffs' Motion to Compel Pepper Hamilton LLP to produce all materials requested by Plaintiffs in the subpoena duces tecum issued to Pepper Hamilton on March 24, 2017, (Dkt. 328), is **GRANTED**.

No later than **March 15, 2019**, Pepper Hamilton is **ORDERED** to either (1) complete production in response to the subpoena and file a notice with this Court certifying that production to Plaintiffs is complete, or (2) file a motion with this Court detailing any objections to production and requesting specific relief. The Court will not consider objections that have already been addressed by this Court's prior orders.

2

Additionally, the Court **ADVISES** all parties to avoid speculating about opposing counsel's motivations, and instead brief the Court with factual information and specific requested relief.

The Court **REMINDS** the parties that a proposed order shall be filed with all non-dispositive motions. W.D. Tex. Loc. R. CV-7(g). The Court will strike any non-dispositive motion filed after this date without an attached proposed order.

**SIGNED** on March 7, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE