IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § | 6:16-CV-173-RP |
| Plaintiffs, | § § | *Consolidated with* |
| v. | § § | 6:17-CV-228-RP |
| | § | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § § | |
| Defendant. | § § | |

## ORDER

Plaintiffs first served a subpoena duces tecum to Pepper Hamilton LLP on March 24, 2017. (Subpoena, Dkt. 328-1). Pepper Hamilton objected by letter to Plaintiffs on April 11, 2017. (Obj. Letter, Dkt. 328-2). Among their objections, Pepper Hamilton advised that the principal attorneys representing Baylor had left to work for a different law firm. (*Id.* at 4). On June 6, 2018, Plaintiffs filed a motion to compel Pepper Hamilton to produce all materials requested in the subpoena. (Mot. Compel, Dkt. 328). Baylor filed a response but Pepper Hamilton did not. (*See* Baylor Resp., Dkt. 332). This Court waited to rule on the motion to compel until resolving several foundational discovery disputes, including the proper scope of discovery in this litigation, attorney-client privilege and work product privilege in the Pepper Hamilton investigation, and FERPA compliance for hundreds of thousands of pages of student records. After resolving those questions, the Court granted Plaintiffs' motion to compel on March 7, 2019. (Order, Dkt. 597). That order directed Pepper Hamilton to certify complete production to Plaintiffs or file any objections by March 15, 2019. (*Id.* at 2). Pepper Hamilton first appeared before this Court on that date, when the firm filed its Motion Objecting to the Production of Documents and for Specific Relief. (Dkt. 601). Plaintiffs filed a Response. (Dkt. 604). Having considered the parties' submissions, the record, and the

1

governing law, the Court finds that Pepper Hamilton must produce all materials in response to the subpoena in its custody or control that Baylor (a) does not possess or (b) has not produced.

## I.  DISCUSSION

Pepper Hamilton makes several objections, each of which the Court overrules. At the core of their objections, they dispute the jurisdiction of this Court and contend that compliance with the subpoena would subject them to an undue burden.

### A.  Jurisdiction

Rule 45(c)(2)(A) provides that "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or *regularly transacts business in person*." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added). Pepper Hamilton is headquartered in Philadelphia, which is in the Eastern District of Pennsylvania. (PH Mot., Dkt. 601, at 9). Pepper Hamilton objects that this Court does not have personal jurisdiction over Pepper Hamilton or the motion to compel because Pepper Hamilton has not regularly transacted business in the Western District of Texas "since" February 6, 2017, when the two partners representing Baylor left for another firm and Pepper Hamilton ceased to represent the university. (*Id.*, at 3, 6). This seems to concede that Pepper Hamilton did regularly transact business in the Western District of Texas during the time that the firm represented Baylor. (*Id.* at 6).

In any case, Pepper Hamilton waived its opportunity to raise this issue when it failed to respond to the motion to compel or file a motion to quash in any federal court.[1] Pepper Hamilton's only explanation is this: "Believing that the Motion [to Compel] had been filed in the wrong court

---

[1] To be clear, although Pepper Hamilton timely served their objections to Plaintiffs within 14 days after the subpoena was served, (*see* Obj. Letter, Dkt. 328-2), the letter objection did not substitute for a filing before the Court. Under Rule 45, "[i]f an objection is made, the following rules apply . . . (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B).

and thus that this Court lacked jurisdiction over the Motion, Pepper did not respond to the Motion." (*Id.* at 6). Silence does not substitute for a responsive filing. If Pepper Hamilton disputed this Court's jurisdiction, the firm could have filed a response or a motion to quash, either in the Eastern District of Pennsylvania or before this Court. *See, e.g., PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001) (a motion premised on a jurisdictional objection cannot "simultaneously operate as a waiver of that very objection"). Pepper Hamilton was fully aware that it had been served with a subpoena in March 2017, and that a motion to compel was pending against the firm as of June 2018. Instead of responding or filing its own motion for relief, Pepper Hamilton did nothing. Under our Local Rules, "[a] response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Loc. R. CV-7(e)(2). Pepper Hamilton did not file a timely response, and has provided no compelling justification for that omission. The Court may grant the motion as unopposed.

### B. Scope of Production

"The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Although Pepper Hamilton has waived its objections to the Motion to Compel, the Court recognizes that production may place a significant burden on the firm. Also, because Baylor has already produced some Pepper Hamilton materials, production from Pepper Hamilton itself may be partially duplicative. In the interests of all parties and in order to promote the efficiency of these proceedings, the Court adopts Plaintiffs' proposal, (*see* Resp., Dkt. 604, at 9), that Pepper Hamilton must produce all materials in its custody or control that Baylor (a) does not possess or (b) has not produced.[2] As always, Plaintiffs and Pepper Hamilton may confer and narrow the scope of production by agreement if they so choose.

## II.  CONCLUSION

Pursuant to the terms of this order and the Court's prior order granting Plaintiffs' motion to compel, (Dkt. 597), Pepper Hamilton is **ORDERED** to (1) produce all materials in response to the subpoena in Pepper Hamilton's custody or control that Baylor (a) does not possess or (b) has not produced, and (2) file a notice with this Court certifying that production to Plaintiffs is complete no later than **April 11, 2019**.

**SIGNED** on March 28, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] As the Court stated in its prior order, (*see* Dkt. 597), the Court advises the parties that other than the redactions and omissions approved by the Court for FERPA-protected materials, Pepper Hamilton may not withhold any other materials based on FERPA objections. (See Dkts. 296, 298, 355, 356, 357, 358, 361, 362, 376, 377, 584, 585). Pepper Hamilton may confer with counsel for Baylor as needed for a complete list of approved redactions and omissions. Additionally, the Court's prior orders addressing attorney–client privilege and work product privilege for Pepper Hamilton materials, and the scope of discovery in this litigation, also apply to production by Pepper Hamilton itself. (See Dkts. 168, 565, 569, 582).