# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § § § | |
| Plaintiffs, | § | Civil Action No. 6:16-CV-00173-RP |
| | § | |
| v. | § | Consolidated with |
| | § | 6:17-CV-228-RP |
| BAYLOR UNIVERSITY, | § | 6:17-CV-236-RP |
| | § | |
| Defendant. | § | |

### DECLARATION OF CHRISTOPHER W. HOLMES

1. My name is Christopher W. Holmes, and I am the General Counsel of Baylor University ("Baylor"). I am over 18 years of age, of sound mind, and am fully competent to testify to the matters stated in this declaration based upon my personal knowledge.

2. Baylor engaged Pepper Hamilton, LLP in fall 2015 to conduct an independent and external review of Baylor's institutional response to Title IX and related compliance issues through the lens of specific cases.

3. From September 2015 until May 2016, Pepper Hamilton conducted the investigation that has been described at length in other declarations filed with the Court. Pepper Hamilton attorneys presented their conclusions to the Board of Regents during May 2016. The Pepper Hamilton attorneys then worked closely with Baylor's in-house attorneys and outside counsel in the drafting of a document entitled "Findings of Fact" that summarized conclusions and findings from the investigation. The Findings of Fact were publicly released by the Board of Regents on May 26, 2016.

4. After Pepper Hamilton concluded its sexual assault investigation in May 2016, Pepper Hamilton continued to perform additional legal services for Baylor that were separate from the sexual assault investigation. In particular, the Office of the General Counsel consulted with Pepper Hamilton regarding legal issues pertaining to employment matters, pending and anticipated litigation by students and former employees, third-party investigations and anticipated litigation related thereto, and implementation of Pepper Hamilton's 105 recommendations (collectively the "Other Legal Matters").

5. Baylor's communications with Pepper Hamilton in connection with these Other Legal Matters were made for the purpose of facilitating the rendition of professional legal services for Baylor. The communications were confidential and were not intended to

be disclosed to third persons other than those to whom disclosure was made in furtherance of the rendition of professional legal services for Baylor or those reasonably necessary for the transmission of the communications. Baylor has not disclosed any privileged communications between Baylor and Pepper Hamilton and their respective representatives in connection with the Other Legal Matters to third persons other than lawyers or representatives of lawyers representing Baylor, Baylor employees, or Baylor regents in pending actions concerning matters of common interest. In addition, Baylor, Pepper Hamilton, and their respective representatives have not disclosed Pepper Hamilton's confidential work product in connection with the Other Legal Matters to third persons other than lawyers or representatives of lawyers representing Baylor, Baylor employees or Baylor regents in pending actions concerning matters of common interest.

6. The communications with and documents prepared by and for Pepper Hamilton in connection with the Other Legal Matters were also in anticipation of litigation. By May 2016, Baylor was already a defendant in a pending Title IX lawsuit that had been filed on March 31, 2016 (C.A. No. 16-cv-0069-RP). Three weeks after the "Findings of Fact" were released on May 26, 2016, two more Title IX lawsuits, including this one, were filed (C.A. No. 16-cv-00173-RP and C.A. No. 16-cv-00180-RP), and a fourth lawsuit was filed on October 11, 2016 (C.A. No. 16- cv-00403-RP). Other Title IX and related employment lawsuits have been filed since. Further, subsequent to the release of the Findings of Fact, Baylor also has managed, mediated, and negotiated claims by former students and employees that did not ultimately result in litigation. We also received notice of potential third-party investigations by governmental and accrediting bodies beginning in 2016. Although none of the third-party investigations have resulted in litigation to date, since that time, we have been under a threat of litigation from outside investigators and therefore sought advice of counsel in conjunction with these investigations and anticipated litigation flowing from them.

7. Baylor has not disclosed the communications with Pepper Hamilton in connection with the Other Legal Matters to third persons other than to lawyers or representatives of lawyers representing Baylor, Baylor employees or Baylor regents in pending actions concerning matters of common interest. In addition, Baylor has not disclosed Pepper Hamilton's confidential work product in connection with the Other Legal Matters to third persons other than lawyers or representatives of lawyers representing Baylor, Baylor employees or Baylor regents in pending actions concerning matters of common interest.

8. Baylor has not authorized and does not authorize Pepper Hamilton or any of its lawyers to waive either the attorney-client privilege or the work-product privilege.

9. In May 2016, Raymond Cotton served as legal counsel to Baylor and was authorized to receive a draft of the Findings of Fact and Recommendations because the Board was seeking his legal advice regarding decisions that might need to be made in light of the Findings. Mr. Cotton continues to serve as legal counsel for Baylor.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Christopher W. Holmes   5-2-19