IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 6:16-CV-00173-RP |
| | § | |
| v. | § | *Consolidated with* |
| | § | 6:17-CV-228-RP |
| BAYLOR UNIVERSITY, | § | 6:17-CV-236-RP |
| | § | |
| Defendant. | § | |

## DEFENDANT BAYLOR UNIVERSITY'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING KETCHUM MATERIALS (DKT. 616)

TO THE JUDGE OF THE HONORABLE COURT:

Defendant Baylor University moves as follows for clarification of the Court's Order regarding the production of Ketchum materials (Dkt. 616) as follows:

## INTRODUCTION & BACKGROUND

In an Order dated April 16, 2019, the Court ordered Baylor to produce certain information relating to a public relations firm called Ketchum. Dkt. 616. The Order notes that there are two separate custodians of "Ketchum materials" that Plaintiffs seek:  Baylor and Ketchum. Dkt. 616 at 1. The Plaintiffs served requests for production of documents to Baylor pursuant to Rule 34 and a separate third-party subpoena to Ketchum pursuant to Rule 45.  Baylor asserted objections to Plaintiffs' request, including but not limited to attorney-client privilege. Ketchum also served objections to the third-party subpoena. *See* Dkt. 250 at 7.

Plaintiffs filed a motion to compel against Baylor that challenged Baylor's privilege objections (Dkt. 250 at 7-8).  Plaintiffs did not move to compel Ketchum's production, and Ketchum's objections have not been ruled upon.  As the Court notes, Ketchum has not appeared in this case at all.  Dkt. 616 at 1-2.   Indeed, in Plaintiffs' motion to compel against Baylor and in their

1

supplement, they expressly stated that their motion was only as to Baylor and that they would determine next steps against Ketchum, if any, after the Court ruled on their motion against Baylor. Dkt. 250 at 7-8; Dkt. 426 at 2.

The Court's Order, however, ordered both Baylor and Ketchum to "produce unredacted versions of all materials in *response to the subpoena*, including the five exhibits specifically addressed in this order." Dkt 616 at 8 (emphasis added).  Baylor, however, was not a recipient of the subpoena, while Ketchum, which did receive the subpoena, timely objected to it.  Baylor files this Motion seeking clarification of Baylor's and Ketchum's respective obligations under the Order.  *See*, *e.g.*, *United States ex rel. Simms v. Austin Radiological Ass'n*, 292 F.R.D. 378, 387 (W.D. Tex. 2013) (granting motion for clarification regarding prior discovery order).

## ARGUMENT

### I.    Baylor seeks clarification that it is obliged to respond only to Plaintiffs' requests for production by producing Ketchum materials in its possession dated on or before June 15, 2016.

Baylor first seeks clarification that it is not obligated to respond to the subpoena that Plaintiffs issued to *Ketchum*.  Baylor's obligation to produce "Ketchum materials" would arise solely from Plaintiffs' Rule 34 requests for production of documents and not a subpoena issued to a third party. Baylor previously produced documents responsive to Plaintiffs' RFPs for Ketchum-related materials that it believes to be non-privileged.  *See*, *e.g.*, Dkt. 616 at 4; Dkt. 434 at 4.   In light of the Court's Order regarding the Ketchum materials, Baylor has been searching its ESI and is preparing to produce supplemental documents by the deadline established by the Court and in accordance with the terms and conditions of the ESI Order (Dkt. 176).  Baylor seeks confirmation that it is required to produce only information that is responsive to the RFPs that Plaintiffs sent to Baylor and to which Baylor previously asserted privilege.  The Court's order and Plaintiffs' motion did not address other objections.  *See* Dkt. 250 at 7-8.

