IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § | 6:16-CV-173-RP |
| Plaintiffs, | § § | *Consolidated with* |
| v. | § § | 6:17-CV-228-RP |
| BAYLOR UNIVERSITY, | § § § | 6:17-CV-236-RP |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Responses to Requests for Production and Request for Telephone Hearing filed on June 8, 2018, (Dkt. 330), the parties' responsive briefing, (Dkts. 336, 368), Plaintiffs' Supplement to the Motion filed on August 9, 2018, (Dkt. 481), and the second set of responsive briefing, (Dkts. 487, 493). Plaintiffs seek to compel Baylor's responses to four requests for production. (*See* 1st RFP Dkt. 330-1; 2d RFP, Dkt. 330-2; 3d RFP, Dkt. 330-3; and 4th RFP, Dkt. 330-4). Baylor served responses, some of which were amended. (*See* 2d Am. Resp. 1st RFP, Dkt. 330-5; Resp. 2d RFP, Dkt. 330-6; Resp. 3d RFP, Dkt. 330-7; Am. Resp. 4th RFP, Dkt. 330-8). Having considered the parties' original and supplemental submissions, the record, and the governing law, the Court enters the following order.

**I.  DISCUSSION**

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "Unless otherwise limited by court order . . . parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

1

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* On motion or *sua sponte*, a court must limit the frequency or extent of discovery otherwise permitted if the court determines that (i) the proposed discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (ii) the party seeking discovery has already had "ample opportunity" to obtain the information, or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). It is well established that "[m]atters relating to discovery are committed to the discretion of the trial court." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 347 (5th Cir. 2004).

Since Plaintiffs filed their original motion on June 8, 2018, nearly a year has passed as the parties and the Court have worked to resolve other discovery disputes. The Court has reviewed the parties' submissions and determined that some of the issues in dispute are now moot, either because Baylor has now produced the materials, the parties have resolved them together, or intervening discovery orders have resolved the parties' disagreement. For example, Baylor advised in June 2018 that it was actively preparing privilege logs and would produce certain materials after all *in camera* FERPA review was complete. The Court has completed all *in camera* FERPA review as of March 5, 2019. (Order, Dkt. 596).[1] Likewise, the Court has entered orders compelling production of the Ketchum materials, (Ketchum Order, Dkt. 616), and overruling nearly all of Baylor's proposed limitations on the scope of discovery, (Order on Scope of Discovery, Dkt. 565).

To the extent that Plaintiffs' motion is not moot, the Court finds that—with the exception of two items addressed immediately below—Plaintiffs' requests for production seek material that is relevant to the parties' claims or defenses and are proportional to the needs of the case, particularly

---

[1] Other than the redactions and omissions approved by the Court for FERPA-protected materials, Baylor may not withhold any other materials based on FERPA objections. (*See* Dkts. 296, 298, 355, 356, 357, 358, 361, 362, 376, 377, 584, 585, 597).

2

considering the importance of the issues at stake, the parties' relative access to relevant information, the importance of the discovery in resolving the these issues. *See* Fed. R. Civ. P. 26(b). The Court therefore overrules all of Baylor's objections and grants the motion to compel, except for two items: (1) settlement agreements with former students, and (2) insurance information after the date that the last claim arose in this action. Additionally, the Court grants the motion to compel regarding (3) the definition of "Issues of Concern," in accordance with the Court's discussion below.

### 1. Settlement Agreements with Former Students

Two RFPs seek settlement agreements with former students. Baylor is correct that discovery of these materials affects privacy and confidentiality rights of non-parties. (Baylor Resp., Dkt. 336, at 6). Discovery is outside the scope permitted by the Federal Rules of Civil Procedure if the discovery sought is (1) privileged; (2) not relevant to any party's claims or defense; or (3) not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court considers that Plaintiffs have not met their burden to show that discovery of settlement agreements with former students is relevant and proportional to the needs of the case. If Plaintiffs seek this material, they should file a motion to compel this material, of no more than five pages, no later than **May 30, 2019**.

### 2. Insurance Information

"Request No. 66 seeks reservation of rights letters from "any carrier" regardless of whether it provides coverage for a claim in this case, and No. 67 seeks information regarding insurance coverage for the time period January 1, 2016, through the present, even though the last claim [by Jane Does 1–10] arose in February 2016." (Baylor Resp., Dkt. 336, at 7). Baylor submits that information regarding insurance policies that went into effect after that date are irrelevant. *Id.* The Court agrees that Plaintiffs have not met their burden to demonstrate the relevance of insurance information after the latest plaintiff's claim arose. However, the Court finds that this date should be amended to reflect the month when the latest claim arose for the newly added Jane Doe plaintiffs.

Because Jane Doe 11 alleges that she was assaulted in April 2017, her post-reporting claim arose within some reasonable amount of time after she initially reported the assault. (*See Jane Doe 11 v. Baylor University*, No. 6:17-cv-228-RP (Compl., Dkt. 1, ¶ 51; Order on Mot. Dismiss, Dkt. 14); *Jane Doe 12 et. al v. Baylor University*, No. 6:17-cv-236-RP (Order on Mot. Dismiss, Dkt. 35, at 26 (analyzing accrual of post-reporting claims)). The parties should confer in good faith and seek to agree to an appropriate date when this last claim arose. The Court assumes without deciding that this date would be no later than December 31, 2017.

### 3.  Defining "Issues of Concern"

The parties' disagreement about the definition of "Issues of Concern" in Plaintiffs' RFPs is not clear to the Court.[2] This Court has already ruled that, as a matter of proportionality, "student code of conduct violations related to sexual conduct" are discoverable but other types of student misconduct (such as "drinking or other personal conduct") are not. (*See* Order, Dkt. 146, at 7–8). Plaintiffs need not revise their RFPs in light of this order; Plaintiffs are correct that it is Baylor's obligation to provide responses that are not objectionable. *See, e.g., Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. Nov. 12, 2014) ("a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable."). Further, "if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Id.* Baylor should respond to the requests for production in light of the Court's prior orders. (*See* Order, Dkt. 146, at 7–8).

---

[2] Baylor appears to argue that "Issues of Concern" relates to "*sexual* misconduct, not general misconduct." (Resp., Dkt. 336, at 2 (emphasis in original)). Plaintiffs appear to agree; their motion references this Court's definition of sexual assault. (Mot., Dkt. 330, at 6–7 (citing Order, Dkt. 302 (defining sexual assault for purposes of discovery))).

## II.  CONCLUSION

Accordingly, Plaintiffs' Motion to Compel Responses to Requests for Production, (Dkt. 330), is **GRANTED** in accordance with this Order.

To the extent that Baylor has not already done so, Baylor is **ORDERED** to (1) produce unredacted and complete versions of all responsive materials consistent with the terms of this Order and the Court's prior Orders, and (2) file a notice with this Court certifying that production to Plaintiffs is complete no later than **May 31, 2019**.

Baylor is further **ORDERED** to certify that it has completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565), no later than **May 31, 2019**.

**SIGNED** on May 17, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE