IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § | |
| Plaintiffs, | § § | 6:16-CV-173-RP |
| v. | § § § | *Consolidated with* 6:17-CV-228-RP 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § § | |
| Defendant. | § § | |

## ORDER

On August 21, 2017, the Court entered the parties' Stipulated Order Regarding Discovery of Electronically Stored Information, which set a time frame for discovery. (ESI Order, Dkt. 176). The parties agreed: "Only ESI created or received between January 1, 2003 and June 15, 2016 will be preserved and produced. The foregoing date limitations, however, do not prevent the parties from contending that relevant evidence arose or exists outside the date limitations." (*Id.* ¶ 1(b)). The parties' recent briefing indicates that those dates are now in dispute.[1] However, the parties agree that the ESI Order dates should be revised. (*See* Baylor Mot. Protection, Dkt. 621, at 7).

The Court also agrees that the dates in the ESI Order must be revised. "The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). On February 6, 2019, the Court consolidated discovery in this action with *Jane Doe 11 v. Baylor University*, No. 6:17-cv-228-RP and *Jane Doe 12 et. al v. Baylor University*, No. 6:17-cv-236-RP, which allege relevant facts after June 15, 2016. For example, Jane Doe 11 alleges that she was sexually assaulted in April 2017. (*See Jane Doe 11 v. Baylor University*, No. 6:17-cv-228-RP

---

[1] (*See, e.g.*, Pepper Hamilton Mot. Reconsid., Dkt. 612, at 4; Mot. Reconsid. Ketchum Order, Dkt. 628, at 3; Pls.' Resp. Mot. Reconsid. Ketchum Order, Dkt. 633, at 5).

(Compl., Dkt. 1, ¶ 51)). Additionally, Jane Doe 12, Jane Doe 14, and Jane Doe 15 allege that they were assaulted in March, April, and February 2016, respectively. (*See Jane Doe 12 et. al v. Baylor University*, No. 6:17-cv-236-RP (Am. Compl., Dkt. 14, ¶¶ 50, 69, 106–09, 136)). Given that Baylor's response to their reports of sexual assault is a central question of fact in this case, and the university's response to assaults reported in winter and spring 2016 would have almost certainly continued after June 15, 2016, Plaintiffs' requests for information after that date is reasonably calculated to lead to the discovery of admissible evidence that may be relevant to either Plaintiffs' claims or Baylor's defense, or both. *See Crosby*, 647 F.3d at 262. The Court also notes that it has already rejected Baylor's proposed restrictions on the scope of discovery regarding, for example, Baylor's implementation of Pepper Hamilton's recommendations in the summer of 2016 and the Baylor Regents' decision in the fall of 2016 affirming the investigation and findings. (Order on Scope of Discovery, Dkt. 565).

Agreed amended ESI dates will resolve a number of issues pending in the Court's docket. The parties are **ORDERED** to confer in good faith and submit joint proposed amended ESI dates in the following format on or before **May 23, 2019, at 12:00 p.m. CDT**:

> "Only ESI created or received between January 1, 2003 and _____ will be preserved and produced. The foregoing date limitations, however, do not prevent the parties from contending that relevant evidence arose or exists outside the date limitations."

These dates will apply for all discovery in this case.

**SIGNED** on May 20, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE