UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP |
| v. | § § | Consolidated with |
| BAYLOR UNIVERSITY, | § § § | 6:17-CV-228-RP<br>6:17-CV-236-RP |
| Defendant. | § § | |

**BAYLOR UNIVERSITY'S MOTION FOR RECONSIDERATION AND
CLARIFICATION OF THE COURT'S MAY 17, 2019 ORDER ON PLAINTIFFS'
MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION (DKT. 631)
AND REQUEST FOR EXTENSION OF TIME TO CERTIFY PRODUCTION**

On June 8, 2018, the plaintiffs in the lead case, Jane Does 1-10 ("Plaintiffs"), filed their Motion to Compel Responses to Request for Production and Telephonic Hearing (the "Motion"). Dkt. 330.  In that 6-page Motion, Plaintiffs asked this Court to summarily overrule almost all of Baylor's objections, including those asserting work-product and attorney-client privileges, to Plaintiffs' 106 requests for production.  In doing so, Plaintiffs failed to provide the Court with any real description of the discovery requests in dispute, the nature of the parties' dispute, or why they should be entitled to the requested information.  Instead, as Plaintiffs admitted in their Motion, they merely set forth Baylor's objections to the document requests by category and then numerically listed the requests for which a particular objection was asserted.  Plaintiffs stated in their Motion that "this method seemed preferable to individual briefing over 100 requests and objections." *Id.* at 3.

But individually briefing the requests and objections is what they should have done.  As set forth below, the summary approach used by Plaintiffs has been found deficient by federal courts because it fails to identify the movant's specific complaints about the other party's objections and thus fails to supply the court with the information necessary to grant the relief sought.  As a result, when this Court overruled "all of Baylor's objections" to Plaintiffs' discovery requests on May 17 (Dkt. 631), it did so without the benefit of what is required for a motion to compel: a specific identification from Plaintiffs of the nature and basis of the dispute *as to each discovery request*.  Because of Plaintiffs' failure to appropriately present their Motion, Baylor was deprived of adequate notice and a meaningful opportunity to respond.  Accordingly, Baylor requests that the Court reconsider its May 17 Order and require Plaintiffs to file an amended motion to compel, after conferring with Baylor, that will afford Baylor that opportunity.

In addition, Baylor requests reconsideration and clarification of that portion of the May 17 Order requiring a certification of completed production by May 31, 2019.  Baylor also requests an extension of time to so certify.  While Baylor made a supplemental production on May 31, it asks

that it not be required to certify production until the Court has ruled on this motion. There are also logistical problems that prevent a final and complete production by May 31, as discussed below. In addition, Baylor seeks clarification of its obligation to certify that it has "completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565)," as that was an order denying a Motion for Protection that did not address requests for production, as well as other orders of the Court (including those at Dkt. 565, Dkt. 637, and Dkt. 168).

**I.   Plaintiffs' Motion to Compel was improper because it failed to specifically identify the nature and basis of the parties' dispute as to each discovery request.**

"There are at least three 'threshold requirements for a proper Rule 37(a) motion to compel.'" *Eagle Railcar Servs.-Roscoe v. NGL Crude Logistics, LLC*, No. 1:16-CV-0153-BL, 2018 U.S. Dist. LEXIS 85415, at *40 (N.D. Tex. May 22, 2018) (quoting *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017)). The movant must:

> (1) meet and confer regarding the specific discovery disputes at issue; (2) attach a copy of the discovery requests, responses, and objections that are placed at issue by the motion; and (3) *specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute.*

*Id.* (emphasis added); *see also Samsung*, 325 F.RD. at 594 (movant must explain how a response is deficient, ask "for specific relief as to each request," and discuss "each discovery request in dispute"); *see also Townsend v. Imerial Cnty.*, No. 12-cv-2739, 2014 U.S. Dist. LEXIS 69205, *1 (S.D. Cal. May 16, 2014). As the Advisory Committee on the 2015 Amendments to Rule 26 explained, "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 Advisory Committee's note (2015). In fact, *all* motions must "state with particularity the grounds for seeking the order"—not just motions to compel. FED. R. CIV. P. 7(b)(1)(B).[1]

---

[1] Indeed, to prevail on a motion to compel, the party seeking discovery "may well need to make its *own* showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

