IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § | |
| | § | |
| | § | 6:16-CV-173-RP |
| Plaintiffs, | § | |
| | § | *Consolidated with* |
| v. | § | 6:17-CV-228-RP |
| | § | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>ORDER</u>

Before the Court are Pepper Hamilton's Motion for Reconsideration, (Dkt. 612), Plaintiffs' Amended Motion to Compel and Motion for Sanctions against Pepper Hamilton, (Dkt. 618), Baylor's Motion for a Protective Order Regarding Pepper Hamilton's Work Separate From the Investigation, (Dkt. 621), and the parties' extensive briefing on all three motions.

On June 7, 2019, the Court resolved the motions in part and set a hearing to decide all outstanding issues. (Order on Pepper Hamilton Production (Part I), Dkt. 653). The Court held the hearing on June 17, 2019. (Minute Entry, Dkt. 665). Having considered the parties' submissions at the hearing and in their briefing, the law, and the record in this case, the Court enters the second part of its Order. This Order fully incorporates the Order dated June 7, 2019, (Part I, Dkt. 653), and the two should be read together.

### I. THE DISCOVERY MOTIONS

For the reasons stated herein and on the record at the hearing, **IT IS ORDERED** that Pepper Hamilton's Motion for Reconsideration and/or Clarification, (Dkt. 612), is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent that Pepper Hamilton may withhold materials for the original ESI period of January 1, 2003, to June 15, 2016, for which Baylor

submitted a privilege log to Plaintiffs by the date of this Order. All other relief requested by Pepper Hamilton is **DENIED**.

**IT IS FURTHER ORDERED** that Baylor's Motion for Protection Regarding Pepper Hamilton's Work Separate from the Investigation, (Dkt. 621), is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order. Specifically:

- The motion is **GRANTED** to the extent that the Court will allow Baylor to assert attorney-client privilege and work product privilege for the materials dated from June 15, 2016 to November 6, 2017, which includes the "Other Matters" that Pepper Hamilton worked on in addition to the investigation.
- Baylor's request for an order that "Plaintiffs are prohibited from seeking discovery of any communications or documents in connection with the Other Legal Matters from Baylor or any third party, including Pepper Hamilton," is **DENIED**. The Court will order production of these materials, subject to Baylor's privilege.
- All other relief requested is **DENIED**.

Based on the parties' submissions at the hearing, the Court finds that an independent third party vendor is the most efficient and most secure way to manage production of these materials— this method will allow a nonpartisan transfer of the materials; it will minimize the burden on Pepper Hamilton; it will enable Baylor to assert the privilege as provided by the Court's Orders; and it will protect Plaintiffs' ability to review and challenge privilege designations as appropriate. The Court is sensitive to Plaintiffs' argument questioning Baylor's designation of privileged materials and will revisit this Order if it appears that Baylor is abusing its opportunity to designate privileged material.

Baylor and Plaintiffs are **ORDERED** to confer and select a third party vendor. The parties shall file a notice with the Court no later than **June 28, 2019**, advising that a vendor has been hired. Baylor and Pepper Hamilton shall bear the cost of the vendor, by whatever distribution they find appropriate.

The Court notes Baylor's statements at the hearing that the September 2018 certification was incorrect and should not have been filed. (*See* Certification, Dkt. 618-2; Hr'g Tr.). The Court cautions Baylor that even inadvertent violation of a discovery order is eligible for sanctions, and the Court will consider sanctions if Baylor makes further production of Pepper Hamilton materials without adequate explanation. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted); *Chilcutt v. United States*, 4 F.3d 1313, 1322 (5th Cir. 1993).

**IT IS FURTHER ORDERED** that the parties shall confer and agree to an amended deadline for Baylor to certify that it has completed production of all non-privileged Pepper Hamilton material and accompanying privilege logs. The parties shall file a notice advising the Court of the amended deadline no later than **August 1, 2019**.

**IT IS FURTHER ORDERED** that the Court will adopt a special procedure for the supplemental privilege logs that Baylor produced after certifying it had completed all non-privileged production. Baylor is **ORDERED** to produce unredacted versions of the materials added to the supplemental privilege logs between March 15, 2019, and June 20, 2019—which is the span of time between Pepper Hamilton's deadline to file any objections and the date of this Order—directly to the third party vendor on or before **August 20, 2019**. The Court will order the third party vendor to provide random selections of this material to the Court for an *in camera* privilege review.

Regarding whether Pepper Hamilton ever prepared a final or internal written report on the investigation, the Court asked Baylor to explain references to a report in certain billing records and emails. At the hearing, Baylor proffered statements by a Pepper Hamilton attorney who testified that they refer to internal attorney work product. If Plaintiffs have remaining concerns about this issue, they may raise that with the Court.

