IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § | |
| Plaintiffs, | § § | 6:16-CV-173-RP |
| v. | § § | *Consolidated with*<br>6:17-CV-228-RP |
| BAYLOR UNIVERSITY, | § § § | 6:17-CV-236-RP |
| Defendant. | § § | |

### ORDER

On May 17, 2019, after two rounds of briefing by the parties, the Court granted Plaintiffs' Motion to Compel Baylor's Responses to Requests for Production. (*See* Pls.' Mot., Dkt. 330; Pls.' Supp., Dkt. 481; Order Granting Pls. Mot., Dkt. 631). That Order directed Baylor to: (1) produce unredacted and complete versions of all responsive materials, (2) file a notice with this Court certifying that production to Plaintiffs is complete no later than May 31, 2019, and (3) also certify that it has completed production in light of the Court's Order on the Scope of Discovery, (Dkt. 565), no later than May 31, 2019. (Order, Dkt. 631, at 5).

On that date, Baylor filed a Motion for Reconsideration and Clarification. (Mot. Reconsid., Dkt. 646). The same day, Baylor also filed an advisory styled as a response to the deadline, informing the Court that Baylor has supplemented its production in part, but requests an extension to certify that production is complete. (Response to Certification Deadline, Dkt. 648, at 1). Plaintiffs filed responses to both Baylor's Motion, (Pls. Resp. Mot., Dkt. 663), and to Baylor's Response to Certification Deadline, (Pls. Reply to Certification Deadline, Dkt. 661). Baylor filed a reply regarding the motion. (Dkt. 668). Baylor requested an oral hearing on the motion; Plaintiffs did not object. (Dkts. 647, 657).

1

Baylor's Motion for Reconsideration and Clarification makes three requests. (Mot. Reconsid., Dkt. 646). First, Baylor argues that Plaintiffs' motion to compel was inadequate because it did not specifically identify the nature and basis of the dispute as to Plaintiffs' 106 discovery requests. Baylor asks the Court to rescind its order and direct Plaintiffs to confer with Baylor and then file an amended motion to compel that briefs each RFP individually. Second, Baylor requests an extension for the May 31, 2019 deadline to certify complete production in response to the RFPs. Third, Baylor seeks clarification of the Court's order to certify that it has "completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565)," given that that order denied a motion for protection; it did not grant a motion to compel. Having considered the parties' submissions, the law, and the record in this case, the Court enters the following order.

## I.  DISCUSSION

### A.  Reconsideration of the Motion to Compel

Baylor's Motion for Reconsideration does not state persuasive grounds for the Court to direct the parties to repeat the entire process of conferring and briefing all of Plaintiffs' requests for production. Plaintiffs properly briefed their motion to compel and the Court applied the correct standard in granting it. However, in reviewing its prior order, the Court has determined that it gave inadequate consideration to some of Baylor's briefed objections. The Court will therefore revisit the objections that Baylor timely briefed in its original response to Plaintiffs' motion—to the extent that they are not already resolved or otherwise moot. (*See* Resp., Dkt. 336). The Court will briefly address Baylor's argument regarding the motion to compel, and set a hearing to resolve any outstanding issues for the objections that Baylor timely briefed.

#### 1.  The Motion to Compel

Baylor argues that the Court applied the wrong standard in granting Plaintiffs' motion to compel, and that the motion to compel was invalid because Plaintiffs did not "specifically identify

2

the nature and basis of the dispute as to their 106 discovery requests." (Reply, Dkt. 668, at 2). But Baylor fails to provide a single published authority from within this district[1] to support that standard for a motion to compel—and Baylor's own motion to compel in this case would not meet that standard. (*See* Mot., 257, Am. Mot., 605). Instead, like Plaintiffs, Baylor described categories of disputes with Plaintiffs and listed disputed RFPs in batches. But Baylor now asks to hold Plaintiffs to a different and substantially more burdensome standard. The Court rejects that proposal.[2]

The Court is satisfied that Plaintiffs' original motion to compel and supplemental briefing satisfied the legal standard for a motion to compel. Plaintiffs certified that they had conferred or attempted to confer in good faith with Baylor. (Mot., Dkt. 330, at 8); Fed. R. Civ. P. 37(a)(2). Based

---

[1] Baylor's sole published authority comes from the Northern District of Texas, which held that "for a proper Rule 37(a) motion to compel," a motion "must *specifically and individually identify each discovery request in dispute* and *specifically, as to each request, identify the nature and basis of the dispute*, including, for example, explaining . . . how a response or answer is deficient or incomplete." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) (emphasis added). But case law in this district does not include language that requires a movant to "specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute." Here, "the burden is on the moving party to *show clearly* that the information sought is relevant to the case and would lead to admissible evidence." *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) (emphasis added). "To prevail on a motion to compel . . . *the party seeking discovery may well need to make its own showing of many or all of the proportionality factors* set out in Rule 26(b)(1); *however, a party resisting discovery still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation* mandated by Rule 26(b) by coming forward with specific information to address . . . the factors enumerated in Rule 26(b)(1)." *Team Express Distrib., LLC v. Junction Sols., Inc.*, No. CVSA15CA00994DAE, 2017 WL 10820159, at *1 (W.D. Tex. Aug. 30, 2017) (citing *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 435 (N.D. Tex. 2016)) (emphasis added).

[2] For Baylor's benefit and the avoidance of doubt in the future, the Court reiterates the proper standard. A party may serve a request for production "within the scope of Rule 26(b), which is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); 34(a). If "a party fails to produce documents or fails to respond . . . as requested under Rule 34," the requesting party may move to compel production. Fed. R. Civ. P. 37(a)(3)(B)(iv).

"Once the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Allen v. Priority Energy Servs., L.L.C.*, No. MO16CV00047DAEDC, 2017 WL 7789280, at *1 (W.D. Tex. Jan. 30, 2017) (citing *Export Worldwide*, 241 F.R.D. at 263). First, "the burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence." *Exp. Worldwide*, 241 F.R.D. at 263. Then, the party resisting discovery must "show specifically how each discovery request is not relevant or otherwise objectionable." *Patterson*, 343 F. Supp. 3d at 655 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[E]ven if some of the law firm's requests for production were irrelevant, [the party resisting discovery] must have a valid objection to each one in order to escape the production requirement.")).

3

on Plaintiffs' description of categories of disputed materials, a general showing under Rule 26(b), and a commonsense review of the RFPs, the Court concluded that Plaintiffs had met their burden.

The Court then granted Plaintiffs' motion in part because the Court found that only three of Baylor's objections merited relief from production. (*See* Order, Dkt. 631, at 3–4 (restricting discovery in whole or in part for settlement agreements with former students, insurance information, and "Issues of Concern")). Baylor is not entitled to a do-over for all of Plaintiffs' requests for production. Baylor was on notice of Plaintiffs' arguments regarding the disputed groups of RFPs based on their briefing. Plaintiffs' motion to compel put Baylor on notice that the Court might compel production of all of the RFPs if Baylor did not meet its burden.

## 2. Reconsideration of Baylor's Timely Objections

To the extent that any clarification is still needed or any dispute remains outstanding, the Court agrees that a hearing would be the most efficient means of resolution. But the Court will not consider untimely objections. "A party who has objected to a discovery request then must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection." *Lechuga v. Magallanes*, 2017 WL 8180781, at *6 (W.D. Tex. June 1, 2017) (quoting *Samsung*, 325 F.R.D. at 591); *see also Orchestratehr, Inc., et al. v. Trombetta, et al.*, 178 F. Supp. 3d 476, 507 (2016).

The Court will therefore only consider arguments at the hearing that Baylor timely raised in response to Plaintiffs' original motion to compel. (*See* Resp., Dkt. 336). Those objections concern:

1. Limiting "Issues of Concern" to student sexual assault and sexual misconduct. (*Id.* at 2–3; RFPs 6–10, 28–32, 37, 40, 41, 46, 48–50, 53, 104, 106).
2. Criminal investigations. (*Id.* at 4; RFPs 6–8, 28–9, 40, 61).
3. Pepper Hamilton materials in Baylor's custody and control. (*Id.* at 4–5; RFPs 9–19).
4. Financial records showing that Baylor received federal funds. (*Id.* at 5; RFP 54).

4

5. Media statements. (*Id.* at 5–6; RFP 57).
6. Settlement agreements with former students. (*Id.* at 5–6; RFPs 39, 101).
7. Fee contracts and statements for counsel, experts, or service providers for Baylor employees named as a named as a party or witness to any civil or criminal proceeding pertaining to Issues of Concern. (*Id.* at 6; RFP 58).
8. Insurance information for policies that do not cover claims in this lawsuit. (*Id.* at 7; RFPs 66–7).
9. Ketchum documents not limited to relevant subject matter. (*Id.* at 7; RFPs 68–9, 71, 76, 82–3, 85–9).
10. Documents containing variations on the word "delete." (*Id.* at 7–8; RFP 105).
11. Terms that Baylor contends are vague and ambiguous. (*See id.* at 8–9).

The Court assumes that many of these—for example, the Pepper Hamilton materials, Ketchum materials, and disputed "vague and ambiguous" terms—are now moot. The Court also resolved three of these objections in its previous order. (*See* Order, Dkt. 631). The Court will also enforce the parties' agreed amended ESI dates. (*See* Am. ESI Dates, Dkt. 645). The Court will not consider any matters that are now resolved—it will only hear current, good faith disputes in order to clarify the parties' obligations and set deadlines for speedy compliance. "Counsel have 'an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.'" *Heller v. City of Dallas*, 303 F.R.D. 466, 476 (N.D. Tex. 2014) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990)).

In preparation for the hearing, the Court will order the parties to confer regarding the objections listed above and narrow any outstanding disputes as far as possible. After conferring, Baylor shall file a short advisory with the Court listing which of the objections and corresponding RFPs that Baylor contends are not moot and require consideration at the hearing. Baylor shall file this notice no later than **Sunday, July 14, at 5:00 p.m. CST**.

### B. Baylor's Deadline to Certify Production in Response to the RFPs

Baylor requests an extension for the May 31, 2019, deadline to certify complete production in response to the RFPs. (Mot. Reconsid., Dkt. 646). At the hearing, Baylor should propose an amended deadline. Plaintiffs may also offer a proposed deadline.

### C. Baylor's Obligations Under the Order on the Scope of Discovery

Third, Baylor seeks clarification of the Court's order to certify that it has "completed production in light of the Court's Order on Scope of Discovery, (Dkt. 565)," given that that order denied a motion for protection; it did not grant a motion to compel.

The Order on the Scope of Discovery addressed Baylor's Amended Motion for Protection Relating to the Scope of Discovery in this Litigation. (*See* Mot., Dkt. 517; Order, Dkt. 565). The order granted protection from discovery for certain third party investigations and denied protection for fourteen other topics of discovery. Given that Baylor requested protection from discovery into those fourteen topics, the Court assumes that Baylor has received discovery requests regarding those topics. The Court's recent order directing Baylor to certify that it has "completed production in light of the Court's Order on Scope of Discovery" requires Baylor to comply with those discovery requests. The parties may propose an amended deadline for compliance at the hearing if necessary.

## II. CONCLUSION

Accordingly, Baylor's Motion for Reconsideration and Clarification of the Court's May 17, 2019, Order (Mot. Reconsid., Dkt. 646), is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

The motion is **GRANTED** to the extent that the Court will set a hearing to resolve any outstanding disputes between the parties regarding the objections that Baylor timely briefed.

The parties are **ORDERED** to confer regarding the objections listed above and narrow any outstanding disputes as far as possible. After conferring, Baylor is **ORDERED** to file a short

6

advisory with the Court listing which of the objections and corresponding RFPs that Baylor contends are not moot and require consideration at the hearing no later than **Sunday, July 14, at 5:00 p.m. CST.**

Counsel for Plaintiffs and Baylor University are **ORDERED** to appear for an in-person hearing on **July 16, 2019**, **at 9:30 a.m. CST**. The hearing will take place at the United States Courthouse located at 501 West Fifth Street, Austin, Texas, Fifth Floor, in Courtroom 4.

The motion is **DENIED** to the extent that Baylor requests an order that Plaintiffs file an amended motion to compel responses for all of their RFPs.

**SIGNED** on July 1, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE