IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, <br> JANE DOE 3, JANE DOE 4, <br> JANE DOE 5, JANE DOE 6, <br> JANE DOE 7, JANE DOE 8, <br> JANE DOE 9, and JANE DOE 10 <br><br> *Plaintiffs,* <br><br> vs. <br><br> BAYLOR UNIVERSITY <br><br> *Defendant.* | § § § § § § § § § § § § § § § | Cause No. 6:16-cv-173-RP <br> JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND DEADLINE TO PRODUCE DOCUMENTS TO THIRD-PARTY E-DISCOVERY VENDOR**

TO THE HONORABLE ROBERT PITMAN:

Plaintiffs file this response to Defendant's Motion to Extend Deadline to Produce Documents to Third-Party E-Discovery Vendor (ECF 695) and would respectfully show the Court as follows:

At 5:04 p.m. on August 20th, Plaintiffs received an email from Defendant requesting conference on the issue of an extension.[1] Defendant made no effort to confer on this issue prior to that time, despite counsel conferring repeatedly over the preceding several days and weeks on other matters. Plaintiffs responded to the email the morning of August 21st and later in the day with certain questions Plaintiffs had in order to evaluate and understand the request for extension. Baylor answered the final question at 6:03 p.m. that day, after the Court had issued ECF 696.[2]

---

[1] Exhibit A; 5:04 PM email from Holly McIntush
[2] Exhibit A; 10:17 AM email from Chad Dunn; 6:03 PM email from Holly McIntush

1

Upon receiving inquiry from Baylor about Plaintiffs' position per ECF 696, Plaintiffs sent an email explaining their position.[3] When asked again about Plaintiffs' final position this morning, Plaintiffs suggested Baylor copy this email explanation in its advisory requested by the Court in ECF 696.[4] Baylor chose not to do so. Therefore, this email is submitted as Exhibit A setting out Plaintiffs' position, however, portions will be set out herein for the Court's convenience.

Plaintiffs recognize that the two (2) day extension requested by Baylor is until today, August 22nd, and Plaintiffs believe that a 2-day extension would usually be automatically unopposed by Plaintiffs. Indeed, this is reflected in Plaintiffs' positions on prior extension requests by Baylor. But the circumstances of this latest request are particularly troubling and questionable.

First, while Baylor told the Court that it attempted to confer "late afternoon" on the 20th, the fact that no effort to call during business hours was made and no email was sent until after 5:00 p.m. is notable. This is similar to Baylor's routine of attempting last-minute conference and post-5:00 p.m. emails, and in light of this Court's prior rulings about the need to have meaningful conference, it is relevant that Baylor's practice has not changed.

More troubling is that, as reflected in Exhibit A, Baylor admits that it did not hire anyone to scan the material until last week, despite knowing of this deadline for two months. Unless the goal is to continue efforts to delay or obstruct discovery in this case, Plaintiffs cannot conceive why Baylor waited over 7 weeks to even hire someone to scan these materials, knowing the deadline was one week later. Baylor's filing with the Court leaves the impression that the blame lies on inadvertence or some fault with the vendor and neglects to inform the Court that Baylor delayed until last week to even hire anyone.

---

[3] Exhibit A; 9:16 PM email from Chad Dunn
[4] Exhibit A; 11:32 email from Chad Dunn

Equally or even more concerning is that Baylor has claimed privilege on these 100,000 pages of materials, yet never scanned them.  The suggestion that Baylor actually conducted a real privilege review of this volume of material only in hard copy form is difficult to accept, especially considering the nature of this case and normal practice in complex litigation.  Also, hard copy review is not consistent with Baylor's representations of using dozens of outside reviewers and expenditures of millions in dollars in document review in this case.

Plaintiffs must therefore question whether or not a good faith review and claim of privilege covering 100,000 pages was actually done.  As the Court knows, if such a review was not made before claiming privilege, that claim may have been waived.  A hard copy review also means routine technical aspects of document review such as tagging or making any recoverable metadata was not made, thus how outside reviewers would need to communicate to Baylor's lead counsel the nature and reasons for privilege designation is questionable.  These facts lead one to conclude that Baylor just made a blanket claim of privilege of an entire set of 159 binders and files without careful review of the actual contents.  Plaintiffs believe a certification to the Court that those 100,000 pages were actually reviewed individually for privilege, and how, is worthy of consideration.

As communicated to Baylor, Plaintiffs have always been receptive to any reasonable extension requests by Baylor, and that is reflected in the record of this case.  However, Plaintiffs cannot continue to go along with just more and more of no or last-minute attempts to confer, knowing now that Baylor sat around doing nothing for approximately two months before even hiring a vendor for what the Court ordered it to do by August 20th.  It is hard to accept that this is just some inadvertence, and this Court has made clear that even inadvertence would no longer be tolerated.[5]  The Court has been clear regarding the need for Baylor to strictly comply with discovery requirements, including a directive

---

[5] ECF 667

3

that "The Court will not consider extensions to the deadlines in this Order except in the most exceptional circumstances."[6] The circumstances of Baylor's request for extension certainly do not meet that criteria.

Respectfully submitted,

  /s/ Chad W. Dunn
**BRAZIL & DUNN, L.L.P.**
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
3303 Northland Drive, Suite 205
Austin, Texas 78731
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

**AND**

**DUNNAM & DUNNAM, L.L.P.**
Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

ATTORNEYS FOR PLAINTIFFS

---

[6] *Id.*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been filed by ECF and sent to counsel of record via electronic notification on August 22, 2019.

                                              /s/Chad W. Dunn
                                              CHAD W. DUNN