# EXHIBIT A

## Nicole Ratliff

| | |
|---|---|
| **From:** | Chad Dunn <chad@brazilanddunn.com> |
| **Sent:** | Thursday, August 22, 2019 11:32 AM |
| **To:** | Julie Springer |
| **Cc:** | Holly McIntush; Eleeza Johnson; Jim Dunnam; Nicole Ratliff; Andrea Mehta; Lisa Brown; Sara E. Janes; Ryan Newman; Danielle Hatchitt; Geoff Weisbart; Jan Blair |
| **Subject:** | Re: request for extension |

If you believe the certificate of conference needs to show more detail, please attach my email from yesterday.

On Thu, Aug 22, 2019 at 11:26 AM Julie Springer <JSpringer@wshllp.com> wrote:

> So I am clear, on what basis are you opposing a two-day delay.  And how has it prejudiced your client for those documents in particular not to have been provided to the vendor over the last few days when it is the Court that requested they be produced?
>
>
>
> Julie
>
>
>
> **From:** Chad Dunn <chad@brazilanddunn.com>
> **Sent:** Thursday, August 22, 2019 11:22 AM
> **To:** Julie Springer <JSpringer@WSHLLP.com>
> **Cc:** Holly McIntush <hmcintush@thompsonhorton.com>; Eleeza Johnson <eleezajohnson@dunnamlaw.com>; Jim Dunnam <jimdunnam@dunnamlaw.com>; Nicole Ratliff <nicole@dunnamlaw.com>; Andrea Mehta <andreamehta@dunnamlaw.com>; Lisa Brown <lbrown@thompsonhorton.com>; Sara E. Janes <SJanes@WSHLLP.com>; Ryan Newman <rnewman@thompsonhorton.com>; Danielle Hatchitt <dhatchitt@WSHLLP.com>; Geoff Weisbart <Gweisbart@WSHLLP.com>; Jan Blair <JBlair@WSHLLP.com>
> **Subject:** Re: request for extension
>
>
>
> I am sorry if my email was not clear.  Please show us as opposed.
>
>
>
> On Thu, Aug 22, 2019 at 11:17 AM Julie Springer <JSpringer@wshllp.com> wrote:
>
>> Chad,
>>
>>
>>
>> As you know, Baylor has a deadline at noon file an advisory "stating whether Plaintiffs oppose or do not oppose Baylor's request" for two additional days to produce hard copy documents to the vendor chosen by the parties.  The vast majority of the data has already been transferred to the vendor.  What remains are the hard copy binders referenced in Holly's email.  The fact that the documents were not previously scanned does not mean that they had not been reviewed.

Baylor had been informed by the vendor that all of the documents, hard copy and electronic, would be ready for transmission Tuesday.  Until the last minute, Baylor believed the documents would be completed and Baylor was informed late in the afternoon on Tuesday that the production of the hard copy component would not be ready at which time Baylor immediately requested an extension for two additional days.  Holly tried to reach all three of you by phone but was unable to do so.  I know it was after hours but she made the attempt to call as soon as she was informed the documents would not be ready.

Your email in response to the request for a two-day extension asked about issues that are the subject of an advisory we have to file tomorrow—the 30,000 documents.  We will respond to the balance of your email which addresses that issue separately.  For now, please advise whether or not you oppose Baylor's request to extend the deadline to today for the remainder of the documents to be sent to United Lex so we can advise the Court.

Julie

**JULIE A. SPRINGER**
direct 512.652.5782      888.844.8441

jspringer@wshllp.com

 WEISBART SPRINGER HAYES ʟʟᴘ

212 Lavaca, Suite 200   Austin, TX 78701

**wshllp.com**

CONFIDENTIALITY NOTICE

This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Chad Dunn <chad@brazilanddunn.com>
**Sent:** Wednesday, August 21, 2019 9:16 PM
**To:** Holly McIntush <hmcintush@thompsonhorton.com>
**Cc:** Eleeza Johnson <eleezajohnson@dunnamlaw.com>; Jim Dunnam <jimdunnam@dunnamlaw.com>; Nicole Ratliff <nicole@dunnamlaw.com>; Andrea Mehta <andreamehta@dunnamlaw.com>; Lisa Brown <lbrown@thompsonhorton.com>; Julie Springer <JSpringer@WSHLLP.com>; Sara E. Janes <SJanes@WSHLLP.com>; Ryan Newman <rnewman@thompsonhorton.com>; Danielle Hatchitt <dhatchitt@WSHLLP.com>
**Subject:** Re: request for extension

Holly

As you know from our email exchanges today, we have been trying to understand the nature of the documents being scanned so we can evaluate what is going on.  Since learning about this issue we have been confused by the need for delay.  Generally when lawyers need to more time, we go along, as we have countless times in this case.  But, on this request we couldn't figure out what was the delay in turning over to UnitedLex documents that were supposed to have already been reviewed by your side.

For one, why was it yesterday evening before this issue was raised?   While I guess it might technically be "late afternoon" like you told the Court, you did not email anyone about your extension request until 5:04 p.m. on the deadline day.  Jim, Andrea and Eleeza were in their office all day yesterday, yet no effort appears to have been made to contact them to confer.  I was in Dallas holding previously scheduled meetings with thecommissioners court as well as the district attorney and I traveled back to Austin well into the evening.  Baylor has had around two months to gather whatever it needs to send to UnitedLex.  Since you had to have known about your need for extension, why would you wait until the last minute, other than that has been Baylor's historic practice on things like this?  While your motion tells the Court that your vendor could not get scanning done by the 20th, you failed to tell the Court you did not even hire a vendor to do this until just last week.  It is inconceivable that with all the legal resources Baylor is putting forth why Baylor waited well over 7 weeks to hire someone to scan these materials, knowing the deadline was one week later.

The next morning after your email to us, I wrote you with a few questions, as did Eleeza later, but it was not until after 6pm today that we received your final response.

Why it was not until last week that this scanning process has started is itself concerning, but more concerning is how it is these documents had not been previously scanned when they were supposedly reviewed for privilege.  I can't recall a firm doing a paper privilege reviews of any substantial number of documents since early in the last decade.  Did Baylor really make a good faith review and claim of privilege covering 100,000 pages when none of those pages have been reduced to electronic form?  We know that Baylor has claimed continuously that it has made gargantuan efforts to review and log material, and it just happens that these 100,000 pages were actually fully reviewed for privilege when only in paper form?  Your team did this review without tagging or making any recoverable metadata for your own later use? Or is it the case that Baylor just made a blanket claim of privilege of an entire set of 159 binders and files without a careful review of the actual contents?  Is someone really ready to certify to the Court that those 100,000 pages were actually individually reviewed for privilege, but only in paper form?

Recall, that we've also been promised supposedly 30,000 other pages of missing material for months, yet Baylor apparently has still not reviewed them for privilege.

When we try to make sense out of the vastly inconsistent claims of Baylor about what materials have been produced, or logged, or withheld, it is impossible.  This is part of what lead to the Court ordering the snap-back solution and now

the third party vendor.  When we compare what Baylor or Pepper Hamilton have told the Court and us about page counts and megabytes of data, the claims are all over the place.  This is just inconceivable after 3 years of litigation that Baylor cannot get this straight.

At this point our clients have waited three years and we have spent the last two months on multiple calls with the third-party vendor, reviewing volumes of emails about contracts and protocols, and working through this document exchange for what Geoff represented to the Court would be a streamlined process.  All we have at this point are 100s more hours of legal time and two more months delay in concluding discovery.  A few days more I guess is usually no big deal, but these documents having never before been reviewed is a big deal, as is waiting until the last minute to even hire someone to start scanning and as is the consistent practice of jamming us up with last minute requests.

While you know we have always been receptive to any reasonable extension requests, we simply cannot continue to go along with just more and more of no or last minute attempts to confer, knowing now that Baylor sat around doing nothing for approximately two months before even hiring a vendor for what the Court ordered it to do by August 20th.  It is hard to accept that this is just some inadvertence.  At this point we feel as though our continuous agree-ability to extensions is being taken advantage of.

On Wed, Aug 21, 2019 at 6:03 PM Holly McIntush <hmcintush@thompsonhorton.com> wrote:

Chad,

Today's Order addresses a specific request for two extra days for Baylor to complete its production of unredacted documents, listed in a privilege log produced to Plaintiffs this spring, to the third party vendor.  Baylor is not asking for any other relief.  Let us know if you have further questions regarding that request.

As for the approximately 30,000 documents, it is our understanding we need to advise the Court of an agreed date to finish logging/produce documents we determine are not in fact privileged on Friday.  We have been working diligently to get those processed and will have a production of approximately 1/3 next week.  We can give you an update on that tomorrow.

Thanks,

Holly

Holly G. McIntush, Partner| vcard
1001 Congress Avenue, Suite 350
Austin, Texas 78701
T: 512.615.2351 | M: 512.217.0735  | F: 512.682.8860
hmcintush@thompsonhorton.com  | www.thompsonhorton.com



**From:** Chad Dunn [mailto:chad@brazilanddunn.com]
**Sent:** Wednesday, August 21, 2019 5:25 PM
**To:** Eleeza Johnson <eleezajohnson@dunnamlaw.com>; Holly McIntush <hmcintush@thompsonhorton.com>
**Cc:** Jim Dunnam <jimdunnam@dunnamlaw.com>; Nicole Ratliff <nicole@dunnamlaw.com>; Andrea Mehta <andreamehta@dunnamlaw.com>; Lisa Brown <lbrown@thompsonhorton.com>; Julie Springer <JSpringer@wshllp.com>; Sara E. Janes <SJanes@wshllp.com>; Ryan Newman <rnewman@thompsonhorton.com>; Danielle Hatchitt <dhatchitt@wshllp.com>
**Subject:** Re: request for extension

Holly,

Any response to the below?  We need to understand this so we can all respond to the court's order of this afternoon..

**From:** eleezajohnson@dunnamlaw.com

**Sent:** August 21, 2019 11:18 AM

**To:** hmcintush@thompsonhorton.com; chad@brazilanddunn.com

**Cc:** jimdunnam@dunnamlaw.com; nicole@dunnamlaw.com; andreamehta@dunnamlaw.com; lbrown@thompsonhorton.com; JSpringer@wshllp.com; SJanes@wshllp.com; rnewman@thompsonhorton.com; dhatchitt@wshllp.com

**Subject:** RE: request for extension

Holly, is there an update on the secondary logging and review of the 30,000 documents mentioned at the June 17th hearing or the 2-3% of the remaining information to be tagged and logged?

Thank you,

Eleeza Johnson

Dunnam & Dunnam LLP

4125 W. Waco Drive

Waco, TX 76710

(254) 753-6437

(254) 753-7434

eleezajohnson@dunnamlaw.com



Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.

**From:** Holly McIntush <hmcintush@thompsonhorton.com>
**Sent:** Wednesday, August 21, 2019 10:24 AM
**To:** Chad Dunn <chad@brazilanddunn.com>
**Cc:** Jim Dunnam <jimdunnam@dunnamlaw.com>; Eleeza Johnson <eleezajohnson@dunnamlaw.com>; Nicole Ratliff <nicole@dunnamlaw.com>; Andrea Mehta <andreamehta@dunnamlaw.com>; Lisa Brown <lbrown@thompsonhorton.com>; Julie Springer <JSpringer@wshllp.com>; Sara E. Janes <SJanes@wshllp.com>; Ryan Newman <rnewman@thompsonhorton.com>; Danielle Hatchitt <dhatchitt@wshllp.com>
**Subject:** Re: request for extension

Good morning Chad,

Thank you for reaching out about this.  The deadline was for us to produce unredacted versions of documents that had been *logged* during the time frame identified by the Court.  Then UnitedLex is supposed to produce a sampling of the documents to the Court so it can review the privilege assertions.  You are correct that these were not produced

to you because these documents consist of attorney-prepared binders and attorney working files and were all logged. The log for these materials was produced to you on April 10, 2013, and is attached to the motion as Exhibit A.

Please let us know if you have any further questions or wish to confer on the phone about this.

Thanks,

Holly

Holly McIntush

Partner

Thompson & Horton LLP

hmcintush@thompsonhorton.com

512-615-2351 (office)

512-217-0735 (cell)

**From:** Chad Dunn <chad@brazilanddunn.com>
**Date:** Wednesday, August 21, 2019 at 10:17 AM
**To:** Holly McIntush <hmcintush@thompsonhorton.com>
**Cc:** Jim Dunnam <jimdunnam@dunnamlaw.com>, Eleeza Johnson <eleezajohnson@dunnamlaw.com>, Nicole Heid <nicole@dunnamlaw.com>, Andrea Mehta <andreamehta@dunnamlaw.com>, Lisa Brown <lbrown@thompsonhorton.com>, Julie Springer <JSpringer@wshllp.com>, Sara Janes <SJanes@wshllp.com>, Ryan Newman <rnewman@thompsonhorton.com>, Danielle Hatchitt <dhatchitt@wshllp.com>
**Subject:** Re: request for extension

Holly,

Jim and I were both tied up yesterday evening.  I see you filed your extension motion.

We are trying to evaluate our position but we don't understand the issue.  What are the hard copy documents that you say have never been scanned that are holding things up?  We have never been produced hard copy documents and our understanding is that this is the deadline for you all to produce to UnitedLex all the documents you have previously produced to us but to give them to UnitedLex in un-redacted form.  Since we have never received paper document production from Baylor, there should be nothing to scan?

On Tue, Aug 20, 2019 at 5:04 PM Holly McIntush <hmcintush@thompsonhorton.com> wrote:

Today is the deadline under the Court's June 21 order to transmit unredacted copies of logged items from Baylor's supplemental privilege logs that were produced between March 15, 2019, and June 20, 2019 to United Lex.  We will be transmitting the vast majority of these documents today.  However, one log (part 6, dated April 10, 2019) represents 159 hardcopy binders or attorney working files that were not previously electronically scanned in.   Some of these hard copies are duplicates of electronic copies of binders that are being transmitted to United Lex today (the electronic binders are on Part 9 of the log, dated May 3, 2019).  A vendor began scanning these a week ago, but it is taking them longer to complete than anticipated.  We learned this afternoon that they will not be able to finish scanning them in today.  We will produce the electronically stored items today, but we need to seek a two-to three day extension of the deadline for the hardcopy materials only.  If the hardcopy documents are ready sooner, we will transmit them as soon as they are ready. Please let us know if you will agree to this request.

Holly G. McIntush, Partner | vcard
1001 Congress Avenue, Suite 350

Austin, Texas 78701
T: 512.615.2351 | M: 512.217.0735 | F: 512.682.8860
hmcintush@thompsonhorton.com | www.thompsonhorton.com



CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

Important/Confidential: This communication and any files or documents attached to it are intended only for the use of the person or entity to which it is addressed. It contains information that may be privileged, confidential and exempt from disclosure under applicable law. If you are the intended recipient, please be aware that forwarding this message to others may result in a waiver of these privileges. If you are not the intended recipient of this communication, you are hereby notified that the copying, distribution or other use of this communication is strictly prohibited. If you have received this communication by mistake, please notify the sender immediately by electronic mail and destroy all forms of this communication (electronic or paper). Thank you.