UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP |
| v. | § § | Consolidated with |
| BAYLOR UNIVERSITY, | § § | 6:17-CV-228-RP<br>6:17-CV-236-RP |
| Defendant. | § § | |

**BAYLOR UNIVERSITY'S REPLY IN SUPPORT OF MOTION TO EXTEND DEADLINE TO PRODUCE DOCUMENTS TO THIRD-PARTY E-DISCOVERY VENDOR**

Baylor University files this brief Reply in Support of its Motion to Extend Deadline to Produce Documents to Third-Party E-Discovery Vendor (ECF 695) to correct several misstatements in Plaintiffs' Response.

First, Baylor did not wait to hire a vendor to process this material until a week ago. The vendor has been in place for some time. That is why the vast majority of the material was transmitted by the Court-ordered deadline. Baylor's motion for a two-day extension addresses only some hard copy binders. *See* Dkt. 695, Exhibit A. Those binders were primarily attorney witness preparation notebooks and attorney work files, which are work product because they represent the mental impressions of the attorneys as to what, among the source documents, the attorneys believed were most relevant or pertinent to their analysis. *See id.* The very inclusion of documents in the binders reflects the attorneys' thought process and is work product. The contents of those binders had not been previously scanned; there was no need to do so since all of the contents of the binders had been withheld as work product and were not going to be produced. Plaintiffs are incorrect to equate a lack of electronic scanning with a lack of review.

Second, while the scanning process of the hard copy documents in retrospect should have started sooner, the fact is that the vendor represented to Baylor that it would be done by the deadline, and the scanning took longer than the vendor expected. As soon as Baylor confirmed it was not able to completely comply with the deadline, Baylor began making efforts to confer with Plaintiffs' counsel about the issue but was unable to reach them.

Third, Plaintiffs' allegation that Baylor made no effort to confer is simply false. Baylor did attempt to confer when the issue arose late that afternoon by sending an email (at 5:04 p.m.) and then calling the office numbers for both of Plaintiffs' lead counsel and the cell phone of the one counsel for whom Baylor has a cell phone number. Baylor followed up with a phone call the morning of August 21 as well. Plaintiffs' counsel responded the next morning with a question about the need for the extension, which Baylor's counsel answered seven minutes later, at 10:24 a.m. Instead of responding to Baylor's request regarding the extension, Plaintiffs' counsel sent an email asking about a different issue, the secondary privilege review and logging related to other, unrelated documents (the 30,000 documents that Baylor previously referenced at the hearing). While Baylor did not respond to that email until later in the day, that was because the matter of the 30,000-document deadline is a different and more complicated issue than a two-day extension.[1] Baylor responded by pointing out that the two issues were unrelated, asked if Plaintiffs' counsel would agree to the two-day extension, and stated the 30,000 document issue would be addressed the next day. In response, Plaintiffs' counsel sent a lengthy email, full of unfounded accusations and misunderstandings, complaining about a concern of good faith review of privileged materials and issues with delay. Baylor's response to that last email is attached as Exhibit A.

---

[1] Any discussion of that deadline needed the involvement of all key counsel for Baylor, including the undersigned, so that all counsel involved could be comfortable that compliance with the new deadline would be possible. The undersigned was out of the office yesterday moving her youngest son into college in north Texas, which accounted for the fact that Baylor did not respond to Plaintiffs' email about that issue until much later in the day.

Finally, Baylor did not attach the emails to the Advisory today—but contrary to the insinuation in the Response, Plaintiffs' counsel did not ask that it be attached. Instead, Plaintiffs' counsel wrote, "If you believe the certificate of conference needs to show more detail, please attach my email." Baylor did not believe any more detail was necessary on the very discrete issue of a two-day extension.

## CONCLUSION AND PRAYER

For the reasons stated above, Baylor requests that this Court grant its Motion to Extend Deadline to Produce Documents to Third-Party E-Discovery Vendor and order the relief requested therein.

    Respectfully submitted,

    **WEISBART SPRINGER HAYES LLP**
    212 Lavaca Street, Suite 200
    Austin, Texas 78701
    512.652.5780
    512.682.2074 fax

    By: /s/ Julie A. Springer
        Julie A. Springer
        State Bar No. 18966770
        jspringer@wshllp.com
        Sara E. Janes
        State Bar No. 24056551
        sjanes@wshllp.com
        Geoffrey D. Weisbart
        State Bar No. 21102645
        gweisbart@wshllp.com

**THOMPSON & HORTON LLP**
Lisa A. Brown
Texas Bar No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on August 22, 2019, via the Court's ECF/CMF electronic service system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn (Attorney in Charge)<br>**BRAZIL & DUNN, L.L.P.**<br>3303 Northland Drive, Suite 205<br>Austin, Texas 78731 | *Via ECF: chad@brazilanddunn.com* |
| Mr. K. Scott Brazil<br>**BRAZIL & DUNN, L.L.P.**<br>13231 Champion Forest Drive, Suite 460<br>Houston, Texas 77069 | *Via ECF: scott@brazilanddunn.com* |
| Mr. Jim Dunnam<br>**DUNNAM & DUNNAM, L.L.P.**<br>4125 West Waco Drive<br>Waco, Texas 76710 | *Via ECF: jimdunnam@dunnamlaw.com* |

/s/ Julie A. Springer
Julie A. Springer