IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, | § | |
| JANE DOE 3, JANE DOE 4, | § | |
| JANE DOE 5, JANE DOE 6, | § | |
| JANE DOE 7, JANE DOE 8, | § | |
| JANE DOE 9, AND JANE DOE 10 | § | Cause No. 6:16-cv-173-RP |
| | § | JURY TRIAL DEMANDED |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS' ADVISORY TO THE COURT

TO THE HONORABLE ROBERT PITMAN:

Plaintiffs file this advisory pursuant to ECF 691 and 674[1]

The parties have conferred and agree on the requests presented in Exhibit A. Below are the remaining requests in dispute and each parties' proposed language.  If not specifically addressed in the agreed submission, objections are waived by Baylor.[2]

The majority of the requests below contain a date cut-off of November 6, 2017.  However, the parties acknowledge and agree that, notwithstanding anything to the contrary in this filing, Plaintiffs are not waiving their right to request information responsive to the requests for production for the time period after November 6, 2017, and Baylor is not withdrawing any of its objections to

---

[1] The parties submitted a Joint Advisory to the Court on August 23, 2019 requesting an extension until this Friday to file their remaining issues in order to allow the parties additional time to confer.
[2] At the last hearing July 24, 2019 the Court stated, "…the state of discovery now is that those objections have been overruled and we're – I'm trying to do -- go back and revisit the things that I should because we want to get the right answer, obviously, but at some point we've got to deal with where we are."  July 24, 2019 Hearing Transcript at 23:5-9.

the requests for production to the extent those further requests from Plaintiffs seek material after November 6, 2017.

The parties agree that Baylor will produce a redacted copy of the Title IX office tracking chart as it existed on October 4, 2016 as well as a redacted copy of the chart through November 6, 2017. The parties have discussed but have not yet resolved when and what data will be provided from Baylor's Title IX complaint tracking software after October 4, 2016 when Patty Crawford left Baylor's employ.

There are also a number of discrete production topics, responsive to Plaintiffs' Requests for Production that remain in dispute but for which the parties have determined to raise with the Court, if necessary, after Baylor certifies production.

Other than specific areas of responsive documents, the following requests remain in dispute: 28-29, 42, 43, 46, 48-50, 53, 56, 61, 90-92.  Given the number of disputed requests for production, it is clear the numerous hours of in-person and telephone conference have resolved a number of issues but unfortunately these issues remain and necessitate Court intervention.  Baylor has attempted to get Plaintiffs to specifically pinpoint each and every document or communication that they may want in response to these remaining requests. Plaintiffs are not in the position to identify each specific document that may be responsive nor are they under any obligation to do so. Plaintiffs have, however, previously provided to Baylor (and are providing to the Court herein), examples of such documents. That being said, Plaintiffs do not intend for the examples to represent each document responsive or in any way limit Baylor's obligation to produce responsive documents.

I.      **Limiting "Issues of Concern" and attorney-client or work-product privilege objections.[3]**

---

[3] Plaintiffs have listed and grouped the remaining requests in dispute to track the objections identified by ECF 674.  The attorney-client or work-product privilege objections were included by Baylor in the advisory to the Court. ECF 688.

> 53.     Any documents and communications within, from or to the Athletics Department concerning any Issues of Concern.

**Baylor's Proposal:**     The parties agree this request only seeks documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. The parties further agree that these requests do not seek communications with Baylor's Office of General Counsel or outside counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant had retained outside counsel and were about the pending or threatened litigation.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges. Based on this agreement, Baylor will withdraw objections to this request.

**Plaintiffs' Proposal:**     The parties agree this request only seeks documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges. Based on this agreement, Baylor will withdraw objections to this request.

Baylor would like for Plaintiffs to further agree that these requests do not seek communications with Baylor's Office of General Counsel or outside counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant had retained outside counsel and were about the pending or threatened litigation.  This objection was not raised until July 2019[4].  While this objection may have been included in the context of criminal investigations, Baylor did not raise that objection to this request in its original motion.  As mentioned during the hearing, the athletics department was the subject of harsh public scrutiny by Baylor and the focus of the Pepper Hamilton investigation. Specific examples that fall within the proposed objection include Jane Doe 14's assailant

---

[4] The Court's Order states that "The Court will therefore only consider arguments at the hearing that Baylor timely raised in response to Plaintiffs' original motion to compel. (See Resp., Dkt. 336)." ECF 574. The objection to request 53 was limiting "issues of concern," which the parties have agreed to do as reflected in each parties' proposal.

that sued the University and a matter wherein a university employee filed suit related to her termination

and Jane Doe 14's assailant's departure from the school.[5]  If Baylor's public proclamations about the

athletics department are true, there are likely many responsive documents that would not be produced

if Plaintiffs agreed to this limitation.

## II.    Limiting "Issues of Concern", criminal investigations, attorney-client or work-product privilege objections.

> 28.    All documents and communications related to any investigation, internal or independent, into Issues of Concern at Baylor.
>
> 29.    All documents and communications related to Issues of Concern reported to Baylor University Police Department during the past 20 years, including but not limited to reports of any conduct falling within an Issues of Concern.

**Baylor's Proposal**:    Except for the Pepper Hamilton investigation, the parties agree that these requests do not seek communications with or documents prepared by outside counsel or internally at Baylor regarding investigations related to "Issues of Concern" that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and were about the pending or threatened litigation. The parties further agree that these requests do not seek documents or communications about such investigations exchanged with a potential claimant's counsel, or the litigation files maintained by Baylor's outside counsel or internally within Baylor.  Notwithstanding the above, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.).  By doing so, however, Baylor is not waiving its right to object to producing settlement communications with counsel for any other students.  Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern.  The parties agree that these requests are limited to the time period between 2003 and November 6, 2017.  Based on these agreements and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Also based on these agreements, Baylor further agrees to produce documents relating to the special committee's late 2016 investigation requested by Phil Stewart related to Pepper Hamilton.  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal**:  The parties agree that these requests are limited to the time period between 2003 and November 6, 2017.  Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client

---

[5] 6:17-cv-00023-RP

privilege has been waived pursuant to Court Order (Dkt. 168)). Also based on these agreements, Baylor further agrees to produce documents relating to the special committee's late 2016 investigation requested by Phil Stewart related to Pepper Hamilton. Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Plaintiffs cannot agree to Baylor's proposal. Relevant, non-privileged documents would be excluded including documents related to Jane Does 1-15. Baylor does propose to provide a list of lawsuits filed by Baylor students or employees, but this does not address the responsive documents related to matters deemed "pending litigation." Similarly, providing a list of employees that have sent Baylor a demand letter does not account for the student matters deemed "pending litigation" by Baylor[6]. Plaintiffs are not in a position to know each named Assailant that may have submitted correspondence or other documents to a department at Baylor that may not be captured in documents previously produced. Those documents are responsive and relevant and would be excluded by Baylor's proposed limitation. As previously mentioned above, the pending or threatened litigation limitation also excludes documents related to at least two matters that were the subject of litigation and related to Jane Doe 14 and one of her assailants. Plaintiffs believe this assailant may have entered into a settlement agreement that includes an agreement related to the Title IX investigation involving Jane Doe 14.

As stated at the July 24, 2019 hearing, Plaintiffs do not seek communications between Baylor and its lawyers exchanged related to pending litigation or litigation when it relates specifically to the litigation.[7]

---

[6] Plaintiffs incorporate their arguments related to ECF 643 herein.

[7] At the July 24, 2019 hearing Plaintiffs' Counsel stated, "What we are interested, however, in is communications between Ms. Springer and the lawyer for the gentleman that's alleged to have assaulted our client and his lawyer. In that lawsuit, the settlement agreement that they reached agreeing not to investigate his Title IX claims, those types of things…but a blanket agreement that we're not seeking any work product or any attorney/client communications, unfortunately, given the in-camera reviews the courts have made and the routine logging and protecting of materials under attorney/client or work product that actually aren't attorney/client or work product, that's an accommodation that we couldn't agree to…" July 24, 2019 Hearing Transcript at 18:8 – 19:19.

III.    **Limiting Issues of Concern, Vague and Ambiguous, and attorney-client or work-product privilege objections:**

> 46.    All inter-department documents and communications from the Baylor Police Department regarding Issues of Concern.

**Baylor's Proposal:**    The parties agree that this request is limited to the time period between 2003 and November 6, 2017 and seeks BUPD communications between Baylor's departments and BUPD, as well as internal BUPD communications, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631).  The parties further agree that these requests do not seek communications with BUPD regarding matters that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and were about the pending or threatened litigation.  Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal:**    The parties agree that this request is limited to the time period between 2003 and November 6, 2017 and seeks BUPD communications between all University departments and BUPD, as well as internal BUPD communications, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631).  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Baylor's proposal precludes Plaintiffs from learning of reports that were made only to BUPD. While BUPD has certain obligations to send certain information to Title IX, it has been determined, even in Baylor's own Margolis-Healy review and report, that BUPD was not in compliance with the Clery Act and Title IX related obligations.  The list of lawsuits filed and list of employees that send a demand through an attorney are not helpful when it excludes what Baylor has determined to be "threatened litigation" especially with the caveat that Plaintiffs agree not to seek this information as proposed in the first portion of the proposal.

> 48.    All inter-department documents and communications from Baylor's Title IX office regarding Issues of Concern.

| 49 | All inter-department documents and communications from Baylor's Judicial Affairs office  regarding Issues of Concern. |
| 50. | All inter-department documents and communications from Baylor's Human Resources  Department regarding Issues of Concern. |

**Baylor's Proposal:**    The parties agree that these requests are limited to the time period between 2003 and November 6, 2017 and seek documents and communications exchanged between within Title IX, Judicial Affairs and Human Resources and other Baylor departments (other than with Baylor's Office of General Counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant had retained outside counsel and were about the pending litigation.  Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern), and internally within Title IX, Judicial Affairs and Human Resources, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631).  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal:**    The parties agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

Plaintiffs can agree to limit these requests to documents and communications exchanged between the various Baylor departments. Plaintiffs cannot agree to exclude the OGC for reasons including those outlined above in #28-29 regarding responsive documents that may be, or previously were, the subject of pending or threatened litigation.

## IV.    Criminal Investigations and attorney-client or work-product privilege objections.

| 61. | All documents, communications and academic records, including conduct and honor code records, which relate to or mention each of the Plaintiffs. |

**Baylor's Proposal:**    The parties agree that this request does not seek documents and communications exchanged by and between Baylor agents and representatives, including Baylor's internal and external counsel, about legal issues involving Plaintiffs after the date Plaintiffs filed suit. The parties agree that the request seeks documents pertaining to Jane Does 1-10's Title IX files, academic records, Judicial Affairs files, financial aid files, health/counseling records, BUPD files, OALA files, and documents resulting from ESI searches using the Jane Does' names.  Baylor agrees

to provide this same information for Jane Does 11-15.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding, if any, based on the attorney-client and work product privileges.

**Plaintiff's Proposal:**  The parties agree that this request does not seek documents and communications exchanged by and between Baylor and its lawyers involving Plaintiffs after the date Plaintiffs filed suit that are directly related to the litigation.  The parties agree that the request seeks documents pertaining to Jane Does 1-10's from all Baylor departments and documents resulting from ESI searches using the Jane Does' names. Baylor agrees to provide this same information for Jane Does 11-15.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding, if any, based on the attorney-client and work product privileges.

Plaintiffs cannot agree to the limitations imposed by using the terms "agents and representative" as there were many Plaintiffs that were students after the subject lawsuit was filed and this qualifier would exclude responsive documents directly related to Plaintiffs.  Plaintiffs are not seeking documents exchanged between Baylor and its lawyers after the subject suit was filed when those documents and communications were directly related to the litigation.  Plaintiff further do not agree to limit documents from certain Baylor offices at the exclusion of other departments.

## V.      Vague and Ambiguous and attorney-client or work-product privilege objections.

> 43.     All documents related to and communications between present and former Regents of Baylor University, and all documents related to and communications between Baylor and any present and former Regents regarding any Issues of Concern and Pepper Hamilton.

**Baylor's Proposal:**     The parties agree this request only seeks communications and documents provided to or exchanged with present and former Regents regarding "Issues of Concern" (consistent with the Court's Orders - Dkt. 146, 302, 631 - limiting the definition of "Issues of Concern") and Pepper Hamilton.  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017.   The parties further agree that these requests do not seek communications and documents provided to or exchanged with Regents regarding Issues of Concern that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and were about the pending or threatened litigation.  Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. Based on this

agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal:**   The parties agree this request only seeks communications and documents provided to or exchanged with present and former Regents regarding "Issues of Concern" (consistent with the Court's Orders – Dkt. 146, 302, 631 – limiting the definition of "Issues of Concern"), Pepper Hamilton and documents resulting from ESI searches using the Jane Does' names and Assailants' names.  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

Plaintiffs cannot agree to exclude production of responsive documents that are or were the subject of threatened or pending litigation.  Plaintiffs incorporate their arguments relative to #28-29.  An example of something that would be excluded by Baylor's proposal are discussions regarding the letter to the Board of Regents sent in June 2016 by survivors and supporters of sexual assault survivors. Additionally, several Jane Does have spoken at survivor events and supported legislation regarding the "issues of concern" following the date this suit was filed.  As these things have been the subject of national media, one can presume it may have been addressed by the Regents.  The Regents monitored and certain committees oversaw the implementation of the Pepper Hamilton 105 recommendations—documents and communications regarding these issues would be excluded by Baylor's proposal. The events surrounding Jane Doe 14's Title IX claim and the two lawsuits following her report were likely considered by the Board.  Even media strategy related to the dismissal of Ketchum and retention of Bunting would likely include the discussion of Plaintiffs and their cases and would be excluded under Baylor's proposal.

## VI.    Attorney-client or work-product privilege objections.[8]

---

[8] This request was not one of the requests that Baylor timely raised in response to Plaintiffs' original Motion to Compel as pointed out by the Court.  ECF 674.

| 42. | All documents and communications mentioning Jane Does 1-6 or any Assailant mentioned in Plaintiffs' most recent filed Complaint. |
|---|---|

**Baylor's Proposal:**    The parties agree that this request does not seek communications with or documents prepared by outside counsel or internally at Baylor regarding Jane Does 1-15 or any of the alleged Assailants in connection with Baylor's defense of this litigation or any other litigation. The parties further agree that these requests do not seek documents or communications about such matters exchanged between Baylor and opposing counsel in such litigation, or litigation files maintained by outside counsel or internally within Baylor.  Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.   Notwithstanding the above agreements, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.).  Baylor further represents that there are no other prior or pending lawsuits or threatened litigation against Baylor involving any of Jane Does 1-15's alleged assailants.

**Plaintiffs' Proposal:**    The parties agree that this request does not seek communications with or documents exchanged between Baylor and its counsel regarding its defense of this litigation after the date such litigation was filed. Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Plaintiffs cannot agree to exclude responsive documents regarding "Jane Does 1-15 or any of the alleged assailants" in connection with this litigation or "any other litigation."  If there are documents Baylor believes that are privileged and the privilege has not been waived, then those can and should be logged.  Exchange of documents or communications regarding or relating to Plaintiffs' claims that are not the subject of privilege are responsive as explained in Plaintiffs' argument in #28-29 above.

| 56. | Any documents, communications or records pertaining to the assailants alleged in this case. |
|---|---|

**Baylor's Proposal:**    The parties agree that this request does not seek documents reflecting financial aid received by the alleged assailants except in connection with the issues relating to the rescission and appeal of any athletic scholarship.  The parties further agree that, to the extent it has not already done so, Baylor will produce the alleged assailants' academic and disciplinary records (including their BUPD, Title IX, Judicial Affairs, and OALA files/records), as well as documents resulting from ESI searches using the assailants' names, which will be sufficient to comply with this request.  Baylor has already

produced all these files, with the exception of OALA files, for the alleged assailants of Jane Does 1-10, and Baylor agrees to provide this same information for Jane Does 11-15's alleged assailants.  The parties agree that this request does not seek communications with or documents prepared by outside counsel or internally at Baylor regarding any of the alleged Assailants in connection with Baylor's defense of this litigation or any other litigation.  The parties further agree that these requests do not seek documents or communications about such matters exchanged between Baylor and opposing counsel in such litigation, or litigation files maintained by outside counsel or internally within Baylor. Based on this agreement, Baylor will withdraw all of its objections to these requests (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.    Notwithstanding the above agreements, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.).  Baylor further represents that there are no other prior or pending lawsuits or threatened litigation against Baylor involving any of Jane Does 1-15's alleged assailants**.**

**Plaintiffs' Proposal:**   Regarding documents reflecting financial aid received by the alleged assailants, the parties agree to limit production of these documents as contemplated in the Court's Order 585 and reflected in the parties' previous agreement reflected in Dkt. 587.  The agreement to limit specifically excludes non-voluminous records related to Assailants 16 or 17 or related to Assailant 16's financial aid appeal including any pending or threatened litigation related to the appeal.  The parties further agree that, to the extent it has not already done so, Baylor will produce the alleged assailants' academic and disciplinary records as well as documents resulting from ESI searches using the assailants' names, which will be sufficient to comply with this request.  Baylor agrees to provide this same information for Jane Does 11-15's alleged assailants.  Based on this agreement, Baylor will withdraw all of its objections to these requests (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Documents related to Jane Doe 14's Title IX claim, regardless of what department maintained

the records, are responsive and cannot be excluded.  Plaintiffs understand that spreadsheets and other

voluminous records such as those contemplated by the Court in ECF 585 and by the parties in ECF

587 while responsive are not relevant and pose a significant burden on Baylor to redact.  We believe

our proposal fairly balances the parties' positions.  Plaintiffs' cannot agree to limit the request to the

specific departments listed by Baylor. Records, documents, and communications from all Baylor

departments that are responsive and not otherwise subject to a privilege that has not been waived

must be produced.  Plaintiffs do not seek documents or communications exchanged between Baylor

and its counsel directly related to its defense in this litigation (of course, as previously briefed by

Plaintiffs, this would not include e-mails where internal general counsel is merely copied on the e-

mail). Other responsive documents regarding pending or threatened litigation and related to the assailants must be produced.

| 90. | All agendas for Baylor Executive Council meetings related to Issues of Concern. |
| 91. | All documents used in any Baylor Executive Council meeting related to Issues of Concern. |
| 92. | All documents and communications provided to the Baylor Executive Council related to Issues of Concern. |

**Baylor's Proposal:**   The parties agree these requests only seek documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that these requests are limited to the time period between 2003 and November 6, 2017.  The parties further agree these requests do not seek communications regarding matters that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and were about the lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).

**Plaintiffs' Proposal:**   The parties agree these requests only seek documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that these requests are limited to the time period between 2003 and November 6, 2017.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

The limitation of these requests to "Issues of Concern" should eliminate legitimate concerns regarding threatened or pending litigation not relevant to Plaintiffs' claims.

## CONCLUSION & PRAYER

Plaintiffs respectfully request that this Court overrule the objections set forth above and order Baylor to produce documents in accordance to Plaintiffs' proposals outlined above.

Respectfully submitted,

*/s/ Chad W. Dunn*

**BRAZIL & DUNN LLP**
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com

**DUNNAM & DUNNAM LLP**
Jim Dunnam
State Bar No. 06258010
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned counsel certifies that counsel for Plaintiffs and counsel for Baylor have engaged in no less than four phone conferences, one in-person meeting, and numerous e-mail communications regarding the issues set forth in this Advisory. While the parties have been successful in resolving issues pertaining to a majority of the objections, unfortunately conferences have not been able to resolve the remaining objections which are the subject of this Advisory.

/s/Jim Dunnam
JIM DUNNAM

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing has been filed by ECF and sent to counsel of record via electronic notification on August 30, 2019.

/s/Jim Dunnam
JIM DUNNAM