UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al, | § § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP |
| v. | § § | Consolidated with |
| BAYLOR UNIVERSITY, | § § | 6:17-CV-228-RP<br>6:17-CV-236-RP |
| Defendant. | § § | |

**BAYLOR UNIVERSITY'S ADVISORY REGARDING ITS PROPOSED RESOLUTION OF DISPUTED REQUESTS FOR PRODUCTION**

Plaintiffs filed a Motion to Compel Baylor's Responses to Requests for Production on June 8, 2018. Dkt. 330. The Court granted that motion on May 17, 2019 but then partially granted Baylor's motion to reconsider and set a hearing to resolve outstanding disputes between the parties regarding Plaintiffs' requests for production (RFPs). Dkts. 631, 674. That hearing took place on July 24, 2019. At the conclusion of the hearing, Plaintiffs' counsel proposed that the parties continue to confer in an attempt to reach agreement, and for the RFPs on which the parties could not agree, Plaintiffs and Baylor would submit their respective proposed language to enable the Court to resolve the dispute. Dkt. 694 at 58. Despite significant efforts, the parties have been unable to reach agreement on 14 of Plaintiffs' 106 requests.[1]

**I.   Baylor's efforts to reach agreement.**

As a threshold matter, Baylor is disappointed that the parties were unable to reach agreement

---

[1] Earlier today, Plaintiffs declined to sign a letter agreement memorializing the agreements the parties were able to reach regarding many of the other requests. As Baylor was finalizing its own Advisory, however, Plaintiffs filed their Advisory and represented that Exhibit A to that filing represents the parties' agreements. Baylor concurs that Exhibit A accurately reflects the parties' agreements.

on these requests. Based on the parties' July 17 meeting in Waco; the representations of Plaintiffs' counsel at the hearing on July 24 that they were not seeking litigation files, nor asking that those files be logged; as well as the numerous phone calls between the parties following the July 24 hearing and leading up to this submission, Baylor believed that the parties had narrowed the issues in dispute to two (1) whether Baylor should have to produce information regarding threats of litigation from students alleging sexual assault, after those students retained counsel, when their claims were resolved privately and confidentially without the need for litigation; and (2) whether Baylor should have to produce and/or log its litigation files for an employment lawsuit with a tangential relationship to one of the alleged assailants (the *Kinyon* matter). Unfortunately, despite Baylor's best efforts, that does not appear to be the case.

Following the July 24 hearing, the parties exchanged competing drafts of a letter agreement to address their remaining areas of dispute. As a result of the parties' efforts, they were able to resolve many of their disputes, but on the requests that implicated privilege issues, the parties were not able to reach agreement by the stated August 23 deadline and requested an additional week to confer. The parties continued to confer over the last week. However, Plaintiffs' counsel informed Baylor yesterday that it was obvious the parties would not reach agreement and needed to submit competing proposals to the Court. Baylor's counsel requested that Plaintiffs' counsel send the language they would find acceptable so Baylor would know the remaining areas of dispute. This morning, Plaintiffs' counsel sent an email with their proposed language. Plaintiffs' counsel have retreated from their prior representations and verbal agreements on the remaining disputes and have reverted to unreasonable positions including, among others, that Baylor must produce and/or log documents and communications about actual or threatened litigation after a potential claimant has counsel—even when the communications are about the actual or threatened litigation.

**II.    Despite previous statements to the contrary, Plaintiffs appear to be seeking litigation files and privileged communications—an issue that permeates all the remaining RFPs.**

As Baylor explained at the July 24 hearing, Baylor's main objection to several RFPs is that, after Baylor's overbreadth objections were overruled, the RFPs as worded would encompass documents and communications related to pending or threatened litigation, both internally within Baylor and with outside counsel retained to advise about the litigation, prepared after a claimant had retained outside counsel and that were about the pending or threatened litigation.  (As an important aside, although Plaintiffs have taken the position that all of Baylor's objections have been overruled, that position disregards both the Court's order on Baylor's motion for reconsideration and the July 24 hearing.  Baylor's attorney-client and work product privilege objections, even for the pre-June-2016 timeframe, could not be properly presented until the Court ruled on Baylor's overbreadth objections.  The post-June-2016 timeframe was not in play until after the cases were consolidated.)

Baylor's other concern was that, without clarification, the requests would capture communications with opposing counsel about other litigation, including confidential demand letters and settlement negotiations.[2]  Baylor's proposed language for requests implicating these concerns includes a narrow carve out for such documents and communications.  Despite Plaintiffs' representation in their motion to compel that Baylor's attorney-client privilege and work-product objections do "not even apply" to "most of the requests"—and despite Plaintiffs' counsel's representations to the Court that "communications where Baylor hires their lawyers and deals with their lawyers in pending litigation is not covered by our request" and that "obviously the litigation file doesn't need to be logged"—Plaintiffs have refused to agree to the narrow carve-out proposed by Baylor.  Dkt. 330 at 4; Dkt. 694 at 17-18.

---

[2] It is Baylor's belief that the Court has previously ruled that student settlements and negotiations regarding those settlements are not an appropriate area of discovery, but Baylor raises the issue here because of Plaintiffs' position and out of an abundance of caution.

During the parties' discussions to reach agreement on these issues over the last several weeks, Plaintiffs brought up several specific areas of inquiry regarding other litigation, and Baylor attempted to address those concerns with its RFP proposals. First, Plaintiffs requested communications with opposing counsel for one of the alleged assailants who sued Baylor. Baylor responded by offering to produce those communications. Second, Plaintiffs stated that they could not determine whether to seek additional information about other litigation unless they knew what other litigation existed. Baylor offered to provide a list to Plaintiffs of lawsuits filed by Baylor students or employees regarding "Issues of Concern" during the relevant time period, as well as a list of any employees from whom it has received a demand letter regarding Issues of Concern. Based on that list, Plaintiffs could then seek additional information, if needed.

One of the issues Baylor was aware would not be resolved by agreement related to information about threats of litigation from other student victims regarding Issues of Concern that were confidentially settled prior to the filing of a suit. Baylor does not believe it is appropriate, or proportional to the needs of the case, to either identify those students or produce communications regarding those demands. Among other things, Baylor would be required to send a FERPA notice to those students, which would retraumatize them unnecessarily. And Plaintiffs have failed to articulate a compelling need for documents and communications reflecting demands and settlement discussions with students who settled their claims with Baylor without filing litigation. In fact, it is likely that one of the reasons those students did not file suit was to avoid disclosure of their private situations to third parties. In addition, Baylor is not aware of any Baylor student from whom it has received a demand letter during the relevant timeframe regarding threatened litigation about Issues of Concern for which Plaintiffs have not been provided the underlying Baylor records (such as Title IX or Judicial Affairs).

If the Court is inclined to order production or logging of documents and communications, either internally at Baylor or externally with outside counsel, regarding actual or threatened litigation

after a complainant has retained counsel even where such documents or communications are about the actual or threatened litigation, Baylor requests the opportunity to explain why logging is unduly burdensome for Baylor without a corresponding benefit to Plaintiffs and to provide evidence supporting the privileged nature of the documents and communications.

### III.    Requests for Production Still in Dispute

Below is a list of each RFP identified by the parties as still in dispute, along with each side's proposed resolution and a brief explanation of Baylor's position. (As noted above, Baylor's proposals are often lengthier than Plaintiffs', in large part because Baylor's proposals specifically identify certain information Baylor is willing to provide in response to the requests.)

28. All documents and communications related to any investigation, internal or independent, into Issues of Concern at Baylor.
29. All documents and communications related to Issues of Concern reported to Baylor University Police Department during the past 20 years, including but not limited to reports of any conduct falling within an Issues of Concern.

**Baylor's Proposal**: Except for the Pepper Hamilton investigation, the parties agree that these requests do not seek communications with or documents prepared by outside counsel or internally at Baylor regarding investigations related to "Issues of Concern" that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and that were about the pending or threatened litigation. The parties further agree that these requests do not seek documents or communications about such investigations exchanged with a potential claimant's counsel or the litigation files maintained by Baylor's outside counsel or internally within Baylor. Notwithstanding the above, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.). By doing so, however, Baylor is not waiving its right to object to producing settlement communications with counsel for any other students. Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. The parties agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on these agreements and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Also based on these agreements, Baylor further agrees to produce documents relating to the special committee's late 2016 investigation requested by Phil Stewart related to Pepper Hamilton. Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal**: The parties agree that these requests are limited to the time period between 2003 and November 6, 2017.  Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Also based on these agreements, Baylor further agrees to produce documents relating to the special committee's late 2016 investigation requested by Phil Stewart related to Pepper Hamilton.  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privilege.

For the reasons set forth above, Baylor's main objection to the above requests (as with most of the requests) is that, after Baylor's overbreadth objections were overruled, the requests as worded would encompass documents and communications related to pending or threatened litigation, both internally within Baylor and with outside counsel retained to advise about the litigation, prepared after a claimant had retained outside counsel and that were about the pending or threatened litigation.  The requests would further encompass documents and communications with opposing counsel, including confidential settlement communications.  Baylor's proposed language for RFPs 28 and 29 includes a carve out for the above documents and communications, which would relieve Baylor from having to produce or log documents and communications related to threatened or active litigation internally, with outside counsel, and with opposing counsel.  As the Court might imagine, even logging these documents would be a burdensome task.  As to any other responsive documents or communications that Baylor sought to withhold on the basis of attorney-client or attorney work-product privileges, Baylor would log such documents or communications (such as communications between Baylor and outside counsel with whom Baylor may have consulted regarding a Title IX investigation).

During the parties' negotiations, Plaintiffs' counsel raised the issue of communications between Baylor's counsel and counsel for one of the alleged assailants who had filed suit against Baylor.  Baylor's proposed language above would provide Plaintiffs with Baylor's communications with opposing counsel in that litigation.  Baylor's proposed language also includes a requirement that Baylor will provide Plaintiffs with a list of students and employees who have filed lawsuits regarding "Issues of Concern," as well as a list of employees from whom it has received a demand letter from

outside counsel regarding Issues of Concern. That way, if Plaintiffs' counsel have any concern that Baylor may be withholding something inappropriately on the basis of the above exclusion, Plaintiffs can inquire further and if desired, seek additional information, at which time the parties will attempt to agree on the issue or present the issue to the Court for resolution.

Baylor's proposal does not agree to identify alleged student victims who retained counsel and threatened litigation but then resolved those matters without filing a suit, or to produce demand letters or confidential settlement negotiations. As explained above, Plaintiffs have offered no reason why they would be entitled to such information.

Plaintiffs' proposed language is not acceptable because it does not in any way attempt to address the privilege and other issues raised above, including matters on which Plaintiffs previously indicated the parties had reached agreement.

42. **All documents and communications mentioning Jane Does 1-6 or any Assailant mentioned in Plaintiffs' most recent filed Complaint.**

**Baylor's Proposal**: The parties agree that this request does not seek communications with or documents prepared by outside counsel or internally at Baylor regarding Jane Does 1-15 or any of the alleged Assailants in connection with Baylor's defense of this litigation or any other litigation. The parties further agree that these requests do not seek documents or communications about such matters exchanged between Baylor and opposing counsel in such litigation, or litigation files maintained by outside counsel or internally within Baylor. Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges. Notwithstanding the above agreements, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.). Baylor further represents that there are no other prior or pending lawsuits or threatened litigation against Baylor involving any of Jane Does 1-15's alleged assailants.

**Plaintiffs' Proposal**: The parties agree that this request does not seek communications with or documents exchanged between Baylor and its counsel regarding its defense of this litigation after the date such litigation was filed. Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client

privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

This request seeks all documents mentioning any of the Jane Does or any of the assailants.  As worded, the request seeks litigation files and communications, both internally and externally, in connection with Baylor's defense of this litigation, and in litigation with one of the assailants.  To address this concern, Baylor proposed language that would exclude from the request communications with and documents prepared by outside counsel and internally (such as between employees within Baylor's Office of General Counsel (OGC), as well as between OGC employees and Baylor employees, officers and Regents) in connection with the management and defense of this litigation or any other litigation.  Plaintiff's counsel raised concerns about the lawsuit between Baylor and one of the alleged assailants, so Baylor proposed to produce its communications with opposing counsel in that case.  Plaintiffs' counsel mentioned another lawsuit, the *Kinyon* matter, which involved a Baylor employee who was part of the committee that reinstated one of the alleged assailant's scholarship after it was initially cancelled by Baylor.  The employee later asserted a Title IX retaliation claim.  In attempting to reach agreement on RFP 42, Baylor's counsel informed Plaintiffs' counsel that documents referencing the alleged assailant, including his appeal of the cancellation of his financial aid, would be produced, but Baylor objected to producing or logging documents referencing the assailant that were prepared in connection with the *Kinyon* litigation as part of its defense of that litigation.  Baylor further opposed producing all of its communications with opposing counsel in that litigation, which ultimately settled.  Kinyon's allegations are a matter of public record by virtue of her federal complaint.  Baylor remains willing to discuss with Plaintiffs' counsel specific types of documents that they believe would be relevant to their claims in the Kinyon case, but to date, despite Baylor's repeated requests that they do so, Plaintiffs have declined to identify any such documents.

Other than agreeing to exclude communications and documents with Baylor and its outside counsel regarding this litigation, Plaintiffs' proposal fails to address any of the above issues raised by

Baylor.

43. **All documents related to and communications between present and former Regents of Baylor University, and all documents related to and communications between Baylor and any present and former Regents regarding any Issues of Concern and Pepper Hamilton.**

**Baylor's Proposal**: The parties agree this request only seeks communications and documents provided to or exchanged with present and former Regents regarding "Issues of Concern" (consistent with the Court's Orders - Dkt. 146, 302, 631 - limiting the definition of "Issues of Concern") and Pepper Hamilton. The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. The parties further agree that these requests do not seek communications and documents provided to or exchanged with Regents regarding Issues of Concern that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and that were about the pending or threatened litigation. Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal**: The parties agree this request only seeks communications and documents provided to or exchanged with present and former Regents regarding "Issues of Concern" (consistent with the Court's Orders – Dkt. 146, 302, 631 – limiting the definition of "Issues of Concern"), Pepper Hamilton and documents resulting from ESI searches using the Jane Does' names and Assailants' names. The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

Similar to RFPs 28 and 29, Baylor's proposed language excludes communications with or documents exchanged with present and former Regents regarding Issues of Concern that are or were the subject of pending or threatened litigation prepared after a claimant had retained outside counsel and that were about the pending or threatened litigation. As with RFPs 28 and 29, Baylor would provide a list of lawsuits filed by students or employees regarding Issues of Concern, as well as a list

identifying employees who sent demand letters raising Issues of Concern, but again Baylor objects to identifying or producing confidential communications with other alleged student victims.

Plaintiffs' proposal is not acceptable because it does not address the privilege issues raised above and would require production or logging of obviously privileged communications and documents exchanged with Regents, both internally and with outside counsel, about active and threatened litigation after a claimant retained counsel. To the extent Regents are now former, and not current, the attorney-client privilege with those Regents remains intact related to matters for which they were sitting Regents when they received the communication or document. Baylor would log any documents or communications that it withholds on the basis of privilege that do not fall within the narrow exclusion above.

**46.     All inter-department documents and communications from the Baylor Police Department regarding Issues of Concern.**

**Baylor's Proposal**: The parties agree that this request is limited to the time period between 2003 and November 6, 2017 and seeks BUPD communications with and documents exchanged between Baylor's departments and BUPD, as well as internal BUPD communications, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631). The parties further agree that these requests do not seek communications between BUPD and Baylor's Office of General Counsel or outside counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and that were about the pending or threatened litigation. Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs' Proposal**: The parties agree that this request is limited to the time period between 2003 and November 6, 2017 and seeks BUPD communications between all University departments and BUPD, as well as internal BUPD communications, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631). Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based

on the attorney-client and work product privileges.

Baylor proposed language similar to that for RFPs 28 and 29 to resolve the privilege and ambiguity issues inherent in Plaintiffs' request. In response, Plaintiffs have proposed language that again fails to address the privilege issues referenced above, as it would encompass communications between BUPD and the Office of General Counsel or outside counsel, that are or were the subject of threatened or pending litigation after a potential claimant retained outside counsel, and which were about the pending or threatened litigation. During negotiations as to this RFP, Plaintiffs' counsel expressed concern that BUPD had previously been involved in covering up incidents involving Issues of Concern. Baylor believes that its proposal is narrowly tailored such that, to the extent any such communications existed, they would necessarily be required to be produced.

48. All inter-department documents and communications from Baylor's Title IX office regarding Issues of Concern.
49. All inter-department documents and communications from Baylor's Judicial Affairs office regarding Issues of Concern.
50. All inter-department documents and communications from Baylor's Human Resources Department regarding Issues of Concern.

**Baylor's Proposal**: The parties agree that these requests are limited to the time period between 2003 and November 6, 2017 and seek documents and communications exchanged between Title IX, Judicial Affairs and Human Resources and other Baylor departments (other than with Baylor's Office of General Counsel or outside counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant had retained outside counsel and that were about the pending or threatened litigation) and internally within Title IX, Judicial Affairs and Human Resources, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631). Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiff's Proposal**: The parties agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges

(except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

Similar to RFP 46, Baylor once again proposed language for RFPs 48-50 narrowly tailored to carve out privileged communications and documents exchanged between Title IX, Judicial Affairs and Human Resources, and the OGC or outside counsel, when those communications and documents are about actual or threatened litigation.  In defending and managing the lawsuits involving Issues of Concern, and in responding to threats of litigation, Baylor will necessarily communicate internally about the subject matter of the litigation, including to obtain information about the underlying subject matter of the litigation and to gather documents.  As worded, Plaintiffs' proposal does not include any exclusion for such communications or documents and would require Baylor to log all of its internal communications about the litigation.

> 53. **Any documents and communications within, from or to the Athletics Department concerning any Issues of Concern.**

**Baylor's Proposal**: The parties agree this request only seeks documents and communications regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017.  The parties further agree that these requests do not seek documents exchanged with and communications with Baylor's Office of General Counsel or outside counsel regarding matters that are or were the subject of pending or threatened litigation after a potential claimant had retained outside counsel and that were about the pending or threatened litigation.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

**Plaintiffs Proposal**: The parties agree this request only seeks documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern."  The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding based on the

attorney-client and work product privileges. Based on this agreement, Baylor will withdraw objections to this request.

This request raises the same privilege issues as RFPs 48-50, which Baylor has attempted to address with its proposed language. Once again, Plaintiffs' proposal ignores those concerns, although they previously verbally agreed to such a limitation.

**56.    Any documents, communications or records pertaining to the assailants alleged in this case.**

**Baylor's Proposal**: The parties agree that this request does not seek documents reflecting financial aid received by the alleged assailants except in connection with the issues relating to the rescission and appeal of any athletic scholarship. The parties further agree that, to the extent it has not already done so, Baylor will produce the alleged assailants' academic and disciplinary records (including their BUPD, Title IX, Judicial Affairs, and OALA files/records), as well as documents resulting from ESI searches using the assailants' names, which will be sufficient to comply with this request. Baylor has already produced all these files, with the exception of OALA files, for the alleged assailants of Jane Does 1-10, and Baylor agrees to provide this same information for Jane Does 11-15's alleged assailants. The parties agree that this request does not seek communications with or documents prepared by outside counsel or internally at Baylor regarding any of the alleged assailants in connection with Baylor's defense of this litigation or any other litigation. The parties further agree that these requests do not seek documents or communications about such matters exchanged between Baylor and opposing counsel in such litigation, or litigation files maintained by outside counsel or internally within Baylor. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges. Notwithstanding the above agreements, Baylor agrees to produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-00341-RP (W.D. Tex.). Baylor further represents that there are no other prior or pending lawsuits or threatened litigation against Baylor involving any of Jane Does 1-15's alleged assailants.

**Plaintiffs' Proposal**: Regarding documents reflecting financial aid received by the alleged assailants, the parties agree to limit production of these documents as contemplated in the Court's Order 585 and reflected in the parties previous agreement reflected in Dkt. 587. The agreement to limit specifically excludes non-voluminous records related to Assailants 16 or 17 or related to Assailant 16's financial aid appeal including any pending or threatened litigation related to the appeal. The parties further agree that, to the extent it has not already done so, Baylor will produce the alleged assailants' academic and disciplinary records as well as documents resulting from ESI searches using the assailants' names, which will be sufficient to comply with this request. Baylor agrees to provide this same information for Jane Does 11-15's alleged assailants. Based on this agreement, Baylor will withdraw all of its objections to these requests (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

This request presents the same issues as RFP 42 relating to privilege and communications with opposing counsel in the lawsuit involving one of the alleged assailants and the *Kinyon* matter, and Baylor proposed similar language to resolve the issues as it proposed for RFP 42.  Plaintiffs' proposal fails to address the above issues other than to continue to include such communications and documents within the scope of the request, and to require logging of the communications and documents—including even privileged communications with outside counsel about this litigation.

61. **All documents, communications and academic records, including conduct and honor code records, which relate to or mention each of the Plaintiffs.**

**Baylor's Proposal**: The parties agree that this request does not seek documents and communications exchanged by and between Baylor agents and representatives, including Baylor's internal and external counsel, about issues related to this litigation involving Plaintiffs after the date Plaintiffs filed suit.  The parties agree that the request seeks documents pertaining to Jane Does 1-10's Title IX files, academic records, Judicial Affairs files, financial aid files, health/counseling records, BUPD files, OALA files, and documents resulting from ESI searches using the Jane Does' names.  Baylor agrees to provide this same information for Jane Does 11-15.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding, if any, based on the attorney-client and work product privileges.

**Plaintiff's Proposal**: The parties agree that this request does not seek documents and communications exchanged by and between Baylor and its lawyers involving Plaintiffs after the date Plaintiffs filed suit that are directly related to the litigation.  The parties agree that the request seeks documents pertaining to Jane Does 1-10's from all Baylor departments and documents resulting from ESI searches using the Jane Does' names. Baylor agrees to provide this same information for Jane Does 11-15.  Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).  Baylor will log responsive document and communications that it is withholding, if any, based on the attorney-client and work product privileges.

This request presents the same issues as RFP 42, except this RFP pertains only to the Jane Does.  As before, Baylor's proposed language would exclude documents and communications, internally and with outside counsel, about this litigation.  Plaintiffs' proposal only excludes

communications between Baylor and its outside counsel but would require production and/or logging of internal party communications about the litigation.

In addition, Baylor proposed language to limit the scope of the request to certain types of files maintained by Baylor for its students, as well as to ESI searches using the Jane Does' names. In response, Plaintiffs broaden the request to seek such documents and communications from "all Baylor departments" without regard to the parties' previously agreed upon ESI Custodians. Such a request would be improper and require Baylor to run the parties' agreed-upon search terms across every department at the University, something which is neither proportional or appropriate.

90. All agendas for Baylor Executive Council meetings related to Issues of Concern.
91. All documents used in any Baylor Executive Council meeting related to Issues of Concern.
92. All documents and communications provided to the Baylor Executive Council related to Issues of Concern.

**Baylor's Proposal**: The parties agree these requests only seek documents and communications regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern." The parties further agree that these requests are limited to the time period between 2003 and November 6, 2017. The parties further agree that these requests do not seek communications and documents regarding matters that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and that were about the pending or threatened litigation. Baylor further agrees to provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)).

**Plaintiffs' Proposal**: The parties agree these requests only seek documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern." The parties further agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Similar to many of the other RFPs above, Baylor's proposed language excludes documents and communications, related to actual or threatened litigation, after a potential claimant retained outside counsel, which were about the pending or threatened litigation. Such communications would be privileged attorney-client communications. To the extent that any agendas contained such information, the privileged portion of the agenda would be redacted. Again, Plaintiffs' proposal ignores these important privilege concerns.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:  /s/ Julie A. Springer
Julie A. Springer
State Bar No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar No. 24056551
sjanes@wshllp.com
Geoffrey D. Weisbart
State Bar No. 21102645
gweisbart@wshllp.com

**THOMPSON & HORTON LLP**
Lisa A. Brown
Texas Bar No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on August 30, 2019, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)　　*Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
3303 Northland Drive, Suite 205
Austin, Texas 78731

Mr. K. Scott Brazil　　*Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam　　*Via ECF: jimdunnam@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710


　　　　　　　　　　　　　　　　　　　/s/ Julie A. Springer
　　　　　　　　　　　　　　　　　　Julie A. Springer