IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § § § § § § § § § § | |
| Plaintiffs, | | 6:16-CV-173-RP |
| | | *Consolidated with* |
| v. | | 6:17-CV-228-RP |
| | | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | | |
| Defendant. | | |

**ORDER**

On July 24, 2019, after three rounds of briefing,[1] the Court held a hearing on the parties' outstanding disputes regarding Plaintiffs' requests for production.[2] (*See* Order Granting in Part and Denying in Part Baylor Mot. Reconsid., Dkt. 674; Hr'g Tr., Dkt. 694). At the hearing, the parties were able to resolve certain issues and requested additional time to confer and potentially resolve all remaining disputes. The Court agreed and set a deadline for the parties either to advise the Court that all issues were resolved or submit their respective proposals for a final order. The parties' proposals are now before the Court, (Dkts. 702, 703), with their responsive briefing. (Dkts. 707, 709). Baylor has also requested a hearing on the proposals, which Plaintiffs oppose. (Dkt. 704).

I. THE REQUEST FOR AN ADDITIONAL HEARING

Plaintiffs first moved to compel responses to their RFPs in July of 2018. Over the last fifteen months, the parties have now submitted four rounds of briefing, and the Court has held a hearing. The Court allowed the parties an opportunity to confer and submit proposed orders for any

---

[1] (*See* Pls.' Mot., Dkt. 330; Baylor Resp., Dkt. 336, Pls.' Reply, Dkt. 368, Pls.' Supp. Mot., Dkt. 481; Baylor Supp. Resp., Dkt. 487, Pls.' Supp. Reply, 493, Order Granting Pls.' Mot., Dkt. 631; Baylor Mot. Reconsid., Dkt. 646, Baylor Resp. to Certification Deadline, Dkt. 648; Pls. Reply to Certification Deadline, Dkt. 661; Pls.' Resp. Mot., Dkt. 663; Baylor Reply, Dkt. 668).

[2] The Court limited reconsideration to objections that Baylor timely raised in response to Plaintiffs' original motion to compel. (*See* Order, Dkt. 674; Baylor Resp., Dkt. 336).

1

outstanding issues. In light of the parties' extensive briefing and the significant time allowed for the parties to attempt to resolve these issues, the Court denies the request for an additional hearing.

## II. DISPUTED REQUESTS FOR PRODUCTION

The Court notes with appreciation that the parties have reached agreement for 92 of 106 requests for production. (*See* Agreements at Exhibit A, Dkt. 702; Baylor Advisory, Dkt. 703, n.1). The following requests remain in dispute: RFPs 28–29, 42–43, 46, 48–50, 53, 56, 61, and 90–92. The RFPs are grouped and discussed in numerical order, except where certain requests raise substantially similar issues. For clarity regarding each request, the Court's orders are integrated throughout this Order, rather than summarized at the end in the Court's typical practice.

The Court disagrees that "Plaintiffs appear to be seeking litigation files and privileged communications." (Baylor Br., Dkt. 703, at 3). Plaintiffs do not dispute that Baylor is entitled to withhold privileged communications. (*See* Pls.' Br., Dkt. 702). The central issue before the Court is how to manage the production burden for Baylor while ensuring that Plaintiffs receive all responsive non-privileged materials to which they are entitled.

Following this order, as always, the parties may narrow the scope of production by mutual agreement if new efficiencies become apparent. Given the extensive submissions of the parties and court resources dedicated to production in response to Plaintiffs' RFPs, the Court directs the parties to resolve any future disputes by mutual agreement.

| RFP 28 | All documents and communications related to any investigation, internal or independent, into Issues of Concern at Baylor. |
|---|---|
| RFP 29 | All documents and communications related to Issues of Concern reported to Baylor University Police Department during the past 20 years, including but not limited to reports of any conduct falling within an Issues of Concern. |

The Court is mindful of Baylor's primary concern regarding these requests—that they "would encompass documents and communications related to pending or threatened litigation, both

internally within Baylor and with outside counsel retained to advise about the litigation, prepared after a claimant had retained outside counsel." (Baylor Br., Dkt. 703 at 6). Baylor is indeed entitled to withhold privileged materials. However, Baylor's proposed language is broader than the scope of the attorney-client privilege or work product privilege.

For example, Baylor proposes excluding "*communications with or documents prepared* by outside counsel *or internally at Baylor* regarding investigations related to "Issues of Concern" that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel *and that were about the pending or threatened litigation*." (*See id.* (emphasis added)). This would exclude internal communications at Baylor regarding pending or threatened litigation that were not made to an attorney (or their agent) or for the primary purpose of securing legal assistance in a legal proceeding. *See Equal Empl. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017) ("For a communication to be protected under the attorney-client privilege, the proponent must prove: (1) that [a party] made a confidential communication; (2) to a lawyer or [their] subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.") (cleaned up).

Baylor's proposed language would also exclude internal communications at Baylor regarding pending or threatened litigation that were not actually prepared in anticipation of litigation or trial— for example, emails between two non-attorney Baylor employees discussing personal opinions or concerns regarding pending litigation. *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) ("Work product only protects documents produced by or for an attorney preparing for litigation"). Parties must assert more than a general allegation of privilege. *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004). "Blanket claims of privilege are disfavored." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 713 (5th Cir. 2001) (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.16 (5th Cir. 1999)). The Court is particularly disinclined to allow broad exclusions based on

privilege given the Court's prior order overruling all of Baylor's claimed privileges for the Ketchum materials. (*See* Dkt. 616). The Court therefore declines to adopt the first portion of Baylor's proposal.

Regarding discovery of settlement communications, the Court has already ruled that if Plaintiffs seek settlement agreements, they must file a motion explaining why specific materials are relevant and proportional to the needs of the case. (*See* Order, Dkt. 631, at 3). The Court therefore adopts Baylor's general exclusion of settlement communications.[3] However, the Court's general rule excluding discovery of settlement agreements does not preclude discovery of specific settlement communications if Plaintiffs can show why particular those communications are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Given the extensive discovery in this litigation, the Court urges Plaintiffs to seek such material judiciously.

Accordingly, the Court **ORDERS** that

> Baylor shall produce communications with counsel for the plaintiff in C.A. No. 6:18-cv-341-RP (W.D. Tex.). By doing so, however, Baylor is not waiving its right to object to producing settlement communications with counsel for any other students.
> The Court's general rule excluding discovery of settlement agreements does not preclude discovery of specific settlement communications if a party can show why particular those communications are relevant and proportional to the needs of the case.
> Baylor shall provide Plaintiffs with a list of any lawsuits filed by Baylor students or employees against Baylor from 2003 through November 6, 2017 involving Issues of Concern, as well as a list of any employees from whom it has received a demand letter from outside counsel regarding Issues of Concern.
> The parties agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on these agreements and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Also based on these agreements, Baylor further agrees to produce documents relating to the special committee's late 2016 investigation requested by Phil Stewart related to Pepper Hamilton. Baylor will log responsive documents and

---

[3] This does not resolve Plaintiff's Motion to Compel certain settlement communications related to John Clune. (Mot., Dkt. 643). As Plaintiffs note in that motion, they do not seek "victim identifications [or] settlement amounts." (*Id.* at 1-2). The Court will enter a separate order regarding that motion.

communications that it is withholding based on the attorney-client and work product privileges.

| **RFP 42** | **All documents and communications mentioning Jane Does 1-6[4] or any Assailant mentioned in Plaintiffs' most recent filed Complaint.** |
|---|---|

Again, the Court does not agree with Baylor's characterization that this request seeks litigation files. (*See* Baylor Br., Dkt. 703, at 8). Both parties contemplate protecting privileged material in their proposed language by use of a privilege log and exclusions for certain litigation materials. (*See id*; Pls.' Br., Dkt. 702 at 10). Discovery from an institution as large and complex as a university requires distinguishing genuinely privileged material from ordinary, non-privileged communications. This is inevitably a burdensome process at times. Although the Court appreciates that Baylor has attempted to craft a practical solution to distinguish material that is likely to be privileged, the Court is again concerned that the proposed exclusion is overly broad. For example, it would exclude "communications . . . prepared internally at Baylor regarding Jane Does 1-15 . . . in connection with . . . this litigation or any other litigation." (Baylor Br., Dkt. 703, at 7). This language could exclude documents or communications related to Plaintiffs' claims that are not privileged, such as non-attorney staff communications discussing media strategy. (*See* Pls.' Br., Dkt. 702 at 10). Plaintiffs' proposed language excludes communications regarding this litigation after the date that this case was filed, which would lessen the burden of privilege review and production for Baylor without raising the same overbreadth concerns. The Court will adopt that proposed exclusion.

The Court will also adopt some of the limitations proposed in Baylor's briefing regarding the *Kinyon* litigation. (*See* Baylor Br., Dkt. 703, at 8). Beyond the production ordered immediately below, Plaintiffs have not shown that further production is relevant and proportional to their claims. The Court therefore **ORDERS** that

---

[4] The parties agree that this request now encompasses Jane Does 1–15. (Pls.' Br., Dkt. 702, at 10; Baylor Br., Dkt. 703, at 7).

RFP 42 does not seek communications with or documents exchanged between Baylor and its counsel regarding its defense of this litigation after the date such litigation was filed. Based on this agreement and the Court's definition of "Issues of Concern" (146, 302 and 631), Baylor will withdraw all of its objections to these requests with the exception of the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Regarding the *Kinyon* matter, Baylor shall produce documents referencing the alleged assailant, including the cancellation of his financial aid. However, Baylor is not obligated to produce or log materials referencing the alleged assailant that are (a) drafted by an attorney and (b) dated on or after the date that the *Kinyon* matter was filed and (c) reference or directly relate to Baylor's defense of the *Kinyon* matter. Baylor is also not obligated to produce or log materials that are (a) communications with outside counsel and (b) dated on or after the date that the *Kinyon* matter was filed and (c) reference or directly relate to Baylor's defense of the *Kinyon* matter. Baylor shall log or produce all other responsive materials.

| **RFP 43** | **All documents related to and communications between present and former Regents of Baylor University, and all documents related to and communications between Baylor and any present and former Regents regarding any Issues of Concern and Pepper Hamilton.** |
|---|---|

The Court is persuaded by Plaintiff's examples of non-privileged, relevant materials that would be excluded by Baylor's proposed language limiting production to materials "provided to or exchanged with present and former Regents . . . and Pepper Hamilton." (*See* Pls.' Br., Dkt. 702, at 9). For example, Baylor's proposed language would exclude communications between present and former Regents regarding the June 2016 letter to the Board of Regents by survivors of sexual assault and survivors' supporters and Regents' communications regarding the implementation of Pepper Hamilton's recommendations. (*See id.*). Again, Plaintiff's proposal contains language narrowing the scope of the request, which lessens the burden of production on Baylor. Accordingly, the Court **ORDERS** that

RFP 43 seeks only communications and documents provided to or exchanged with present and former Regents regarding "Issues of Concern" (consistent with the Court's Orders – Dkt. 146, 302, 631 – limiting the definition of "Issues of Concern"), Pepper Hamilton and documents resulting from ESI searches using the Jane Does' names and Assailants' names. The parties further agree that this request is

limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

| **RFP 46** | **All inter-department documents and communications from the Baylor Police Department regarding Issues of Concern.** |
|---|---|

The Court agrees that Plaintiffs are entitled to production of reports even if the report was made only to the Baylor University Police Department (BUPD). (*See* Pls.' Br., Dkt. 702, at 6). Additionally, Baylor's proposed language for this request would be broader than the scope of attorney-client or work product privilege. For example, Baylor proposes excluding "communications between BUPD and Baylor's Office of General Counsel or outside counsel . . . after a potential claimant retained outside counsel and that were about the pending or threatened litigation." (Baylor Br., Dkt. 703, at 10). The Court appreciates that some of that material is very likely privileged. However, as discussed above regarding RFP 28, 29, and 42, this language would also exclude communications about pending or threatened litigation that were not made for the primary purpose of securing legal assistance. *See EEOC,* 876 F.3d at 695. It would also exclude communications that were not actually prepared in anticipation of litigation or trial. *See Dunn*, 927 F.2d at 875. "[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *EEOC*, 876 F.3d at 695. "The work product doctrine is not an umbrella that shades all materials prepared by a lawyer . . . The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

As noted above regarding the Ketchum materials, the Court has previously overruled Baylor's claimed privilege for emails that copied the Office of the General Counsel but merely

discussed media strategy, not legal advice. (*See* Dkt. 616). The Court will not presume that communications with the Office of the General Counsel are privileged. The Court will not adopt Baylor's proposed language for RFP 46 because it would exclude communications between BUPD and OGC even if those communications only discussed personal opinions or media strategy.

Although the Court appreciates the burden of producing privilege logs for all communications between BUPD and the Office of General Counsel, the parties have not offered an alternative solution that would ensure production of the non-privileged materials to which Plaintiffs are entitled. Having allowed extended time for the parties to reach a compromise, the Court will adopt the language that both parties proposed, without the additional exclusions proposed by Baylor. The Court **ORDERS** that

> RFP 46 is limited to the time period between 2003 and November 6, 2017 and seeks BUPD communications between all University departments and BUPD, as well as internal BUPD communications, related to "Issues of Concern" consistent with the Court's rulings (Dkt. 146, 302, 631). Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

| **RFP 48** | **All inter-department documents and communications from Baylor's Title IX office regarding Issues of Concern.** |
|---|---|
| **RFP 49** | **All inter-department documents and communications from Baylor's Judicial Affairs office regarding Issues of Concern.** |
| **RFP 50** | **All inter-department documents and communications from Baylor's Human Resources Department regarding Issues of Concern.** |

The Court recognizes the tremendous burden for Baylor to construct a privilege log for all internal communications regarding a large number of civil suits. (*See* Baylor Br., Dkt. 703, at 12). But Plaintiffs are not obligated to guess at the existence of specific materials in order to seek their production. (*See* Pls.' Br., Dkt. 702, at 5, 7).

Neither party's proposal offers a satisfactory compromise. As discussed above regarding RFPs 28, 29, 42, and 46, Baylor's proposed exclusion for communications with the Office of General Counsel is broader than the scope of attorney-client or work product privilege. (*See* Baylor Br., Dkt. 703, at 12). However, the Court agrees that requiring Baylor to produce a privilege log for all communications about all litigation related to the Issues of Concern would be disproportionate and unnecessary. Therefore, for these requests only, the Court will order the parties to confer and exclude as lease some portion of these materials that are most likely to be privileged.

The Court **ORDERS** that

RFPs 48, 49, and 50 are limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.
For these requests only, the parties shall confer and adopt appropriate language to narrow the scope of this request in order to exclude at least some portion of Baylor's communications that are most likely to be privileged. For example, the parties may agree to exclude (a) Baylor's communications with its outside counsel after a potential claimant retained outside counsel and (b) communications drafted by an attorney that explicitly refers to document collection, discovery, or other civil proceedings. The Court urges the parties to think creatively and practically about how to reduce the burden of this production (as well as the burden on Plaintiffs to review the production). The parties may agree to apply these exclusions to other RFPs, but the Court will not supervise that negotiation.

| RFP 53 | Any documents and communications within, from or to the Athletics Department concerning any Issues of Concern. |
|---|---|

For the same reasons given regarding RFPs 28, 29, 42, and 46, the Court will not adopt a general exclusion for Athletic Department communications with Baylor's Office of General Counsel or outside counsel regarding pending or threatened litigation. (*See* Baylor Br., Dkt. 703, at 12). The Court will adopt the language that both parties proposed, without the additional exclusions proposed by Baylor. The Court therefore **ORDERS** that

RFP 53 seeks only documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern." The parties further agree that this request is limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding based on the attorney-client and work product privileges.

| **RFP 56** | **Any documents, communications or records pertaining to the assailants alleged in this case.** |
|---|---|

This request raises two primary issues. First, Plaintiffs object to Baylor's proposed language because it would limit production to specific university departments. (Pls.' Br., Dkt. 702, at 11). The Court will not consider restricting production from particular Baylor departments—that objection would be at least fifteen months past due.

Second, this request raises substantially the same issue as RFP 42. Baylor is concerned that Plaintiffs' proposal would require logging privileged communications with outside counsel regarding this litigation. (Baylor Br., Dkt. 703, at 14). Baylor also raises the same arguments regarding the *Kinyon* litigation. (*See id.* at 8, 14). Plaintiffs argue that they "do not seek documents or communications exchanged between Baylor and its counsel directly related to its defense in this litigation." (Pls.' Br., Dkt. 702, at 11). For the reasons discussed regarding RFP 42, the Court will adopt some of the limitations proposed in Baylor's briefing regarding the *Kinyon* litigation, (*see* Baylor Br., Dkt. 703, at 8, 14), and also include Plaintiffs' language restricting communications regarding Baylor's defense of this litigation, (*see* Pls.' Br., Dkt. 702, at 10). The Court also slightly modifies Plaintiffs' proposed language regarding financial aid appeals for clarity and consistency with this Order. The Court **ORDERS** that

> RFP 56 does not seek communications with or documents exchanged between Baylor and its counsel regarding its defense of this litigation after the date such litigation was filed.

Regarding documents reflecting financial aid received by the alleged assailants, the parties agree to limit production of these documents as contemplated in the Court's Order 585 and reflected in the parties' previous agreement reflected in Dkt. 587.[5] Notwithstanding this agreement, Baylor shall produce records related to any alleged assailant's financial aid appeal including any pending or threatened litigation related to the appeal, subject to the terms of this Order, the Court's Order at Dkt. 585, and the parties' agreement at Dkt. 587. The parties further agree that, to the extent it has not already done so, Baylor will produce the alleged assailants' academic and disciplinary records as well as documents resulting from ESI searches using the assailants' names, which will be sufficient to comply with this request. Baylor agrees to provide this same information for Jane Does 11-15's alleged assailants. Based on this agreement, Baylor will withdraw all of its objections to these requests (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

Regarding the *Kinyon* matter, Baylor shall produce documents referencing the alleged assailant, including the cancellation of his financial aid. However, Baylor is not obligated to produce or log materials referencing the alleged assailant that are (a) drafted by an attorney and (b) dated on or after the date that the *Kinyon* matter was filed and (c) reference or directly relate to Baylor's defense of the *Kinyon* matter. Baylor is also not obligated to produce or log materials that are (a) communications with outside counsel and (b) dated on or after the date that the *Kinyon* matter was filed and (c) reference or directly relate to Baylor's defense of the *Kinyon* matter. Baylor shall log or produce all other responsive materials.

| RFP 61 | All documents, communications and academic records, including conduct and honor code records, which relate to or mention each of the Plaintiffs. |
|---|---|

The Court adopts Plaintiffs' proposal. The Court agrees that the "agents and representative" term proposed by Baylor would be an overly broad exclusion, and that Plaintiffs are entitled to production of responsive materials without arbitrary exclusion of certain Baylor departments. For the same reasons discussed regarding RFP 42 and 56, the Court adopts Plaintiffs' proposed language. Therefore, the Court **ORDERS** that

> RFP 61 does not seek documents and communications exchanged by and between Baylor and its lawyers involving Plaintiffs after the date Plaintiffs filed suit that are directly related to the litigation. The parties agree that the request seeks documents pertaining to Jane Does 1-10's from all Baylor departments and documents resulting from ESI searches using the Jane Does' names, including but not limited to Title IX

---

[5] Adopting the Court's suggestion, (Order, Dkt. 585, at 6–7), the parties agreed to omit certain voluminous financial aid and scholarship materials from production, (Joint Notice, Dkt. 587).

11

files, academic records, Judicial Affairs files, financial aid files, health/counseling records, BUPD files, and OALA files. Baylor agrees to provide this same information for Jane Does 11-15. The Court will not consider any further objections regarding this material, with the exception of Baylor's objections based on the attorney-client and work product privileges (except to the extent that privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive document and communications that it is withholding, if any, based on the attorney-client and work product privileges.

| RFP 90 | All agendas for Baylor Executive Council meetings related to Issues of Concern. |
|---|---|
| RFP 91 | All documents used in any Baylor Executive Council meeting related to Issues of Concern. |
| RFP 92 | All documents and communications provided to the Baylor Executive Council related to Issues of Concern. |

The parties' proposed language is the same except for Baylor's proposed exclusions for materials "regarding matters that are or were the subject of pending or threatened litigation after a potential claimant retained outside counsel and that were about the pending or threatened litigation." (Baylor Br., Dkt. 703, at 15). The Court appreciates that some of that material is likely privileged. However, as discussed above regarding RFP 28 and 29, this language would also exclude communications between Baylor Regents about pending or threatened litigation that were not made to an attorney or for the primary purpose of securing legal assistance. *See EEOC,* 876 F.3d at 695. It would also exclude communications between Baylor Regents regarding pending or threatened litigation that were not actually prepared in anticipation of litigation or trial. *See Dunn*, 927 F.2d at 875. The Court therefore adopts Plaintiff's proposal, which still protects Baylor's privilege through use of a privilege log. The Court **ORDERS** that

> RFP 90, 91, and 92 seek only documents regarding "Issues of Concern" consistent with the Court's Orders (Dkt. 146, 302, 631) limiting the definition of "Issues of Concern." The parties further agree that these requests are limited to the time period between 2003 and November 6, 2017. Based on this agreement, Baylor will withdraw all of its objections to these requests, with the exception of its objections based on the attorney-client and work product privileges (except to the extent the attorney-client privilege has been waived pursuant to Court Order (Dkt. 168)). Baylor will log responsive documents and communications that it is withholding based on the attorney-client and work product privileges.

## III. CONCLUSION

For the reasons stated herein and on the record at the hearing on July 24, 2019, (Hr'g Tr., Dkt. 694), and pursuant to the terms of this Order and the Court's prior Orders, including Dkts. 565, 631, 674, the Court **ORDERS** Baylor to produce all privilege logs and responsive materials to Plaintiffs on or before **December 10, 2019**, which is sixty days from the date of this Order.

The Court further **ORDERS** Baylor to file an advisory with the Court certifying when production is complete.

**SIGNED** on October 11, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE