UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JANE DOE 1, et al.,** § | | |
| § | | |
| **Plaintiffs,** § | | **Civil Action No. 6:16-CV-00173-RP** |
| § | | |
| v. § | | **Consolidated with** |
| § | | **6:17-CV-228-RP** |
| **BAYLOR UNIVERSITY,** § | | **6:17-CV-236-RP** |
| § | | |
| **Defendant.** § | | |

**BAYLOR UNIVERSITY'S UNOPPOSED MOTION FOR CONFERENCE WITH THE HONORABLE JUDGE AUSTIN AND FOR EXTENSION OF DEADLINES**

Defendant Baylor University files this unopposed motion for a discovery-planning conference and extension of deadlines and respectfully shows the following:

On October 21, 2019, the Honorable Judge Pitman referred all pending and future non-dispositive motions in these consolidated cases to the Honorable Judge Austin. Dkt. 717. In addition to the seventeen discovery-related motions already pending before the Court, a number of other unresolved issues have arisen, some of which are threshold issues that will affect other discovery. The issues that Baylor has identified to date that need to be addressed are below. An in-person conference will enable the parties to provide the Court with any useful context and information about the discovery completed to date, help the parties and Court identify and define the outstanding discovery issues and develop a schedule for reaching agreement or submitting briefing, and allow the parties and the Court to ask clarifying questions in an efficient manner. The purpose of the requested conference is not to obtain a ruling on the merits of any unresolved issue but rather to identify and prioritize issues and to develop a protocol for resolution.

Plaintiffs join in the request for a discovery conference and will provide any additional issues they believe should be addressed in their response to this motion.

In addition to the request for a discovery conference, Baylor asks for an extension of two deadlines: the November 13, 2019 deadline for the parties to submit a proposed scheduling order (Dkt. 718), and the December 10, 2019 deadline for Baylor to "produce all privilege logs and responsive materials to Plaintiffs" ("the December 10 Deadline"). Dkt. 715. Plaintiffs also join in the request for an extension of the deadline to file a proposed scheduling order, and they do not oppose Baylor's request for an extension of the December 10 Deadline. The parties ask to submit both the proposed scheduling order and a new proposed deadline for Baylor's production of privilege logs and responsive materials to the Court seven days after completion of the discovery conference.

**I.      Issues to address at discovery-scheduling conference.**

Baylor has identified the following discovery issues that would benefit from a conference with the Court. Again, Baylor identifies these issues for the purpose of establishing a schedule to either reach agreement or brief the matters for the Court, not for the purpose of obtaining resolution at the requested conference.

- ESI protocol, including search terms, custodians, devices, and de-duplication process, for the new discovery time period encompassing June 15, 2016 through November 6, 2017. *See* Dkts. 176, 645.

- Third-party vendor questions, including (i) the method by which the vendor will provide a random selection of privileged documents to the Court for *in camera* review and the process by which the parties will address any privilege questions arising from the documents submitted (ii) the meaning of the Court's order regarding the vendor's role, if any, after it finishes Bates labeling Pepper Hamilton material, and (iii) which documents in the possession of the third-party vendor are subject to production. *See* Dkts. 667, 680, 683, 684, 689, 700.

- Third-party subpoenas.

- Deadlines for Baylor to produce updated medical and counseling charts and an updated Title IX Office case-tracking chart.

- Plaintiffs' compliance with the Court's order compelling production of certain documents.  Dkt. 615.

- Challenges by Plaintiffs to Baylor's privilege designations.

- Search terms to be run by the third-party vendor on the alleged assailants' *Baylor.edu* email accounts.

- Agreement, pursuant to Dkt. 715, as to categories of documents that Baylor does not have to produce or log in response to Plaintiffs' requests for production.

- Whether the parties can agree that Plaintiffs' 106 requests for production served in *Jane Does 1-10* and Baylor's objections and responses to those 106 requests apply in *Jane Does 11-15*, consistent with the parties' agreements and applicable court orders.

Plaintiffs will be submitting any additional issues they believe should be addressed at the conference for the purpose of establishing a schedule to either reach agreement or brief those matters for the Court.  If Baylor identifies any other discovery issues to address, it will so inform the Court and Plaintiffs before the conference if at all practicable.

Because of a variety of scheduling conflicts, including the Thanksgiving holiday, the parties request that the conference take place the first week of December 2019 or later.

**II.    Extension of the November 13, 2019 deadline for the parties to submit a proposed scheduling order.**

On October 30, the Court ordered the parties to confer and prepare a joint proposed amended scheduling order on or before November 13, 2009.  Dkt. 718.  Because the timeline for addressing the outstanding discovery issues will affect other deadlines, the parties jointly ask for the November 13 deadline to be extended.  The parties request that they be allowed to file a joint proposed amended scheduling order seven days after completion of the conference with the Court.

**III.   Amendment of the December 10 Deadline.**

On October 11, the Court ordered "Baylor to produce all privilege logs and responsive materials to Plaintiffs on or before December 10, 2019."  Dkt. 715 at 13.  Baylor will need relief from that deadline because of the issues outlined above.  Additionally, documents responsive to Plaintiffs'

requests for production for the new time period, particularly third-party sexual assault files, will require extensive and time-consuming FERPA redactions, *see* Dkt. 300, and resolution of FERPA objections for the new time period will likely also add time to the discovery process.

Plaintiffs do not oppose the request to extend Baylor's December 10 Deadline. The parties ask to propose a new agreed deadline seven days after completion of the conference with the Court.

## CONCLUSION AND PRAYER

Accordingly, Baylor asks that the Court (i) grant this motion; (ii) schedule an in-person conference[1] so the Court and the parties can identify all outstanding issues and devise an orderly protocol for addressing them; (iii) extend the deadline for the parties to file a joint proposed amended scheduling order to seven days after completion of the in-person conference; and (iv) extend Baylor's deadline to produce privilege logs and responsive materials and allow the parties to propose a new deadline seven days after completion of the in-person conference. Baylor further requests any other relief to which it may be entitled.

---

[1] Both Baylor and Plaintiffs have at least one lawyer in Austin. Baylor is willing to conduct pre-trial hearings in Austin. Dkt. 647 at 2. Plaintiffs "have no objections to hearings the Judge wants being heard in Austin." *Id.* at 4. However, if it presents scheduling conflicts for Plaintiffs' counsel or the Court, Baylor's counsel is agreeable to appearing in Waco as well.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:   /s/ Julie A. Springer
      Julie A. Springer
      State Bar No. 18966770
      jspringer@wshllp.com
      Sara E. Janes
      State Bar No. 24056551
      sjanes@wshllp.com
      Geoffrey D. Weisbart
      State Bar No. 21102645
      gweisbart@wshllp.com

**THOMPSON & HORTON LLP**
Lisa A. Brown
Texas Bar No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com

Holly G. McIntush
Texas Bar No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**COUNSEL FOR DEFENDANT**
**BAYLOR UNIVERSITY**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have conferred regarding this motion. At the time of the parties' conference, Plaintiffs had not seen Baylor's motion but advised that they join in the request for a conference with Judge Austin to be held the first week of December 2019 (or a date thereafter) on discovery issues, and that they would file a written response to the motion identifying any additional issues that they believe should be addressed at the conference. Plaintiffs are unopposed to and join in the request to extend the deadline for the parties to submit a proposed scheduling order from November 13 until 7 days after completion of the conference. Plaintiffs are also unopposed to Baylor's request to extend its December 10 deadline for production to a date to be agreed upon and submitted to the Court by the parties 7 days after completion of the conference.

/s/ Julie A. Springer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on November 8, 2019, via the Court's ECF/CMF electronic service system as follows:

    Mr. Chad W. Dunn (Attorney in Charge)    *Via ECF: chad@brazilanddunn.com*
    **BRAZIL & DUNN, L.L.P.**
    4407 Bee Caves Road, Suite 111
    Austin, Texas 78746

    Mr. K. Scott Brazil    *Via ECF: scott@brazilanddunn.com*
    **BRAZIL & DUNN, L.L.P.**
    13231 Champion Forest Drive, Suite 460
    Houston, Texas 77069

    Mr. Jim Dunnam    *Via ECF: jimdunnam@dunnamlaw.com*
    **DUNNAM & DUNNAM, L.L.P.**
    4125 West Waco Drive
    Waco, Texas 76710

    /s/ Julie A. Springer
    Julie A. Springer