

Julie A. Springer
jspringer@wshllp.com
direct 512.652.5782

December 20, 2019

Re:   Case No. 6:16-cv-00173-RP-AWA *consolidated with* 6:17-CV-228-RP-AWA and 6:17-CV-236-RP-AWA; *Jane Doe 1, et al. v. Baylor University*; In the United States District Court for the Western District of Texas – Waco Division

**Baylor's Unopposed Letter Brief for Order Allowing Production of Jane Doe 11 Witness's Unredacted Student Records**

Judge Austin:

In conjunction with its *Ex Parte* Letter Brief to File Student Records of Jane Doe 11 Witness for *In Camera* Inspection, Baylor files this letter brief for an order that Baylor be allowed to produce student records related to Jane Doe 11 Witness without redacting identifying information. **Baylor's counsel has conferred with Plaintiffs' counsel about the relief sought in this letter brief, and they are unopposed.**[1]

The student record at issue is Jane Doe 11's Title IX file because Jane Doe 11 Witness was a witness in the Title IX investigation of Jane Doe 11's alleged sexual assault. Baylor requests that it be allowed to produce Jane Doe 11's Title IX file without pseudonym redacting Jane Doe 11 Witness's personally identifying information, including but not limited to her name, Baylor University ID number, physical and electronic addresses, phone numbers and identifying student organizations. This relief is appropriate for two primary reasons.

First, Jane Doe 11's Title IX file will be designated as Attorneys' Eyes Only ("AEO"), pursuant to this Court's July 31, 2017 Protective Order. *See* Dkt. 156(2)(b). Releasing the Title IX file unredacted but AEO will still protect Susan Jane Doe 11 Witness's identity from public disclosure.

Second, because Jane Doe 11 and her counsel already know Jane Doe 11 Witness's identity, redacting her identity from the Title IX file will provide no meaningful privacy protection.

Sincerely,

*/s/ Julie A. Springer*

Julie A. Springer

---

[1] Pursuant to the Protective Order (Dkt. 156), Baylor provided Jane Doe 11 Witness written notice of the relevant discovery request in accordance with FERPA, 20 U.S.C. § 1232g and 34 C.F.R. §99.31(a)(9)(i) & (ii). *See Ex Parte* Letter Brief, Dkt. 764. Jane Doe 11 Witness is deemed to have objected to disclosure of her student records under the Protective Order. Accordingly, Baylor filed its second *ex parte* letter brief to file Jane Doe 11 Witness's student records for in camera inspection. *See Ex Parte* Letter Brief, Dkt. 764.



December 20, 2019
Page 2

## CERTIFICATE OF CONFERENCE

I certify that my office conferred with counsel for Plaintiffs regarding Baylor's Letter Brief for Order Allowing Production of Jane Doe 11 Witness's Unredacted Student Records. Counsel for Plaintiffs stated that they are unopposed to the relief requested herein.

/s/ Julie A. Springer
Julie A. Springer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing letter brief was served upon all counsel of record on December 20, 2019, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)      *Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
3303 Northland Drive, Suite 205
Austin, Texas 78731

Mr. K. Scott Brazil      *Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam      *Via ECF: jimdunnam@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710

/s/ Julie A. Springer
Julie A. Springer