UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP AWA |
| v. | § § | Consolidated with |
| BAYLOR UNIVERSITY, | § § § | 6:17-CV-228-RP-AWA<br>6:17-CV-236-RP-AWA |
| Defendant. | § § | |

**BAYLOR UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER IN**
*JANE DOE 11 V. BAYLOR UNIVERSITY*

Baylor files this reply in support of its Motion for Leave to File First Amended Answer in *Jane Doe 11 v. Baylor University* ("Motion"). Dkt. 815.

### A. Baylor has never invoked Pepper Hamilton ("PH") in its defense.

Contrary to Plaintiff's response, Baylor has never relied on PH's investigation or its advice related to the implementation of the 105 recommendations to defend against the claims of Plaintiff Jane Doe 11 or any other Plaintiff.[1] Baylor moved to amend solely in response to Plaintiffs' aggressive contention in their motion to compel PH work product that Baylor had pleaded an "advice of counsel" defense in its *Jane Doe 11* answer. Baylor sought leave to remove any doubt on the issue.

Plaintiff argues that "the only possible defense [Baylor] can have to the intent and policy claims of these Plaintiffs is to fall back on the 'advice of counsel' it received from Pepper Hamilton" and that PH "permeate[s] everything about Baylor and sexual assault for the last 5 years." Dkt. 817 at 3, 5. Setting aside the fact that Plaintiffs have no authority to dictate Baylor's position or to determine how Baylor will defend itself, the contention is factually and legally flawed. First and foremost, Baylor has the right to forego reliance on PH's work or advice and to defend itself by relying solely on the merits of its own policies and procedures and the actual handling of Plaintiff's assault claim to demonstrate that Baylor did not have any official policy of discrimination towards women and did not respond with deliberate indifference to Jane Doe 11's allegations of sexual assault. Relying on how Baylor itself handled other sexual assault reports and Baylor's own policies and procedures – even if PH reviewed or assisted in developing those policies and procedures – does not put PH's work or advice at issue. Second, if advice-of-counsel truly were "the only possible defense" available to Baylor, then the

---

[1] Although Baylor's Motion addresses only its Answer in *Jane Doe 11*, Plaintiff's Response argues that Baylor invoked PH's work as a defense to all of the Jane Does' claims. This is untrue. Unlike Jane Doe 11, who alleges an assault *after* the PH investigation, Jane Does 1-10 and 12-15 allege they were assaulted *before* the PH investigation ended (and, in most instances, the alleged assaults occurred years before the investigation even began), *before* any findings or recommendations were made, and *before* any recommendations were implemented. The Answers in those cases do not rely on PH work product or assert an advice-of-counsel defense and Baylor disclaims any intent to do so.

**BAYLOR'S REPLY IN SUPPORT OF BAYLOR'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER IN *JANE DOE 11 V. BAYLOR UNIVERSITY***     **PAGE 1**

proposed amendment ostensibly would *benefit* Plaintiff, and there would be no reason for her to oppose it. As to Plaintiff's conclusory assertion that PH "permeate[s]" this case, the permeation is one-sided with Plaintiff and the other Jane Does repeatedly attempting to make PH a central part of their case, alternating between relying on the firm's findings and criticizing those findings. In short, Baylor itself has never invoked PH's work to defend itself in this litigation.

### B. Baylor has acted in good faith and on a timely basis.

Plaintiff claims that Baylor's Motion was brought in bad faith and with a dilatory motive, but the record proves otherwise. Baylor filed its Answer in this case on January 25, 2019—more than a year ago. Dkt. 17. Until Plaintiffs filed their motion to compel PH work product on February 11, 2020, they had never argued that Baylor's Answer had waived privilege. Baylor responded to the motion to compel on February 20, and Plaintiffs replied on February 28. Dkt. 804-1 and 811-1. Thereafter, Baylor determined that it would be prudent to move for leave to amend its Answer to remove any uncertainty over its position. Plaintiff's objection to the Motion rests in large part on the *Loring* case[2], which bears no resemblance to the facts at issue here. In *Loring*, new counsel for the defendants sought to amend the defendants' answer to, among other things, deny an alter-ego theory the defendants had previously admitted and add certain defenses for the first time, including lack of personal jurisdiction and inconvenient forum. 2019 U.S. Dist. LEXIS 5280 at *5-6. The court denied the defendants' request to "contest that which ha[d] previously been admitted" after nearly two years of "obfuscat[ing] court processes." *Id.* at *6-7. Here, however, Baylor is not revoking a defense but reinforcing that such a defense was never asserted. Likewise, the *Johnson* and *Dolin* cases cited by Plaintiff have no bearing on the amendment requested in this case—in both those cases, *plaintiffs* were denied leave to amend to change the basis of their claims or add wholly new claims for the first time late in the litigation when dispositive motions were pending. *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1122

---

[2] *Loring v. S. Air Charter Co.*, 2019 U.S. Dist. LEXIS 5280 (D. Md. Jan. 11, 2019).

(N.D. Cal. Aug. 12, 2011) (rejecting motion for leave to file a fourth amended complaint "on the eve of summary judgment"); *Dolin v. Facebook, Inc.*, No. C 18-0950 SBA, 2018 U.S. Dist. LEXIS 74614, at *22-24 (N.D. Cal. 2018) (denying leave to file fifth amended complaint raising a new claim plaintiff had "long known of" but not pleaded until a motion to dismiss was pending). None of the cases cited by Plaintiff address a request for leave to amend to *remove* a claim or defense, or, as Baylor is seeking to do here, clarify that such a defense was never made or intended in the first place. Finally, Baylor moved for leave to amend on a timely basis after Plaintiffs filed their motion to compel and reply, which are still under consideration by the Court.[3]

### C. Baylor's requested amendment would not be futile or unproductive.

Plaintiff claims that the proposed amendment would be futile because "with or without the amendment," advice-of-counsel is the "only possible defense" to Plaintiffs' "intent and policy claims." Dkt. 817 at 5. Plaintiff also claims that the mere *existence* of PH's investigation, recommendations, and certification of completion will require that Baylor rely on PH's advice and opinions. But waiver requires much more than showing that the defendant received advice from an attorney. To effect a waiver in litigation, "a party must *rely* on privileged advice from his counsel to make his claim or defense" in the litigation. *In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) (cited with approval by the Fifth Circuit in *In re Itron Inc.*, 883 F.3d 553, 561 (5th Cir. 2018))(emphasis in original). Here, Baylor's defense that it acted lawfully and its policies comply with Title IX does not open the door to an advice-of-counsel waiver. The Second Circuit addressed this exact issue in *County of Erie*. There, the county defended a county jail strip-search policy. *Id.* at 224. The plaintiffs sought privileged

---

[3] Plaintiff also accuses Baylor of "gamesmanship" because it admitted that some of the references to PH in its Answer were in response to "media scrutiny." Dkt. 817 at 4-5. Plaintiff's argument ignores that Baylor's references were in response to Plaintiff's allegations about PH and the effectiveness of Baylor's reforms. Further, these factual statements do not demonstrate that Baylor intends to rely on PH's advice as a defense. *Cf. Mitre Sports Intern. Ltd. v. Home Box Office Inc.*, 304 F.R.D. 369, 374 (S.D.N.Y. 2015) ("public relations" aspect of answer did not put the investigation at issue).

communications between county officials and the county attorney that conveyed advice related to the policy, arguing, among other things, that the privilege was waived because the advice was put "at issue" by statements at a deposition. *Id.* at 226. The Second Circuit found no waiver because the county defendants "do not claim a good faith or state of mind defense" but rather "maintain only that their actions were lawful." *Id.* at 229.[4] The same is true here. Baylor will show through its own policies, practices, and witnesses that it acted lawfully. It does not need to rely on PH's advice to do so.

Plaintiff points to various statements by Baylor to argue that Baylor is relying on PH's advice to defend this case, but none amount to waiver, and none justify denial of leave to amend. For example, Baylor's statement in its Answer that "Baylor exercised reasonable care to prevent and correct promptly any harassing or discriminatory conduct, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Baylor or to avoid harm otherwise" relates to Jane Doe 11's deliberate indifference claim and the handling of her complaint by the Title IX Office. Baylor's defense of that claim relies on the testimony of Baylor employees and the Title IX Office investigation file already produced to Plaintiff. PH did not investigate Jane Doe 11's complaint, and Baylor is not invoking an advice of counsel defense relating to that investigation of her complaint. Plaintiff next cites certain historical statements of fact by Baylor in its Motion to Dismiss regarding the PH investigation and Baylor's implementation of the recommendations, but those statements were included in response to Plaintiff's factual allegations about Baylor's lack of efforts in this regard and not as a defense to Plaintiff's claims.[5] That Baylor made those statements in its Motion to Dismiss does not mean that Baylor has placed PH's advice in issue.

---

[4] The Court in *Erie* further clarified that deposition testimony regarding "ongoing discussions with the County Attorney's Office regarding changes in the law" related to the policy did not waive privilege because the statement was not made before the fact finder or used to influence the fact finder. *Id.* at 227, 230.  For similar reasons, Plaintiff's arguments based on Baylor's statements in the media, in other litigation, or in depositions taken before Plaintiff's Complaint are unavailing.

[5] The remaining references to PH in the Motion to Dismiss cited by Plaintiff relate to Baylor's argument that, because of the extensive publicity surrounding the PH investigation at the time of Jane

### D. Plaintiff will not be prejudiced if Baylor amends its Answer.

Finally, Plaintiff alleges that allowing Baylor to amend its answer after holding a defensive position for "five years" prejudices Plaintiff. But Baylor's Original Answer was filed on January 25, 2019—not five years ago. Further, for the last three years, the parties in the *Jane Doe 1-10* matter have litigated with the knowledge that Baylor is *not* relying on an advice-of-counsel defense. On August 11, 2017, before the *Jane Doe 11* lawsuit was even filed, this Court issued an order in the *Jane Doe 1-10* case finding no waiver and stating that "[s]hould Baylor invoke the Pepper Hamilton investigation as part of a substantive defense to Plaintiff's claims in the future, the Court would entertain a motion by Plaintiffs reurging work product waiver." [Dkt. 168 at 17.] Since the Court's ruling in 2017, Baylor has not invoked the PH investigation or PH's advice as a part of its substantive defense. It was not until Plaintiffs filed their Motion to Compel Pepper Hamilton Work-Product on February 11, 2020—more than a year after the *Jane Doe 11* Answer was filed—that Baylor learned that Plaintiffs were claiming that Baylor's Answer in the *Jane Doe 11* matter did so. To be clear, Baylor vehemently disputes that it has ever invoked PH's investigation or advice as a substantive defense to any of the claims of the Jane Does, including Jane Doe 11. By its Motion, Baylor is not asking to revoke a "long held defensive position" because it never held such a position. Baylor is merely seeking to amend its Answer to remove any doubt on the issue.

For the foregoing reasons, Baylor respectfully prays that the Court grant it leave to file an amended answer in the *Jane Doe 11* matter.

---

Doe 11's assault, it was not plausible that Baylor caused the alleged assailant to assault her. This contention does not place PH's *advice* at issue. Finally, while Plaintiff refers to Jeremy Counsellor, Dr. Garland, and Dr. Livingstone, Baylor has never used those events or statements in defense of any Jane Doe case, they do not evidence an intent to rely on PH's advice in defense of any Jane Doe's claim, and it is unclear what Plaintiff seeks to prove by citing those statements here.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By:   /s/ *Julie A. Springer*
Julie A. Springer
State Bar No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar No. 24056551
sjanes@wshllp.com
Geoffrey D. Weisbart
State Bar No. 21102645
gweisbart@wshllp.com
Mia A. Storm
State Bar No. 24078121
mstorm@wshllp.com

**THOMPSON & HORTON LLP**
Lisa A. Brown
State Bar of Texas No. 03151470
Ryan H. Newman
State Bar of Texas No. 24059944
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741
(713) 583-7934 fax
lbrown@thompsonhorton.com
rnewman@thompsonhorton.com

Holly G. McIntush
State Bar of Texas No. 24065721
400 West 15th Street, Suite 1430
Austin, Texas 78701
(512) 615-2350
(512) 682-8860 fax
hmcintush@thompsonhorton.com

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon all counsel of record on April 6, 2020, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)     *Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4407 Bee Caves Road, Suite 111
Austin, Texas 78746

Mr. K. Scott Brazil     *Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam     *Via ECF: jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta     *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson     *Via ECF: eleezajohnson@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710

Ms. Laura Benitez Geisler     *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity     *Via ECF: smccaffity@textrial.com*
**SOMMERMAN, MCCAFFITY,**
 **QUESADA & GEISLER, LLP**
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461

         */s/ Julie A. Springer*
         Julie A. Springer