IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JANE DOE 1, ET AL.** | § | |
| | § | **6:16-CV-173-RP-AA** |
| **V.** | § | *Consolidated with* |
| | § | **6:17-CV-228-RP-AA** |
| **BAYLOR UNIVERSITY** | § | **6:17-CV-236-RP-AA** |

## ORDER

Before the Court is Plaintiffs' Motion to Compel and Request for In Camera Review of the Ian McCaw materials. Dkt. No. 363. Following a hearing on January 31, 2020, only four documents remain at issue: Documents 1, 2, 7, and 9. The Court ordered McCaw to file supplemental briefing regarding his assertion of privilege for these materials. Dkt. No. 786. That briefing is now before the Court. Dkt. Nos. 810, 813.

### I. LEGAL STANDARD

"For a communication to be protected under the [attorney-client] privilege, the proponent 'must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.'" *Equal Empl. Opportunity Comm'n v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). "[C]ourts generally construe the privilege narrowly because 'assertion of privileges inhibits the search for truth.'" *Id.* at 696 (citing *Navigant Consulting*, 220 F.R.D. at 477). "Determining the applicability of the privilege is a 'highly fact-specific' inquiry, and the party asserting the privilege bears the burden of proof." *Id.* at 695 (citations omitted). "Blanket claims of privilege are disfavored." *In re Santa Fe Int'l*, 272 F.3d at 713 (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n. 16 (5th Cir. 1999)). "The privilege must be specifically asserted with respect to particular documents." *Id.*

(quoting *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982)); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 439 (N.D. Tex. 2006) ("The burden is on the party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege.") (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)). "[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *EEOC*, 876 F.3d at 695. "A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *Santa Fe Int'l*, 272 F.3d at 710. "A general allegation of privilege is insufficient to meet this burden." *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004). Instead, "[t]he proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the privilege exists." *Id.*

To assert work product privilege, a party must show: "(1) the materials sought are documents or tangible things; (2) the materials sought were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; [and] (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party." *Brady*, 238 F.R.D. at 441 (citing *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003); *Dunn*, 927 F.2d at 873). "The work product doctrine is not an umbrella that shades all materials prepared by a lawyer . . . The work product doctrine focuses only on materials assembled and brought into being in anticipation of litigation." *El Paso Co.*, 682 F.2d at 542. "The burden of establishing that a document is work product is on the party who asserts the claim." *Hodges*, 768 F.2d at 721.

## II. ANALYSIS

McCaw seeks to withhold four documents on the basis of work product and attorney-client privilege. Plaintiffs dispute these privilege designations and ask the Court to review the documents *in camera*. The documents fall into two categories: Documents 1, 2, and 7 each consist of a few pages of McCaw's handwritten notes, and Document 9 is a journal he kept in 2016.

**A.     McCaw's Notes (Documents 1, 2, and 7)**

Documents 1, 2, and 7 consist of handwritten notes regarding specific incidents of assault, created by McCaw in spring 2016. In his recently filed briefing, McCaw contends that these documents are privileged because he reasonably anticipated litigation in September 2015, and the notes were made with the intention of aiding his defense. Dkt. No. 810 at 4-6; Dkt. No 810-1 at ¶¶ 5-7. However, as Plaintiffs point out, when asked nearly two years ago, "what was the impetus for you taking th[ese] note[s]," McCaw testified that he couldn't "recall if this was before or after the Pepper Hamilton interview, *but it was related to that*, just to kind of make some notations for myself." Dkt. 813 at 2; Dkt. No. 438-1 at 254:6-14.

Because the notes were not made "for the primary purpose of securing a legal opinion of legal services," but rather to prepare for a scheduled meeting and interview with Pepper Hamilton the notes are not subject to attorney-client privilege. *See EEOC*, 876 F.3d at 695 (5th Cir. 2017) (quoting *Robinson*, 121 F.3d at 974). The notes are also not work product because it is clear from the deposition that McCaw's "primary motivating purpose behind the creation of the document" was not "to aid in possible future litigation," but to prepare his responses for the scheduled Pepper Hamilton interviews. *See In re Kaiser Aluminum*, 214 F.3d at 593 (citing *El Paso Co.*, 682 F.2d at 542). Accordingly, the notes are not privileged and McCaw must produce unredacted versions to Plaintiffs.

3

B.  **McCaw's Journal (Document 9)**

McCaw also maintains his assertion of privilege for Document 9, a journal he kept in the spring of 2016. McCaw argues the journal is privileged because it was maintained, "from the beginning, for the express purpose of assisting his counsel in the defense of anticipated and pending litigation against him." Dkt. No. 810 at 7. He notes that the journal is labeled "Attorney/Client Privilege Work Product" and that he has never shared the journal with anyone other than his attorneys. *Id.* McCaw states in his affidavit that he continued to maintain the journal after he was named as a defendant in the related *Hernandez* and *Lozano* cases. Dkt. No. 810-1 at ¶ 8. Notably, McCaw remains a defendant in the ongoing *Lozano* litigation at this time. *See Lozano v. Baylor Univ. et al.*, Case No. 6:16-cv-403 (Dkt. 105). Unlike the notes, which were created for the purpose of aiding McCaw in his Pepper Hamilton interviews, the journal appears to have been created and maintained for the purpose of McCaw's own defense. Accordingly, Document 9 is privileged and protected from disclosure. *In re Kaiser*, 214 F.3d at 593.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion to Compel, (Dkt. No. 363), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion is **GRANTED** with respect Documents 1, 2, and 7. McCaw must produce these materials to Plaintiffs in accordance with this Order on or before **April 24, 2020**. Plaintiffs' motion is **DENIED** with respect to Document 9.

SIGNED this 20th day of April, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE