UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Cause No. 6:16-cv-173-RP-AWA |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

### NON-PARTY PHILIP STEWART'S MOTION FOR STAY OF ECF DOCKET NO. 852 IN LIGHT OF BAYLOR UNIVERSITY'S OBJECTIONS TO ORDER REGARDING WORK-PRODUCT PRIVILEGE

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE ANDREW W. AUSTIN:

COMES NOW Non-Party Philip Stewart and files his Motion for Stay of ECF Docket No. 852 in Light of Baylor University's Objections to Order Regarding Work-Product Privilege.  In support of this Motion, Mr. Stewart represents to this Honorable Court the following:

1.      The Plaintiffs served Mr. Stewart with a subpoena duces tecum seeking documents in his possession relevant to this lawsuit (the "Stewart Documents").

2.      Baylor asserted various privileges, including the work-product privilege, against the production of certain of the Stewart Documents.  The Plaintiffs disputed the applicability of certain of those privileges.

3.      On January 31, 2020, during a hearing on Plaintiffs' Motion to Compel regarding the Stewart Documents, this Court reviewed the Stewart Documents in camera.

4.      Following additional briefing from the parties, on June 11, 2020, this Court issued an Order (ECF Docket No. 852) ordering Mr. Stewart to produce unredacted versions of all Stewart Documents which were not previously produced, in light of this Court's Order (ECF Docket No.

1

845) finding that Baylor had waived the work-product privilege.  The Court's deadline for production was June 19, 2020.

5.      On June 16, 2020, at 9:43 p.m., Baylor filed objections to ECF Docket No. 845 which could affect this Court's finding that Baylor waived the work-product privilege and, thereby, the order that Mr. Stewart produce the remaining Stewart Documents unredacted.

6.      The work-product privilege is Baylor's to assert, and the privilege dispute becomes moot if Mr. Stewart (who may owe Baylor fiduciary obligations) produces the Stewart Documents without redactions before the District Judge has reviewed Baylor's Objections.  Mr. Stewart therefore asks this Court to stay its Order compelling him to produce unredacted Stewart Documents until the District Judge has ruled on Baylor's Objections and any interlocutory appeals arising from that ruling have been resolved.

7.      Because of the short time between the filing of the Objections and the Court's deadline for production of the Stewart Documents, the undersigned has not attempted to confer with other counsel before filing this Motion.

Respectfully submitted,

GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, P.C.
2122 North Main Avenue
San Antonio, Texas 78212
Tel: (210) 733-6030
Fax: (210) 733-0330

 /s/ *Kyle C. Watson*
Kyle C. Watson
State Bar No. 20971100
watson@goodelaw.com
Lee Warren
State Bar No. 24099453
warren@goodelaw.com

ATTORNEYS FOR PHILIP STEWART

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 17th, 2020, a true and correct copy of the foregoing has been served via CM/ECF on all counsel of record in this matter.

*/s/ Kyle C. Watson*
Kyle C. Watson