IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al*, | § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP-AWA |
| v. | § § § | *Consolidated with* 6:17-CV-228-RP-AWA |
| BAYLOR UNIVERSITY, | § § | 6:17-CV-236-RP-AWA |
| Defendant. | § § | |

### DEFENDANT BAYLOR UNIVERSITY'S OPPOSED MOTION TO STAY CERTAIN DISCOVERY PENDING APPEAL OF <u>MAGISTRATE JUDGE AUSTIN'S JUNE 2, 2020 ORDER</u>

TO THE HONORABLE JUDGE PITMAN:

Defendant Baylor University moves to stay the production of Pepper Hamilton's work product relating to its investigation and later assistance with Baylor's implementation of the 105 recommendations, as well as the production of a revised privilege log, pending disposition of Baylor's appeal of Magistrate Judge Austin's June 2, 2020 Order (Dkt. 845) (hereinafter the "Order") as follows:

### I.      Procedural History and Relief Requested

On June 2, 2020 Magistrate Judge Austin granted Plaintiffs' motion to compel work-product protected material related to (i) an internal investigation that Pepper Hamilton conducted during the 2015-2016 school year regarding Baylor's handling of past sexual assault complaints and (ii) Baylor's post-investigation implementation of new policies and reforms. Dkt. 845. The Court found that Baylor placed Pepper Hamilton's work product "at issue," resulting in a broad subject matter waiver, and ordered production of privileged materials to Plaintiffs by July 15, 2020. The Magistrate Judge further ordered Baylor to submit a revised privilege log, combining all of its previous privilege logs into one document and revising the logs to reflect the waiver ruling.

Baylor filed its appeal and objections to the Order on June 16, 2020 seeking reversal. *See* Dkt. 855 (the "Objection"). Baylor requests a stay of the Order pending this Court's disposition of Baylor's appeal and objections.

## II.   Argument and Grounds in Support of Motion to Stay

For the reasons detailed in its appeal and objections and incorporated herein (*see* Dkt. 855), the Magistrate's Order compelling the production of Pepper Hamilton documents protected by the attorney work product privilege contains significant factual and legal errors warranting this Court's reversal of the Order, including the following, to name but a few:

- Finding waiver related to an internal investigation Pepper Hamilton conducted regarding Baylor's handling of past sexual assault complaints by repeatedly—and mistakenly—assuming Baylor will rely on this investigation as a part of its defense, and despite the fact that Baylor has affirmatively disclaimed any intent of doing so;

- incorrectly asserting that Baylor intends and needs to rely on the "advice of counsel" regarding its policy reforms to defend itself at trial;

- misapplying circuit law on waiver and ordering a broad subject matter waiver that is based in part on the misstatement of facts in the record;

- failing to examine the essential elements of Plaintiffs' claims, leading to the erroneous conclusion that work product is necessary for Baylor to defend itself; and

- disregarding Rule 15's liberal pleading standard and denying Baylor leave to amend its answer in Jane Doe 11, despite the absence of prejudice to Plaintiffs.

Additionally, the Order lacks the required particularized findings necessary to explain the relationship between the issues and the materials to be disclosed. The incredibly broad waiver extends even to Pepper and Cozen documents never shared with Baylor. At a minimum, the Order merits this Court's careful consideration of the scope of the waiver.

Significantly, the Order directs the production of documents that this Court previously found to be protected from discovery (*see* Dkt. 168 at 15-16). Compelling Baylor to disclose privileged information to Plaintiffs before this Court has had an opportunity to address Baylor's objections to

the Order will result in irreparable harm and ring a bell that cannot be un-rung. *See, e.g.*, *Fairholme Funds, Inc. v. U.S.*, 134 Fed. Cl. 680, 683 (2017) (quoting *The Sedona Conference, Commentary on Protection of Privileged ESI*, 17 SEDONA CONF. J. 95, 140 (2016)). The questions presented implicate important issues of public policy relating to the protection of privileged documents. It is well-established in the Fifth Circuit that it is an abuse of discretion for a district court to order the production of privileged documents. *See, e.g., In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003); *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018); *In re Burlington N., Inc.*, 822 F.2d 518, 522 (5th Cir. 1987). For these reasons, it is appropriate for the Court to issue a stay of the Order compelling the production of privileged materials pending a ruling on Baylor's Objection.

Additionally, Baylor requests a stay of the Magistrate Judge's Order to prepare a comprehensive, revised privilege log. The extent of any waiver of work-product protection necessarily impacts Baylor's review in advance of producing the new comprehensive log. In addition to removing entries for any documents for which a complete waiver is upheld, some documents will need to be redacted for privilege and some documents will require Baylor to send FERPA notices to Baylor students whose records are discussed in the work-product protected material—notices that will not be required if the material remains protected. As such, Baylor seeks a stay so that the review can be completed pending a ruling on Baylor's Objection.

### III.   Prayer

Therefore, Defendant Baylor prays that the Court will stay the production of documents and preparation of a revised privilege log ordered by Magistrate Judge Austin's Order (Dkt. 845) pending the resolution of its Objection and prays that the Court will grant any further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**

BY: */s/ Julie A. Springer*
    Julie A. Springer
    State Bar of Texas No. 18966770
    jspringer@wshllp.com
    Sara E. Janes
    State Bar of Texas No. 24056551
    sjanes@wshllp.com
    Geoff Weisbart
    State Bar of Texas No. 21102645
    gweisbart@wshllp.com
    Mia A. Storm
    State Bar of Texas No. 24078121
    mstorm@wshllp.com
    212 Lavaca Street, Suite 200
    Austin, Texas  78701
    (512) 652-5780
    (512) 682-2074 (facsimile)

**THOMPSON & HORTON LLP**

Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
Ryan H. Newman
State Bar of Texas No. 24059944
rnewman@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)

Holly G. McIntush
State Bar of Texas No. 24065721
hmcintush@thompsonhorton.com
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2350 (telephone)
(512) 682-8860 (facsimile )

**COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY**

## CERTIFICATE OF CONFERENCE

I certify that on June 17, 2020, I conferred with Jim Dunnam, counsel for Plaintiffs, via phone and he is opposed to this motion.

/s/ Geoffrey D. Weisbart
Geoffrey D. Weisbart

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was served upon Plaintiffs' counsel of record on June 18, 2020, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)     *Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4407 Bee Caves Road, Suite 111
Austin, Texas 78746

Mr. K. Scott Brazil     *Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam     *Via ECF: jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta     *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson     *Via ECF: eleezajohnson@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710

Ms. Laura Benitez Geisler     *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity     *Via ECF: smccaffity@textrial.com*
Jody L. Rodenberg     *Via ECF: jrodenberg@textrial.com*
Alexandria Risinger     *Via ECF: arisinger@textrial.com*
George (Tex) Quesada     *Via ECF: quesada@textrial.com*
**SOMMERMAN, MCCAFFITY,**
 **QUESADA & GEISLER, LLP**
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461

                                               */s/ Julie A. Springer*
                                               Julie A. Springer