IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al*, | § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP-AWA |
| v. | § § § | *Consolidated with* 6:17-CV-228-RP-AWA |
| BAYLOR UNIVERSITY, | § § | 6:17-CV-236-RP-AWA |
| Defendant. | § § | |

**BAYLOR UNIVERSITY'S OBJECTION REGARDING
MAGISTRATE JUDGE AUSTIN'S JUNE 11, 2020 ORDER**

TO THE HONORABLE JUDGE PITMAN:

Defendant Baylor University ("Baylor") files this Objection to the Magistrate Judge Andrew Austin's June 11, 2020 Order (Dkt. 852) compelling non-party Phillip Stewart to produce privileged documents.

### I.     Procedural History and Background

1.     Plaintiffs served Mr. Stewart with a subpoena duces tecum seeking documents in his possession relevant to this lawsuit (the "Stewart Documents").

2.     Baylor asserted the attorney client and work product privileges over certain Stewart Documents, including the assertion of privilege over documents that revealed Pepper Hamilton LLP's work product. The Plaintiffs disputed the applicability of the privilege.

3.     On January 31, 2020, the Magistrate Judge held a hearing on Plaintiffs' Motion to Compel production of the Stewart Documents. Prior to the hearing, Baylor submitted 28 pages of documents for *in camera* review to protect the attorney client and work product privileges. Dkt. 533-1. At the hearing, the Magistrate Judge made an initial finding that of the 28 pages submitted, only STEWART 0022, STEWART 0040 and STEWART 0093 contained privileged communications that

1

should be redacted. Dkt. 786. The Magistrate Judge further found that the remaining 25 pages of Stewart Documents were not privileged and should be produced without redaction but allowed Baylor to file supplemental briefing if it disagreed with those findings. *Id.*

4. Thereafter, Baylor filed supplemental briefing with the Magistrate Judge requesting that six of the original 28 Stewart Documents be redacted to protect privileged communications or work product; (i) three documents revealing Pepper Hamilton's work product as reflected in its presentation to the Board of Regents in May 2016 (STEWART 0049, 0053, 0089); (ii) one document seeking legal advice from Baylor's general counsel, Christopher Holmes, relating to Baylor's settlement with Art Briles and a request that the Board conduct an independent investigation of the Pepper Hamilton investigation (STEWART 0022); and (iii) two duplicative documents also relating to the request for an independent investigation from Baylor's general counsel (STEWART 0040 and 0093). The Magistrate Judge reviewed these documents *in camera*. Significantly, the Magistrate Judge had already indicated at the hearing on the Stewart Documents that portions of the latter three documents (STEWART 0022, 0040 and 0093) were protected by the attorney client privilege but did not make a final determination as to the other three documents (STEWART 0049, 0053, 0089). Baylor has produced all of the Stewart Documents with these very limited redactions.

5. Thereafter, Plaintiffs filed a motion to compel as to its requests for production propounded to Baylor, arguing that Baylor waived work product protection for work performed by Pepper Hamilton related to (i) an internal investigation conducted during the 2015-2016 school year regarding Baylor's general handling of sexual assault claims and (ii) Baylor's post-investigation implementation of Pepper Hamilton's recommendation. Dkt. 795. On June 2, 2020 the Magistrate Judge granted Plaintiffs' motion to compel, finding that Baylor placed Pepper Hamilton's work product "at issue," resulting in a broad subject matter waiver. Dkt. 845.

6. On June 11, 2020, the Magistrate Judge issued an order compelling Mr. Stewart to produce unredacted versions of all remaining Stewart Documents in his possession, which would include the documents the Magistrate Judge reviewed *in camera* for privilege as detailed above. *See* Dkt. 852 p. 2:

> In light of the Court's intervening order that Baylor has waived work product protection for Pepper Hamilton's May 2016 presentations to the Board of Regents (Dkt. 845), and its previous order that Baylor has waived attorney-client privilege of Pepper Hamilton's communications to Baylor regarding the investigation (Dkt. 168), Baylor's request to redact the materials is moot.

The Court's deadline for production is June 19, 2020.

7. On June 16, 2020, Baylor filed objections to the Magistrate Judge's June 2, 2020 order (Dkt. 845), arguing that the Magistrate Judge's order determining that Baylor waived the work product privilege as to Pepper Hamilton's investigation and implementation of reforms contains significant factual and legal errors (the "Objection"). Dkt. 855.

8. The next day, on June 17, 2020, Mr. Stewart's counsel filed a Motion to Stay the Magistrate Judge's order compelling the production of the privileged Stewart Documents based on Baylor's Objection. Dkt. 856.

9. Baylor files this objection to the Magistrate Judge's Order compelling Mr. Stewart to produce privileged documents.

## II. Grounds for Objection

10. First, three of the privileged Stewart Documents that the Magistrate Judge reviewed *in camera* (STEWART 0022, 0040 and 0093) do not reflect Pepper Hamilton's work product, but instead seek legal advice from Baylor's general counsel, Christopher Holmes, relating to Baylor's settlement with Art Briles and Mr. Stewart's request for an independent investigation of the Pepper Hamilton investigation. Baylor understood from the Magistrate Judge's instructions at the hearing on the Stewart Documents that Baylor would be permitted to redact these documents prior to production.

3

Indeed, the Magistrate Judge's June 11, 2020 order compelling production of the Stewart Documents expressly recognizes that he made an initial determination at the hearing that these documents contain privileged communications. Dkt. 852. Yet, the Magistrate Judge's order compelling Mr. Stewart to produce all remaining Stewart Documents without redactions—solely based on the Court's intervening order that Baylor waived the work product protection for Pepper Hamilton's May 2016 presentations to the Board of Regents—appears to include these documents as well. Thus, Baylor objects to the production of these documents without redactions, as they are protected by a distinct privilege from Pepper Hamilton's work product and cover distinct topics—the attorney client privilege between Baylor regents and Baylor's Office of General Counsel regarding an employment dispute and whether to conduct an independent review of the underlying Pepper Hamilton investigation. Plaintiffs have not argued, nor has the Court found, that Baylor waived its privilege with Baylor's Office of General Counsel regarding any topic. Therefore, the privileged nature of these documents is not affected by the Magistrate Judge's intervening order on waiver of Pepper Hamilton's work product, and it was in error for the Magistrate Judge to order their production on that basis.

11. Second, for the reasons detailed in Baylor's Objection and incorporated herein (*see* Dkt. 855), the Magistrate Judge's order compelling the production of Pepper Hamilton documents protected by the work product privilege contains significant factual and legal errors warranting this Court's reversal of the Order, including the following:

- Finding waiver related to an investigation Pepper Hamilton conducted regarding Baylor's institutional response to past sexual assault complaints by repeatedly—and mistakenly—assuming Baylor will rely on this investigation as a part of its defense, despite the fact that Baylor has affirmatively disclaimed any intent of doing so;

- incorrectly asserting that Baylor intends and needs to rely on the "advice of counsel" regarding its policy reforms to defend itself at trial;

- misapplying circuit law on waiver and ordering a broad subject matter waiver that is based in part on the misstatement of facts in the record;

4

- failing to examine the essential elements of Plaintiffs' claims, leading to the erroneous conclusion that work product is necessary for Baylor to defend itself; and

- disregarding Rule 15's liberal pleading standard and denying Baylor leave to amend its answer in Jane Doe 11, despite the absence of prejudice to Plaintiffs.

12. For the reasons set forth in Baylor's Objection, Baylor also objects to the Magistrate Judge's order compelling the production of the portions of the Stewart Documents revealing Pepper Hamilton's work product as reflected in its presentation to the Board of Regents in May 2016 (STEWART 0049, 0053, 0089).

13. Additionally, if the Magistrate Judge does not grant Mr. Stewart's Motion to Stay the production of the Stewart Documents pending a ruling on Baylor's Objection, and Mr. Stewart is forced to produce the privileged documents to Plaintiffs, Baylor reserves the right to claw back the privileged Stewart Documents until such time as Baylor's objections to the production of the Pepper Hamilton work product are finally resolved and dependent upon the Court's ruling on Baylor's Objection.

14. Likewise, if the Court decides based on this Objection that it was in error for the Magistrate Judge to order the production of the three Stewart Documents protected by the attorney client privilege (STEWART 0022, 0040 and 0093), Baylor reserves the right to claw back these documents from Plaintiffs as well.

15. Finally, Baylor requests that such documents be treated as Confidential and not disclosed to third parties until such time as its objections to the production of Pepper Hamilton's work product and the Magistrate Judge's Order as to the Stewart Documents are finally resolved.

### III. Prayer

16. Therefore, for the reasons stated in this objection and Baylor's June 16, 2020 Objection (Dkt. 855), Baylor requests that this Court reverse the Magistrate Judge's June 11, 2020 order compelling non-party Phillip Stewart to produce privileged documents, or alternatively, as requested by Mr. Stewart, order that the Magistrate Judge's order compelling the production of privileged documents is stayed pending this Court's ruling on Baylor's Objection to the production of Pepper Hamilton's work product and its objections to this Order.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**

**BY:** */s/ Julie A. Springer*
Julie A. Springer
State Bar of Texas No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar of Texas No. 24056551
sjanes@wshllp.com
Geoff Weisbart
State Bar of Texas No. 21102645
gweisbart@wshllp.com
Mia A. Storm
State Bar of Texas No. 24078121
mstorm@wshllp.com
212 Lavaca Street, Suite 200
Austin, Texas  78701
(512) 652-5780
(512) 682-2074 (facsimile)

**THOMPSON & HORTON LLP**
Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
Ryan H. Newman
State Bar of Texas No. 24059944
rnewman@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)
Holly G. McIntush
State Bar of Texas No. 24065721
hmcintush@thompsonhorton.com
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2350 (telephone)
(512) 682-8860 (facsimile )

**COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was served upon Plaintiffs' counsel of record on June 19, 2020, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn (Attorney in Charge)     *Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4407 Bee Caves Road, Suite 111
Austin, Texas 78746

Mr. K. Scott Brazil     *Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam     *Via ECF: jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta     *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson     *Via ECF: eleezajohnson@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710

Ms. Laura Benitez Geisler     *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity     *Via ECF: smccaffity@textrial.com*
Jody L. Rodenberg     *Via ECF: jrodenberg@textrial.com*
Alexandria Risinger     *Via ECF: arisinger@textrial.com*
George (Tex) Quesada     *Via ECF: quesada@textrial.com*
**SOMMERMAN, MCCAFFITY,**
 **QUESADA & GEISLER, LLP**
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461

                                                     */s/ Julie A. Springer*
                                                     Julie A. Springer