IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, | § | |
| JANE DOE 3, JANE DOE 4, | § | |
| JANE DOE 5, JANE DOE 6, | § | |
| JANE DOE 7, JANE DOE 8, | § | |
| JANE DOE 9, AND JANE DOE 10 | § | Cause No. 6:16-cv-173-RP-AWA |
| | § | JURY TRIAL DEMANDED |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' RESPONSE TO
BAYLOR'S OPPOSED MOTION TO STAY CERTAIN DISCOVERY PENDING
APPEAL OF MAGISTRATE JUDGE AUSTIN'S JUNE 2, 2020 ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs file this Response to Baylor's Opposed Motion to Stay Certain Discovery Pending

Appeal of Magistrate Judge Austin's June 2, 2020 Order (ECF 857). Baylor's present motion is but

the latest attempt to de-rail the progress of this case to trial and should be denied.

**A.      Baylor has not established that it is entitled to a stay.**

This Court should deny the Motion to Stay based on Baylor's failure to present a cogent

argument regarding why it is entitled to a stay – Baylor simply argues that Judge Austin's order was

wrong and makes the conclusory assertion that Baylor would be prejudiced. This is insufficient.[1] The

---

[1] *E.g., Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *6 (D.C. Colo. May 3, 2007)("In general, a stay of proceedings pending review of an objection by the district judge is not appropriate . . . Here, the defendants' principal reason for seeking a stay is general disagreement with my initial order. That is not a basis for the issuance of a stay.").

law is clear that there is no automatic stay by virtue of filing objections.[2]  Courts have repeatedly recognized that a stay of this nature must be granted sparingly.[3] The analysis for a request to stay pending an objection of a magistrate judge's order on a non-dispositive matter takes into consideration the likelihood of the movant's success on the merits balanced with equitable factors such as irreparable harm absent a stay, substantial injury to other parties, and public interest.[4]

Baylor has not met its burden to demonstrate that a stay is warranted.  For one, it has not shown that Judge Austin's ruling is likely to be reversed by this Court or by the Court of Appeals. Baylor sought in this case, and was refused, a discovery related mandamus once already and has not shown it is likely to receive one based on this order either.  Interlocutory review of "ordinary discovery orders" is generally "unavailable, through mandamus or otherwise."[5] Moreover, Section B. below demonstrates why the balance of factors weighs against Baylor's requested relief.

Baylor also fails to address why, after years delaying this case as it has, Baylor is entitled to yet more delay.  It is uncontested that Baylor's request is equitable in nature. The law is well settled that "the principle of unclean hands 'gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant. It is not bound by formula or restrained by any limitation that tends to trammel

---

[2] *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. Feb. 16, 1989) (holding, in relevant part, that "allowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but, would grind the magistrate system to halt.").

[3] *E.g., General Steel Domestic Sales, LLC v. Steelwise*, LLC, No. 07-cv-01145-DME-KMT, 2009 U.S. Dist. LEXIS 3104, at *8 (D. Colo. Jan. 5, 2009)("Under the clearly erroneous standard, 'the reviewing court [must] affirm unless it, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.' Given such a high burden, stays of a Magistrate Judge's order pending District Court review must be the exception and not the rule.")(citations omitted). See also *E.g., Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *6 (D.C. Colo. May 3, 2007).

[4] *Jenkins v. Robotec, Inc.*, No. 1:09cv150HSO-JMR, 2009 U.S. Dist. LEXIS 122996 (S.D. Miss. Dec. 29, 2009)(applying general four-factor test for a stay pending appeal governs analysis of request for stay pending an objection of magistrate judge's order resolving non-dispositive matter).

[5] *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 381 (2004); *see In re United States*, 878 F.2d 153, 158 (5th Cir.1989) (noting that "generally discovery and similar pretrial orders, even erroneous ones, are not reviewable on mandamus"). See also *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)(denying mandamus petition regarding discovery order but stating "we intimate no view as to the merits of [petitioner's] claims of privilege and other limitations on discovery").

the free and just exercise of discretion.'"[6] As set forth in Section B. below, Baylor's litigation conduct demonstrates that Baylor is not entitled to equitable relief.

**B.     Baylor's litigation conduct demonstrates that a stay should not be granted.**

The Court is more than aware of the lengths to which Baylor has gone to avoid compliance with discovery orders, seek reconsideration of discovery orders, seek clarification of discovery orders, and impose its own interpretation of such orders wholly inconsistent with the rulings of the Court.[7] At least 60 motions to resist discovery have been filed by Baylor or on behalf of third-parties whose counsel are known or believed to be paid for by Baylor.  Even when the Court has ruled on a particular issue or subject matter as to Baylor, Baylor has insisted on requiring the Court's ruling again and again when the same issue arises with respect to discovery from a third-party over which Baylor has control.

If Baylor had genuinely wanted to protect privileges, Baylor could have timely complied with earlier rulings, including properly logging materials.  Instead, 34 months after first beginning to log materials and 8 months after certifying, for the second time, that Pepper Hamilton production was complete (ECF 716), over 33,000 non-duplicate documents were found to have been withheld in the UnitedLex comparison review. Baylor's accounting claims 17,000+ are actually duplicates of documents previously logged but not produced, that 6,200+ are duplicates of documents already produced, and that 3900+ were never logged or produced (of which Baylor claims 1,200+ are nonresponsive -i.e., 2,700 are responsive yet never logged or produced).  Lastly, Baylor claims that over 3,300 are "newly" logged and that more than 2,700 will be produced.[8]  Thus even assuming there

---

[6] *Egleston v. Egleston (In re Egleston)*, 448 F.3d 803, 811 (5th Cir. 2006)(quoting *Precision Inst. Mfg. Co. v. Automotive M. M. Co.*, 324 U.S. 806, 65 S. Ct. 993, 997 (1945) (internal quotations omitted)).

[7] E.g., ECF 857 at 44-45. Plaintiffs further have outlined some of these actions in ECFs 106, 117, 153, 632, 635, 636, 661, 795, and 812.

[8] ECF 836 (Baylor's accounting).  Since the filing of Baylor's Advisory, Plaintiffs have been attempting to work with Baylor to verify Baylor's assertion, including a proposed that UnitedLex perform an independent 95% comparison review of the approximately 23,000 documents Baylor claims to be duplicative of materials already logged or produced.  Plaintiffs made this proposal once UnitedLex

are near duplicates that don't matter, Baylor admits that thousands of documents should have been logged or produced and were not, despite repeated assurances to the Court for over a year to the contrary. For those 3,300 that are newly logged, how any privilege has not been fully waived as to these materials never logged is not explained.

On April 30, 2020, Baylor yet again produced revised versions of 13 of its logs. Plaintiffs believe the revised versions reflect very little amendment and remain largely non-compliant, something outlined in ECF 795 and in Judge Austin's Order.[9] Baylor again attempts to shift the burden to Plaintiffs to determine which materials have been properly withheld. It should be noted that Baylor's logs not only do not comply with the Court's Orders, but do not comply with Rule 26, as many are missing basic required information —such as the parties to a communication.[10] Baylor's request to now further postpone compliance with logging requirements should be rejected.

This Court has indicated a desire to try this case before a jury sometime beginning the summer of 2021, and Plaintiffs share the Court's desire to get this matter tried as soon as practical. Unfortunately, Baylor's efforts to delay have a direct impact on that goal, particularly on Plaintiffs'

---

made the report on the 33,000 non-duplicates, but Baylor refused to allow the comparison. At the time of the filing of this Response, Plaintiffs have requested UnitedLex to proceed with the review.

[9] From all appearances, Baylor's revised logs are largely formatting changes, consist of privilege designation revisions and reflect very little substantive amendment by way of production of material declared not privileged according to continuing orders of this Court. Indeed, a more recent version simply combines multiple entries into single entries, thus making it appear as if Baylor has removed materials from logs when it has not. While the logs may look shorter, they are not, and in fact they are more deficient since multiple document sets are now lumped together, making scrutiny much more difficult. Other changes are merely cosmetic, such as changing "withheld" to "redacted" or, as Judge Austin noted, switching from attorney-client to work-product privilege.

[10] Fed. R. Civ. P. 26(b)(5). See also *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 08-363-C-M2, 2009 U.S. Dist. LEXIS 70264 (M.D. La. Aug. 11, 2009)("As a preliminary matter, the Court agrees with Cashman that Rozel's privilege log is deficient in that it does not meet the minimal requirements that this Court has recognized for such a log. Specifically, this Court has recognized that, '[a] privilege log . . . should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery.'").

ability to complete expert analysis sufficiently in advance of trial in light of deadlines that would be anticipated in a Scheduling Order.  Baylor's efforts simply act to run out the clock on Plaintiffs.

### C.   Judge Austin's order is fully supported by the law and is not clearly erroneous.

Judge Austin's order is fully supported by the facts of the case and the law. If anything, the extent of Baylor's discovery obstruction compounds the merits of this Order.[11]  It is without question that Rule 72(a) is applicable given that this is a non-dispositive motion. Rule 72(a) is highly deferential and the magistrate's opinion can only be set aside if it is clearly erroneous.[12]  When discovery orders are at issue, courts have held that "the objecting party's burden is especially 'heavy.'"[13]  Baylor has not come close to meeting this burden.

The procedure for Plaintiffs to file a response to Baylor's Objection and Statement of Appeal Regarding Magistrate Judge Austin's June 2, 2020 Order (ECF 855), is unclear as noted in *Burns v. Chesapeake Energy, Inc.*[14] Plaintiffs contend the Objection (and request for a stay) are without merit.

---

[11] *E.g., NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302 (D.D.C. 2009)("The inadequacy of a privilege log can be remedied in four ways: 1. Permit the party another chance to submit a more detailed log; 2. **Deem the inadequate log a waiver of the privilege**; 3. *In camera* inspection of the withheld documents; or 4. *In camera* inspection of a select sample of the withheld documents.")(emphasis added); *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370 (S.D. Ind. 2009)("'evidence of foot-dragging or [of] a cavalier attitude towards following court orders and the discovery rules' warrants strong action by the Court. Given the abundant and uncontroverted evidence of Novelty's cavalier and callous disregard toward the Court's orders and the discovery rules, we hold that [finding waiver of privileges] is necessary and appropriate.")(citations omitted)).

[12] Fed. R. Civ. P. 72(a).

[13] *Nerium Skincare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2017 U.S. Dist. LEXIS 226038, at *8 (N.D. Tex. Feb. 6, 2017).

[14] *Burns v. Chesapeake Energy, Inc.*, No. 5:15-cv-1016-RP, 2016 U.S. Dist. LEXIS 198078, at **5-6 (W.D. Tex. Oct. 18, 2016)("Under Federal Rule of Civil Procedure 72(b) a party has fourteen days to respond to an objection to a magistrate judge's decision on a dispositive matter. In contrast, Rule 72(a) provides no such deadline for a response to an objection to a magistrate judge's decision on a non-dispositive matter. Plaintiffs believe that Local Rule CV-7(e)(2) fills this gap and imposes a seven day deadline for filing such a response. However, the Court sees no reason that an 'objection' filed pursuant to Federal Rule of Civil Procedure 72(a) should be considered a 'motion' for the purposes of Local Rule CV-7(e)(2). More importantly, the Court is not inclined to strictly enforce a deadline when there is reasonable uncertainty as to whether the deadline even applies.").

However, Plaintiffs stand ready to respond to the Objection should such be deemed helpful by the

Court, and if such is the case, Plaintiffs seek guidance of a deadline and page limits from the Court.

### PRAYER

In light of the foregoing, Baylor's motion should be denied.

Respectfully submitted,

_/s/ Chad W. Dunn_____

BRAZIL & DUNN, L.L.P.
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
4407 Bee Cave Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com
scott@brazilanddunn.com

AND

DUNNAM & DUNNAM, L.L.P.
Jim Dunnam
State Bar No. 06258010
Andrea Mehta
State Bar No. 24078992
Eleeza Johnson
State Bar No. 24058690
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com
eleezajohnson@dunnamlaw.com

AND

SOMMERMAN, MCCAFFITY, QUESADA
 & GEISLER, L.L.P .
George (Tex) Quesada
State Bar No. 16427750
Laura Benitez Geisler

State Bar No. 24001722
Sean J. McCaffity
State Bar No. 24013122
Jody L. Rodenberg
State Bar No. 24073133
Alexandria Risinger
State Bar No. 24095215
3811 Turtle Creek Blvd, Suite 1400
Dallas, Texas 75219
Telephone: 214-720-0270
Facsimile: 214-720-0184
quesada@textrial.com
lgeisler@textrial.com
smccaffity@textrial.com
jrodenberg@textrial.com
arisinger@textrial.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been filed by ECF and sent to counsel of record via electronic notification on June 22, 2020.

*/s/*Chad W. Dunn
CHAD W. DUNN