IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, | § | |
| JANE DOE 3, JANE DOE 4, | § | |
| JANE DOE 5, JANE DOE 6, | § | |
| JANE DOE 7, JANE DOE 8, | § | |
| JANE DOE 9, AND JANE DOE 10 | § | Cause No. 6:16-cv-173-RP-AWA |
| | § | JURY TRIAL DEMANDED |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| BAYLOR UNIVERSITY | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' RESPONSE TO
NON-PARTY PHILIP STEWART'S MOTION FOR STAY OF ECF DOCKET NO. 852
IN LIGHT OF BAYLOR UNIVERSITY'S OBJECTIONS TO ORDER REGARDING
WORK PRODUCT PRIVILEGE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs file this Response to Non-Party Philip Stewart's Motion for Stay of ECF Docket No. 852 in Light of Baylor University's Objections to Order Regarding Work Product Privilege (ECF 856).

**A.    Stewart makes no attempt to establish he is entitled to a stay.**

Similar to Baylor in its Motion to Stay, Stewart does not even attempt to establish he is entitled to a stay of the Magistrate's June 11, 2020 order.[1] Instead, Stewart simply states he is entitled to a stay by virtue of the fact that Baylor filed objections to the Magistrate Judge's June 2, 2020 order,[2] something that is wholly insufficient under the law.[3] It is well-settled that there is no automatic stay

---

[1] ECF 852.
[2] ECF 856 at 2.
[3] *E.g., Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *6 (D.C. Colo. May 3, 2007)("In general, a stay of proceedings pending review of an objection by the district judge is

1

by virtue of filing objections.[4] Courts have repeatedly recognized that a stay of this nature must be granted sparingly.[5] The analysis for a request to stay pending an objection of a magistrate judge's order on a non-dispositive matter takes into consideration the likelihood of the movant's success on the merits balanced with equitable factors such as irreparable harm absent a stay, substantial injury to other parties, and public interest.[6]

Stewart's failure to make *any* of the requisite showings – or even include any case law in his motion – is telling of the tenuous nature of his legal position. Plaintiffs incorporate the arguments and authorities set forth in ECF 860 herein by reference to demonstrate that, even if Stewart had attempted to make the requisite showings, he could not meet the high burden of establishing entitlement to a stay.

**B.     The particular facts associated with the Stewart materials also demonstrate he is not entitled to a stay.**

Separate and apart from Stewart's failure to address any reason for the stay other than the filing of objections, the facts associated with the Stewart subpoena and objections demonstrate why a stay is not warranted. As the Court is aware, the documents ordered to be produced on June 19, 2020 with respect to Stewart concern the six items Baylor wanted to produce on only a redacted basis.[7]

---

not appropriate . . . Here, the defendants' principal reason for seeking a stay is general disagreement with my initial order. That is not a basis for the issuance of a stay.").

[4] *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. Feb. 16, 1989) (holding, in relevant part, that "allowing the automatic stay of magistrate's orders would not only encourage the filing of frivolous appeals, but, would grind the magistrate system to halt.").

[5] *E.g., General Steel Domestic Sales, LLC v. Steelwise*, LLC, No. 07-cv-01145-DME-KMT, 2009 U.S. Dist. LEXIS 3104, at *8 (D. Colo. Jan. 5, 2009)("Under the clearly erroneous standard, 'the reviewing court [must] affirm unless it, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.' Given such a high burden, stays of a Magistrate Judge's order pending District Court review must be the exception and not the rule.")(citations omitted). See also *E.g., Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *6 (D.C. Colo. May 3, 2007).

[6] *Jenkins v. Robotec, Inc.*, No. 1:09cv150HSO-JMR, 2009 U.S. Dist. LEXIS 122996 (S.D. Miss. Dec. 29, 2009)(applying general four-factor test for a stay pending appeal governs analysis of request for stay pending an objection of magistrate judge's order resolving non-dispositive matter).

[7] ECF 788. These documents were submitted with redactions by Baylor when it filed its letter brief objection.

Prior to the filings regarding Stewart, in 2018, Stewart produced numerous pages of documents, several of which contained heavy redactions. Ultimately, 28 pages were submitted to the Court for an *in camera* review.[8] The Court ordered back in January 2020 that all 28 pages should be produced, but three pages could be redacted.[9] The Court also specifically held that "there is no work product in the Stewart materials."[10] The Court also ordered Baylor and Plaintiffs to file supplemental briefing with respect to the Court's designations and redaction, which both parties did.[11] However, significantly, Stewart filed no challenge or response to the Court's determination that there was no work product in the Stewart materials – only Baylor did. It was not until Baylor filed its objections to the June 2, 2020 Pepper Hamilton work product ruling that Stewart decided to attempt to avoid compliance with this Court's order.

Stewart also admits that he did not attempt to confer with counsel as required by local rules prior to filing his motion to stay. He claims that this was because of the "short time between the filing of the Objections and the Court's deadline for production of the Stewart Documents." However, Stewart's Motion was filed on June 17.[12] He admits that the deadline for compliance is June 19.[13] It is

---

[8] ECF 786 at 1.
[9] *Id.* Baylor's attempt to manufacture error in its Objection regarding ECF 852 must also be rejected. See ECF 859. Magistrate Judge Austin was clear in ECF 852 that the documents to be produced unredacted were the documents that were the subject of the supplemental briefing. Indeed, in ECF 852, Judge Austin *again* specifically pointed out what needed to be redacted in Stewart 0022, 0040, and 0093). ECF 852 at 1 n.1. As Plaintiffs pointed out in their briefing in response to Baylor's Motion to Stay Judge Austin's order on Pepper Hamilton, with respect to Baylor's objection on the Stewart order (ECF 859), Plaintiffs' same comments apply: The procedure for Plaintiffs to file a response to Baylor's Objection is unclear. Plaintiffs contend that both Objections are without merit and that Judge Austin's order is reinforced by the history of discovery abuses by Baylor throughout this litigation as set forth in Plaintiffs' Response to Baylor's Opposed Motion to Stay (ECF 860). However, Plaintiffs stand ready to respond to the Objections should such be deemed helpful by the Court, and if such is the case, Plaintiffs seek guidance of a deadline and page limits from the Court.
[10] *Id.*
[11] ECF 788, 792.
[12] ECF 856.
[13] *Id.* at 2. Indeed, Baylor did not file its own Objections to Judge Austin's Order regarding the Stewart Materials until June 19, 2020. ECF 859.

3

unclear why Stewart (who had time to draft the motion) could not even send one e-mail or attempt one phone call prior to filing, particularly since Stewart did not file his motion until 5:00p.m. on June 17th.[14] Stewart's failure to confer presents an independent basis for the Court to deny his Motion to Stay.[15]

Of course, as set forth in ECF 792, Plaintiffs do not believe any redactions are proper. However, it is worth noting that the extraordinary relief Stewart requests (without providing any legal authority) is over "six lines….two sentences…[and] a single clause"[16] worth of redactions. This is particularly egregious given the heightened showing necessary to establish the relief sought.

Unfortunately, it is readily apparent that Stewart's motion is just another attempt at delay in the case. Stewart's failure to present a substantive argument regarding a stay is troubling, particularly in light of the litigation history and that fact that his counsel is Baylor-paid. While Plaintiffs are not casting aspersions on counsel, it is difficult to understand how Stewart's Motion to Stay could be filed in good faith when it is so lacking in legal authority and actual arguments demonstrating why extraordinary relief should be granted.

Lastly, Plaintiffs continue to note that despite continued rulings by the Court, compliance with orders from Baylor and third-parties with Baylor-paid counsel continue to be wanting.  There is simply always one more argument and pitch to avoid or delay compliance. As the Court has noted on more than one occasion, Plaintiffs have not sought sanctions against Baylor, which has been largely due to a reluctance generally stemming from not wanting to docket another motion that will entail a month

---

[14] Dkt. Text 856.
[15] Western District of Texas Local Rule CV-7(i)("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.").
[16] ECF 788 at 1-2.

4

more briefing that the Court has to entertain. The same goes with the present motion. However, at this point, it is Plaintiffs' intent to consider, confer, and seek sanctions against Baylor for its actions and those of its aligned third-parties in the future when and where appropriate.

## PRAYER

In light of the foregoing, Stewart's motion should be denied.

Respectfully submitted,

 /*s*/ Chad W. Dunn
BRAZIL & DUNN, L.L.P.
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
4407 Bee Cave Road, Suite 111
Austin, Texas 78746
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com
scott@brazilanddunn.com

AND

DUNNAM & DUNNAM, L.L.P.
Jim Dunnam
State Bar No. 06258010
Andrea Mehta
State Bar No. 24078992
Eleeza Johnson
State Bar No. 24058690
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com
andreamehta@dunnamlaw.com
eleezajohnson@dunnamlaw.com


AND

SOMMERMAN, MCCAFFITY, QUESADA
 & GEISLER, L.L.P .
George (Tex) Quesada

5

State Bar No. 16427750
Laura Benitez Geisler
State Bar No. 24001722
Sean J. McCaffity
State Bar No. 24013122
Jody L. Rodenberg
State Bar No. 24073133
Alexandria Risinger
State Bar No. 24095215
3811 Turtle Creek Blvd, Suite 1400
Dallas, Texas 75219
Telephone: 214-720-0270
Facsimile: 214-720-0184
quesada@textrial.com
lgeisler@textrial.com
smccaffity@textrial.com
jrodenberg@textrial.com
arisinger@textrial.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been filed by ECF and sent to counsel of record via electronic notification on June 24, 2020.

/*s*/Chad W. Dunn
CHAD W. DUNN