IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JANE DOE 1, *et al*,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYLOR UNIVERSITY,<br><br>    Defendant. | Civil Action No. 6:16-CV-00173-RP-AWA<br><br>*Consolidated with*<br><br>6:17-CV-228-RP-AWA<br><br>6:17-CV-236-RP-AWA |

**DEFENDANT BAYLOR UNIVERSITY'S REPLY
IN SUPPORT OF ITS MOTION TO STAY CERTAIN DISCOVERY
PENDING APPEAL OF MAGISTRATE JUDGE AUSTIN'S JUNE 2, 2020 ORDER**

TO THE HONORABLE JUDGE PITMAN:

Despite Judge Austin's prior admonition to avoid accusations and rhetoric in pleadings, Plaintiffs' response to Baylor's Motion to Stay does exactly the opposite—accusing Baylor of engaging in litigation conduct so egregious that this Court should deny its request for a stay on that basis alone. Plaintiffs' response misrepresents the facts and the law. It is well-established in the Fifth Circuit that a discovery order compelling the production of privileged documents will cause irreparable harm and is appropriate for mandamus review. Therefore, a stay pending Baylor's appeal is appropriate. As for Plaintiffs' accusations, Baylor has not withheld 33,000 non-duplicative Pepper Hamilton documents, nor has Baylor "admit[ted] that thousands of documents should have been logged or produced and were not." Resp., p. 3-4. Baylor will address Plaintiffs' misrepresentation of the facts first.

**A.  Plaintiffs' accusation of improper withholding is false.**

Plaintiffs' primary argument to oppose the stay is that because "over 33,000 non-duplicate documents were found to have been withheld in the UnitedLex comparison review" Baylor's "litigation conduct demonstrates that a stay should not be granted." Resp., p. 3. Plaintiffs' allegations

1

are not true.[1]  UnitedLex performed a non-exhaustive, electronic comparison of the documents using certain methodologies.  As explained in a joint advisory on January 15, 2020, of the 1,365,293 documents produced by Pepper Hamilton in response to Plaintiffs' subpoena, UnitedLex was able to "validate" or match 1,331,916 of Baylor's documents using certain electronic methodologies, leaving less than 1% "of the total population that could not be validated *using these methodologies*."  Dkt. 777 (emphasis added).  This does not mean that the remaining 33,377 cannot be matched; it merely means they cannot be matched electronically using "these methodologies."[2]

Following receipt of UnitedLex's report, Baylor and its vendor undertook an accounting of the 33,377 documents not matched by UnitedLex's initial analysis.  Baylor produced a detailed accounting log to Plaintiffs' counsel on May 12, 2020.[3]  As explained in Baylor's May 12, 2020 advisory to this Court, the log accounted for each unmatched document, explaining, for example: (i) that some documents were system files (non-user generated files), which under the Court's ESI order were properly excluded from Baylor's original production (*see* Dkt. 176, p. 5 § 3(i)); (ii) some documents are hard copies of scanned-in binders and paper documents that could not be compared electronically— only manually, which Baylor has painstakingly done; (iii) some of the documents were created *after*

---

[1] Plaintiffs cite no case law to support their assertion that a party's alleged discovery conduct is a proper factor when considering a motion to stay the production of privileged documents.  Plaintiffs cite a divorce case, *Egleston v. Egleston*, 448 F.3d 803, 811 (5th Cir. 2006), for the general principle that "unclean hands" gives the court equity to refuse to aid the "unclean litigant."  Resp., p. 2-3.  But this case is not applicable here.

[2] As UnitedLex explained to the parties, the methodologies used to electronically compare documents are by no means exhaustive.  For example, documents that do not contain searchable text cannot be compared using electronic methods. Further, the parties always expected un-matched documents because the collection included documents from the post-June 15, 2016 time period—documents that everyone knew needed to be produced, logged or identified as non-responsive.

[3] The Court's order required UnitedLex to perform the initial comparison and produce a written report to the parties listing all of the non-duplicative files. Dkt. 751.  Thereafter, the parties were to file an advisory notifying the Court when this report was received, and the Court was to "set a status conference to discuss next steps and deadlines."  *Id.*  That status conference has yet to occur.  On its own volition, Baylor asked Plaintiffs' counsel to allow UnitedLex to release the 33,377 documents to Baylor so it could begin the accounting.

June 15, 2016, and therefore were not previously reviewed, produced, or logged; and (iv) some documents created by Pepper contract attorneys were stored in a separate location from where Pepper's other documents were maintained and were not previously uploaded for Baylor to review for production. *See* Dkt. 836. Along with its accounting, Baylor produced any unmatched, non-privileged documents to Plaintiffs, as well as two privilege logs describing privileged documents that were withheld or redacted as a result of the review of documents during the comparison. *Id.*

Further, contrary to Plaintiffs' response, Baylor has in good faith continued to work with Plaintiffs to resolve any questions about Baylor's accounting log. Plaintiffs incorrectly state that Baylor *refused* to allow UnitedLex to perform a 95% comparison review of the 33,377 un-matched documents. Resp., n.8. In fact, Baylor simply requested, prior to the comparison, a conference call with UnitedLex to discuss the process and methodology to be used for this second comparison, the accuracy of its results, and what this methodology would or would not be able to show. This call occurred on June 19, 2020. Thereafter, without any objection from Baylor, UnitedLex performed the 95% comparison using a different methodology and was able to "validate" (or match) yet an *additional* 10,054 documents with Baylor's production. *See* Ex. A, attached.[4]

In short, Plaintiffs' conclusory allegation that Baylor somehow "fully waived" its privilege to all of Pepper Hamilton's materials because UnitedLex was unable to electronically match all 1,365,293 documents or because Baylor logged additional privileged documents as a result of the comparison—documents that Baylor never previously had the opportunity to review—is false.

---

[4] Following receipt of the 95% comparison report, Plaintiffs' counsel sent an email requesting to confer regarding a request that UnitedLex conduct a manual review of the remaining documents that were not matched. Baylor responded by suggesting that, as a first step, the parties provide the detailed log produced to Plaintiffs' counsel to UnitedLex to verify the accuracy of Baylor's descriptions on its accounting log (such as a document did not match because it was a system file or dated after June 15, 2016). The parties could then confer further about whether and how to proceed with a manual review of what might be left after UnitedLex reviewed the accuracy of the log. This is further evidence of Baylor's good faith in working with Plaintiffs' counsel to verify the accuracy of the accounting. *See* Ex. B, attached.

**B. Baylor's privilege logs are in compliance with Rule 26 and this Court's orders.**

Although not germane to whether a stay should be granted, Plaintiffs again take a broad swipe at Baylor's logs. In December 2019, Plaintiffs agreed to provide 20 examples of allegedly vague descriptions, but they never did so. *See* Ex. C, attached. Nonetheless, Baylor proceeded to review its logs, updated document descriptions beyond what is required in the Fifth Circuit, and ultimately released a number of documents from the log in light of the Court's subsequent guidance.

**C. Baylor's request for a stay of discovery is proper and necessary.**

Plaintiffs cite several cases in an attempt to support their argument that a stay "of this nature" should be "granted sparingly." Resp., p. 1-2. But *none* of Plaintiffs' cases involve the stay of a discovery order compelling the production of privileged documents. *See, e.g, Tolliver v. True*, No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *6 (D.C. Colo. May 3, 2007) (denying stay pending district court's ruling on an objection to the Magistrate Judge's denial of a motion to compel arbitration and motion to dismiss).[5] Contrary to the inapplicable case law cited by Plaintiffs, courts in this Circuit regularly stay orders compelling the production of privileged documents pending an objection and appeal. *See, e.g., Seibu Corp. v. KPMG LLP*, No. 3-00-CV-1639-X, 2002 U.S. Dist. LEXIS 906, at *15

---

[5] Plaintiffs also cite *Jenkins v. Robotec, Inc.*, No. 1:09cv150HSO-JMR, 2009 U.S. Dist. LEXIS 122996 (S.D. Miss. Dec. 29, 2009), discussing a general four-part test used to determine whether a stay is appropriate pending appeal: (i) the likelihood of success on the merits; (ii) irreparable injury if the stay is not granted; (iii) if granting the stay will substantially harm the other parties; and (iv) the public interest. The *Jenkins* case does not address the stay of an order compelling the production of privileged documents. Further, Baylor satisfies the four-factor test. Factors (i), (ii) and (iv) are addressed in Baylor's Objection (Dkt. 855), Motion to Stay (Dkt. 857), and this reply brief. Additionally, new Fifth Circuit precedent, *In re Schlumberger Tech. Corp.*, No. 20-30236, 2020 WL 3026316, __ F. App'x __ (5th Cir., June 4, 2020), specifically distinguishes one of the primary cases Judge Austin's Order heavily relies on to find waiver (*Edwards v. KB Home*), holding that unless a party affirmatively concedes it is relying on advice of counsel there is no waiver. Here, the exact opposite is the case. Baylor has never affirmatively conceded it is relying on an advice of counsel affirmative defense. It has disavowed any intent to do so. Thus, this new precedent supports that Baylor does have a "likelihood of success on the merits" on appeal. As to factor (iii), the irreparable harm that would result from Baylor producing thousands of privileged documents far outweighs any potential prejudice the Plaintiffs may suffer due to a delay in limited discovery pending Baylor's appeal.

(N.D. Tex. 2002) (staying Magistrate Judge's order compelling the production of privileged documents pending appeal of the order to the district judge and noting that "the failure to grant a stay would effectively moot the appeal"); *Medallion Transp. & Logistics v. AIG Claims, Inc.*, No. 2:16-CV-01016-JRG-RSP, 2018 U.S. Dist. LEXIS 128645, at *4-5 (E.D. Tex. 2018) (granting stay of Magistrate Judge's order compelling production of privileged communications pending appeal to district court judge).

Plaintiffs further argue that because "interlocutory review of ordinary discovery orders is generally unavailable through mandamus" Baylor's motion to stay should be denied. Resp., p. 2. This argument is also misplaced. While mandamus relief is generally unavailable for *ordinary* discovery orders, it is available for discovery orders compelling the production of privileged documents. In fact, it is an abuse of discretion for a district court to order the production of privileged documents, and therefore, mandamus relief is appropriate. *In re Aventel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003) (internal citations omitted) (emphasis added) ("mandamus is an appropriate means of relief if a district court errs in ordering the discovery of privileged documents, as such an order would not be reviewable on appeal. ... **If [Plaintiff] is compelled to produce documents protected by a privilege, that privilege will be lost and the district court's order will then be effectively unreviewable after final judgment.**"); *accord In re City of Hous.*, 772 F. App'x 143, 144 (5th Cir. 2019). Because "serious injury" results from the production of privileged documents mandamus review is the appropriate remedy. *See, e.g.*, *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 568 (5th Cir. 2006).

Judge Austin's Order directs the production of documents that this Court has already ruled to be protected by the work product privilege. Compelling Baylor to produce privileged documents—potentially in error—will ring a bell that cannot be un-rung and is an abuse of discretion. For these reasons, as well as the reasons detailed in Baylor's Motion to Stay and Objection, a stay of Judge Austin's Order is warranted.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**

**BY:** */s/ Julie A. Springer*
　　Julie A. Springer
　　State Bar of Texas No. 18966770
　　jspringer@wshllp.com
　　Sara E. Janes
　　State Bar of Texas No. 24056551
　　sjanes@wshllp.com
　　Geoff Weisbart
　　State Bar of Texas No. 21102645
　　gweisbart@wshllp.com
　　Mia A. Storm
　　State Bar of Texas No. 24078121
　　mstorm@wshllp.com
　　212 Lavaca Street, Suite 200
　　Austin, Texas 78701
　　(512) 652-5780
　　(512) 682-2074 (facsimile)

**THOMPSON & HORTON LLP**
Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
Ryan H. Newman
State Bar of Texas No. 24059944
rnewman@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)

Holly G. McIntush
State Bar of Texas No. 24065721
hmcintush@thompsonhorton.com
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2350 (telephone)
(512) 682-8860 (facsimile )

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was served upon Plaintiffs' counsel of record on June 25, 2020, via the Court's ECF/CMF electronic service system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn (Attorney in Charge) | *Via ECF: chad@brazilanddunn.com* |
| **BRAZIL & DUNN, L.L.P.** | |
| 4407 Bee Caves Road, Suite 111 | |
| Austin, Texas 78746 | |
| | |
| Mr. K. Scott Brazil | *Via ECF: scott@brazilanddunn.com* |
| **BRAZIL & DUNN, L.L.P.** | |
| 13231 Champion Forest Drive, Suite 460 | |
| Houston, Texas 77069 | |
| | |
| Mr. Jim Dunnam | *Via ECF: jimdunnam@dunnamlaw.com* |
| Ms. Andrea Mehta | *Via ECF: andreamehta@dunnamlaw.com* |
| Ms. Eleeza Johnson | *Via ECF: eleezajohnson@dunnamlaw.com* |
| **DUNNAM & DUNNAM, L.L.P.** | |
| 4125 West Waco Drive | |
| Waco, Texas 76710 | |
| | |
| Ms. Laura Benitez Geisler | *Via ECF: lgeisler@textrial.com* |
| Mr. Sean J. McCaffity | *Via ECF: smccaffity@textrial.com* |
| Jody L. Rodenberg | *Via ECF: jrodenberg@textrial.com* |
| Alexandria Risinger | *Via ECF: arisinger@textrial.com* |
| George (Tex) Quesada | *Via ECF: quesada@textrial.com* |
| **SOMMERMAN, MCCAFFITY,** | |
| **QUESADA & GEISLER, LLP** | |
| 3811 Turtle Creek Boulevard, Suite 1400 | |
| Dallas, Texas 75219-4461 | |

<u>/s/ Julie A. Springer</u><br>
Julie A. Springer