# EXHIBIT F



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS
SOUTHERN DIVISION, DALLAS OFFICE

June 10, 2004

Ref. No.: 06032054

Dr. David Schmidly, President
Oklahoma State University
107 Whitehurst
Stillwater, OK 74078

Dear Dr. Schmidly:

The U.S. Department of Education, Office for Civil Rights, Southern Division, Dallas Office, has completed its consideration of the above-referenced complaint received on March 31, 2003 filed against Oklahoma State University (OSU or University), Stillwater, Oklahoma. The complainant alleged that OSU discriminated against his daughter, the alleged injured party (AIP), on the basis of sex. Specifically, the complaint alleged that OSU:

1. Failed to respond to notice of the AIP's alleged sexual harassment; and

2. Failed to maintain grievance procedures that provide for the prompt and equitable resolution of student complaints alleging discrimination on the basis of sex.

OCR is responsible for determining whether organizations that receive or benefit from Federal financial assistance from the U.S. Department of Education or an agency that has delegated investigative authority to this Department are in compliance with Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, and its implementing regulation at 34 C.F.R. Part 106. Title IX states:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The University is a recipient of Federal financial assistance from the U.S. Department of Education. Therefore, OCR has jurisdictional authority to process this complaint for resolution.

During the course of its investigation, OCR obtained, reviewed, and analyzed documentation from OSU as well as the complainant, and conducted interviews with the complainant, the AIP and staff of OSU. With regard to allegation one, OCR determined that there is insufficient evidence to support a finding that OSU discriminated against the AIP by failing to respond to notice of alleged

1999 BRYAN STREET, SUITE 2600, DALLAS, TEXAS 75201-6810
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the nation.

sexual harassment. With regard to the second allegation, OCR determined that OSU had failed to maintain grievance procedures that provide for the prompt and equitable resolution of student complaints alleging discrimination on the basis of sex. Also, during the course of the OCR investigation, we examined whether the OSU had provided notice of the identity and office address and telephone number of its Title IX Coordinator and determined that the University had not done so. The bases for OCR's determinations are summarized below.

### Allegation 1: OSU failed to respond to notice of the AIP's alleged sexual harassment.

The AIP alleged that four OSU football players sexually assaulted her on November 21, 1999 at the residence of one of the players, and that OSU failed to respond to notice of alleged sexual harassment (the sexual assault).

The AIP's alleged sexual assault was widely reported in the newspapers and it was apparent from these reports that it occurred in an off-campus residence not owned or controlled by OSU. The AIP's identity was not revealed in the news accounts. The Student Conduct Officer requested a copy of the police report, which revealed that the alleged assault occurred in an off-campus location and did not involve a university-related event. The AIP's name was redacted. An Assistant Dean became aware of the AIP's identity when the AIP informed her that she was the victim in the news accounts. The Assistant Dean informed OCR that she did not report the conversation with the AIP to any other university official because she assumed that those who needed to know already knew as a result of the wide publicity.

OCR has determined that OSU had notice of alleged sexual harassment of the AIP occurring off campus. However, the notice indicated clearly that the alleged assault did not take place in a University program or activity. A university does not have a duty under Title IX to address an incident of alleged harassment where the incident occurs off-campus and does not involve a program or activity of the recipient. OCR's investigation, which included a thorough review of documents provided by both the AIP and recipient, together with numerous telephone interviews of the AIP and recipient employees, substantiated that the alleged sexual assault of November 21, 1999 took place off-campus in a private residence. Therefore, OSU did not have an obligation to take any action under Title IX.

### Allegation 2: OSU failed to maintain grievance procedures that provide for the prompt and equitable resolution of student complaints alleging discrimination on the basis of sex.

OSU officials informed OCR that the grievance procedures for use by students to raise allegations of sex discrimination, including sexual harassment are contained in Section IV of the OSU *Student Rights and Responsibilities Governing Student Behavior*. This section, entitled Disciplinary Responsibility, provides that a faculty member, staff member or student may file a complaint against a student alleging that a violation of the Code of Conduct has occurred. It also states that OSU itself may initiate a complaint. It lists examples of actions that are "unacceptable" and for which students are subject to disciplinary action. The list includes sexual misconduct, sexual harassment, and "Any act which allegedly violates federal, and/or state law, local ordinances or university policies on University premises or at university sponsored or supervised activities." Section IV also contains the procedures and the steps to be followed by a student

filing a complaint alleging a violation of the Code of Conduct, including an informal administrative hearing and a formal hearing process for allegations for which suspension or expulsion are possible, and for student discrimination grievances.

OCR's investigation revealed, however, that information provided to students regarding the procedure to be used and where to file a complaint alleging discrimination on the basis of sex is confusing and unclear, thereby thwarting the prompt and equitable resolution of such allegations. Section XIII of the *Rights and Responsibilities* document, entitled Other University Policies, under the heading Sexual Harassment and Discrimination, states that grievance procedures for students are available in the Office of the Vice President for Student Affairs, Associate Vice President for Multicultural Affairs, Campus Life Office, and the Director of Student Services in the respective academic colleges, suggesting that some procedures other than those in the *Rights and Responsibilities* document exist and are to be used for resolving allegations of sex discrimination. It does not refer to the *Rights and Responsibilities* document as containing the grievance procedures.

Another portion of the *Rights and Responsibilities* document also implies that there is another grievance procedure. Appendix B to the *Rights and Responsibilities* document concerns sexual harassment and states that grievance procedures are available for students in the Office of the Vice President for Student Services, the Student Activity Center, and the Director of Student Services in the respective colleges. Further, a different section of Appendix B (§2.03 under a subheading entitled Procedures), states: "persons who have a complaint alleging sexual harassment should state their complaint through normal administrative channels. Individual administrators empowered to receive complaints shall include department heads, academic deans, directors or administrative supervisors of an operational unit." The term "normal administrative channels" is not defined anywhere in the *Rights and Responsibilities* document. Also, OCR was informed that only the University staff specifically named as empowered to receive a complaint of sexual harassment/assault has a duty to pass along to the appropriate University official(s) information they are provided by a student regarding an alleged incident of sexual harassment. Any faculty/staff that are not specifically named would not be required by any University policy to report an alleged act of sexual harassment unless they personally witnessed the harassment/assault.

In addition, Appendix C to the *Rights and Responsibilities* document, entitled Sexual Misconduct, which provides information regarding sexual assault and harassment, states: "To consult about or report incidents of sexual harassment, against a student, go to the OSU student conduct office, and against OSU employees, go to the OSU Affirmative Action Office."

The *Rights and Responsibilities* document indicates that the Student Conduct Office should be contacted to help guide those who want to file a complaint. According to the Director of the Student Conduct Office, she handles those complaints that allege student-on-student sexual harassment. The Director of Affirmative Action handles complaints alleging employee-on-employee harassment. The individual identified as holding the title of Title IX Coordinator, however, only investigates complaints alleging employee-on-student complaints. This information is not contained in any of the sections of the above-described document.

Page 4- Dr. David Schmidly, President

Based on the foregoing, OCR determined that while the University possesses grievance procedures, they are not clear or easily understood so as to effectively provide students with sufficient knowledge of where to find the procedures, how they work, or how, and with whom to file a complaint alleging discrimination on the basis of sex. Therefore, they do not provide for the prompt and equitable resolution of complaints they may be raised under Title IX and its implementing regulation.

Additionally, during its investigation, OCR was informed of the name and position of the OSU official designated as the Title IX Coordinator for the University. However, OSU's current policies and publications do not contain a reference to the Title IX Coordinator, nor do they provide his identity, location and telephone number as required by the Title IX regulation. Based on the information and documentation reviewed by OCR in this investigation, OCR has determined that OSU has not provided the required notification regarding the Title IX Coordinator.

On May 7, 2004, OSU submitted the enclosed Commitment to Resolve (CTR). OCR has determined that upon full implementation, the CTR will satisfactorily resolve allegation two and the aforementioned concern regarding a Title IX Coordinator. As is our procedure, OCR will monitor OSU's implementation of this CTR per the language and deadlines contained therein. Should OSU fail to fully implement the action steps as set forth in the CTR, OCR will immediately resume its case processing activities.

This letter is not intended, nor should it be construed, to cover other civil rights issues that may exist, but are not included herein. Under OCR procedures we are obligated to advise the complainant and institution against which a complaint is filed that intimidation or retaliation against a complainant is prohibited by regulations enforced by this agency. Specifically, the regulations enforced by OCR, directly or by reference, state that no recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege secured by regulations enforced by OCR or because one has made a complaint, testified, assisted or participated in any manner in a investigation, proceedings or hearing held in connection with a complaint.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Thank you for your cooperation. If you have any questions concerning this matter, please call me at 214-880-4911.

Sincerely,

Sandra W. Stephens
Team Leader

Enclosure: As stated

**Commitment to Resolve**
**Oklahoma State University (OSU)**
**OCR Case Number: 06032054**

In order to resolve the allegation in the above referenced complaint regarding the prompt and equitable resolution of complaints of discrimination based on sex, Oklahoma State University (OSU or University) makes the following commitments to the Office for Civil Rights (OCR), pursuant to Title IX of the Education Amendments of 1972 (Title IX). OSU will implement the commitments specified below, within the specified timeframes:

1. By ___May 14___, 2004, OSU will designate at least one employee as its Title IX Coordinator, the responsible employee designated to coordinate its efforts to comply with Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §1681, and its implementing regulation at 34 C.F.R. Part 106 (2003), which prohibit discrimination on the basis of sex.

2. By ___June 1___, 2004, OSU will publish the name and title, office address, and telephone number of the individual(s) designated as the Coordinator(s) by sending electronic messages to employees and to students enrolled at OSU.

3. By ___July 1___, 2004, OSU will publish the name and title, office address, and telephone number of the individual(s) designated as the Coordinator(s) by inserting notices on (1) electronic employee applications and other University publications that provide general information to employees about employee services and University policies. In addition, by inserting notices in (2) the on-line versions of the current *OSU Student Rights and Responsibilities Governing Student Behavior* publication, University Catalog, course schedule, and other University publications (e.g., student general information bulletin) that provide general information to students about student services and University policies and inserting notices on electronic student applications.

4. By ___July 1___, 2004, OSU will begin conspicuously posting notices of the name and title, office address, and telephone number of the individual(s) designated as the Coordinator(s) in the following manner and in the following places:

    - Campus bulletin boards;
    - Campus housing;
    - The student union;
    - The University's web site;
    - Disseminated through organizational notifications; and
    - Other sites on campus where general campus information is disseminated to students and employees.

5. By ___August 1___, 2004, as print publications are revised, OSU will begin including the name and title, office address, and telephone number of the individual(s) designated as the Coordinator(s) in the OSU *Student Rights and*

*Responsibilities Governing Student Behavior* publication, University course catalogs, and other publications (e.g., student general information bulletins) in which general campus information is disseminated to students and employees.

6. Publication of the name and title, office address and telephone number of the designated Title IX Coordinator(s) will continue indefinitely for all subsequent publications and printings, pursuant to Title IX and its implementing regulation, 34 C.F.R. §106.9 (2003).

7. By ___August 1___, 2004, OSU will review and revise its current Title IX grievance procedures (paragraph IV. Disciplinary Responsibility of the *Student Rights and Responsibilities* publication) to ensure the prompt and equitable resolution of complaints alleging discrimination based on sex. The Title IX grievance procedures will include, but are not limited to, the following components:

   a. The form in which a written complaint is to be filed;
   b. Timeframes for filing a complaint;
   c. Timeframes for the conducting of an investigation;
   d. Manner in which an investigation is to be conducted, and how a decision will be made;
   e. Process to ensure the impartiality of an investigation;
   f. Right to present information relevant to the complaint;
   g. Afford the parties the opportunity to be advised by an individual of his or her choice throughout the proceeding;
   h. The time within which a complainant shall expect a response regarding the disposition of the investigation;
   i. The basis upon which the disposition is made and the authority of the person(s) involved in the decision of an equitable and prompt remedy;
   j. Afford the complainant an opportunity to comment/dispute the investigative findings;
   k. Prohibition against retaliation; and
   l. Confidentiality of complaint filing, investigation and disposition.

8. The Title IX grievance procedures will:
   a. Be contained within a document whose title and content clearly reflect that the grievance procedures are encompassed therein.
   b. Clearly delineate the scope of the grievance procedures i.e., what it is, who may utilize it and who it applies to.
   c. Clearly state that the grievance procedure may be used to file a complaint by students against both students and employees and define the term "grievance."
   d. Reflect that OSU will document the filing of all complaints and conduct an appropriate investigation of all complaints filed pursuant to the grievance procedures.

     e. Designate a timeframe to respond to a complainant and document this response. The response will acknowledge receipt of the complaint and what action(s) OSU will take.
     f. If the grievance procedures contain a definition of "discrimination," the definition should not contain any language that limits discrimination to conduct directed at an individual.
     g. Ensure that any disciplinary investigation procedures are not applied to or take the place of investigations of complaints of discrimination based on sex, including sexual harassment, that are processed pursuant to the grievance procedures.

Title IX does not require a separate sexual harassment complaint procedure. OSU assures OCR that if it chooses to adopt a separate sexual harassment complaint procedure, it will comply with the requirements outlined above.

9. By ___August 1___, 2004, OSU will review and revise its sexual harassment policies (Policies) to ensure the inclusion of the following:

     a. The name and title, office address and telephone number of the designated Title IX Coordinator(s), together with a description of his/her role in the complaint process;
     b. The identity of individuals (or offices) with whom a complainant may file a complaint;
     c. A provision requiring all faculty members and administrators who receive a complaint concerning sexual harassment on campus, in a college-related event or venue, or observes conduct that he/she believes may constitute sexual harassment on campus or in a college-related event or venue, to report the complaint or observations to the Title IX Coordinator(s) or his/her designee;
     d. Clear and understandable language cross-referencing the Policies to the University's grievance procedure under which claims of discrimination on the basis of sex are investigated and resolved; and
     e. The possible remedies and sanctions the University may impose as a result of its investigation.

10. OSU will provide all University students and all employees with written notice regarding the availability of the 1) Title IX sexual harassment policies, and 2) grievance procedure, for resolving Title IX complaints, together with information on the manner in which they may obtain a copy of the Policies and grievance procedure.

     a. By ___August 1___, 2004, OSU will send electronic messages containing the notice to all University employees and insert the notice in the on-line versions of University publications that provide general information to employees about employee services and University policies. In addition, OSU will insert such notices in the on-line versions of the current OSU *Student Rights and*

*Responsibilities Governing Student Behavior* publication, course schedule, and other University publications (e.g., student general information bulletins) that provide general information to students about student services and University policies.

b. By ___August 15___, 2004, OSU will insert such notices in the print version of the OSU *Student Rights and Responsibilities Governing Student Behavior* publication and any other University publications (e.g., student general information bulletins) that provide general information to students about student services and University policies.

11. Reporting to OCR:

   a. Within 30 days of publication, OSU will provide OCR with copies of all publications that have been created or revised to incorporate the specific notification information specified in ¶¶ 2. – 5. and 10. above, and that have been distributed in accordance with this Commitment.

   b. On or before ___July 1___, 2004, OSU will provide OCR with a draft copy of the revised sexual harassment policies for OCR's review and comment.

   c. On or before ___July 1___, 2004, OSU will provide OCR with a draft copy of the revised or newly created grievance procedure for OCR's review and comment.

   d. On or before ___August 1___, 2004, OSU will provide OCR with the final revised sexual harassment policies.

   e. On or before ___August 1___, 2004, OSU will provide OCR with the final revised grievance procedure.

*[signature]*

Dr. _____, President
Oklahoma State University, Stillwater, Oklahoma

Date Signed: 5/07/04