

Julie Springer
jspringer@wshllp.com
direct 512.652.5782

October 2, 2020

**Re:**  Case No. 6:16-cv-00173-RP-AWA *consolidated with* 6:17-CV-228-RP-AWA and 6:17-CV-236-RP-AWA; *Jane Doe 1, et al. v. Baylor University*; In the United States District Court for the Western District of Texas – Waco Division
**Baylor's Response to Plaintiffs' Advisory (Dkt. 897) –** *VIA ECF*

Judge Austin:

Plaintiffs' "Advisory on the Status of UnitedLex Findings," which is really a request for leave to file a motion for sanctions against Baylor, fails to include a certificate of conference and contains numerous misrepresentations about the status of the UnitedLex work. Dkt. 897. For example, Plaintiffs falsely allege that Baylor "concealed" 8,527 documents when Plaintiffs know that a substantial number of the documents were created *after* 6/15/16, the original ESI cut-off date. Until the Court moved the ESI cutoff date to 11/7/17, those documents had not been reviewed, produced, or logged by Baylor. Moreover, Baylor never possessed the documents that Pepper Hamilton ("PH") produced in response to Plaintiffs' subpoena until PH produced those documents to UnitedLex and UnitedLex produced them to Baylor.[1] Baylor could not have "concealed" anything it never had an obligation to produce or log in the first place. Plaintiffs also knew the parties needed to confer on the issues raised in their Advisory, as Mr. Dunnam sought dates for such a conference. While Baylor's attorneys were in the process of providing dates, Plaintiffs prematurely filed their letter brief. For this reason alone, Plaintiffs' letter brief should be struck. However, because Plaintiffs have accused Baylor of discovery conduct warranting sanctions, Baylor is compelled to briefly address those allegations below. Baylor requests an appropriate opportunity to provide full briefing should the parties not be able to resolve their differences after a conference.

As detailed in Baylor's 7/22/20 letter brief on the UnitedLex comparison [Dkt. 881], UnitedLex was retained to facilitate the production of documents from PH in response to Plaintiffs' subpoena. Pursuant to the Court's orders, PH and Baylor each provided documents to UnitedLex, and UnitedLex then compared the documents to determine which had been previously produced or logged. It was understood from the start there would be a sub-set of unmatched documents—such as those created by PH after the original 6/15/16 ESI cut-off date—which had never been reviewed before that would need to be logged or produced by Baylor. *See* Dkt. 743, Transcript of 12/6/19 Hearing, p. 24-25 (Judge Austin: "So I think that means that Baylor would then need to go through whatever those non-duplicates are [and] produce or log them…."). The purpose was not—as Plaintiffs now argue—to *sanction* Baylor if UnitedLex was unable to match every single document of the 1,365,293 documents that PH provided to UnitedLex. In fact, it is noteworthy that UnitedLex initially electronically verified that more than 99% of the documents provided by PH to UnitedLex unequivocally were previously produced or logged by Baylor (at least 1,331,916 documents). For the remaining documents (33,377 – or less than 1% of the total), Baylor produced a log on 5/12/20 accounting for each document UnitedLex was unable to match and showing how it was able to match an additional 26,031 documents. Additionally, Baylor accounted for, by producing, logging or identifying as non-responsive, the remaining 7,346 documents that were not matched by UnitedLex.

---

[1] While Cozen may have had some of the documents, Baylor did not. And in many instances, duplicate copies of paper binders could not be electronically compared due to variations in how vendors scanned in the documents.



October 2, 2020
Page 2

Despite Baylor's detailed accounting, Plaintiffs challenged the log's accuracy. To aid in a resolution, Baylor agreed to pay UnitedLex for a manual review of the unmatched documents. As part of this work, Baylor requested that UnitedLex verify the entries in Baylor's accounting log. For example, if the log reflected that a document was not previously produced or logged because it was prepared after 6/15/16 (the expanded time period) or because it was previously produced by Baylor with a "BU Jane Doe" bates number, then UnitedLex would verify this representation. To facilitate this process, Baylor proposed providing UnitedLex with all of the documents that were newly produced and logged as a result of UnitedLex's comparison, as well as the "BU Jane Doe" documents.[2] Plaintiffs objected, and Baylor sought leave from this Court to do so. Dkt. 881. Although the Court has not ruled on Baylor's request, Baylor agreed to allow the manual comparison to move forward—even with incomplete documentation that could affect the reliability of UnitedLex's review—in an effort to address at least part of Plaintiffs' stated concern. UnitedLex's review has cost Baylor more than $200,000 to date.

On 9/22/20, UnitedLex provided the results of its review which validated an additional 21,248 documents as "matched" or "technical files," leaving 12,129 of the documents unmatched. **The fact that UnitedLex did not correctly match these documents the first time – prompting Plaintiffs to accuse Baylor of concealment – makes it imperative that Baylor have a fair opportunity to demonstrate the accuracy of the remainder of its accounting log.** To put these numbers in perspective, UnitedLex has matched all but *less than .009% of the PH documents*. And of the remaining purportedly unmatched documents, for example: 3,639 were newly produced or logged from the *new* post-June 2016 time period; 1,126 were not previously produced because they were non-responsive (e.g., related to a NCAA investigation); 70 had a "BU Jane Doe" bates number and thus the matching document was not in UnitedLex's possession but was previously produced to Plaintiffs; and an additional 532 match PH documents previously produced by Baylor to Plaintiffs but the documents inadvertently were not uploaded in the voluminous data transfer to UnitedLex. Additionally, in UnitedLex's unmatched category, UnitedLex failed to match duplicative documents, such as: (i) 931 documents that are easily matched using electronic techniques (MD5Hash or metadata); (ii) identical sets of handwritten notes; and (iii) scanned-in copies of paper binders where the only difference is that one vendor's scanning method resulted in additional blank pages in the binders. In short, there is no basis for sanctions. Nobody concealed anything. Baylor never had the documents until PH gave them to United Lex. Once UnitedLex identified the documents from PH's production that appeared not to match, Baylor accounted for those documents by production, logging or identification as non-responsive. Consistent with this Court's directive, Baylor accounted for all documents.[3]

In conclusion, Baylor does not oppose Plaintiffs' presentation of this issue to the Court, provided that Baylor is allowed to fully respond, following an appropriate conference. In addition, the Court's Order of 12/12/19, provided that it would set a status conference to discuss next steps after the parties received UnitedLex's initial comparison report. Dkt. 751. Baylor believes a status conference would be helpful to discuss any additional steps with respect to UnitedLex's work.

---

[2] These were referred to as the "PH2 documents."

[3] Baylor is prepared to provide examples of duplicative documents UnitedLex failed to match should the parties not be able to resolve their differences on this issue and further briefing is necessary.



October 2, 2020
Page 3

                        Respectfully submitted,

                        */s/ Julie A. Springer*
                        Julie A. Springer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon Plaintiffs' counsel of record on October 2, 2020, via the Court's ECF/CMF electronic service system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn (Attorney in Charge)<br>**BRAZIL & DUNN, L.L.P.**<br>4407 Bee Caves Road, Suite 111<br>Austin, Texas 78746 | *Via ECF: chad@brazilanddunn.com* |
| Mr. K. Scott Brazil<br>**BRAZIL & DUNN, L.L.P.**<br>13231 Champion Forest Drive, Suite 460<br>Houston, Texas 77069 | *Via ECF: scott@brazilanddunn.com* |
| Mr. Jim Dunnam<br>Ms. Andrea Mehta<br>Ms. Eleeza Johnson<br>**DUNNAM & DUNNAM, L.L.P.**<br>4125 West Waco Drive<br>Waco, Texas 76710 | *Via ECF: jimdunnam@dunnamlaw.com*<br>*Via ECF: andreamehta@dunnamlaw.com*<br>*Via ECF: eleezajohnson@dunnamlaw.com* |
| Ms. Laura Benitez Geisler<br>Mr. Sean J. McCaffity<br>Jody L. Rodenberg<br>Alexandria Risinger<br>George (Tex) Quesada<br>**SOMMERMAN, MCCAFFITY,**<br>  **QUESADA & GEISLER, LLP**<br>3811 Turtle Creek Boulevard, Suite 1400<br>Dallas, Texas  75219-4461 | *Via ECF: lgeisler@textrial.com*<br>*Via ECF: smccaffity@textrial.com*<br>*Via ECF: jrodenberg@textrial.com*<br>*Via ECF: arisinger@textrial.com*<br>*Via ECF: quesada@textrial.com* |

                        */s/ Julie A. Springer*
                        Julie A. Springer