IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, ET AL. | § | |
| | § | **6:16-CV-173-RP-AA** |
| v. | § | *Consolidated with* |
| | § | **6:17-CV-228-RP-AA** |
| BAYLOR UNIVERSITY | § | **6:17-CV-236-RP-AA** |

## ORDER

Before the Court are Baylor's Opposed Motion Requesting Confirmation of Accounting Log (Dkt. 881), Plaintiffs' Response (Dkt. 882), Plaintiffs' Advisory to the Court (Dkt. 897) and Baylor's Response (Dkt. 898). Having reviewed the submissions, the Court **DENIES** Baylor's request for a confirmation of the UnitedLex comparison report (Dkt. 881) and **GRANTS** Plaintiffs' request for leave to file a motion related to the UnitedLex findings (Dkt. 897).

The Court provides the following direction regarding the motion and briefing. In the Plaintiffs' September 30, 2020 advisory, they state:

> . . . on May 12-14, 2020, Baylor produced 2,794 new document sets for the first time and logged another 3,327 new document sets – 6,121 sets in all, totaling 30,344 pages. . . . Baylor offered no explanation for this late production or its conflict with prior certifications, nor did Baylor explain how privilege can be maintained on the 3,327 new document sets not logged until May 2020 – months after the deadline.
>
> On September 22, 2020, UnitedLex provided the parties with the final results of its by-hand comparison. . . . UnitedLex concluded that 8,257 documents produced by PH had "No Comparison File" within what Baylor had given UnitedLex (i.e. they do not exist). Another 3,872 documents were found to constitute a "Variance" . . . .
>
> Baylor now claims that 6,119 of the 6,121 documents produced or logged for the first time in May are part of the missing 8,257 documents. Even assuming for argument's sake that Baylor's claims are accurate, 2,138 entire document sets still remain concealed (8,257 – 6,119 = 2,138) and another 3,872 document sets vary in substance between what Baylor gave PH and what was produced or logged to Plaintiffs.

Dkt. 897 at 2. In response to this, Baylor suggests that some of the discrepancies are the result of errors by UnitedLex in its matching:

> in UnitedLex's unmatched category, UnitedLex failed to match duplicative documents, such as: (i) 931 documents that are easily matched using electronic techniques (MD5Hash or metadata); (ii) identical sets of handwritten notes; and (iii) scanned-in copies of paper binders where the only difference is that one vendor's scanning method resulted in additional blank pages in the binders.

Dkt. 898 at 2.  Baylor also offers several other explanations for additional non-matching documents:

> . . . of the remaining purportedly unmatched documents, for example: 3,639 were newly produced or logged from the new post-June 2016 time period; 1,126 were not previously produced because they were non-responsive (e.g., related to a NCAA investigation); 70 had a "BU Jane Doe" bates number and thus the matching document was not in UnitedLex's possession but was previously produced to Plaintiffs; and an additional 532 match PH documents previously produced by Baylor to Plaintiffs but the documents inadvertently were not uploaded in the voluminous data transfer to UnitedLex.

*Id.*  The Court directs the parties to focus their briefing on the documents referenced in the quoted passages, whether what Baylor has offered as explanations is correct, and whether UnitedLex's findings support any sanctions or other relief as Plaintiffs suggest in their advisories.  Plaintiffs shall file their motion related to this no later than **Wednesday, November 4, 2020**.  Baylor shall file any response no later than **Monday, November 16, 2020.**

The Court will hold a hearing on the matter on **Friday, November 20, 2020 at 9:30 a.m.**  The hearing will be conducted via video conference.  Court staff will be in contact with counsel prior to the hearing with the details needed for connecting to the conference.

SIGNED this 23rd day of October, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE