IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JANE DOE 1, ET AL.** | § | |
| | § | **6:16-CV-173-RP-AA** |
| **v.** | § | *Consolidated with* |
| | § | **6:17-CV-228-RP-AA** |
| **BAYLOR UNIVERSITY** | § | **6:17-CV-236-RP-AA** |

## ORDER

The Court is in receipt of the Parties' Joint Advisory (Dkt. 930), filed in response to the Court's request that the parties clarify the number of documents falling into two groups. The Court believed that it defined the two categories with enough specificity that the figures it requested were simple verifiable facts on which there could be no room for disagreement. Yet the parties disagree, and submit dueling responses. This is emblematic of the entire case.

Not only do the parties disagree with each other on the figures, the figures provided in their advisory responses don't even agree with the figures they previously provided to the Court. In the briefing, Baylor informed the Court that there were at least 2,480 responsive documents that it had not produced before UnitedLex's audit.[1] In the advisory, it now claims the correct figure is 1,114, and it only *may* not have previously produced them. As for responsive documents not previously produced on which it now claims a privilege, Baylor states there are 857 documents which it *may* not have logged before the audit but has since logged. So apparently Baylor still isn't sure what it produced or logged before and after the audit. For their part, the Plaintiffs' prior figures (reprinted by the Court in the order seeking clarification) claimed there were 2,793 documents that Baylor had

---

[1] *See* Dkt. No. 913 at 11, where Baylor states: "Of the 8,257 documents that UnitedLex could not match because it did not have a comparison file, 2,480 were pre-June 15, 2016."

not previously produced, and 3,327 documents that Baylor had not previously logged.  Now, it claims those figures are 2,500 and 5,569 respectively.

The Court **ORDERS** that the parties submit separate advisories no later than April 14, 2021, explaining why there is disagreement on, and how they calculated, these figures.  The advisories shall be no longer than five single-spaced pages.

SIGNED this 12th day of April, 2021.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE