

**Austin**   Holly G. McIntush
Dallas    Partner
Houston

(512) 615-2351 Office
(512) 682-8860 Fax

hmcintush@thompsonhorton.com

Thompson & Horton LLP
8300 N. MoPac Expy, Suite 220
Austin, Texas  78759

April 14, 2021

The Honorable Andrew W. Austin                                    *Via* ECF
United States District Court
Austin, Texas 78701

Re:   Case No. 6:16-cv-00173-RP-AWA *consolidated with* 6:17-CV-228-RP-AWA and 6:17-CV-236-RP-AWA; *Jane Doe 1, et al. v. Baylor University*; In the United States District Court for the Western District of Texas – Waco Division; **Defendant's Advisory in Response to Court's April 12, 2021 Order**

Dear Judge Austin:

Baylor reached its numbers by first reviewing the documents that UnitedLex categorized as either "Variance" or "No Comparison File Provided."  From there, Baylor used the Accounting Log (Doc. 904, Ex. D) and Hard Copy Materials Index (Doc. 910, Ex. A-1) to subtract out: (1) documents dated post-June 15, 2016; (2) documents that, as of May 12, 2020, Baylor had confirmed on the Accounting Log were logged or produced to Plaintiffs *prior* to the UnitedLex audit; and (3) files that were unreadable due to a technical or scanning error.  Baylor's specific calculation is detailed below. The number differs from the 2,480 number discussed in Baylor's prior briefing, because that number identified the number of documents dated prior to June 15, 2016 that UnitedLex claimed were not provided *to it* for the audit—a number which included documents that were actually logged or produced *to Plaintiffs* prior to the audit.  As explained in further detail below, it is a different calculation than the two numbers the Court ordered to be calculated for the prior advisory.

I.   **Calculation of documents not produced prior to the UnitedLex audit**

Baylor excluded any documents that were identified on the Accounting Log as non-responsive, previously logged, previously produced, withheld by agreement, or system-generated files.   It then focused its analysis on the remaining documents that were identified on the Accounting Log as "Newly Produced" or "Newly Logged."   In contrast, based on its conference with the Plaintiffs, Baylor understands that Plaintiffs' calculation includes documents that Baylor confirmed on the Accounting Log were previously logged or previously produced.

A.   **"Variance"**

Because Baylor did not identify any documents as "Newly Produced" in this category, it did not include any documents from it in its calculation of documents dated prior to June 15, 2016 that

Hon. Andrew W. Austin                                                                    Page 2
April 14, 2021

had not been previously produced to Plaintiffs. Plaintiffs, on the other hand, included the 511 "Variance" documents that Baylor confirmed on the Accounting Log were previously produced to Plaintiffs.

### B. "No Comparison File Provided"

The Accounting Log identified 2,793 documents as "Newly Produced" under the "No Comparison File Provided" category. Baylor began with this number, while Plaintiffs included in their calculation 743 documents that Baylor had confirmed on the Accounting Log were previously produced.

Baylor then subtracted from the "Newly Produced" number 1,641 documents that included the phrase "Post June 15, 2016" in the "Explanation" column of the Accounting Log. Plaintiffs excluded only those where the explanation *began* with the phrase "Post June 15, 2016." Their calculation includes 94 documents where the "explanation" used other language, such as "Binder prepared post June 15, 2016."

There was also one document identified on the Hardcopy Materials Log as being part of a post June 15, 2016 binder regarding a non-Investigation matter. Finally, a manual review of the documents revealed another 30 documents that on their face are dated *after* June 15, 2016. Baylor subtracted this number from its total, while Plaintiffs included these 31 documents in their calculation.

This left 1,121 documents dated prior to June 15, 2016. Of those, Baylor excluded the following from its count of documents that were not produced prior to the UnitedLex audit:

- 2 documents are scans of hard copy documents that are so unreadable that there is not enough text to even identify the document to compare it to previously produced or logged documents. The lack of readability is noted in the "Explanation Category" of the Accounting Log. *See* Doc. 904, Exh. D at 431 (CONTROL0028349) & 434 (CONTROL0028506).

- 1 document is a scan of a hard copy document where it is noted on the Hard Copy Materials Index that it is a "technical issue" document that could not be read, and therefore, there is no way to compare it to previously logged or produced documents. *See* Doc. 910, Ex. A-1 at 19 (CONTROL0028536).

- 1 document is a scan of a hard copy document where it is noted on the Hard Copy Materials Index that it was also previously produced. *See* Doc. 910, Ex. A-1 at 48 (CONTROL0026545).

- 1 document is a corrupted version of SMS (or "text messages"), identified in the Accounting Log's "Match" Category as "Reviewed–SMS." *See* Doc. 904, Ex. D at 155 (CONTROL0006159). As explained in Baylor's prior briefing, the text message files were previously logged or produced and attorney-selected texts were included in the witness interview preparation binders that were logged in April 2019. Baylor therefore excluded this document from the count. *See* Dkt. 913 at 11-12 (Section III.A.4.b) & Exh. B at ¶ 4(b).

- 2 documents are scans of the outside of a file folder and a cover page for a folder containing a printout of documents that were all logged or produced prior to the audit, as explained in the "Explanation Category" of the Accounting Log and the "Notes" column of the Hard Copy

Hon. Andrew W. Austin                                                                                              Page 3
April 14, 2021

Materials Index.  *See* Doc. 904, Ex. D at 425-26 (CONTROL0027899 & 0027980);  Doc. 913, Ex. A-1 at 47 (same).

This resulted in Baylor's calculation of 1,114 pre-June 15, 2016 documents that may not have been produced prior to the UnitedLex audit.  The difference between Baylor's calculation and Plaintiffs' calculation of documents not previously produced is summarized in the below table:

| | |
|---|---|
| **1,114** | **Baylor's calculation** |
| + 511 | "Variance" documents identified in Accounting Log as previously produced |
| + 743 | "No Comparison File Provided" documents identified in Accounting Log as previously produced |
| + 94 | Documents identified on Accounting Log with language such as "Binder prepared post June 15, 2016" |
| + 1 | Document identified on hardcopy materials log as post June 15, 2016 |
| + 30 | Documents identified on their face as post June 15, 2016 |
| + 7 | Unreadable, non-substantive, and previously produced SMS and hardcopy documents |
| **2,500** | **Plaintiffs' calculation of not previously produced documents** |

## II.     Calculation of documents not logged prior to the UnitedLex audit

### A.  "Variance"

Baylor identified only one document as "Newly Logged."[1]  However, the Accounting Log also explained that this was a hardcopy document (identified in the Accounting Log's "Match" Column as "Reviewed–HARDCOPY"), which means that additional information about the document is contained in the Hard Copy Materials Index.  The Hardcopy Materials Index identifies this document as being previously logged multiple times in the PH production.[2]  Therefore, Baylor did not include this document in its document totals.  Baylor understands that Plaintiffs included this previously logged document in their calculation, as well as all 3,300 documents that Baylor had confirmed on the Accounting Log were previously logged.

### B.  "No Comparison File Provided"

There were 3,326 documents identified as "Newly Logged" under the "No Comparison File Provided" category on the Accounting Log.  Baylor subtracted from that number the 1,998 documents as "Post June 15, 2016" documents.  As detailed above, the explanations for these items all included the phrase "Post June 15, 2016" in the "Explanation" column on the Accounting Log.

This left 1,328 documents dated prior to June 15, 2016.  Of those, Baylor excluded the following from its count of documents that were not logged prior to the UnitedLex audit:

---

[1] This document is identified with CONTROL0027932 in the Accounting Log's UL DocID column.  *See* Doc. 904, Ex. D at p. 426.

[2] *See* Doc. 910, Ex. A-1 at p. 48, showing CONTROL0027932 had been logged prior to the UnitedLex Audit at PH_3001173, PH_3001188, PH_3001203, and PH_3001218.

Hon. Andrew W. Austin                                                                                             Page 4
April 14, 2021

- 198 documents identified as previously logged in the Accounting Log's "Explanation" column.

- 3 documents identified on the Hard Copy Materials Index as previously logged.  Doc. 913, Ex. A-1 at 19 (CONTROL0028433), 47 (CONTROL0028052) & 48 (CONTROL0027885).

- 12 documents that included a portion of a previously logged email.  These documents were identified in the "Explanation Category" of the Accounting Log as having a "more inclusive email logged" with a PH bates-label listed.  Exclusion of these materials is consistent with the Stipulated Order regarding Discovery of Electronically Stored Information, which requires only that parties produce or log a single copy of a responsive email.  *See* Doc. 176.

- 258 documents containing SMS texts, identified in the Accounting Log's "Match" Category as "Reviewed–SMS."  As explained above, these text messages were previously logged or produced by Custodian, in addition to being logged as part of the attorney binders they were included in, and therefore should be excluded from the count.  *See* ECF 913 ¶4(b).

This resulted in Baylor's calculation of 857 pre-June 15, 2016 documents that may not have been logged prior to the UnitedLex audit.  Plaintiffs included all the documents from the above bullets in their calculation, as well as documents identified as "Previously Logged" on the Accounting Log and documents where the "Explanation" column on the Accounting Log did not *begin* with the phrase "Post June 15, 2016" but did include other language indicating the document was prepared *after* June 15, 2016 (such as, "Binder prepared post June 15, 2016").  The difference in the parties' calculations is illustrated in the below table:

| | |
|---|---|
| **857** | **Baylor's calculation** |
| + 3,300 | "Variance" documents identified on Accounting Log as previously logged |
| + 1 | "Variance" document identified on the Hard Copy Materials Index as previously logged |
| + 250 | "No Comparison File Provided" documents identified on Accounting Log as previously logged |
| + 690 | Documents identified on Accounting Log with language such as "Binder prepared post June 15, 2016" |
| + 198 | "No Comparison File Provided" documents identified in "Explanation" column of Account Log as previously logged |
| + 3 | "No Comparison File Provided" documents identified in "Notes" column of Hard Copy Materials Index as previously logged |
| + 12 | "No Comparison File Provided" documents identified on Accounting Log as lesser included versions of previously logged documents |
| + 258 | Previously produced or logged SMS documents |
| **5,569** | **Plaintiffs' calculation of not previously logged documents** |

## III.    Why Baylor said the documents *may* not have been previously produced or logged.

Baylor used the word "may" in its calculation because it has known since it produced the Accounting Log on May 12, 2020 that, with more time, it could have manually matched additional documents identified by UnitedLex as "No Comparison File Provided" to previously logged or produced duplicates.  *See* R. Newman Decl., Dkt. 910-3 at ¶ 8(a); *see also* Dkt. 913 at 13 (Section

Hon. Andrew W. Austin                                                                                    Page 5
April 14, 2021

III.A.4.d).  In its joint advisory, Baylor felt constrained to provide a calculation based solely on the information provided in the Accounting Log or available on the face of the documents because (i) the Court's 3-31-21 order requiring the submission of a number relied on Baylor's prior briefing and the numbers derived from the Accounting Log, (ii) the Plaintiffs had not had an opportunity to review Baylor's analysis of the newly matched documents, and (iii) the Court did not wish for additional briefing from the parties.  Baylor, however, could not stipulate that *none* of the documents included in its calculation were previously logged or produced when its counsel knew that, in fact, some had been. For example, since producing the Accounting Log, Baylor has matched an additional 73 documents to previously logged documents and five to previously produced documents.  Baylor also matched an additional 99 emails that were part of a previously logged email chain and one document that was previously produced as part of a longer email chain.  These 178 documents were included in Baylor's calculations for the April 7, 2021 advisory in the "Newly Logged" number.  Subtracting the 178 Baylor has now matched from the 857 above, results in 679 pre-June 15, 2016 documents that were not logged prior to the UnitedLex audit.

**IV.     The 2,480 number of documents UnitedLex labeled as "No Comparison File Provided" includes items that were logged or produced to Plaintiffs prior to the audit.**

        The Court referenced Baylor's statement in its prior briefing that, "[o]f the 8,257 documents that UnitedLex could not match because it did not have a comparison file, 2,480 were pre-June 15, 2016."  This number from Baylor's November 2020 briefing was not a calculation of the two categories of documents requested by the Court on March 31, 2021.  Although 2,480 is the number of documents dated prior to June 15, 2016 that UnitedLex classified as "No Comparison File Provided," some of these documents were in fact provided to UnitedLex (or are duplicates of documents that were).  Others that were not provided *to UnitedLex* as part of the audit; *were* logged or produced *to Plaintiffs* prior to the audit.  For example, PWC's export to UnitedLex inadvertently failed to include some documents that actually were previously logged or produced to Plaintiffs, and some of the previously produced documents had a "JD" Bates label and thus were not provided to UnitedLex for the comparison.  *See* Doc. 913 at 7-8 (Section III.A.3), & 14 (Section III.A.4.e).  In short, the number from Baylor's prior briefing and the number from the most recent advisory are different because they answer different questions.

**V.     Conclusion**

        The task of producing and logging more than 1.3 million documents, reviewing and comparing 33,377 documents initially identified by UnitedLex as not matched to files maintained by another law firm, and then categorizing and calculating numbers related to that comparison project is complex, detail-oriented work.  Baylor has also provided Plaintiffs and the Court with a detailed accounting of documents in the possession of Pepper Hamilton that neither Baylor nor its trial counsel had in its possession until the documents were provided to UnitedLex, who in turn provided them to Baylor. Baylor and its counsel have approached that work with diligence and in good faith.  Sanctions are not warranted.

                                        Respectfully submitted,

                                        Holly McIntush

                                        Holly G. McIntush

Hon. Andrew W. Austin                                                                              Page 6
April 14, 2021

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this letter has been served on Plaintiffs' counsel in accordance with the rules of the court:

Mr. Chad W. Dunn (Attorney in Charge)      *Via ECF: chad@brazilanddunn.com*
BRAZIL & DUNN, L.L.P.
4407 Bee Caves Road, Suite 111
Austin, Texas 78746

Mr. K. Scott Brazil                        *Via ECF: scott@brazilanddunn.com*
BRAZIL & DUNN, L.L.P.
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam                             *Via ECF: jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta                           *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson                         *Via ECF: eleezajohnson@dunnamlaw.com*
DUNNAM & DUNNAM, L.L.P.
4125 West Waco Drive
Waco, Texas 76710

Ms. Laura Benitez Geisler                  *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity                      *Via ECF: smccaffity@textrial.com*
SOMMERMAN, MCCAFFITY,
 QUESADA & GEISLER, LLP
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461


                                    /s/ *Holly McIntush*
                                    Holly G. McIntush


4832-8905-1621