

**FILED**

April 23, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
**BW**
DEPUTY

Lisa A. Brown
Partner
(713) 554-6741 Office
lbrown@thompsonhorton.com
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554

January 26, 2021                                          **VIA ECF**

The Honorable Andrew W. Austin
United States District Court
Austin, Texas 78701

Re:   Case No. 6:16-cv-00173-RP-AWA *consolidated with* 6:17-CV-228-RP-AWA and 6:17-CV-236-
      RP-AWA; *Jane Doe 1, et al. v. Baylor University*; In the United States District Court for the
      Western District of Texas – Waco Division
      **Defendant's Motion to Compel Production of Plaintiffs' Communications**

Dear Judge Austin:

        In response to Baylor's discovery requests, Plaintiffs have improperly withheld their
communications with each other on the basis of a "common interest" privilege—regardless of the
subject of the communication—and they have declined to log the withheld communications.  This
letter brief seeks an order directing the Plaintiffs to produce all non-privileged responsive
communications and to log the documents withheld as privileged.

        **Baylor's discovery requests.** Baylor seeks relevant communications between the Jane Does
regarding their experiences at Baylor, their past and current emotional and physical well-being, their
knowledge of other alleged sexual assaults at Baylor, and related matters. Baylor has not requested
Plaintiffs' communications with their lawyers or communications containing legal advice.
Nonetheless, Plaintiffs have objected to Baylor's requests, asserting attorney-client privilege, work
product, and a "common interest" privilege.[1] Plaintiffs' counsel also have asserted privilege at
depositions, such as instructing Jane Doe 2 not to testify why Jane Doe 5, her roommate, told her to
move out.  Ex. G at 26, lines 7-9, and 27 [*filed under seal*].

        **Pre-suit communications.**  In response to Baylor's first motion to compel that sought pre-
suit communications from the original ten plaintiffs (Dkt. 605), the Court rejected Plaintiffs' attempt
to invoke the "common interest" doctrine and ordered Plaintiffs to produce their "pre-suit"
communications.[2]  Dkt. 615 at 2. But Plaintiffs continue to withhold pre-suit communications. For

---

[1]  *See* Dkt. 240-11 (First RFP to Does 1-10, nos. 3, 9-12, 14, 52-57, 75, 90, 92, 94); Dkt. 257-1 (Second
RFP to Does 1-10, nos. 1-2); Ex. A (Sixth RFP to Doe 1, no. 7); Ex. B (Fifth RFP to Doe 6, no. 10); Ex.
C (First RFP to Doe 12, nos. 3, 11-13, 16, 38-40, 43); Ex. D (First RFP to Doe 13, nos. 3, 11-13, 17, 38-
40, 42-43, 45); Ex. E (First RFP to Doe 14, nos. 3, 9-11, 14, 32-33, 35, 37-39, 41-45, 47; Ex. F (First RFP
to Doe 15, nos. 3, 9-11, 14, 33-34, 38-41, 43-47, 49, 60); Ex. L, Eighth RFP to Doe 8, nos. 9, 10); Ex. M
(Second RFP to Doe 12, nos. 52-55, 57-61); Ex. N (Interrogatories to Doe 12, no. 11) [*filed under seal*].
[2]  Baylor's first motion to compel was filed before the consolidation with *Doe 11* and *Doe 12-15* and
prior to extension of the ESI discovery cut-off from June 15, 2016 to November 6, 2017.

Hon. Andrew W. Austin
January 26, 2020
Page 2

example, Doe 6, who sued on 6/28/16, and Does 7, 9, and 10, who sued on 10/28/16, are using 6/15/16 as their cut-off date. *See, e.g.*, Ex. J (Plaintiffs' production notes, Items 1, 6, 13, 16); Ex. H, I (Plaintiffs' logs); Ex. K (redacted Facebook posts May 2016, Doe 6: 140-141). Because the 15 plaintiffs filed suit on different dates, the date for determining whether a communication is "pre-suit" depends on when each individual became a plaintiff.[3]  Does 4-15 have incorrectly and narrowly defined "pre-suit" to mean the period before Does 1, 2, and 3 filed suit. *See, e.g.*, Ex. J (Items 1, 6, 13).

**Post-suit communications**.  Plaintiffs also have asserted work product, attorney-client privilege, and a "common interest" privilege as to their post-lawsuit communications. Does 1-10 have refused to produce or log communications dated after 6/15/16. *See, e.g.*, Ex. J, Item 16 (stating that a June 2016 message between Does 2, 3, and 6 was not logged because it was created "after the suit was filed"); Ex. J, Items 1, 6; Ex. H, I.  Does 12-15 also have not logged or produced post-suit communications.  Plaintiffs' obligations to produce or log documents for the extended ESI time period are no different than Baylor's. *See generally* Court Order, Dkt. 715 at 3-9.  Here, even if a common interest privilege were applicable to Plaintiffs' post-suit communications, the privilege would apply only to communications that occurred at the direction of counsel or for a clear litigation-related objective. *See generally BCR Safeguard Holding v. Morgan Stanley Real Estate Advisor, Inc.*, 614 F. App'x 690, 704 (5th Cir. 2015) ("common interest" privilege would not apply to a communication that was "not made in furtherance" of the prosecution of the case); Court Order, Dkt. 715 at 3-7 (discussing logging obligations with respect to post-suit communications); *see, e.g., Vandenberg v. Univ. of St. Thomas*, 2020 WL 4018846 at *2 (S.D. Tex., July 16, 2020) (regardless of whether the Fifth Circuit recognizes a common-interest privilege as to co-plaintiffs, the text messages were not privileged because they "do not indicate that the parties communicated with each other at the direction of counsel or for a clear litigation-related objective"; they "appear to be the social conversation of two friends keeping each other updated about life developments, which happened to include their legal action"); *U.S. v. Krug*, 868 F.3d 82, 87 (2nd Cir. 2017) (privilege did not apply to conversation between defendants where no lawyer participated and the statements did not reflect advice from counsel or facilitate communication with counsel); *see also DeFazio v. Hollister Inc.*, 2008 WL 4952481 at *2 (E.D. Cal., Nov. 18, 2008).

Baylor's requests for communications between Plaintiffs are tailored to seek information related to their assaults, their Baylor experiences and knowledge of Baylor practices and other alleged incidents, and their emotional and economic damages.[4]  Baylor prays that the Court will (i) order Plaintiffs to produce their communications with each other unless each participant was a plaintiff *and* the communications occurred at the direction of counsel or was made for a clear litigation-related objective and (ii) require Plaintiffs to identify the withheld communications in a privilege log that provides proper descriptions of the documents withheld. *See, e.g.*, Order, Dkt. 715 at 6-7 (requiring Baylor to log or produce various post-lawsuit communications). Plaintiffs' log should contain greater specificity than their current log which fails to adequately describe the withheld documents. *See, e.g.* Ex. H & I (Plaintiffs' log describing a withheld document as "[r]egarding legal advice").

---

[3] Jane Does 1-3 filed suit on 6/15/16. Does 4-6 joined on 6/28/16. Does 7-10 joined on 10/28/16. Does 12-14 filed a separate lawsuit on 9/1/17. Doe 15 joined on January 23, 2018.

[4] Should the Court desire a more detailed discussion, Baylor respectfully requests permission to file a traditional motion to compel, similar to Plaintiffs' motion to compel work product (Dkt. 795).

Hon. Andrew W. Austin
January 26, 2020
Page 3

Respectfully submitted,

/s/ *Lisa A. Brown*
Lisa A. Brown


## CERTIFICATE OF CONFERENCE

I certify that I have conferred by telephone phone and email with Plaintiffs' counsel regarding the issues in this motion.  The parties were unable to resolve their differences regarding Plaintiffs' production and logging obligations relating to communications among plaintiffs.

/s/ *Lisa A. Brown*
Lisa A. Brown

Hon. Andrew W. Austin
January 26, 2020
Page 4

## CERTIFICATE OF SERVICE

I certify that a copy of this letter has been served on Plaintiffs' counsel in accordance with the rules of the court:

Mr. Chad W. Dunn (Attorney in Charge)          *Via ECF: chad@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
4407 Bee Caves Road, Suite 111
Austin, Texas 78746

Mr. K. Scott Brazil                            *Via ECF: scott@brazilanddunn.com*
**BRAZIL & DUNN, L.L.P.**
13231 Champion Forest Drive, Suite 460
Houston, Texas 77069

Mr. Jim Dunnam                                 *Via ECF: jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta                               *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson                             *Via ECF: eleezajohnson@dunnamlaw.com*
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710

Ms. Laura Benitez Geisler                      *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity                          *Via ECF: smccaffity@textrial.com*
Jody L. Rodenberg                              *Via ECF: jrodenberg@textrial.com*
Alexandria Risinger                            *Via ECF: arisinger@textrial.com*
George (Tex) Quesada                           *Via ECF: quesada@textrial.com*
**SOMMERMAN, MCCAFFITY,**
  **QUESADA & GEISLER, LLP**
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461


/s/ *Lisa A. Brown*
Lisa A. Brown


4850-6087-7529