IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al*, | § § | |
| Plaintiffs, | § § | Civil Action No. 6:16-CV-00173-RP-AWA |
| v. | § § § | *Consolidated with* 6:17-CV-228-RP-AWA |
| BAYLOR UNIVERSITY, | § § | 6:17-CV-236-RP-AWA |
| Defendant. | § § | |

**DEFENDANT BAYLOR UNIVERSITY'S OPPOSED MOTION TO STAY
CERTAIN DISCOVERY PENDING APPEAL OF
MAGISTRATE JUDGE AUSTIN'S APRIL 26, 2021 ORDER**

TO THE HONORABLE JUDGE PITMAN:

Defendant Baylor University moves to stay the production of privileged documents, the re-comparison of 4,200 privileged documents by UnitedLex, and the production of unredacted student educational records pending the disposition of Baylor's appeal of Magistrate Judge Austin's April 26, 2021 Order (Dkt. 941) (hereinafter the "Order") as follows:

### I.     Procedural History and Relief Requested

On April 26, 2021 Magistrate Judge Austin granted in part Plaintiffs' Motion for Sanctions Related to the UnitedLex Findings (Dkt. 904) and ordered: (i) the production of unredacted copies of 1,793 documents that Baylor does not contest were not produced or logged prior to the UnitedLex audit, including the production of privileged documents; (ii) the production by UnitedLex of unredacted copies of 1,261 documents that Baylor determined it previously produced to Plaintiffs; and (iii) the re-comparison by UnitedLex of 4,200 privileged documents that Baylor determined it previously logged.  Dkt. 941.  The Order further directs that, for purposes of the re-comparison of the 4,200 documents, that (i) "Baylor may not provide any new documents to UnitedLex," and (ii) "UnitedLex's determination of whether documents match will be conclusive."  *Id.* at 9-10.

1

Baylor filed its appeal and objections to the Order on May 5, 2021, seeking reversal. *See* Dkt. 947 (the "Objection"). Baylor requests a stay of the Order pending this Court's disposition of Baylor's appeal and objections.

## II. Argument and Grounds in Support of Motion to Stay

For the reasons detailed in its Objection and incorporated herein (*see* Dkt. 947), the Order contains significant factual and legal errors warranting this Court's reversal.

### A. Baylor seeks a stay of the production of privileged documents.

Despite finding that "the UnitedLex findings, and additional materials and detail presented at the hearing do not demonstrate that Baylor or its counsel engaged in the sort of misconduct that would merit the severe sanctions Plaintiffs' request," (Dkt. 941, p.5) (emphasis added), the Order proceeds to impose on Baylor one of the severest sanctions available to a Court: privilege waiver. As a result, the Order directs Baylor to produce a large volume of privileged documents—the overwhelming majority of which are internal law firm files containing core attorney work product *that Baylor and its trial counsel never received or reviewed prior to the UnitedLex comparison*. Under Fifth Circuit law, such a severe sanction is appropriate only when a party has acted in bad faith. *See Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (the severe sanction of privilege waiver is appropriate in cases of "unjustified delay, inexcusable conduct, and bad faith.").

Here, the Court found *no evidence* of bad faith or any other misconduct on the part of Baylor or its trial counsel warranting severe sanctions. To the contrary, the undisputed evidence in the record is that Baylor and its trial counsel acted with diligence and integrity at all times during this large-scale, data-intensive case. Moreover, all of these documents have been produced or logged to Plaintiffs since May 2020—for almost a year now. Accordingly, the severe sanction of privilege waiver is not warranted and is an abuse of discretion.

Compelling Baylor to produce privileged information to Plaintiffs before this Court has had an opportunity to address Baylor's Objection to the Order will result in irreparable harm and ring a bell that cannot be un-rung. *See, e.g.*, *Fairholme Funds, Inc. v. U.S.*, 134 Fed. Cl. 680, 683 (2017) (quoting *The Sedona Conference, Commentary on Protection of Privileged ESI*, 17 SEDONA CONF. J. 95, 140 (2016)). The question presented implicates important issues of public policy relating to the protection of privileged documents in the context of a case involving technical considerations and an enormous amounts of ESI. Moreover, it is well-established in the Fifth Circuit that it is an abuse of discretion for a district court to order the production of privileged documents. *See, e.g., In re Avantel, S.A.*, 343 F.3d 311, 317 (5th Cir. 2003); *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018); *In re Burlington N., Inc.*, 822 F.2d 518, 522 (5th Cir. 1987). It is therefore appropriate for the Court to issue a stay of the Order compelling the production of privileged materials pending a ruling on Baylor's Objection.

**B.     Baylor seeks a stay of the Court's directive that UnitedLex compare an additional 4,200 privileged documents Baylor determined it previously logged.**

Despite undisputed evidence that the parties' third-party e-discovery vendor, UnitedLex, made significant and costly errors during the comparison project, the Order requires the parties to engage in yet another expensive comparison project with UnitedLex: the comparison of 4,200 privileged documents that Baylor previously logged (the "4,200 Document Re-Comparison Project"). While Baylor does not object to the 4,200 Document Re-Comparison Project itself, Baylor does object to the portion of the Order prohibiting Baylor from providing any *additional* documents to UnitedLex because, as explained in Baylor's Objection, there is simply no way for UnitedLex to perform the comparison accurately without copies of the documents that Baylor actually previously logged. Baylor further objects to the portion of the Order directing that "UnitedLex's determination of whether [the 4,200] documents match will be conclusive." UnitedLex is an e-discovery vendor—not a special master. UnitedLex has not testified to the Court on its method, process and conclusions in this matter. UnitedLex is not qualified to make final decisions on privileged documents. Moreover, there is

3

undisputed evidence that UnitedLex's comparison work, including both its electronic and manual comparisons, were fraught with errors, and in many instances UnitedLex's contract reviewers categorized documents as "unmatched" based on non-substantive deviations. Thus, it is inevitable that UnitedLex's 4,200 Document Re-Comparison Project will result in "unmatched" documents that a more experienced and qualified reviewer, such as a special master, judge or legal counsel, would conclude do in fact match. As ordered, the 4,200 Document Re-Comparison Project is yet another sanction on Baylor that is inappropriate.

Thus, Baylor requests a stay of the Order's directive that UnitedLex re-compare 4,200 privileged documents until a determination has been made as to whether: (i) Baylor may provide additional documents to UnitedLex for purposes of the comparison; and (ii) how the results of the UnitedLex comparison are to be handled by the parties and this Court.

**C.     Baylor seeks a stay of the production of unredacted student educational records.**

The Order further requires the production of thousands of unredacted educational records by Baylor and UnitedLex, including third-party sexual assault files, in direct contravention of this Court's Protective Order (Dkt. 156) and without addressing student privacy rights under FERPA. While Baylor understands the Court's frustration of the laborious procedures required by FERPA, in order to ensure compliance with federal law and to respect the privacy interests of third-party sexual assault victims who have no connection to this case, Baylor respectfully objects to the portion of Judge Austin's Order directing Baylor and UnitedLex to produce such records without any redactions or notice to the affected students. Baylor requests, at a minimum, the records be marked "Attorneys Eyes Only" in accordance with the Protective Order and pseudonym-redacted to ensure that these unrelated third party's privacy rights are respected. Alternatively, if Baylor is required to produce FERPA-protected educational records in an unredacted form, Baylor requests an order expressly

stating that Baylor must do so without complying with the procedural requirements of 34 C.F.R. § 99.31(a)(9)(i).

Like the production of privileged documents, compelling the production of unredacted educational records disclosing the identities of third-party students who have no connection to this case rings a bell that cannot be un-rung and implicates important issues relating to the protection of individual privacy rights. It is therefore appropriate for the Court to issue a stay of the Order compelling the production of unredacted educational records pending a ruling on Baylor's Objection.

### III.   Prayer

For the above reasons, Defendant Baylor prays that the Court will stay the production of unredacted privileged documents and student educational records, as well as the 4,200 Document Re-Comparison Project, as ordered by Dkt. 941 pending the resolution of its Objection and prays that the Court will grant any further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**

By: /s/ Julie A. Springer
    Julie A. Springer
    State Bar of Texas No. 18966770
    jspringer@wshllp.com
    Sara E. Janes
    State Bar of Texas No. 24056551
    sjanes@wshllp.com
    Geoff Weisbart
    State Bar of Texas No. 21102645
    gweisbart@wshllp.com
    Mia A. Storm
    State Bar of Texas No. 24078121
    mstorm@wshllp.com
    212 Lavaca Street, Suite 200
    Austin, Texas  78701
    (512) 652-5780
    (512) 682-2074 (facsimile)

**THOMPSON & HORTON LLP**

Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
Ryan H. Newman
State Bar of Texas No. 24059944
rnewman@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)

Holly G. McIntush
State Bar of Texas No. 24065721
hmcintush@thompsonhorton.com
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2350 (telephone)
(512) 682-8860 (facsimile )

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## **CERTIFICATE OF CONFERENCE**

I certify that on May 5, 2021, I conferred with Eleeza Johnson, counsel for Plaintiffs, via phone and email, and Plaintiffs are opposed to this motion.

*/s/ Lisa A. Brown*
Lisa A. Brown

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon Plaintiffs' counsel of record on May 5, 2021, via the Court's ECF/CMF electronic service system as follows:

| | |
|---|---|
| Mr. Chad W. Dunn (Attorney in Charge) | *Via ECF: chad@brazilanddunn.com* |
| **BRAZIL & DUNN, L.L.P.** | |
| 4407 Bee Caves Road, Suite 111 | |
| Austin, Texas 78746 | |
| | |
| Mr. K. Scott Brazil | *Via ECF: scott@brazilanddunn.com* |
| **BRAZIL & DUNN, L.L.P.** | |
| 13231 Champion Forest Drive, Suite 460 | |
| Houston, Texas 77069 | |
| | |
| Mr. Jim Dunnam | *Via ECF: jimdunnam@dunnamlaw.com* |
| Ms. Andrea Mehta | *Via ECF: andreamehta@dunnamlaw.com* |
| Ms. Eleeza Johnson | *Via ECF: eleezajohnson@dunnamlaw.com* |
| **DUNNAM & DUNNAM, L.L.P.** | |
| 4125 West Waco Drive | |
| Waco, Texas 76710 | |
| | |
| Ms. Laura Benitez Geisler | *Via ECF: lgeisler@textrial.com* |
| Mr. Sean J. McCaffity | *Via ECF: smccaffity@textrial.com* |
| Jody L. Rodenberg | *Via ECF: jrodenberg@textrial.com* |
| Alexandria Risinger | *Via ECF: arisinger@textrial.com* |
| George (Tex) Quesada | *Via ECF: quesada@textrial.com* |
| **SOMMERMAN, MCCAFFITY,** | |
| **QUESADA & GEISLER, LLP** | |
| 3811 Turtle Creek Boulevard, Suite 1400 | |
| Dallas, Texas  75219-4461 | |

/s/ Julie A. Springer
Julie A. Springer