IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE 1, et al. | § | |
| | § | 6:16-CV-173-RP-AA |
| v. | § | *Consolidated with* |
| | § | 6:17-CV-228-RP-AA |
| BAYLOR UNIVERSITY | § | 6:17-CV-236-RP-AA |

## ORDER

Before the Court are the remaining issues from Plaintiffs' Motion for Sanctions Related to the UnitedLex Findings (Dkt. 904), Baylor's Motion to Compel Production of Plaintiffs' Communications (Dkt. 937), as supplemented (Dkt. 939), and Baylor's Motion to Compel Deposition of Jane Doe 11 (Dkt. 923). The Court held a hearing on the motions on May 7, 2021, at which it made rulings from the bench on some matters, and reserved others for ruling. The Court enters this order to both memorialize the rulings made from the bench, and to rule on those issues the Court took under advisement.

**1.    Plaintiffs' Motion for Sanctions Related to the UnitedLex Findings (Dkt. 904)**

In its order on the motion for sanctions, the Court reserved decision regarding how to treat 815 documents from UnitedLex's review of the Pepper Hamilton documents that Baylor had categorized as "newly logged" or "newly produced." Those documents fell into four categories:

- 94 Documents identified on Accounting Log with language such as "Binder prepared post June 15, 2016"

- 1 Document identified on hardcopy materials log as post June 15, 2016

- 30 Documents identified on their face as post June 15, 2016

- 690 Documents identified on Accounting Log with language such as "Binder prepared post June 15, 2016"

Baylor does not object to producing the documents from the first three categories without redactions based on privilege. It does contend that there because some of the documents in the first category contain names of students, FERPA requires that it redact that information before those document are produced to Plaintiffs. The Court has addressed the need to redact material from documents in two prior orders and has directed that in lieu of redaction Baylor is to give affected students notice. *See* Dkts. 791, 802. This same process shall be followed with regard to these documents. The Court therefore **ORDERS** that Baylor coordinate with UnitedLex to make the notification required by the Court's prior orders and when that process has been completed, UnitedLex shall produce these documents to Plaintiffs as received from Pepper Hamilton.

The final category are documents contained in binders prepared by Pepper Hamilton attorneys after June 15, 2016, to prepare for visits to the Baylor campus and to interview witnesses. From the information provided with the motion and at the hearing, the Court concludes: (1) though the documents comprising these compilations are mostly dated prior to June 15, 2016, the compilations themselves were not created until after that date, and the compilations should therefore be treated as post-June 15, 2016 documents under the Court's order on the motion for sanctions (Dkt. 941); and (2) because such compilations are classic work product and are privileged, Baylor's logging them as such is appropriate.

**2.      Motion to Compel Deposition of Jane Doe 11 (Dkt. 923)**

For the reasons stated on the record, the Court orders that Plaintiffs make Jane Doe 11 available for deposition no later than 30 days after the last of the following matters are resolved by Judge Pitman:

(1)     Baylor's Objections Regarding Magistrate Judge Austin's June 2, 2020 Order (Dkt. 855), and the additional matters Judge Pitman ordered briefed related thereto (*see* Dkt. 915); and

>   (1)   Baylor's Objections Regarding Magistrate Judge Austin's April 26, 2021 Order (Dkt. 947).

**3.   Baylor's Motion to Compel Production of Plaintiffs' Communications (Dkts. 937, 939)**

As stated on the record at the hearing, the Court concludes that the order entered by Judge Pitman on April 16, 2019 (Dkt. 615), which addressed the discoverability of pre-suit communications among Plaintiffs, defined "pre-suit" to mean prior to June 15, 2016. (Dkt. 615 at 2). That ruling further directed that pre-suit communications not made at the direction of counsel were not within the common interest privilege, and ordered such communications produced, requiring that if any Plaintiff withheld production of a pre-suit communication based on the common interest privilege, she must log it on a privilege log.

With regard to post-suit (after June 15, 2016) communications between Plaintiffs— the issue now before the Court— the Court concludes that communications that took place in the presence of counsel, at the direction of counsel, or that were between two or more Plaintiffs and that relate to the litigation, are protected by the common interest privilege. Other post-suit communications among Plaintiffs are not within the privilege. Baylor argues that Plaintiffs have not logged post-suit communications withheld based on the common interest privilege, and request that the Court order Plaintiffs to do so. Plaintiffs argue that requiring such logging for post-suit communications, which they contend are clearly privileged, would impose a time burden that is grossly disproportionate to any potential benefit from logging the documents. They also contend that Baylor has not logged post-suit communications that are similarly clearly privileged.

The Court has written and spoken at length regarding the manner in which the parties, and particularly Baylor, have focused disproportionately on matters related to document discovery in this case. Nearly five years after the first of these cases was filed the situation is no different. It is far

past time for the parties to move past fighting over documents and to move forward to trial. Balancing the potential benefits of making Plaintiffs log communications that fall within the scope of those the Court has concluded are protected by the common interest privilege (for example, a communication between a Jane Doe and her attorney) and the time burdens created by that, the Court **ORDERS** that Plaintiffs need not log the post-suit communications the Court holds above are protected from disclosure. In so ruling, the Court is relying on Plaintiffs' counsel fulfilling their obligation diligently and in good faith to produce to Baylor all post-suit communications among Plaintiffs not in the presence of counsel, not made at the direction of counsel, or that do not relate to this litigation. The failure to do so will result in an appropriate sanction.

**ACCORDINGLY**, as set forth in detail above, Plaintiffs' Motion for Sanctions Related to the UnitedLex Findings (Dkt. 904), Baylor's Motion to Compel Production of Plaintiffs' Communications (Dkt. 937), as supplemented (Dkt. 939), and Baylor's Motion to Compel Deposition of Jane Doe 11 (Dkt. 952, originally filed as motion Dkt. 923)[1] are **GRANTED IN PART** and **DENIED IN PART**.

SIGNED this 11th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Dkt. 923 requested leave to pursue a motion to compel. Because the Court took up the substance of the issue at the May 7 hearing, the Clerk should note Dkt. 923 (requesting leave to file) as "granted," docket the motion to compel, and note that as "granted" as well.