IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § | |
| | § | 6:16-CV-173-RP |
| Plaintiffs, | § | |
| | § | *Consolidated with* |
| v. | § | 6:17-CV-228-RP |
| | § | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is an objection to the disclosure of protected student information brought by Sam Roe 2169 ("Non-Party Movant"), who is referred to by pseudonym to protect their identity. After reviewing the objection and responsive briefing, the record, and the relevant law, this Court will deny Non-Party Movant's objection.

## I. BACKGROUND

In accordance with the Family Educational Rights and Privacy Act ("FERPA"), Non-Party Movant received a notice from Baylor that their student records are subject to production in this lawsuit pursuant to judicial order by this Court. Non-Party Movant timely filed an objection by email objecting to their name and other student information being released during discovery in *Jane Doe 11 v. Baylor University*, 6:17-cv-228.

The notice to Non-Party Movant was issued as a result of the Court's change in its procedure for production of student records. Initially, the Court adopted a procedure to review student records *in camera* and direct redactions of personally identifying information. (Dkt. Nos. 156, 300).[1] After two years of requiring redactions, the Court amended the procedure for producing

---

[1] All internal citations to court documents refer to the docket in the lead case: *Jane Does 1-10 v. Baylor University*, 6:16-cv-173, unless otherwise noted.

1

student records for two reasons. (Dkt. 791). First, it became clear that the redaction process was extremely burdensome for Baylor and for the Court—requiring review of tens of thousands of pages and hundreds of hours of attorney time—and that FERPA redactions were exacerbating the delays in this case, which has been pending for nearly four years. (*Id.* at 1). Second, FERPA, which governs privacy of student records, does not require redaction of personally identifying information in this situation. *Id.* at 2 (citing 20 U.S.C. § 1232g; 34 C.F.R. § 99.3). As the Court explained in its Order Amending FERPA Procedure:

> FERPA does not require redaction once Baylor has provided reasonable notice to a student. An educational institution "may disclose personally identifiable information from an education record of a student without the consent [of a student or parent]" if the disclosure "is to comply with a judicial order or lawfully issued subpoena," and once "the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action." 34 C.F.R. § 99.31(a)(9)(i) & (ii). In other words, once an educational institution "make[s] a reasonable effort" to provide notice to a student before producing their records in response to a court order or subpoena, the educational institution has satisfied its obligations under FERPA and no redaction is necessary. The burden then shifts to the student to "seek protective action" if they so choose. *Id.*

(Dkt. 791 at 1–2). Under the Order Amending FERPA Procedure, all student records will continue to be marked with the confidential designation "Attorney's Eyes Only" pursuant to the Protective Order in this case. (*Id.* at 2; Dkt. 156, Section 2(b)). But the Court will no longer review student records and instruct Baylor on which information to redact. Instead, as provided by the statute, Baylor will give notice to students and those students may seek "protective action" through the Court. (Dkt. 791 at 2 (citing 34 C.F.R. § 99.31(a)(9)(i) & (ii))).

## II. LEGAL STANDARD

A district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden." FED. R. CIV. P. 26(c)(1). This rule

"confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Family Educational Rights and Privacy Act (FERPA) prohibits the release of educational records containing "personally identifiable information" absent written consent from the student or their parents, a judicial order directing such disclosure, or a lawfully issued subpoena. 20 U.S.C. § 1232g; 34 C.F.R. § 99.3. When disclosure is pursuant to a judicial order or subpoena, parents and students must be "notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution." § 1232g(b)(2)(B).

### III. DISCUSSION

Non-Party Movant provides no basis for their objection. To the extent Non-Party Movant is concerned about their student information becoming public, the Court is satisfied that the Protective Order in this case is designed to handle precisely this situation where very sensitive information is relevant to a lawsuit and a small number of people must be able to view that information to conduct the case. The terms of the Protective Order have been carefully negotiated by the parties and approved by this Court to ensure that sensitive material remains confidential. Under the Protective Order, materials exchanged during discovery that are marked "Attorney's Eyes Only" are confidential and cannot be disclosed to anyone who does not have permission from the Court. (Dkt. 156, Section 2(b)). That confidentiality continues even after the case is over. (*Id.* at Section 16). A violation of the Protective Order in this case, whether intentional or inadvertent, would merit severe consequences from the Court. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (holding that a district court has authority to impose sanctions for inadvertent violation of a protective order governing confidential material disclosed in discovery).

The Court emphasizes one further point. The Court's amended FERPA procedure directs Baylor to produce unredacted records to Plaintiffs for the purpose of *discovery*—the period when parties exchange information relevant to the case. Production during discovery does not mean that student records will become public at *trial*. Given that this case is about Plaintiffs' claims against Baylor University, and not against any former student, the Court will maintain strict confidentiality for all student records as much as is possible during trial. As the Court explained in the Order Amending FERPA Procedure:

> In the event that a party seeks to use FERPA-protected material in a court filing, at trial, or for any other public use in this litigation, that party must file a motion for permission with the Court. The Court notes, however, that FERPA regulates how universities manage student records; it does not mandate that student records remain confidential if they are relevant to litigation.

(Dkt. 791 at 2).

These protections ensure that Non-Party Movant's student records and their identity are known only to a small number of attorneys, all of whom are subject to a Protective Order, violation of which would result in significant sanctions. The Court finds that this adequately balances the Non-Party Movant's privacy interest with the parties' need to discover material that is relevant to their claims and defenses.

## IV. CONCLUSION

**IT IS ORDERED** that Non-Party Movant's objection is **DENIED**. Baylor is **ORDERED** to produce the requested student records to Plaintiffs without redaction on or before **February 3, 2022**. Baylor need not re-produce previously redacted materials, unless doing so is faster or less burdensome.[2]

**SIGNED** on January 20, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See* Dkt. 791 at 3 ("Because a primary purpose of this order is to simplify discovery, this order does not require Baylor to remove redactions for previously produced materials.").