IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 6:16-CV-00173-RP |
| | § | |
| v. | § | *Consolidated with* |
| | § | 6:17-CV-228-RP |
| BAYLOR UNIVERSITY, | § | 6:17-CV-236-RP |
| | § | |
| Defendant. | § | |

## DEFENDANT BAYLOR UNIVERSITY'S
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
## AS TO PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS DAMAGES

**THOMPSON & HORTON LLP**

Lisa A. Brown
Ryan H. Newman
Matthew A. Reed
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027-7554
(713) 554-6767 (telephone)

Holly G. McIntush
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2351 (telephone)

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
Sara E. Janes
Geoff Weisbart
Mia H. Storm
Danielle K. Hatchitt
212 Lavaca Street, Suite 200
Austin, Texas 78701
(512) 652- 5780 (telephone)

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

Defendant Baylor University moves for partial judgment on the pleadings as to Plaintiffs' damages claims relating to emotional distress as follows:

## OVERVIEW

Plaintiffs claim that they were sexually assaulted by male Baylor students. They allege that Baylor maintained discriminatory policies and practices that subjected them to a hostile environment and deprived them of equal educational opportunity.  They seek damages under Title IX of the Education Amendments of 1972, a federal statute that prohibits discrimination on the basis of sex in education programs that receive federal financial assistance. All 15 plaintiffs allege that they have experienced severe emotional distress and psychological impairment and related damages as a result of Baylor's alleged acts and omissions.

On April 28, 2022, the U.S. Supreme Court held that damages for emotional distress are not recoverable for violations of anti-discrimination statutes, such as Title IX, which were adopted by Congress pursuant to its authority under the Constitution's Spending Clause.  *See Cummings v. Premier Rehab Keller PLLC*, No. 20-219, 2022 WL 1243658 (U.S. April 28, 2022). *Cummings* directly impacts this litigation, as Plaintiffs' alleged damages consist primarily of emotional distress damages.

Because *Cummings* precludes Plaintiffs' recovery of emotional distress damages as a matter of law, Baylor moves for partial judgment on the pleadings as to all such claims.  A ruling on this issue will aid the parties as they head into the final stages of discovery by clarifying that certain types of evidence and experts are no longer needed in the case.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) disposes of claims for which the material facts are not in dispute, and judgment can be rendered by the substance of the pleadings and any judicially noticed facts thereof.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  The standard for deciding a Rule 12(c)

1

motion is the same standard that applies under Rule 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022) (citation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Aldridge v. Miss. Dept. of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021). The complaint must contain sufficient facts, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Id.* (citation and quotation omitted). However, the court does not accept conclusory allegations or unwarranted deductions of fact. *Kranz v. Midland Credit Mgmt., Inc.*, 2020 WL 4905806, at *3 (W.D. Tex. Aug. 20, 2020).

## RELEVANT BACKGROUND – PLAINTIFFS' CLAIMS FOR DAMAGES

In these three lawsuits that have been consolidated for pre-trial purposes, the Plaintiffs allege that Baylor fostered a sexually hostile environment, maintained discriminatory policies and procedures, and was deliberately indifferent to their rights under Title IX. *Doe 1, et al.*, C.A. No. 6:16-cv-00173-RP, Dkt. 58, ¶ 270; *Doe 11*, C.A. No. 6:17-cv-00228-RP, Dkt. 1, ¶ 93; *Doe 12, et al.*, C.A. No. 6:17-cv-00236-RP, Dkt. 14, ¶ 182. Plaintiffs' pleadings include allegations that Baylor officials failed to properly investigate complaints, failed to offer accommodations, and discouraged victims from reporting. *See, e.g., Doe 1, et al*, Dkt. 58, ¶¶ 58, 95, 119, 130, 185, 188, 199, 221.

Plaintiffs seek actual damages, compensatory damages, nominal damages, punitive damages, and injunctive relief. *Doe 1*, Dkt. 58, p. 45; *Doe 11*, Dkt. 1, p. 20; *Doe 12*, Dkt. 14, p. 26. This Court previously dismissed Plaintiffs' claims for punitive damages and injunctive relief. Dkt. 818.

Plaintiffs allege that Baylor's "non-existent" or "inadequate" Title IX office "substantially impaired" their "higher education experience" and "severely impaired [their] physical and mental health and well-being." *Doe 1*, ¶¶ 120, 143, 175, 187, 209, 232, 250, 261; *Doe 12*, ¶¶ 76, 103, 116, 172-173. All three lawsuits allege the following damages:

> "As a direct and proximate result of the harassing educational environment created by Defendant's deliberately indifferent response to the sexual assault and subsequent harassment of Plaintiff, as well as violations of their state and federal legal rights, Plaintiff has suffered and continues to suffer untold psychological damage, profound

emotional distress, permanent loss of standing in her community and damage to her reputation, and Plaintiff's future relationships have been negatively affected."

*Doe 1*, Dkt. 58, ¶ 48; *Doe 11*, Dkt. 1, ¶ 40; *Doe 12*, Dkt. 14, ¶ 43.  They allege that their future earning capability has been impaired.  *Doe 1*, ¶ 51; *Doe 11,* ¶ 43; *Doe 12*, ¶ 46.  The pleadings also allege specific instances of mental distress, anguish, and emotional harm.  For example:

- Some plaintiffs allege that they experienced "great emotional harm," "panic attacks," or "anxiety" because they saw their alleged assailant on campus or worried about the possibility of seeing the alleged assailant on campus. *See Doe 1*, ¶ 62-67 (Doe 1); ¶ 136, 141 (Doe 4); ¶ 167 (Doe 5); *Doe 12*, ¶ 167 (Doe 15).

- Doe 1 alleges that she "struggled in her course work due to the heavy anxiety and depression." *Doe 1*, ¶ 62-67. Doe 7 alleges that she "became depressed, experienced suicidal thoughts, and developed anxiety." *Id.*, ¶ 206. Doe 12 alleges "duress" that impacted her academically and that Baylor "ignored the impact." *Doe 12*, ¶¶ 69, 73. Doe 13 alleges that she obtained academic accommodations but "struggle[d]" with her classes and had "heavy depression and anxiety." ¶¶ 89-91, 93. Doe 9 alleges "stress and trauma" that led to shingles, panic attacks, and a "mental state [that] left her unable to perform academically." ¶¶ 239, 240, 245; *see also* Doe 2 (¶ 103); Doe 14 (¶¶ 132-133). Doe 15 alleges "severe physical and mental health impairments that continue today" and "great mental distress that interferes with her daily routine and has hindered her ability to find work post-graduation." *Doe 12*, ¶ 170.

## **ARGUMENT**

I.    **Title IX belongs to a class of anti-discrimination statutes that does not permit compensatory damages based on emotional distress or mental pain or suffering.**

Title IX of the Education Amendments of 1972 invokes the power of Congress under the Spending Clause to condition the receipt of federal funding on the recipient's agreement not to discriminate on the basis of sex.  20 U.S.C. § 1681(a).  Title IX is one of four such "Spending Clause" statutes.  *See Cummings*, 2022 WL 1243658, at *4 (analyzing Title IX, Title VI, Section 504 of the Rehabilitation Act, and the Affordable Care Act).  Legislation enacted under the spending power is "much in the nature of a contract" between the government and the entities that receive federal funds: in exchange for the funds, the entities agree not to discriminate.  *Id.* at *3 (quotation omitted).  The only express statutory remedy for a breach of Title IX's conditions is termination of federal funds by

3

the Department of Education. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 264, 280-81, 288-89 (1998) (discussing 20 U.S.C. § 1682). Title IX says nothing about private lawsuits or damages. *See id.*

The Supreme Court, however, has held that Title IX may be enforced through an "implied" right of action and that damages may be recovered for intentional discrimination. *Gebser*, 524 U.S. at 281; *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60 (1992). However, in further defining the remedies available under an implied right of action, the Court has proceeded cautiously, wary of "allowing unlimited recovery of damages" where "Congress has not spoken on the subject of either the right or the remedy." *Gebser*, 524 U.S. at 286. Congress must communicate funding conditions "unambiguously" and provide the funding recipient "clear notice" of the conditions and potential liability that attaches to the funds. *Cummings*, 2022 WL 1243658, at \*5 (quotations omitted).

In *Cummings*, the health-care provider was a recipient of federal funds because it received Medicare reimbursement for treating patients. The Court found that Congress did not give clear notice to funding recipients that they could be held liable for emotional distress damages for violating the statute. *Cummings*, 2022 WL 1243658, at \*10. In reaching this conclusion, the Court relied on an earlier case, *Barnes v. Gorman*, 536 U.S. 181 (2002), which held that remedies for a violation of Spending Clause legislation are limited to "those remedies 'that [are] normally available for contract actions.'" *Cummings*, 2022 WL 1243658, at \*8. In *Barnes*, the Court held that punitive damages are not available to enforce the Rehabilitation Act because punitive damages are not "traditionally" available for breach of contract. 536 U.S. at 185, 187. As a result, the Court reversed a \$1.2 million punitive damages verdict that had been awarded to a paraplegic man who had been subjected to wanton mistreatment by police during an arrest. *Cummings*, 2022 WL 1243658, at \*7 (discussing *Barnes*).

In *Cummings*, the Court followed *Barnes* and found that the Fifth Circuit correctly held that emotional distress damages are not available to a private party suing for a violation of a Spending Clause statute because such damages are not traditionally available in a breach of contract action. In

*Cummings*, the plaintiff was a deaf and legally blind person who was denied accommodations by a North Texas health-care provider, which caused emotional distress and humiliation and caused the plaintiff to seek services elsewhere.  2022 WL 1243658, at *3.  The plaintiff filed suit under the Rehabilitation Act and the Affordable Care Act.  The Supreme Court explained the Rehabilitation Act, ACA, Title IX, and Title VI were adopted pursuant to the Spending Clause and that this origin constrains the types of damages that are recoverable.  *Id.* at *4.  While acknowledging that "intentional discrimination is frequently a wanton, reprehensible tort," the Court rejected damages for emotional or mental harm, explaining that it is "hornbook law that 'emotional distress is generally not compensable in contract.'"  *Id.* at *6 & 7 (quoting D. Laycock & R. Hasen, MODERN AMERICAN REMEDIES, 216 (5th ed. 2019) and citing, *inter alia*, 11 W. Jaeger, WILLISTON ON CONTRACTS, § 1341, p. 214 (3d ed. 1968), for the proposition that "[m]ental suffering caused by breach of contract, though it may be a real injury, is not generally allowed as a basis for compensation in contractual actions").

The Court held that it was immaterial to the Spending Clause analysis that some treatises recognize an exception for emotional distress damages where "the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result."  *Cummings*, 2022 WL 1243658, at *6.  *Barnes* requires analysis of the traditional rules applicable to contracts, not the exceptions to those rules.  While a "contract-law analogy" generally guides the analysis, "suits under Spending Clause legislation" are not "literal 'suits in contract.'"  *Cummings*, 2022 WL 1243658, at *7 (citation omitted).  Moreover, a "wholesale" incorporation of the law of contract remedies "risks arrogating legislative power."  *Id.* at *8, citing *Hernandez v. Mesa*, 140 S.Ct. 735 (2020).  The Court noted that, in *Barnes*, even though there was an exception to the general rule for breaching conduct that also was tortious, the existence of an exception was "insufficient" to permit an award of punitive damages in that case.  *Cummings*, 2022 WL 1243658, at *7.

*Barnes* constrains courts "to imply only those remedies 'that [are] normally available for contract actions.'" *Cummings*, 2022 WL 1243658, at *8 (citation omitted; modification in original). The Court in *Cummings* found no consensus rule allowing contract damages for emotional disturbance, emotional distress, or mental pain and suffering. *See id.* (citations omitted). Accordingly, the health-care provider was not on clear notice that it could be subject to these sorts of damages in a private action to enforce the statutes. *Id.* at *10.

Although *Cummings* was brought under the Rehabilitation Act and the ACA, the Supreme Court's analysis applies to all Spending Clause statutes adopted by Congress, including Title IX. *See Cummings*, 2022 WL 1243658, at *11 (Breyer, J., dissenting) ("the Court's decision today will affect the remedies available under all four of these statutes, impacting victims of race, sex, disability, and age discrimination alike"). *Cummings* specifically identifies Title IX along with the Rehabilitation Act, the ACA, and Title VI, *id.* at *4, and the Court has observed that the rights and remedies under Title VI, the Rehabilitation Act, ACA, and Title IX are coextensive. *See generally Cummings*, 2022 WL 1243658, at *4 (stating that the Rehabilitation Act and ACA incorporate the remedies provided under Title VI); *Barnes*, 536 U.S. at ("the Court has interpreted Title IX consistently with Title VI") (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 694-698 (1979)). It is plain that *Cummings* applies to claims under Title IX. As a matter of law, *Cummings* precludes liability in Title IX actions for damages for emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms.

## II.    *Cummings* requires dismissal of all of Plaintiffs' claims for damages relating to emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms.

In a Title IX case, the "injury" is the deprivation of access to educational opportunities or benefits provided by the school. *Kollaritsch v. Michigan State Univ.*, 944 F.3d 613, 622 (6th Cir. 2019). As discussed above, Plaintiffs claim that they have suffered Title IX injuries, resulting in severe

emotional damage and psychological harm that allegedly continues to impact their lives. *See, e.g., Doe 1*, Dkt. 58, ¶ 48; *Doe 11*, Dkt. 1, ¶ 40; *Doe 12*, Dkt. 14, ¶ 43. Because such damages are foreclosed by *Cummings*, Baylor moves for partial judgment on the pleadings as to all claims for damages relating to emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms.

In addition to the analysis in *Cummings*, legislative history underscores that Congress did not intend to expose educational institutions to liability for significant and unpredictable damages for emotional distress, mental pain, and related damages. Highly relevant to the inquiry is congressional treatment of emotional distress claims under a *non*-spending statute, Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment. *Cf. Cummings*, 2022 WL 1243658, at *7 ("we employ the contract analogy 'only as a potential *limitation* on liability' compared to that which 'would exist under non-spending statutes.'") (emphasis in original).

In *Gebser*, the Supreme Court rejected the student's attempt to analogize Title IX remedies to those found under Title VII. As originally enacted, Title VII did not even allow recovery of monetary damages, "instead allowing only injunctive and equitable relief." *Gebser*, 524 U.S. at 285. In 1991, Congress amended Title VII to provide damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. *See* 42 U.S.C. § 1981a(b). But in doing so, "Congress carefully limited the amount recoverable in any individual case, calibrating the maximum recovery to the size of the employer." *Gebser*, 524 U.S. at 286; 42 U.S.C. § 1981a(b)(3) (maximum recovery is $300,000 against employers with more than 500 employees). In *Gebser*, the Court expressed concern about "allowing unlimited recovery" of damages under Title IX "where Congress has not spoken on the subject of either the right or the remedy, and in the face of evidence that[,] when Congress expressly considered both in Title VII[,] it restricted the amount of damages." *Gebser*, 524 U.S. at 286.

7

As shown by *Gebser*, Congress did not include Title IX when it adopted Section 1981a and amended Title VII.  This omission suggests that "in 1991 Congress did not view Title IX as the kind of legislation that could generate expansive liability" for schools.  *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 657 n. 4 (5th Cir. 1997); *see also Cannon*, 441 U.S. at 710 n. 44 (finding an implied right of action under Title IX but concluding that a cut-off of federal funds by the Department of Education would be a "far more severe" sanction than the risk of the "occasional" lawsuit by students).

In this litigation, Plaintiffs have filed suit seeking a broad range of damages under a Spending Clause statute "where Congress has not spoken on the subject of either the right or the remedy." *Gebser*, 524 U.S. at 286.  There is no legislative or Supreme Court support for their request for a broad range of damages relating to emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms.  Because *Cummings* forecloses the requested damages, Baylor moves for partial judgment on the pleadings related to these specific claims.

## CONCLUSION AND RELIEF REQUESTED

Baylor respectfully requests the Court grant judgment on the pleadings as to Plaintiffs' claims for damages relating to emotional distress, emotional disturbance, mental pain, emotional trauma, mental suffering, psychological impairment, and related harms.

Respectfully submitted,

**THOMPSON & HORTON LLP**

/s/ Lisa A. Brown

Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
Ryan H. Newman
State Bar of Texas No. 24059944
rnewman@thompsonhorton.com
Matthew A. Reed
State Bar of Texas No. 24104955
mreed@thompsonhorton.com
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
(713) 583-7934 (fax)

Holly G. McIntush
State Bar of Texas No. 24065721
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
(512) 615-2351 (telephone)
hmcintush@thompsonhorton.com

**WEISBART SPRINGER HAYES LLP**

Julie A. Springer
State Bar of Texas No. 18966770
jspringer@wshllp.com
Sara E. Janes
State Bar of Texas No. 24056551
sjanes@wshllp.com
Geoff Weisbart
State Bar of Texas No. 21102645
gweisbart@wshllp.com
Danielle K. Hatchitt
State Bar of Texas No. 24079080
dhatchitt@wshllp.com
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

**COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record on May 4, 2022, via the Court's ECF/CMF electronic service system as follows:

Mr. Chad W. Dunn                                     *Via ECF:  chad@brazilanddunn.com*
BRAZIL & DUNN, L.L.P.
3303 Northland Drive, Suite 205
Austin, Texas 78731

Mr. Jim Dunnam                                       *Via ECF:  jimdunnam@dunnamlaw.com*
Ms. Andrea Mehta                                     *Via ECF: andreamehta@dunnamlaw.com*
Ms. Eleeza Johnson                                   *Via ECF: eleezajohnson@dunnamlaw.com*
DUNNAM & DUNNAM, L.L.P.
4125 West Waco Drive
Waco, Texas 76710
P. O. Box 8418
Waco, Texas 76714-8418

Ms. Laura Benitez Geisler                            *Via ECF: lgeisler@textrial.com*
Mr. Sean J. McCaffity                                *Via ECF: smccaffity@textrial.com*
Jody L. Rodenberg                                    *Via ECF: jrodenberg@textrial.com*
George (Tex) Quesada                                 *Via ECF: quesada@textrial.com*
SOMMERMAN, MCCAFFITY,
 QUESADA & GEISLER, LLP
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461

                                                     /s/ Lisa A. Brown
                                                     _____

4864-5338-4478, v. 1

10