IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JANE DOE 1, *et al.*, | § | |
| | § | 6:16-CV-173-RP |
| Plaintiffs, | § | |
| | § | *Consolidated with* |
| v. | § | 6:17-CV-228-RP |
| | § | 6:17-CV-236-RP |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Baylor's advisory, (Dkt. 1025), Plaintiffs' response, (Dkt. 1033), Plaintiffs' letter motion to compel, (Dkt. 1041), and Baylor's response, (Dkt. 1044)—all of which pertain to an ongoing dispute related to the production of Pepper Hamilton documents. After reviewing the objection, the record, and the relevant law, this Court will deny Plaintiffs' letter motion without prejudice in favor of appointing a special master.

Picking up where this specific dispute begins, Baylor filed an advisory on February 4, 2022 stating that it had completed its Pepper Hamilton production, found additional documents, and then completed the production, again. (Dkt. 1025). Baylor also stated it would update its privilege log. Plaintiffs responded that the Pepper Hamilton production is not "anywhere near complete or resolved." (Dkt. 1033, at 1). According to Plaintiffs, Baylor will not produce documents and will not direct UnitedLex to produce documents. To the extent Baylor produces documents, they still "trickle out" out in a confusing manner that makes it difficult if not impossible for Plaintiffs to determine whether they are duplicates or part of a previous family of documents, etc. (*Id.* at 1, 3-4). Plaintiffs claim Baylor is still withholding 16,000 documents. In the end, the parties said they would confer again.

1

About a month later, at the end of March, Plaintiffs filed a letter motion to compel the production of the withheld Pepper Hamilton documents. (Dkt. 1041). Because the Pepper Hamilton production is still not complete after many years and many court orders, Plaintiffs want to scrap the UnitedLex process and return to using the clawback method that was previously instituted in the case, (Dkt. 653). According to Plaintiffs, the piecemeal production continues, and only 1,772 logged documents have been turned over. Rather than UnitedLex simply producing documents, Baylor is picking and choosing documents to be produced. While Baylor had represented that using UnitedLex for the production, rather than a clawback method, would result in "accountability and speed," the resulting production reflects neither accountability nor speed. (Dkt. 1041, at 2 (citing Dkt. 672, at 35)). Plaintiffs ask for the Court to return the claw back procedure, "order ULEX to make production without any further action by Baylor, order Baylor to produce all other PH work product that is not in ULEX's possession, and pay Plaintiffs' fees and expenses for their work on the ULEX process." (*Id.* at 2).

In Baylor's response, Baylor denies Plaintiffs' claims and proposes that it give Plaintiffs a "quick peek" of the disputes Pepper Hamilton documents listed on Baylor's log, except for four categories of "particularly sensitive" documents. (Dkt. 1044, at 3). Baylor further proposes that the Court appoint a special master, at Baylor's expense, for any disputes over the pulled-back documents and to review the four categories of documents "for final determination on whether the documents were properly withheld." (*Id.*).

Plaintiffs do not agree to Baylor's special master proposal for several reasons: (1) the process would take a long time, (2) it would take a lot of work on Plaintiffs' part (and Baylor's) to get the Special Master up to speed in order for the Special Master to conduct a meaningful review "if that is even realistic," (3) Baylor will still withhold documents, and (4) Baylor has been given an

2

opportunity to handle this as per their previous proposal, i.e., using UnitedLex, and that process has "failed abysmally." (Dkt. 1041, at 2).

Taking into consideration the parties' arguments and this Court's prior rulings on—and warnings about—the Pepper Hamilton documents in dispute, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to compel, (Dkt. 1041), in favor of appointing a special master, as set out below. The Court denies Plaintiffs' motion without prejudice, noting that the special master, and ultimately this Court, may determine that Plaintiffs' motion to compel should be granted and reinstitute the clawback method, order Baylor to have UnitedLex produce documents without further action by Baylor, order Baylor to produce all other Pepper Hamilton work product not in UnitedLex's possession, and order Baylor to pay Plaintiffs' fees and expenses for work on the UnitedLex process.

While the Court is willing to try Baylor's proposal of appointing a special master at Baylor's expense, the Court disagrees with one aspect of Baylor's proposal. After the years of delay and litigation and with a strong protective order in place, Baylor may not withhold the four categories of documents it deems "particularly sensitive" from Plaintiffs' "quick peek." Instead, both sides and the special master will have access to the entire universe of Pepper Hamilton documents that are in dispute. Allowing Plaintiffs to see those documents as part of the "quick peek" enables the special master to hear full, accurate, and complete arguments from both sides and make an informed recommendation to this Court. If the parties have any disputes about how the "quick peek" will work, the Court defers to the special master to craft a plan that allows Plaintiffs—or Plaintiffs' counsel—access to all the documents for the limited purpose of resolving this dispute.

**IT IS FURTHER ORDERED** that the Court appoints **Andrew MacRae** as Special Master in this action to oversee this Pepper Hamilton discovery dispute in this case. *See* Fed. R. Civ. P. 53. Mr. MacRae has confirmed he has no conflicts with serving as a special master and is available

to accept the appointment as a special master. Mr. MacRae has signed and filed the affidavit required by law. *See* Fed. R. Civ. P. 53(b)(3)(A). The Court specifically finds that addressing this pretrial discovery matter in this case cannot be effectively and timely addressed by an available district or magistrate judge in the Western District of Texas. The Court further finds that the imposition of the special master's reasonable fees and expenses is fair given that Baylor has agreed to pay for the special master's fees. No party suggested a candidate for appointment.

**IT IS FURTHER ORDERED** that the special master shall proceed with all reasonable diligence to manage all discovery in this case, to resolve this discovery dispute, and to schedule appropriate discovery in this action. The special master may act independently and need not seek prior approval of the Court before taking any action to reach a recommendation.

**IT IS FURTHER ORDERED** that the special master may set reasonable parameters for the parties and may issue orders, as appropriate and if necessary to facilitate reaching a recommendation. Because of the importance of expeditiously completing discovery in this case, the special master may instruct and direct the parties without rendering a formal order. The special master shall have all other authority authorized by law. *See* Fed. R. Civ. P. 53(c).

**IT IS FURTHER ORDERED** that the special master may communicate ex parte with any party when and if, in the opinion of the special master, it is impractical to communicate with all parties at the same time. After any ex parte communication with a party, the special master shall, as soon as practicable, advise all other parties of the substance of and the party to the ex parte communication. The special master may communicate with the court ex parte when the court and the special master agree that a communication between them should be ex parte. *See* Fed. R. Civ. P. 53(b)(2)(B).

**IT IS FURTHER ORDERED** that the special master shall from time to time make reports to the court as the special master deems necessary or as the court may request. *See* Fed. R. Civ. P. 53(e).

**IT IS FURTHER ORDERED** that the special master's compensation, as well as any reasonable costs and expenses of the special master, shall be paid in whole by Baylor. The special master shall be compensated at a rate of $500 per hour. The special master may utilize the services of a paralegal or assistant without further order of the court. The special master may bill for such services at a reasonable rate to be approved by the Court.

**IT IS FINALLY ORDERED** that the special master shall file a timely report and recommendation as to whether Baylor must produce the remaining Pepper Hamilton documents.

**SIGNED** on June 27, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE