IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BAYLOR UNIVERSITY, <br><br> Defendant. | 6:16-CV-173-RP <br><br> *Consolidated with* <br> 6:17-CV-228-RP <br> 6:17-CV-236-RP |

**ORDER**

Before the Court are several related motions and their corresponding responsive briefing which the Court attempts to organize into three categories: (1) Plaintiffs' Second Motion to Compel Bunting, (Dkt. 1032), and related motions and briefing, (Dkts. 1034, 1037, 1039); (2) Baylor's Second Motion for Protection Relating to Subpoena to Non-Party G.F. Bunting + Co., (Dkt. 1035), and related motions and briefing, (Dkts. 1036, 1038, 1043); and (3) Bunting's Counter-Motion for Sanctions, (Dkt. 1040), and related briefing, (Dkts. 1045, 1046). The Court will address each motion as it steps through each of the three categories.

**I. BACKGROUND**

The parties have disputed the discoverability and production of non-party G.F. Bunting + Co. ("Bunting") documents for years. At this juncture, the Court is deciding a second, independent round of briefing on Plaintiffs' motion to compel the documents. These motions follow the Court's 2022 order that the parties resolve their remaining disputes, if not, and file the appropriate motions. (Order, Dkt. 1024). In that order, the Court warned Bunting that it "remain[ed] skeptical of broad claims of privilege or work product, missing log entries, and documents—or portions of documents—deemed irrelevant" and "welcome[d] Bunting to reevaluate its positions and its production and communicate any changes or anticipated additional production to Plaintiffs without

1

delay." (*Id.* at 1). This dispute stretches back years before that most recent order to 2018 when the Court ordered that "[c]ommunications with public relations firms related to anticipated or pending litigation" were discoverable. (Order, Dkt. 565, at 1, 6). The Court will not recite the motions and hearings that led to the current iteration of the dispute, but the Court highlights that Bunting and Baylor have been repeatedly warned in orders and in court hearings that this production needed to occur without delay and without the re-litigation of this Court's ruling. Within that context, the Court considers the parties' ongoing dispute.

## II. DISCUSSION

### A.   Plaintiffs' Second Motion to Compel Bunting Documents

Following the Court's order in 2022 and unable to resolve the Bunting dispute, Plaintiffs ask the Court again to compel the production of the following from Bunting: (1) logged withholdings and redactions, (2) unlogged redactions, and (3) unlogged and unproduced materials that are known to exist, e.g., Slack workspace. (Mot. Compel, Dkt. 1032, at 1–2). Plaintiffs argue Bunting has waived the opportunity to log privileged materials for failing to file a motion for a protective order and, if allowed to maintain logs, Bunting's logs are insufficient under Federal Rule of Civil Procedure 45(e)(2)(A). (*Id.* at 2–4). Plaintiffs urge the Court to enforce its previous ruling that logged documents that "deal with the Briles and/or Shillinglaw cases – i.e. anticipated or pending litigation – wherein Bunting was solely involved to spin the media message . . . ." (*Id.* at 4). Finally, Plaintiffs request that Bunting be ordered to locate Slack communications that have not been logged or produced. (*Id.* at 4–6). Plaintiffs discovered the existence of Slack channels between Bunting and Baylor from previously produced emails that include phrases like "switching to Slack." (*Id.* at 4). During a conference between Plaintiffs and Bunting, Plaintiffs represent that Bunting claimed to have provided all of its documents when confronted about the lack of Slack communications in Bunting's production. (*Id.* at 5). Plaintiffs close their motion to compel with this Court's previous

warning to Bunting that it "will impose sanctions" if Bunting "interposes objections that the Court determines are inappropriate or unwarranted." (*Id.* at 6) (citing Order, Dkt. 896, at 2) (emphasis omitted). In their reply brief, Plaintiffs state that death penalty spoliation instructions may be in order depending on whether Baylor is directing Bunting's production and parts of the Slack communications are missing. (Reply, Dkt. 1037).

Bunting responds that its withheld documents are work product materials and privileged, which is the same argument this Court has rejected before. Bunting essentially concedes that materials shared with a public relations firm are not privileged: "Bunting does not seek to claim attorney-client privilege merely as a public relations company retained." (Resp., Dkt. 1034, at 4). Bunting attempts to add nuance by explaining that Bunting was under the threat of suit. (*Id.*). Bunting provides the Court with no authority as to why being under the threat of a separate suit or sharing a lawyer with Baylor Regents would now shield Bunting's public relations work with Baylor from discovery. (*Id.* at 5). Bunting assisted Baylor with its pleading draft as a public relations firm. And its additional ties to Baylor, such as sharing a law firm with Regents or being a "potential aligned party," (*id.*), do not change the fact that Bunting was retained by Baylor to assist Baylor with public relations. To the extent Bunting believes its communications were common interest communications, Bunting fails to provide sufficient facts or any legal authority in support. While there are instances in which communications with and from a third party may be protected, those circumstances are not present here.

After Plaintiffs filed their second motion to compel, Bunting also produced additional documents that were "inadvertently omitted by counsel," i.e., the Slack communications Plaintiffs long sought. (*Id.* at 6). Bunting states it will "continue to supplement" and will "re-collect Slack communications." (*Id.*). While the Court has serious concerns about why those materials were not produced before Plaintiffs filed their second motion to compel, the Court will assume that Bunting

3

has now produced all Slack materials that are responsive to Plaintiffs' discovery requests and, if any have been withheld, Bunting must produce them immediately.

Finally, Baylor filed an opposed motion for leave to file a response to Plaintiffs' Second Motion to Compel. (Mot. Leave, Dkt. 1039). In the interest of hearing from all parties on this matter, the Court will grant the motion for leave. Having reviewed Baylor's response, the Court finds that it does not alter the Court's analysis with respect to the disclosure of Bunting's documents. Baylor refutes that death penalty or spoliation instruction sanctions should be imposed and denies that it has interfered with or directed Bunting's document production. The Court is not deciding a request for sanctions in this Order, and the Court takes Baylor at its word that it has not directed or interfered with Bunting's production unless it is shown otherwise.

### B.     Baylor's Second Motion for Protection Related to Bunting Subpoena

In response to Plaintiffs' motion to compel Bunting documents, Baylor asserts that three categories of documents should be protected from discovery.[1] First, Baylor argues that materials and communications relating to two former Baylor football coaches, Art Briles and Collin Shillinglaw, are protected by the work product doctrine. Baylor admits it shared these materials with Bunting. While it may be true that the work product doctrine can extend to a party's accountant or auditor, only courts outside of this jurisdiction have found that the doctrine includes communications with a public relations firm. (Baylor Mot. Protection, Dkt. 1035, at 5–6) (citing two out-of-circuit cases). The Court does not find those cases persuasive here.

The second category of documents are those inadvertently produced. When Baylor collected relevant documents and placed them on a thumb drive to provide to Bunting, Baylor did not realize that the thumb drive contained other documents Baylor did not intend to disclose to Bunting. (*Id.* at

---

[1] Three Baylor Regents, Cary Gray, Ron Murff, and David Harper, filed a motion to join Baylor's motion for protection, (Dkt. 1036), which the Court accepts.

8). Baylor specifically objects to the disclosure of certain documents that are communications between counsel and Baylor and were not disclosed to adversaries. Baylor contends they are protected by the work product doctrine. In the Fifth Circuit, the work product privilege is not automatically waived by the disclosure to a third party. *In re Grand Jury Subpoena*, 220 F.3d 406, 409 (5th Cir. 2000). Plaintiffs argue that Baylor "likely intended Bunting use the 'inadvertent' documents to inform itself of the entire sexual assault environment at Baylor." (Pls. Resp., Dkt. 1038, at 5). The Court relies on Baylor's representation that the documents were not intentionally sent to Bunting and will protect those documents, which arguably are protected by the work product doctrine, from disclosure.

Plaintiffs do not oppose Baylor's request to protect the third category of documents: emails and draft documents sent between Baylor's counsel and Bunting in 2016 when Bunting was the subject of a motion by Plaintiffs in this case. (Baylor Mot. Protection, Dkt. 1035, at 9; Pls. Resp., Dkt. 1038, at 5). In light of Plaintiffs' lack of opposition, the Court will protect those documents from disclosure.

        **C.**      **Bunting's Counter-Motion for Sanctions**

In response to Plaintiffs' reply in support of their motion to compel, Bunting filed a sur-reply and counter-motion for sanctions. (Sur-reply, Dkt. 1040). Bunting challenges Plaintiffs' assertion that Baylor has been directing Bunting's document production, claims it timely complied with the subpoena, and represents that it did not hide or conceal any documents. Bunting also requests that this Court sanction Plaintiffs for violating "their obligation to avoid imposing undue burden or expense" on Bunting. (*Id.* at 18). The Court does not believe Plaintiffs have filed a motion for sanctions and will deny Bunting's counter-motion for sanctions as Bunting has failed to show sanctions are warranted. If a party believes sanctions are warranted, that party may file a well-supported motion for sanctions as an independent motion that conforms with the requirements of

the Federal Rules of Civil Procedure and the Local Rules.[2]

## II. CONCLUSION

For these reasons, **IT IS ORDERED** that:

1. Plaintiffs' Second Motion to Compel, (Dkt. 1034), is **GRANTED**;

2. Baylor's Second Motion for Protection (Dkt. 1035), is **GRANTED IN PART** and **DENIED IN PART** as set out in this Order;

3. Bunting's Counter-Motion for Sanctions, (Dkt. 1040), is **DENIED**;

4. Baylor's Motion for Leave to File Response to Plaintiffs' Second Motion to Compel, (Dkt. 1039), is **GRANTED**;

5. Regents' Joinder in Baylor's Second Motion for Protection (construed as a motion for leave to join Baylor's motion for protection), (Dkt. 1036), is **GRANTED**; and

6. Bunting shall produce documents to Plaintiffs in accordance with this Order **on or before March 20, 2023.**

**SIGNED** on March 6, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Bunting did not file a motion for leave to file a sur-reply, combined its sur-reply with a new request for relief, and exceeded the page limit.