Second, Baylor seeks clarification regarding the time frame applicable to its search for responsive information.  Under the ESI Order, Baylor has been searching for, gathering, reviewing, and producing Ketchum materials that are dated June 15, 2016, or earlier.  *See* Dkt. 176 at 1.  The ESI Order states: "Only ESI created or received between January 1, 2003, and June 15, 2016 will be preserved and produced."  *Id.*  The Court's Order regarding Ketchum states that Baylor must produce "all [Ketchum] materials in [its] custody and control in response to Plaintiffs' discovery requests." Dkt. 616 at 7. The Order did not address any specific time periods; nor did Plaintiffs' motion to compel or supplement.   Dkts. 616, 250.  Because the ESI Order governs Baylor's production of electronically stored information in this case, Baylor has been performing its searches in light of the ESI Order.   But in recent briefing, Plaintiffs have contended that the cut-off date in the ESI Order is not binding.  *See, e.g.*, Dkt. 617 at 7-8.  Baylor has demonstrated that the cut-off date in the ESI Order governs the production of ESI.  Baylor incorporates that prior briefing by reference.[1]

In sum, Baylor seeks clarification that the Court's Order requires Baylor's production of Ketchum materials responsive to Plaintiffs' RFPs to Baylor, but does not require Baylor to search for or produce documents responsive to Plaintiffs' subpoena to Ketchum.  Baylor further seeks clarification that it is obligated to search for and produce documents that are dated on or before June 15, 2016, the date that this lawsuit was filed and the date that is in the ESI Order.   Should the Court determine that a different cut-off date applies, then Baylor respectfully requests 15 additional days in which to search for and process post-June 15, 2016 Ketchum materials.

---

[1]     Please see Baylor's Brief in Reply to Plaintiffs' Response to Motion for Reconsideration and/or Clarification (Dkt. 623 at 1-4) and Baylor's Motion for Protection Regarding Pepper Hamilton's Work Separate from the Investigation (Dkt. 621 at 7-8).

II. **Baylor seeks clarification that only Baylor, rather than Ketchum, has a current obligation to produce Ketchum materials in response to Plaintiffs' discovery requests.**

Baylor seeks clarification that only Baylor has an obligation to produce Ketchum materials in response to Plaintiffs' discovery requests. As the Court notes, Plaintiffs issued Ketchum a third-party subpoena for documents. Dkt. 616 at 1.  However, as Plaintiffs themselves concede, Ketchum responded with objections. Dkt. 250 at 7. Thus, Plaintiffs are not entitled to Ketchum's responsive documents without moving the Court, with notice to Ketchum, to compel Ketchum's production. Fed. R. Civ. Proc. 45(d)(2)(B).

As previously noted, Plaintiffs' motion to compel Baylor clearly stated that Plaintiffs sought only Baylor's production of Ketchum documents and that they had not submitted the issue of Ketchum's compliance to the Court.  Dkt. 250 at 7-8; *see also* Dkt.426 at 2.  At this time, Ketchum's objections have neither been considered nor ruled upon by the Court. *See* Dkt. 250 at 12.  Baylor respectfully submits that the Court's Order (Dkt. 616) should compel only Baylor's production of Ketchum materials, as outlined above.

## CONCLUSION AND SPECIFIC RELIEF REQUESTED

For the foregoing reasons, Baylor requests that the Court clarify its prior Order (Dkt. 616) to state that Baylor must respond to Plaintiffs' request for production of Ketchum materials by producing documents that were its possession dated prior to June 15, 2016, without attorney-client privilege assertions, but otherwise subject to any other pending objections to the requests.

Respectfully submitted,

**THOMPSON & HORTON LLP**

/s/ Lisa A. Brown
_____
Lisa A. Brown
Texas Bar No. 03151470
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2351 (telephone)
(512) 682-8860
hmcintush@thompsonhorton.com

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
State Bar No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar No. 24056551
sjanes@wshllp.com

212 Lavaca Street, Suite 200
Austin, Texas  78701
512.652.5780
512.682.2074 fax

**COUNSEL FOR DEFENDANT BAYLOR
UNIVERSITY**

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have conferred regarding this motion and that Plaintiffs are opposed to this motion.

/s/ Lisa A. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record on May 3, 2019, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)
**BRAZIL & DUNN, L.L.P.**
3303 Northland Drive, Suite 205
Austin, Texas  78731

*Via ECF:  chad@brazilanddunn.com*

Mr. Jim Dunnam
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas  76710
P. O. Box 8418
Waco, Texas  76714-8418

*Via ECF:  jimdunnam@dunnamlaw.com*

/s/ Lisa A. Brown

4828-9239-4134, v. 1