Motions to compel that fail to meet the above requirements are routinely denied. *See, e.g.*, *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-cv-2719-B, 2018 U.S. Dist. LEXIS 131113, at *53-54 (N.D. Tex. July 16, 2018) (denying a motion to compel on grounds that it "did not include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute"); *Stancu v. Hyatt Corp.*, No. 3:17-cv-675-L-BN, 2018 U.S. Dist. LEXIS 23981, at *3-4 (N.D. Tex. Feb. 14, 2018); *Seastrunk v. Entegris, Inc.*, No. 3:16-cv-2795-L, 2017 U.S. Dist. LEXIS 206901, at *24-27 (N.D. Tex. Dec. 15, 2017); *Parks, LLC v. Tyson Foods, Inc.*, No. 5:15-cv-00946, 2015 U.S. Dist. LEXIS 112861, at *26 (E.D. Pa. Aug. 25, 2015) ("As Defendants have made only sweeping references to all 115 requests, Defendants' Motion fails to carry this burden."); *Williams v. Cate*, No. 09-0468, 2011 U.S. Dist. LEXIS 143862, at *3 (E.D. Cal. Dec. 14, 2011) ("Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."); *Pravak v. Meyer Eye Grp., PLC*, No. 2:07-2433-MlV, 2009 U.S. Dist. LEXIS 136796, at *4 n.3 (W.D. Tenn. Oct. 22, 2009) (holding that defendant's motion to compel—which took issue with nearly every discovery response provided by plaintiff—"did not address each of [the plaintiff's] answers with the requisite specificity" and "therefore . . . [the] motion essentially fail[ed] to supply the court with adequate grounds to grant the relief sought.").

Plaintiffs' failure to explain the importance of each of their requests or the alleged inadequacy of Baylor's response in the context of those requests deprived Baylor of adequate notice and a meaningful opportunity to respond, and it failed to provide the Court with adequate grounds

---

the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing." *Thompson v. Toyota Motor Sales, USA, Inc.*, No. SA-16-CA-00645-DAE, 2017 U.S. Dist. LEXIS 219236, at *3 (W.D. Tex. May 30, 2017); *see also Crossland v. Nationwide Mut. Ins. Co.*, No. EP-18-CV-00085-DCG, 2018 U.S. Dist. LEXIS 173878, at *2-3 (W.D. Tex. Oct. 9, 2018) ("The party seeking discovery bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.").

to grant the relief requested.[2]

## II. Plaintiffs should be required to file an Amended Motion to Compel.

### A. Given the passage of time and subsequent productions of information, the parties should be required to revisit any remaining disputes.

Plaintiffs should have followed the above process when they filed their Motion to Compel in June 2018, but it is even more important that they do so now. Nearly a year elapsed between the filing of the Motion and the Court's ruling. In its recent ruling on another motion to compel, the Court recognized the efficiency of having the parties revisit old discovery disputes before requesting further assistance from the Court. Dkt. 599 at 2; *see also* Fed. R. Civ. P. 26 Advisory Committee's note (2015) ("The parties may begin discovery without a full appreciation of the factors that bear on proportionality."). In that instance, the Court's decision to require an amended motion to compel enabled the parties to significantly narrow the issues presented to the Court. *See* Dkt. 599, 605. Baylor respectfully asks that the Court reconsider its May 17 Order and require a similar process here.

The consolidation of *Jane Does 1-10* with *Jane Does 11* and *Jane Does 12-15* provides an additional reason to require this process, as the issues presented will impact the scope of discovery going forward. Before consolidation, the relevant time period for discovery purposes for this litigation had been, for the most part, 2003 to June 2016, with some exceptions beyond that date for

---

[2] In its Response to Plaintiffs' Motion, Baylor pointed out that Plaintiffs' global approach to the Motion was not proper under the relevant case law. Dkt. 336 at 3. Plaintiffs failed to respond to this point in their Reply. Instead, they argued that the Court should summarily overrule all of Baylor's objections because they were "boilerplate." (Dkt. 368 at 4). The case Plaintiffs cited in support of this argument in their Reply is easily distinguished. In that case, *Tsanacas v. Amazon, Com., Inc.*, the Court found waiver when the Defendant made the same general objection to each of the discovery requests propounded in the case. No. 4:17-CV-00306, 2018 U.S. Dist. LEXIS 3105, *6 (E.D. Tex. Jan. 8, 2018). Here, Baylor made specifically-tailored objections to each request and explained in detail the reasons for its objections. *See* Dkt. 330-5, 330-6, 330-7, 330-8. Given the scope and breadth of the requests, lengthy and detailed objections were necessary to, among other things, preserve privileges, address privacy concerns of non-parties, and ensure appropriate proportionality.

specific categories of documents.  Following the Court's May 20 Order regarding the ESI date cut-off, the parties had a productive face-to-face meeting to discuss the need to broaden the relevant time period in light of the addition of Jane Doe 11.  At that meeting, Baylor also informed Plaintiffs of its intent to file this motion, and the parties discussed some potential solutions to some of the discovery disputes.  Further discussion will hopefully lead to resolution that could minimize future discovery disputes in this case and *Jane Doe 11* and *Jane Does 12-15*.

**B. A more comprehensive process is necessary to address Baylor's objections on privilege and other grounds.**

Even putting aside the passage of time and the probability that the parties could now reach agreement on some of Plaintiffs' requests, the Court should still require Plaintiffs to file an amended motion.  Many of the requests which are the subject of Plaintiffs' Motion to Compel seek privileged attorney-client and work product communications, the privileged nature of which had never been briefed or presented to the Court.  Baylor should have the opportunity to know what Plaintiffs are seeking by these requests, and present evidence in support of any privilege objections, before the Court rules on the validity of Baylor's objections.  By way of example only, below are some of the requests that seek privileged materials.[3]

> **Requests for Production Nos. 9 and 10 (Pepper Hamilton materials not related to the investigation).**  These requests seek all information and materials exchanged between Baylor and Pepper Hamilton, as well as "Baylor's file materials" pertaining to work performed by Pepper Hamilton, regardless of subject matter or time frame.  Baylor objected because this Court has found waiver of the attorney-client privilege only as it relates to the Pepper Hamilton investigation.  Pepper Hamilton has done other work for Baylor, and the requests are broad enough to encompass privileged materials related to that other work.  Plaintiffs have not explained why they need or are entitled to such privileged materials.  Once Plaintiffs provide this explanation, Baylor should have an opportunity to meaningfully respond.[4]

---

[3] Due to page limitations, Baylor is not able to set forth all the requests that implicate privilege issues. If Plaintiffs are required to file an Amended Motion to Compel specifically addressing each request, Baylor will be able to provide focused briefing and support on the privilege issues.

[4] Indeed, the issue of the discoverability of Pepper Hamilton materials related to matters, other than the investigation, is the subject of briefing filed on May 2 related to the subpoena issued to Pepper

**Requests for Production Nos. 22, 23, 24, 25 and 26 (Communications related to employee separations).** These requests seek documents and communications related to the separation of Briles, Starr, Hill, and McCaw. Baylor objected because the requests as worded seek privileged documents, including, for example, communications between Baylor and its counsel regarding these matters and related mediations.[5]

**Requests for Production Nos. 28 and 40 (Documents and communications related to any Issue of Concern and any investigation, internal or independent into Issues of Concern).** Baylor objected because these requests seek documents protected from disclosure by the attorney-client and work product privileges. As worded, the requests are so broad that they would encompass investigations by and communications with outside counsel pertaining to other litigation involving sexual assaults, as well as documents reflecting legal advice about Title IX investigations involving non-party students.

**Request for Production No. 32 (Documents and communications related to Baylor's communications with the Department of Education).** This request seeks documents and communications pertaining to an ongoing investigation by the Department of Education. While Baylor has provided communications with and information provided to the Office of Civil Rights in 2016 and 2017 as part of that investigation, it has withheld privileged communications, both internally and with outside counsel, regarding the investigation.[6]

With respect to any of the requests implicating privilege (other than those on which the Court has found waiver), Plaintiffs should be required to clarify what they are seeking by the request and Baylor should be provided an opportunity to respond, including presenting evidence of privilege, if necessary.

Privilege is not the only issue implicated by Plaintiffs' requests, and Baylor also respectfully requests the opportunity to address several other objections that the Court overruled in its May 17 Order. Some of these other objections, again as examples only, are set forth below.

---

Hamilton. Baylor incorporates its briefing and evidence on the privileged nature of the materials requested into this Motion. *See* Dkt. 621 & 641.

[5] Baylor recognizes that, as to certain agreements, the Court previously noted that some of those settlements have been made public. Dkt. 565 at 5. However, many of the communications surrounding those agreements remain privileged.

[6] With respect to all the requests seeking privileged materials, Plaintiffs may argue in response that Baylor should just log all such information. Such a proposal is not feasible, appropriate or proportional to the needs of the case. Plaintiffs should first articulate whether they are actually seeking all of the privileged materials that appear to be encompassed by their requests. The parties can then discuss the issue of logging such materials once Plaintiffs clarify their requests.

**Request for Production No. 53 (Documents within, from, or to the Athletic Department related to Issues of Concern).** The only alleged assault after the issuance of the Findings of Fact and Recommendations was Jane Doe 11's, an assault which did not involve any student-athletes or the Athletics Department. If Plaintiffs are seeking communications regarding such issues after June 2016, they should articulate what information they want and why they need it.

**Request for Production No. 54. (Financial records, budgets and other records showing the receipt of federal funds from 2003 to the present).** Baylor has admitted it is a recipient of federal funds. In light of that admission, Plaintiffs should explain why they still need all financial documents from 2003 through the present date.

**Request for Production No. 58 (Copies of fee contracts and redacted fee statements for counsel paid for by Baylor on behalf of any coach, administrator, faculty, or staff named as a party or witness to proceedings involving Issues of Concern).** As this Court is aware, Baylor has been a party to other lawsuits and other proceedings. As a result of those proceedings, individual employees have needed counsel and Baylor has, on multiple occasions, offered to pay for their counsel. Gathering and redacting fee statements for all such counsel would be an onerous and burdensome task. Again, Plaintiffs should be required to inform the Court why they need the information.[7]

With these requests (and others), Baylor should be afforded an opportunity to meaningfully respond, including by presenting evidence of burden and lack of proportionality—arguments that will be informed by the massive production that has already occurred, at tremendous expense.

The above requests are not all inclusive but highlight the need for clarity with respect to the issues presented by Plaintiffs' Motion and this Court's Order. If Plaintiffs had filed a proper Motion to Compel, they would have individually addressed each request, identified with specificity the information they were seeking, and provided a concise statement explaining why they are entitled to the information. Baylor would then have responded with specificity to Plaintiffs' arguments. But because Plaintiffs did not address their requests or Baylor's objections with particularity, the specific requests and objections were never in play. Baylor could not meaningfully respond, and the Court did not have the benefit of both parties' explanations and briefing when it ruled. Baylor requests that the Court reconsider its May 17 Order overruling all of Baylor's objections to Plaintiffs'

---

[7] Further, Baylor is amenable to discussing with Plaintiffs other approaches to providing information in response to this request.

discovery requests until the issues are either agreed upon by the parties or properly presented and briefed for the Court consistent with the above.

### III. Baylor seeks clarification of its obligation to certify production and an extension of time to so certify.

In September 2018, in connection with the ongoing discovery in the *Jane Does 1-10* case, Baylor filed an Amended Motion for Protection Relating to the Scope of Discovery ("Amended Motion"). Dkt. 517. The Amended Motion requested that the Court prohibit discovery regarding several subjects, including, *e.g.,* financial conflicts of interest and investment matters pertaining to the Board of Regents, student sexual assault incidents reported after February 2016, and communications with public relations firms related to anticipated or pending litigation. *Id.* Baylor filed the Amended Motion in light of ongoing disputes associated with depositions and third-party subpoenas in an attempt to efficiently present the issues to the Court for resolution. *Id.* at 1-4. In ruling on Baylor's Amended Motion, the Court noted that it "appreciate[d]" the attempt at efficiency but declined to grant the requested relief. Dkt. 565 ("October 10 Order") at 3. In doing so, however, the Court stated that '[a]ny party to this case retains the right to seek a protective order from a specific discovery request, for good cause shown, on an individual basis." *Id.* at 6.

It was Baylor's good-faith interpretation of the October 10 Order that the Court had simply declined to provide blanket relief on general topics but instead preferred to rule on objections in the context of a specific discovery request. Indeed, the October 10 Order did not address or overrule any of Baylor's pending objections to individual discovery requests. In fact, Baylor's Amended Motion focused on third-party subpoenas and depositions. And for several of the topics addressed in Baylor's Amended Motion—such as disputes among Regents regarding the general operations of the University, or financial conflicts of interest and investment matters pertaining to Regents—there were not any specific discovery requests propounded to Baylor for those materials.

In its May 17 Order, the Court stated that, with respect to the October 10 Order, it "overrul[ed] nearly all of Baylor's proposed limitations on the scope of discovery," and it ordered Baylor "to certify that it has completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565) no later than May 31, 2019." Because Baylor's motion for protection had not sought relief in the context of any specific discovery request, and because Baylor did not understand the October 10 Order to compel production, Baylor seeks clarification of what this Court requires in terms of a certification that production is complete in light of the Court's October 10 Order.

Baylor also asks for clarification of its certification obligation in other respects.  For example, in some instances, Baylor needs the Court's guidance on how to interpret the May 17 Order consistent with prior orders.  For example, Request for Production No. 20 seeks communications between Baylor and local counselors for student referrals to outside counselors.  The Court has previously ruled that health and counseling records of non-party students are not discoverable. However, because the May 17 Order overrules all of Baylor's objections, Baylor needs clarification regarding whether Baylor must produce *communications* regarding individual students.  Similarly, requests 6, 7, and 8 seek communications between Baylor and local law enforcement regarding open investigations.  The Court has previously ruled in regard to open investigations being conducted by the NCAA, the Big XII, and the Texas Rangers that such communications are not discoverable because disclosing such communications "during an ongoing investigation could compromise the investigation."  Dkt. 146 at 9.  Accordingly, Baylor seeks clarification regarding whether it must produce documents and communications regarding open law enforcement investigations, or whether the Court's order should be read together to limit these requests to closed investigations. Likewise, requests 22-26 seek documents and communications related to the separation of Briles, Starr, Hill and McCaw from Baylor.  While the Court previously held that the Starr separation agreement is discoverable, the Court also held that Baylor was not required to produce the other

settlement agreements. Thus, Baylor seeks clarification regarding whether it is required to produce documents and communications related to the settlement agreements this Court previously ruled Plaintiffs were not entitled to. Further, with respect to the requests to which Baylor objected on the basis of vagueness and ambiguity, Baylor still needs clarification regarding what information is sought by the requests.

### IV.     Baylor requests an extension of time to certify production.

The May 17 Order requires Baylor to certify production by May 31. Baylor requests that the Court extend that deadline to a reasonable date following the Court's resolution of the issues presented by this Motion. The need for an extension is related both to the relief Baylor seeks in this motion and to the practical difficulties of production. As for the practical problems: the May 17 Order gave Baylor nine business days to comply. The time for compliance included graduations, Memorial Day, and other end-of-semester activities. Further, depending upon how the Court resolves the issues herein, many of the requests seek information from 2003 onward and will result in a sizable production to be processed by counsel. In short, depending upon the resolution of the issues presented by this Motion, Baylor will need to sufficient time beyond May 31 to comply.

For the reasons stated above, Baylor requests that this Court grant this motion and:

(1) Reconsider its May 17 Order to the extent it overruled "all" of Baylor's objections to Plaintiffs' requests for production until (a) the parties have conferred in person, (b) Plaintiffs file an amended motion to compel that specifically briefs each request and objection on which the parties cannot agree, and (c) Baylor has an opportunity to respond to that amended motion, including presenting evidence in support of its objections as needed;

(2) Reconsider and clarify that portion of its May 17 Order requiring that Baylor certify by May 31 that production is complete consistent with the May 17 Order and prior orders, and also to "certify that it has completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565)"; and

(3) Extend Baylor's time to comply with the May 31 certification deadline in the May 17 Order until the issues raised by this motion have been resolved.

Baylor further requests any other relief to which it may be entitled.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:   /s/ Julie A. Springer
      Julie A. Springer
      State Bar No. 18966770
      jspringer@wshllp.com
      Sara E. Janes
      State Bar No. 24056551
      sjanes@wshllp.com
      Geoffrey D. Weisbart
      State Bar No. 21102645
      gweisbart@wshllp.com


**THOMPSON & HORTON LLP**
Lisa A. Brown
Texas Bar No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF CONFERENCE

Baylor's counsel conferred with Plaintiffs' counsel about the relief requested in this motion. They are opposed.  *See* Exhibit A.

/s/ Julie A. Springer  
Julie A. Springer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on May 31, 2019, via the Court's ECF/CMF electronic service system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn (Attorney in Charge)<br>**BRAZIL & DUNN, L.L.P.**<br>3303 Northland Drive, Suite 205<br>Austin, Texas 78731 | *Via ECF: chad@brazilanddunn.com* |
| Mr. K. Scott Brazil<br>**BRAZIL & DUNN, L.L.P.**<br>13231 Champion Forest Drive, Suite 460<br>Houston, Texas 77069 | *Via ECF: scott@brazilanddunn.com* |
| Mr. Jim Dunnam<br>**DUNNAM & DUNNAM, L.L.P.**<br>4125 West Waco Drive<br>Waco, Texas 76710 | *Via ECF: jimdunnam@dunnamlaw.com* |

/s/ Julie A. Springer  
Julie A. Springer