**IT IS FURTHER ORDERED** that pursuant to the terms of this Order and the Court's prior Orders granting Plaintiffs' motion to compel Pepper Hamilton to respond to the subpoena,

(Dkts. 597, 607, 653), Pepper Hamilton is **ORDERED** to produce all materials responsive to the subpoena in its custody and control that were dated, created, or received between January 1, 2003, and November 6, 2017, to the designated third party vendor immediately upon the parties' notification to the Court that a vendor has been hired.  Pepper Hamilton is not entitled to withhold any materials from the third party vendor. All restrictions on production to Plaintiffs will be facilitated by the vendor. Pepper Hamilton shall certify to the Court that this production is complete no later than **July 10, 2019**.

  **IT IS FURTHER ORDERED** that no later than **September 9, 2019**, Baylor shall (1) produce privilege logs to Plaintiffs for all materials produced by Pepper Hamilton to the third party vendor, and (2) certify to the Court when this production is complete. Baylor advised the Court during the hearing that sixty days was a realistic deadline to complete its privilege logs for this material, so the Court has adopted that deadline. (*See* Hr'g. Tr.).

  If either Plaintiffs or the Court request that Baylor substantiate its privilege designation, Baylor must be prepared to make a prima facie showing that each communication, document, or material thing for which privilege is claimed can satisfy all of the elements of the privilege.[1]

---

[1] *See, e.g., EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)) ("For a communication to be protected under the [attorney-client] privilege, the proponent 'must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'"); *S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006) (To assert work product privilege, a party must show: "(1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; [and] (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party.") (citations omitted). The Court will not consider conclusory or generalized assertions of privilege. *See, e.g., EEOC*, 876 F.3d at 695 ("[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient.").

## II.  THE MOTION FOR SANCTIONS

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion to Compel and Motion for Sanctions against Pepper Hamilton, (Dkt. 618), is **GRANTED**. The Court finds by clear and convincing evidence that Pepper Hamilton knowingly violated a Court order to permit discovery under Rule 37 when it failed to file all of its objections by the court-ordered deadline of March 15, 2019, and then failed to comply with the court-ordered deadline to produce materials to Plaintiffs by April 11, 2019. Fed. R. Civ. P. 37(b)(2). By this same conduct, Pepper Hamilton knowingly failed to comply with Plaintiffs' subpoena and a related court order. Fed. R. Civ. P. 45(g). (*See* March 7th Order, Dkt. 597; Mot. Objecting to Production, Dkt. 601; March 28th Order, Dkt. 607; Mot. Reconsid., Dkt. 612). Instead, Pepper Hamilton produced nothing and filed a new motion raising untimely. (*See id.*). This conduct is fully detailed in Part I of this Order. (*See* Part I, Dkt. 653). Pepper Hamilton's subsequent submissions to the Court do not provide an adequate excuse or justification, particularly given that all of Pepper Hamilton's objections have been available since 2017. Indeed, Pepper Hamilton offered no new explanation at the hearing. The evidence of Pepper Hamilton's conduct in violation of the Court's orders is so "clear, direct, weighty, and convincing" that the Court reaches this conclusion with clear conviction and without hesitancy. *See Waste Mgmt. of Washington, Inc. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015).

Under Rule 37, if a motion to compel disclosure and appropriate sanctions is granted, "the court must, after giving an opportunity to be heard, require the party . . .  whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must not award fees if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's

nondisclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *Id.*

Rule 37 is satisfied here. The Court provided Pepper Hamilton with an opportunity to be heard on June 17, 2019. (*See* Hr'g Tr.). Pepper Hamilton's conduct necessitated Plaintiffs' amended motion to compel and motion for sanctions. (*See* Mot. Sanctions, Dkt. 618). Further, none of Rule 37's exceptions apply: (1) the record indicates that Plaintiffs sought to confer with Pepper Hamilton repeatedly in good faith and yet were unable to obtain discovery without court action; (2) there is no evidence or argument in the record that would justify Pepper Hamilton's conduct; and (3) there are no circumstances here that would make an award of expenses unjust. The Court concludes that a sanction of reasonable expenses and attorney's fees is proper.

Accordingly, **IT IS ORDERED** that Pepper Hamilton LLC shall pay all of Plaintiffs' reasonable expenses incurred in making their Amended Motion to Compel and Motion for Sanctions, including attorney's fees. (*See* Mot. Sanctions, Dkt. 612). Plaintiffs are directed to file a motion detailing their reasonable attorney's fees and expenses, with supporting documentation, on or before **August 20, 2019**. Plaintiffs may file supporting documentation under seal.

Pepper Hamilton and Baylor's production obligations take effect immediately according to the terms of this Order.

The Court will not consider extensions to the deadlines in this Order except in the most exceptional circumstances.

**SIGNED** on June 21, 2019.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE